IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UBER TECHNOLOGIES, INC. | : CIVIL ACTION |
| | : |
| v. | : NO. 25-5365 |
| | : |
| SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, LANCE YARUS | : |

# ORDER

**AND NOW**, this 5th day of November 2025, mindful of our considered step-by-step approach to addressing claims against multiple parties consistent with Rule 1 in a consolidated fashion after fully evaluating initial settlement discussions as we understood to be contemplated by our October 14 and 29 Orders (ECFs 32, 34, 37) requiring counsel to meet and confer about a resolution protocol before Defendants responded to the Complaint on or before December 12, 2025 (presumably at the same time but not precluding early notice to the Plaintiff of concerns), noting Defendants Philadelphia Spine Associates, LLC, Ethel Harvey, and Daniel Piccillo nevertheless moved to dismiss (ECF 38) this week before our review of the letters outlining progress towards a resolution protocol and seemingly challenging in part the quantum of pleaded evidence (ECF 1), and finding good cause, it is **ORDERED** we **CLARIFY** our October 14 and 29, 2025 Orders (ECFs 32, 34, 37) remain in effect notwithstanding this week's Motion to dismiss (ECF 38) requiring:

    1.    Defendants Philadelphia Spine Associates, LLC, Ethel Harvey, and Daniel Piccillo:

        a.    continue conferring with Plaintiff's and co-Defendants' counsel to allow review of the required joint letters due today and November 25, 2025; and,

      b.    decide whether to proceed on their pending Motion (ECF 38) or withdraw it by no later than **November 21, 2025** without prejudice to later move for dismissal consistent with our October 14, 2025 Order (ECF 34);

2.    Plaintiff file either:

      a.    a Local Rule 7.1(c) Notice by no later than **December 22, 2025** confirming its intent to file an amended Complaint under Fed. R. Civ. P. 15 by no later than **January 12, 2026** (and thus possibly mooting the need for our review of one or more motions to dismiss the Complaint subject to review of the amended Complaint); or,

      b.    one consolidated Opposition to then-pending Motions challenging the Complaint (ECF 1) by no later than **January 5, 2026** not exceeding thirty-five pages (presuming Defendants may raise similar arguments) incorporating rather than repeating its allegations in memoranda mindful we intend to study the legal arguments and can separately read the pleaded allegations.

                                              KEARNEY, J.