IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UBER TECHNOLOGIES, INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 2:25-cv-05365-MAK |
| SIMON & SIMON, P.C., MARC SIMON, | : | |
| CLIFTON BURT, PREMIER PAIN & | : | |
| REHAB CENTER, P.C., ETHEL | : | |
| HARVEY, DANIEL PICCILLO, | : | |
| PHILADELPHIA SPINE ASSOCIATES, | : | |
| LLC, AND LANCE YARUS, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE SIMON DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S COMPLIANCE WITH ECF 40**

Pursuant to FED. R. CIV. P. 7(b), Local Rule of Civil Procedure 7.1, and Section IV of Judge Kearney's Policies and Procedures, Defendants Simon & Simon P.C., and Marc Simon (the "Simon Defendants"), through their counsel, hereby file this Memorandum in Support of their Motion to Compel Plaintiff's Compliance with ECF 40 (the "Motion").

**FACTUAL BACKGROUND**

On November 20, 2025, the Court ordered Plaintiff to "provide Defendants a detailed empirical basis for its claimed compensatory damages against each Defendant governed by F.R.E. 408 by 6:00 PM on December 2, 2025…" ECF 40 (emphasis in original).

On November 26, 2025, counsel for Plaintiff emailed counsel for Defendants stating: "To facilitate the exchange of information in connection with settlement discussions, we would like to reach an agreement among the parties regarding the confidential treatment of information." All defense counsel agreed that they would consider a proposed confidentiality agreement and asked Plaintiff's counsel to provide such a proposed confidentiality agreement.

On December 1, 2025, Plaintiff's counsel wrote that "we certainly anticipate discussing a more formal and extensive confidentiality agreement before any exchange of documents through discovery begins in this case. At this moment, though, we are primarily concerned with receiving assurances that the information we are required to produce tomorrow regarding Uber's damages calculations in this matter is treated as confidential." Plaintiff's counsel then asked Defense counsel to "agree to treat the documents Uber intends to provide tomorrow as confidential as contemplated in our original email?" Defense counsel responded that, by the express terms of ECF 40, the information would be protected by Fed. R. Evid. 408. *See* ECF 40. Defense counsel reiterated, however, that they had no objection to a proposed confidentiality agreement and would await a draft to be circulated by Plaintiff's counsel.

On December 2, 2025, Plaintiff had still not provided a proposed confidentiality agreement. Plaintiff instead provided to Defendants an email stating that "Uber preliminarily calculates that its injury is no less than" an eight-figure monetary amount. Plaintiff provided no basis for that monetary amount, let alone the "detailed empirical basis" for it. Plaintiff also did not differentiate the amounts on a per-Defendant basis as required by ECF 40. Plaintiff's eight-figure demand appeared to be premised on underlying settlements paid by insurers in the tort actions against Uber and/or its drivers. Indeed, Plaintiff's December 2 demand stated that "Uber has incurred substantial expense in defending **and settling** false or inflated claims resulting from the scheme." However, this representation contradicts what Uber actually pled in the Complaint, which is only that "Uber is a victim of this scheme because it has incurred substantial expense in **defending** these false or inflated claims…" ECF 1, Compl. ¶ 146 (emphasis added). Nowhere in the Complaint does Uber allege that it paid any settlements, only that it was "forced to incur legal costs in defending these lawsuits in excess of what would have otherwise been required." *Id.*

2

Three days later, on December 5, 2025, Plaintiff finally sent Defendants their "proposed stipulated protective order." That document is a complex agreement for all potential discovery in this litigation, rather than a straightforward agreement addressed to the limited damages information at issue. The Simon Defendants' counsel told Plaintiff's counsel that Plaintiff's production of the Rule 408 information should not require the types of provisions appearing in Plaintiff's proposed agreement, including those relating to non-parties' production, deposition testimony, trial testimony, motion filings, or Attorneys' Eyes Only (AEO) designations, among many other things. The Simon Defendants' counsel also told Plaintiff's counsel that they could not agree to the use of any AEO designation that would preclude defense counsel from conferring with their clients, or any insurers, about the full bases for that calculation. Counsel also made clear that the settlement agreements cannot be "AEO" because the Simon Defendants already have access to them.

On December 9, 2025, Uber submitted a joint status report on the parties' resolution approaches, as separately required by ECF 40. The Simon Defendants' portion of the joint status report set forth its position that, in violation of ECF 40, Plaintiff had still not provided the detailed empirical basis for its claimed damages against each Defendant—over a week after the December 2, 2025 deadline. The Simon Defendants also objected to Uber's apparent use of settlements as a basis for its monetary demand, and raised how the demand contradicted Uber's allegations by essentially adding language that did not appear in the Complaint.

Uber did not respond to those points raised by the Simon Defendants, or explain how it had arrived at its demand. If Uber had simply followed the Court's instructions to "provide Defendants a detailed empirical basis for its claimed compensatory damages against each Defendant," it would have been clear how Uber calculated that eight-figure demand. Instead, the Simon Defendants are

3

left to guess that this is a sum total of all settlements and attorneys' fees paid by all Uber drivers in certain underlying cases. The Simon Defendants should not have to guess and surmise at something the Court ordered be disclosed over a month ago.

Weeks have passed since Uber filed that joint status report, yet Uber has done nothing further, and has still not provided the information required by ECF 40.

On December 22, 2025, the Simon Defendants sent a proposed confidentiality agreement to Plaintiff's counsel, with the approval of all other co-defendants in the case, in an effort to cut through the supposed "confidentiality" issue that Uber is raising as its argument for not providing the information ordered by the Court. The Simon Defendants' proposed confidentiality agreement tracks the same confidentiality language that exists in the underlying settlement agreements used by Uber and its drivers—because Uber should find its own form acceptable—while also incorporating additional language to account for the litigation context (*i.e.,* identifying who can see the damages calculation, requirements for motions to seal if any defendant seeks to submit the information to the Court, and specific steps to be taken if a subpoena is served on any defendant/defense counsel seeking further production of the information.). A true and accurate copy of the December 22, 2025 email with the proposed Confidentiality Agreement for the information required to be produced by the November 20, 2025 Order is attached hereto as Exhibit A.

A week has passed and Uber has not responded to the Simon Defendants' email attaching the proposed confidentiality agreement.

## **ARGUMENT**

By its Order dated November 20, 2025, the Court required Plaintiff to "provide Defendants a detailed empirical basis for its claimed compensatory damages against each Defendant governed

4

by F.R.E. 408 by 6:00 PM on December 2, 2025…" ECF 40 (emphasis in original).

Over a month later, Plaintiff has still not complied with ECF 40 because it—to date—has provided no detailed empirical basis for its claimed compensatory damages, and has not provided claimed damages against each Defendant.

Plaintiff is defying the Court's Order in ECF 40 on the basis of confidentiality provisions in private settlement agreements. That position is improper self-help and should not be countenanced.

Further, and in an effort to resolve the dispute, the Simon Defendants proposed a confidentiality agreement that tracked the same confidentiality language in the settlement agreements. There is no basis for Plaintiff to claim such confidentiality language is insufficient because no more is required under the settlement agreements themselves. Plaintiff has not provided a response to the Simon Defendants' proposed confidentiality agreement and continues to violate ECF 40, necessitating this Motion.

Accordingly, the Simon Defendants now move this Court for an Order compelling Plaintiff's compliance with ECF 40 and the filing of same with this Court. To the extent that Plaintiff continues to assert that information responsive to ECF 40 is confidential, Plaintiff should be required to make such a showing through a motion to seal.

## **RELIEF REQUESTED**

The Simon Defendants respectfully request that the Court compel Plaintiff's compliance with ECF 40 and order Plaintiff to file with this Court, and serve all Defendants with, the "detailed empirical basis for its claimed compensatory damages against <u>each</u> Defendant." To the extent Plaintiff continues to assert that such information is confidential, then the Simon Defendants

respectfully request that the Court order Plaintiff to submit the information to the Court as part of a motion to seal and demonstrate why such protections are necessary.

## CONCLUSION

WHEREFORE, the Simon Defendants respectfully request that the Court grant the relief requested in this Motion and enter the proposed order attached hereto.

Respectfully submitted,

Dated: December 31, 2025

**BLANK ROME LLP**

*/s/ Daniel E. Rhynhart*
Daniel E. Rhynhart (I.D. No. 78248)
James T. Smith (I.D. No. 39333)
Michael A. Stoolman (I.D. No. 326117)
Maegan S. Spitzer (I.D. No. 335905)
One Logan Square, 130 N. 18th Street
Philadelphia, PA 19103
Phone: (215) 569-5371
Email:
Dan.Rhynhart@BlankRome.com
Jim.Smith@BlankRome.com
Michael.Stoolman@BlankRome.com
Maegan.Spitzer@BlankRome.com

*Attorneys for Defendants*
*Simon & Simon P.C. and Marc Simon*

**CERTIFICATE OF SERVICE**

     I hereby certify that I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which shall be available for viewing and downloading therein. By electronically filing, the CM/ECF system shall send notification of such filing to counsel of record for each party and those registered to receive a Notice of Electronic Filing for this case.

Dated: December 31, 2025        **BLANK ROME LLP**

                                              */s/ Daniel E. Rhynhart*
Daniel E. Rhynhart (I.D. No. 78248)
James T. Smith (I.D. No. 39333)
Michael A. Stoolman (I.D. No. 326117)
Maegan S. Spitzer (I.D. No. 335905)
One Logan Square, 130 N. 18th Street
Philadelphia, PA 19103
Phone: (215) 569-5371
Email:
Dan.Rhynhart@BlankRome.com
Jim.Smith@BlankRome.com
Michael.Stoolman@BlankRome.com
Maegan.Spitzer@BlankRome.com

*Attorneys for Defendants*
*Simon & Simon P.C. and Marc Simon*