IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UBER TECHNOLOGIES, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 25-5365 |
| | : | |
| SIMON & SIMON P.C., MARC SIMON, | : | |
| CLIFTON BURT, PREMIER PAIN & | : | |
| REHAB CENTER, PC, ETHEL | : | |
| HARVEY, DANIEL PICCILLO, | : | |
| PHILADELPHIA SPINE ASSOCIATES, | : | |
| LLC, LANCE YARUS | : | |

## ORDER

**AND NOW**, this 12th day of January 2026, upon considering Defendants' Motions to compel and for sanctions (ECFs 64, 65), Plaintiff's consolidated Response (ECF 67), and the spreadsheet reviewed *in camera* purporting to identify Plaintiff's claimed historical losses on an underlying claimant-by-claimant basis (with no indication of present harm from the summary disclosures which may preclude later sealing of this information if a party attempts to file under our Policies), noting we may have inartfully described our hope to afford Plaintiff an opportunity to detail proposed compromise resolutions on a Defendant-by-Defendant basis so as to permit each Defendant a fair opportunity to separately evaluate its or his/her risk tolerance compared to anticipated defense costs and liability exposure before we resolve early dispositive motions and eventual tailored discovery under Rule 26, and it further appearing Plaintiff agrees to provide a fulsome empirical analysis of proposed compromise resolutions through Rule 408 demands as to each Defendant, it is **ORDERED** Defendants' Motions to compel and for sanctions (ECFs 64, 65) are **DENIED** as stated finding no basis for sanctions today upon Plaintiff (but notifying all counsel of the reputational harm in hyperbole or rhetoric reviewed by us days after tempers cool

and of their obligations to other members of the Bar of this Court) or otherwise compelling the level of disclosure presently sought by the Simon Defendants but requiring:

1.      Plaintiff shall, by no later than **January 20, 2026**, provide each Defendant a confidential fulsome Rule 408 demand for a compromise resolution including both economic and non-economic terms as a starting point for experienced members of the Bar to begin working towards meaningful assistance for the client relying upon their guidance and putting aside joint and several liability arguments on economic damages to another day;

2.      Each Defendant shall separately email Plaintiff's counsel a fulsome confidential and thoughtful counter to a compromise resolution (much more than "we will win") also governed by Rule 408 by **January 30, 2026** mindful of the risks arising in early dispositive rulings and discovery with date-certain trial consistent with our Policies later this year; and,

3.      The confidential communications required under this Order shall not be shared outside of the parties' agreed confidentiality protocol absent further Order and the parties remain obligated to be mindful of the public access afforded to filings consistent with our Policies (I.G.).

_____
KEARNEY, J.