# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UBER TECHNOLOGIES, INC.,

      PLAINTIFF,

    v.

SIMON &  SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,

      DEFENDANTS.

CASE NO. 2:25-CV-05365

## ANSWER, NEW MATTER AND COUNTERCLAIM OF DEFENDANTS, PHILADELPHIA SPINE ASSOCIATES, LLC, DANIEL PICCILLO, D.C., AND ETHEL HARVEY, D.C. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, Philadelphia Spine Associates, LLC, Daniel Piccillo, D.C., and Ethel Harvey, D.C. by and through their undersigned counsel, do hereby answer and assert their new matter to the Amended Complaint of Plaintiffs, Uber Technologies, Inc. and Federal Express Corporation as follows:

1. Denied. The only serious and growing problem relevant to this case is the weaponization of false fraud claims in the shameless pursuit of profit by mercenary corporations without regard to truth or the collateral damage caused by their knowingly false allegations. The harm caused by such ruthless corporate greed is incalculable.

2. Denied. In the case of Uber, its immorality in pursuit of profit includes systematic wage theft from its drivers, deliberate obstruction of law enforcement and government regulation, consumer deception, orchestrated lobbying and back-channel political influence campaigns, and intentional disregard of rampant criminal activity by its drivers.

Uber's sole reason for existing is to make as much profit as possible regardless of who it hurts or how it is achieved.  This lawsuit is just the latest example.

3. Denied. FedEx's mindless pursuit of profit includes blatant tax evasion, systematic wage theft from its drivers, deliberate obstruction of law enforcement and government regulation, consumer deception, orchestrated lobbying and back-channel political influence campaigns. This lawsuit is just the latest example.

4. Denied. Uber and FedEx bring this lawsuit as a means of manufacturing even more obscene profits than they already enjoy by using false allegations of fraud to achieve legislative immunity from the personal injuries caused by their drivers' negligence and the Plaintiffs' bad faith business practices.

5. Denied. This allegation is directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

6. Denied. This allegation is directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

7. Denied. This allegation is directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

8. Denied. These allegations were confirmed as false by every "independent medical examiner" hired by Uber and/or FedEx, all of whom advised Uber and FedEx that defendants provide reasonable and necessary chiropractic care to their patients.

9. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

10. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

11. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

12. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

13. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

14. Denied.  It is denied that answering defendants made any misrepresentations at all. It is further denied that Uber or FedEx ever relied on any representation made by answering defendants in any context.

15. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

16. Denied. This averment is logically absurd.

17. Answering defendants are without sufficient information to either admit or deny this averment.

18. Answering defendants are without sufficient information to either admit or deny this averment.

19. Answering defendants are without sufficient information to either admit or deny this averment.

20. Answering defendants are without sufficient information to either admit or deny this averment.

21. Answering defendants are without sufficient information to either admit or deny this averment.

22. Answering defendants are without sufficient information to either admit or deny this averment.

23. Admitted.

24. Admitted.

25. Admitted.

26. Answering defendants are without sufficient information to either admit or deny this averment.

27. Denied as conclusions of law to which no response is required.

28. Denied as conclusions of law to which no response is required.

29. Denied as conclusions of law to which no response is required.

30. Denied. The only scheme of which answering defendants are aware is that being perpetrated by Uber and FedEx with this transparently frivolous lawsuit.

31. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

32. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

33. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

34. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

35. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

36. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

37. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

38. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

39. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

40. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

41. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

42. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

43. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

44. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

45. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

46. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

47. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

48. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

49. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

50. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

51. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

52. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

53. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

54. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

55. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

56. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

57. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

58. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

59. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

60. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

61. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

62. Denied. These allegations are so grossly overbroad and self-serving as to render any meaningful response impossible. To the extent a response is required, the allegations are denied.

63. Denied.  These allegations were confirmed as false by every "independent medical examiner" hired by Uber and/or FedEx, all of whom advised Uber and FedEx that answering defendants provide reasonable and necessary chiropractic care to their patients.

64. Denied. These allegations are so grossly overbroad and self-serving as to render any meaningful response impossible. To the extent a response is required, the allegations are denied.

65. Denied. These allegations are so grossly overbroad and self-serving as to render any meaningful response impossible. To the extent a response is required, the allegations are denied.

66. Denied.  These allegations were confirmed as false by every "independent medical examiner" hired by Uber and/or FedEx, all of whom advised Uber and FedEx that

answering defendants provide reasonable and necessary chiropractic care to their patients.

67. Denied.  These allegations were confirmed as false by every "independent medical examiner" hired by Uber and/or FedEx, all of whom advised Uber and FedEx that answering defendants provide reasonable and necessary chiropractic care to their patients.

68. Denied.  These allegations were confirmed as false by every "independent medical examiner" hired by Uber and/or FedEx, all of whom advised Uber and FedEx that answering defendants provide reasonable and necessary chiropractic care to their patients.

69. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

70. Denied.  These allegations were confirmed as false by every "independent medical examiner" hired by Uber and/or FedEx, all of whom advised Uber and FedEx that answering defendants provide reasonable and necessary chiropractic care to their patients.

71. Denied.  These allegations were confirmed as false by every "independent medical examiner" hired by Uber and/or FedEx, all of whom advised Uber and FedEx that answering defendants provide reasonable and necessary chiropractic care to their patients.

72. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

73. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

74. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

75. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

76. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

77. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

78. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

79. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

80. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

81. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

82. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

83. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

84. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

85. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

86. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

87. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

88. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

89. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

90. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

91. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

92. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

93. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

94. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

95. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

96. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

97. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

98. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

99. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

100.    Denied.

101.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant A.

102.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant A.

103.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant A.

104.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant A.

105.	Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant A.

106.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

107.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

108.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

109.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

110.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

111.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

112.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

113.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

114.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

115.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

116.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

117.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

118.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

119.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

120.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

121.     Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant B.

122.     Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant B.

123.     Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant B.

124.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

125.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

126.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

127.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

128.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

129.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

130.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

131.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

132.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

133.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

134.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

135.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

136.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

137.     Denied. Answering defendants are without sufficient information to either admit or deny the averments.

138.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

139.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

140.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

141.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

142.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

143.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

144.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

145.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

146.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

147.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

148.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

149.    Denied. Answering defendants are without sufficient information to either admit or deny the averments.

150.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

151.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

152.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant D.

153.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant D.

154.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant D.

155.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant D.

156.    Denied.  It is denied that Dr. Harvey referred any patient to any radiologist or that any patient who received an MRI at Open MRI of Bala Cynwyd was seen by a radiologist at all. These allegations are inane on their face.

157.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

158.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

159.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

160.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

161.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

162.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

163.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

164.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

165.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

166.    Denied. Answering defendants are without sufficient information to either admit or deny the averments.

167.    Denied. Answering defendants are without sufficient information to either admit or deny the averments.

168.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

169.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

170.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant E.

171.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant E.

172.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant E.

173.    Denied.  It is denied that Dr. Harvey referred any patient to any radiologist or that any patient who received an MRI at Open MRI of Bala Cynwyd was seen by a radiologist at all. These allegations are inane on their face.

174.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant E.

175.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant E.

176.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

177.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

178.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

179.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant E.

180.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

181.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

182.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

183.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

184.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

185.    Denied. Answering defendants are without sufficient information to either admit or deny the averments.

186.    Denied. Answering defendants are without sufficient information to either admit or deny the averments.

187.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

188.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

189.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

190.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

191.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

192.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

193.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

194.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

195.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

196.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

197.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

198.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

199.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

200.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

201.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

202.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

203.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

204.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

205.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

206.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

207.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

208.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

209.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

210.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

211.    Denied. Answering defendants are without sufficient information to either admit or deny the averments.

212.    Denied. Answering defendants are without sufficient information to either admit or deny the averments.

213.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

214.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

215.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant Q.

216.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant Q.

217.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant Q.

218.    Denied.  It is denied that Dr. Piccillo referred any patient to any radiologist or that any patient who received an MRI at Open MRI of Bala Cynwyd was seen by a radiologist

at all. These allegations are inane on their face. Moreover, the very "independent medical examiner" referenced specifically advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant Q.

219.    Denied.  It is denied that Dr. Piccillo referred any patient to any radiologist or that any patient who received an MRI at Open MRI of Bala Cynwyd was seen by a radiologist at all. These allegations are inane on their face. Moreover, the very "independent medical examiner" referenced specifically advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant Q.

220.    Denied.  The very "independent medical examiner" referenced by Plaintiffs advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant Q.

221.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

222.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

223.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

224.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

225.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

226.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

227. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

228. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

229. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

230. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

231. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

232. Denied. Answering defendants are without sufficient information to either admit or deny the averments.

233. Denied. Answering defendants are without sufficient information to either admit or deny the averments.

234. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

235. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

236. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

237. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

238.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

239.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

240.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

241.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

242.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

243.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

244.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

245.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

246.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

247.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

248.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

249.     Denied. Answering defendants are without sufficient information to either admit or deny the averments.

250.     Denied. Answering defendants are without sufficient information to either admit or deny the averments.

251.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

252.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

253.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

254.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

255.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

256.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

257.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

258.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

259.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

260.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

261.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

262.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

263.    Denied. Answering defendants are without sufficient information to either admit or deny the averments.

264.    Denied. Answering defendants are without sufficient information to either admit or deny the averments.

265.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

266.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

267.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

268.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

269.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

270.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

271.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

272.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

273.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

274.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

275.    Denied. Answering defendants are without sufficient information to either admit or deny the averments.

276.    Denied. Answering defendants are without sufficient information to either admit or deny the averments.

277.    Denied.

278.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

279.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant U.

280.    Denied.  It is denied that Dr. Harvey referred any patient to any radiologist or that any patient who received an MRI at Open MRI of Bala Cynwyd was seen by a radiologist at all. These allegations are inane on their face. Moreover, the very "independent medical examiner" referenced specifically advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant U.

281.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant U.

282.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant U.

283.    Admitted.  By way of further response, these findings were confirmed as accurate by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant U.

284.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant U.

285.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

286.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

287.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

288.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

289.    Denied as stated.

290.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

291.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

292.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

293.	Denied. Answering defendants are without sufficient information to either admit or deny the averments.

294.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

295.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

296.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

297.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

298.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

299.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

300.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

301.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

302.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

303.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

304.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

305.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

306.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

307.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

308.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

309.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

310.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

311.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

312.    Denied. Answering defendants are without sufficient information to either admit or deny the averments.

313. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

314. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

315. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

316. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

317. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

318. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

319. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

320. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

321. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

322. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

323. Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

324.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

325.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

326.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

327.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

328.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

329.    Denied. Answering defendants are without sufficient information to either admit or deny the averments.

330.    Denied.

331.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

332.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

333.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

334.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

335.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

336.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

337.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

338.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

339.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

340.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

341.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

342.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

343.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

344.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

345.    Denied. Answering defendants are without sufficient information to either admit or deny the averments.

346.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

347.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

348.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant BB.

349.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

350.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

351.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

352.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

353.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

354.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

355.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

356.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

357.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

358.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

359.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

360.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

361.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

362.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

363.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

364.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

365.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

366.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

367.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

368.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

369.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

370.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

371.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

372.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

373.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

374.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

375.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

376.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

377.     Denied.  These allegations were confirmed as false by multiple "independent medical examiners" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant EE.

378.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

379.     Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

380.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

381.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

382.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

383.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

384.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

385.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

386.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

387.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

388.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

389.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

390.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

391.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

392.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

393.    Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant FF.

394.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

395.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

396.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

397.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

398.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

399.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

400.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

401.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

402.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

403.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

404.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

405.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

406.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

407.	Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant GG.

408.	Denied.  These allegations were confirmed as false by an "independent medical examiner" who advised Uber and FedEx that answering defendants provided reasonable and necessary chiropractic care to Claimant GG.

409.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

410.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

411.	Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

412.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

413.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

414.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

415.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

416.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

417.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

418.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

419.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

420.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

421.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

422.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

423.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

424.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

425.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

426.    Denied as conclusions of law to which no response is required.

427.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

428.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

429.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

430.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

431.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

432.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

433.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

434.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

435.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

436.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

437.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

438.    Denied. Every allegation of this paragraph is knowingly false. In every instance, medical experts hired by the defense of the underlying claims alleged to be at issue opined that the treatment, diagnoses and opinions expressed by answering defendants were reasonable, necessary, and/or otherwise unassailable.

439.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

440.    Denied.

441.    Denied.

442.    Denied.

443.    Denied.

444.    Denied.

445.    Denied as conclusions of law to which no response is required.

446.    Denied as conclusions of law to which no response is required.

447.    Denied as conclusions of law to which no response is required.

448.    Denied as conclusions of law to which no response is required.

449.    Denied as conclusions of law to which no response is required.

450.    Denied as conclusions of law to which no response is required.

451.    Denied as conclusions of law to which no response is required.

452.    Denied as conclusions of law to which no response is required.

453.    Denied as conclusions of law to which no response is required.

454.    Denied as conclusions of law to which no response is required.

455.    Denied as conclusions of law to which no response is required.

456.    Denied as conclusions of law to which no response is required.

457.    Denied as conclusions of law to which no response is required.

458.    Denied as conclusions of law to which no response is required.

459.    Denied as conclusions of law to which no response is required.

460.    Denied as conclusions of law to which no response is required.

461.    Denied as conclusions of law to which no response is required.

462.    Denied as conclusions of law to which no response is required.

463.    Denied as conclusions of law to which no response is required.

464.    Denied as conclusions of law to which no response is required.

465.    Denied as conclusions of law to which no response is required.

466.    Denied as conclusions of law to which no response is required.

467.    Denied as conclusions of law to which no response is required.

468.    Denied as conclusions of law to which no response is required.

469.    Denied as conclusions of law to which no response is required.

470.    Denied as conclusions of law to which no response is required.

471.    Denied as conclusions of law to which no response is required.

472.    Denied as conclusions of law to which no response is required.

473.    Denied as conclusions of law to which no response is required.

474. Denied as conclusions of law to which no response is required.

475. Denied as conclusions of law to which no response is required.

476. Denied as conclusions of law to which no response is required.

477. Denied as conclusions of law to which no response is required.

478. Denied as conclusions of law to which no response is required.

479. Denied as conclusions of law to which no response is required.

480. Denied as conclusions of law to which no response is required.

481. Denied as conclusions of law to which no response is required.

482. Denied as conclusions of law to which no response is required.

483. Denied as conclusions of law to which no response is required.

484. Denied as conclusions of law to which no response is required.

485. Denied as conclusions of law to which no response is required.

486. Denied as conclusions of law to which no response is required.

487. Denied as conclusions of law to which no response is required.

488. Denied as conclusions of law to which no response is required.

489. Denied as conclusions of law to which no response is required.

490. Denied as conclusions of law to which no response is required.

491. Denied as conclusions of law to which no response is required.

492. Denied as conclusions of law to which no response is required.

493. Denied as conclusions of law to which no response is required.

494. Denied as conclusions of law to which no response is required.

495. Denied as conclusions of law to which no response is required.

496. Denied as conclusions of law to which no response is required.

497.     Denied as conclusions of law to which no response is required.

498.     Denied as conclusions of law to which no response is required.

499.     Denied as conclusions of law to which no response is required.

500.     Denied as conclusions of law to which no response is required.

501.     Denied as conclusions of law to which no response is required.

502.     Denied as conclusions of law to which no response is required.

503.     Denied as conclusions of law to which no response is required.

504.     Denied as conclusions of law to which no response is required.

505.     Denied as conclusions of law to which no response is required.

506.     Denied as conclusions of law to which no response is required.

507.     Denied as conclusions of law to which no response is required.

508.     Denied as conclusions of law to which no response is required.

509.     Denied as conclusions of law to which no response is required.

510.     Denied as conclusions of law to which no response is required.

511.     Denied as conclusions of law to which no response is required.

512.     Denied as conclusions of law to which no response is required.

513.     Denied as conclusions of law to which no response is required.

514.     This is an incorporation paragraph.

515.     Denied. These allegations are directed to parties other than answering defendants.

To the extent any response is required, the allegations are denied.

516.     Denied. These allegations are directed to parties other than answering defendants.

To the extent any response is required, the allegations are denied.

517.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

518.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

519.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

520.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

521.    This is an incorporation paragraph.

522.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

523.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

524.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

525.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

526.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

527.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

528.    This is an incorporation paragraph.

529.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

530.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

531.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

532.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

533.    Denied. These allegations are directed to parties other than answering defendants. To the extent any response is required, the allegations are denied.

534.    This is an incorporation paragraph.

535.    Denied as conclusions of law to which no response is required.

536.    Denied as conclusions of law to which no response is required.

537.    Denied as conclusions of law to which no response is required.

538.    Denied as conclusions of law to which no response is required.

WHEREFORE, Defendants deny that they are liable to Plaintiffs for any damages or relief of any kind and demand judgment in their favor together will all applicable costs and fees.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are time-barred, in whole or in part, by the applicable statute of limitations and the doctrine of laches.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are premised upon constitutionally protected speech or are otherwise subject to *Noerr-Pennington* immunity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs previously released such claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs ratified, waived, or otherwise consented to, any and all costs that are the subject of this action by paying them.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to mitigate any alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any recovery would result in unjust enrichment as any services reimbursed by Plaintiffs were worth at least what Plaintiffs paid, if anything.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged damages were the result of intervening or superseding events, factors, occurrences, or conditions, or by the acts or omissions of persons other than the Answering Defendants over whom the Answering Defendants had no authority or control, and for which the Answering Defendants are not liable.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to join necessary and indispensable parties.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' requests for multiple forms of damages based on the same alleged misconduct are duplicative and, therefore, the subject of an election in the event Plaintiffs are ultimately entitled to any such relief.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of Unclean Hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Claims, if any, are barred because Plaintiffs did not rely, justifiably or otherwise, on any representation or submission by any Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Claims, if any, are barred by the doctrine of accord and satisfaction.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Claims, if any, are barred because any payments alleged as damages were voluntary.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Claims, if any, are barred by estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Claims, if any, are barred by lack of proximate cause.

## RESERVATION AND NON-WAIVER

Answering Defendants reserve the right pursuant to Rule 15 of the Federal Rules of Civil Procedure to amend their answer to assert additional affirmative defenses or counterclaims.

## NEW MATTER COUNTERCLAIM OF PHILADELPHIA SPINE ASSOCIATES, LLC, DR. DAN PICCILLO & DR. ETHEL HARVEY

Philadelphia Spine Associates, LLC, Dr. Daniel Piccillo and Dr. Ethel Harvey, by and through their counsel Baratta Law, bring the below Counterclaims against Uber Technologies,

Inc. ("Uber").  Philadelphia Spine Associates, LLC, Dr. Piccillo and Dr. Harvey (sometimes referred to herein as "PSA") incorporate by reference all allegations of jurisdiction, venue, and identities of the parties as described in the Amended Complaint.

**PSA IS COLLATERAL DAMAGE IN UBER'S ILLICIT PROFIT SCHEME TO AVOID LIABILITY FOR PERSONAL INJURIES CAUSED BY ITS DRIVERS**

1. Uber has been announcing lower profits due to increasing legal and regulatory expenses. *Uber Operating Profit Hit by Legal Expenses, Shares Fall*, Reuters (Nov. 4, 2025).[1]

2. Uber's recent Form 10-Q blames these costs primarily on "significant legal proceedings or governmental investigations related to worker classification definitions."  Form 10-Q, (Nov. 4, 2025) at 29 n.4.[2]

3. Uber also "ha[s] been and expect[s] to continue to be subject to personal injury claims for compensation based on traffic accidents" (*id.* at 32) and "may be subject to claims of significant liability based on traffic accidents, deaths, injuries, or other incidents that are caused by Drivers…" *Id.* at 63.

4. Damages caused by injuries and fatalities involving Uber—whether suffered by its own passengers or by those in vehicles struck by Uber drivers—cut into the company's profits and cause it to fall short of investors' relentless expectations for returns.

5. Uber has therefore embarked on a nationwide media manipulation and government lobbying campaign designed to achieve effective immunity from liability for damages caused by the negligent, reckless, and even intentional conduct of its drivers.

---

[1]  Available publicly at https://www.reuters.com/business/autos-transportation/uber-forecasts-strong-holiday-quarter-bookings-membership-boost-2025-11-04/.

[2]  Available publicly at https://investor.uber.com/financials/default.aspx#quarterly.

6. In addition to individual state lobbying, Uber's efforts include lobbying Congress to add language to the surface transportation reauthorization bill that would effectively immunize Uber from harms caused by their roughly 1,000,000 drivers nationwide, including sexual assault, personal injuries, and deaths. (See H.R. 8870, the BUILD America 250 Act).

7. According to a recent investigative report by Consumer Watchdog, a nonprofit consumer advocacy organization, Uber's goal is to strictly limit its own liability for car crashes via tort reform efforts nationwide in order to free up billions of dollars in "reserves" it wants to use to finance expansion of its robotaxi business.

https://consumerwatchdog.org/accountability/us-house-of-representatives-votes-at-2-am-to-give-immunity-to-uber-for-accidents-caused-by-its-drivers

8. Uber is desperate to manufacture a perception nationwide that its insurance premiums are unfairly excessive due to personal injury claims, but according to public documents, Uber self-funds nearly 95% of its risk. Id.

9. Uber's financial documents indicate that Uber may be over-reserving to the tune of billions of dollars in order to be ready to use that money for its robotaxi expansion once its tort reform efforts are successful in reducing its exposure to personal injury claims. Id.

10. A key component of Uber's strategy for freeing up the billions it has intentionally over-reserved is achieving legislative "insurance reform" which would vastly reduce (if not eliminate entirely) its exposure for personal injuries suffered as the result of its drivers intentional, reckless, and negligent conduct.

11. Uber has even made its executives' compensation contingent on their ability to achieve "insurance reform" in state and federal legislation. <u>Id.</u>

12. For example, insurance reform was a specific performance goal for executives such as Jill Hazelbaker, Uber's Chief Marketing Officer and SVP, Public Affairs; Chief Legal Officer Tony West; President and COO Andrew Macdonald; and CFO Prashanth Mahendra-Rajah. <u>Id.</u>

13. Hazelbaker was recently promoted to President and Chief Corporate Affairs Officer, which promotion came with a $5,000,000.00 equity grant.  Hazelbaker's compensation included a $516,000.00 bonus for her success in achieving "progress on insurance reform strategy…through tort reform efforts at the state-level to combat legal system abuse, including the passage of two bills in Georgia." <u>Id.</u>

14. As pointed out by Erwin Chemerinsky, Dean and professor of law at UC Berkeley, Uber's tort reform efforts seek to generate profit by making it harder for injured accident victims to get legal representation and have their day in court.

    https://www.sacbee.com/opinion/op-ed/article315092081.html

15. A huge component of Uber's strategy for achieving legislative immunity for the personal injuries caused by its drivers is to manufacture a perception that personal injury claims against it are illegitimate because they are contrived by unscrupulous personal injury lawyers and medical providers.

16. Uber has spent millions of dollars advertising against personal injury lawyers to create this exact perception in the public and within legislatures.  <u>See</u>, *e.g*., Natalie Lung, *Uber*

*Targets Personal Injury Lawyers in Multimillion Dollar Ad Campaign*, Ins. J. (Feb. 18, 2025).[3]

17. As pointed out by Pulitzer Prize-winning Los Angeles Times business columnist Mike Hitlzik, Uber's tort reform efforts are premised on vituperative attacks on personal injury lawyers as a class, accusing them of deliberately inflating their clients' medical claims by "engaging in unsavory and perhaps illegal sub-rosa arrangements with complaisant medical providers." https://www.latimes.com/business/story/2026-01-16/uber-tries-to-snow-voters-with-supposedly-pro-consumer-ballot-initiative

18. But the falsity and disingenuousness of Uber's public propaganda and lobbying efforts decrying "billboard attorneys" and allegedly frivolous lawsuits as driving up insurance rates is demonstrated by the fact there is no reference in its annual report to frivolous or inflated claims or any fraudulent conduct by lawyers as being a source of an increase in insurance costs.

19. It is in transparent furtherance of its false propaganda war against personal injury attorneys and pursuit of legislatively mandated immunity from personal injury claims that Uber filed federal RICO lawsuits in major metropolitan areas of the country against prominent personal injury law firms and various medical providers who treated patients represented by the firms.

20. Beginning in New York, then Miami, then Los Angeles, and finally here in Philadelphia, Uber filed a string of cut-and-paste federal RICO lawsuits, all with the same pre-scripted categories of characters: personal injury attorneys whom Uber repeatedly loses to in state

---

[3] Available publicly at https://www.insurancejournal.com/news/national/2025/02/18/812199.htm.

court injury suits; and various medical providers whose records of treatment and opinions reflect the injuries suffered by those attorneys' clients.[4]

21. The lawsuits were filed not because they have any legitimacy or good faith basis, but merely as a talking point to be exploited by its public relations army in its quest to influence the public and legislatures into granting Uber practical immunity from personal injuries caused by its million+ drivers.

22. Uber and its public relations proxies have openly admitted the RICO lawsuits are merely "the tip of the spear" in its nationwide legislative lobbying and propaganda campaign.

23. Uber's Senior Director of Public Policy and Communications, Adam Blinick, has led this effort, embarking on a media tour relentlessly republishing the allegations of Uber's RICO lawsuits as proof of a personal injury tort system which is out of control and requiring governmental limitations.

24. Blinick has openly bragged in print and media interviews that the lawsuits are merely one part of an overall "offensive" designed to drive down Uber's exposure to personal injury claims in general.

25. Blinick has even acknowledged the lawsuits are designed as recruiting tools to convince other large corporations and the insurance industry to use similar tactics against personal injury lawyers to undermine the credibility of injury claims in general.

26. For example, in an October 17, 2025, Insurance Journal article reporting on Blinick's presentation earlier that month at the American Property Casualty Insurance

---

[4] See the Complaint in this case; *Uber Tech., Inc. v. Wingate, Russotti, Shapiro, Moses & Halperin, LLP et al.,* Case No.: 1:25-cv-00522 (E.D.N.Y.); *Uber Tech., Inc. v. Downtown LA Law Grp, LLP et al.,* Case No.: 2:25-cv-06612 (C.D. Cal.); and *Uber Tech., Inc. v. Law Grp. of S. Fla., LLC et al.,* Case No.: 1:25-cv-22635 (S.D. Fla).

Association's annual meeting, Blinick was quoted as promoting Uber's RICO lawsuits as blueprints other corporations can and should exploit similarly in furtherance of profit.

27. Blinick bragged that Uber's RICO lawsuits had spurred other corporations to seek Uber's advice on methodologies for using RICO lawsuits as a profit generator, stating, "Let's build the case to show the kinds of information we could be sharing amongst ourselves" and use them as the basis for "smarter political giving" and "coalition building" in the fight for immunization from corporate accountability.

28. Uber, through Blinick and others acting on Uber's behalf and at Uber's direction, with press releases, interviews, and speaking engagements, intentionally and maliciously manipulated media outlets around the country into publishing Uber's RICO allegations, often with direct hyperlinks to the lawsuits, which media publications specifically identified Philadelphia Spine Associates, Dr. Piccillo, and Dr. Harvey by name and as "unscrupulous" and "providing unnecessary medical procedures to treat negligible or non-existent injuries, creating false evidence of injuries to drive up the cost of settling cases." See, e.g., https://www.reuters.com/legal/litigation/when-uber-drives-case-plaintiffs-lawyers-face-rico-roadblock-2025-10-16/?utm_source=chatgpt.com

29. In one article published in the Metro Philadelphia on September 21, 2025, in which Blinick was directly quoted, Philadelphia Spine Associates, LLC, Dr. Harvey and Dr. Piccillo were described as "hand-picked chiropractors" who conspired to fabricate fraudulent personal injury claims.

30. In another article published on Law.Com on September 18, 2025, Philadelphia Spine Associates, LLC, Dr. Piccillo and Dr. Harvey were characterized as receiving payment from the Simon firm "to diagnose nonexistent injuries and falsify medical records."

31. In these articles, and numerous other outlets in print and on the internet repeating it as Uber intended, Blinick was quoted as follows: "Lawsuit abuse, including fraudulent personal injury claims, directly contributes to the higher prices that consumers end up paying on everything from Uber rides to dining out at a restaurant.  When we see it happening on our platform, we are going to step in and take action by any means appropriate – like you're seeing here with this civil RICO lawsuit."

32. The accusation that Philadelphia Spine Associates, LLC, Dr. Piccillo, and Dr. Harvey conspired to generate fraudulent personal injury claims is knowingly, intentionally, and maliciously false.

33. But Blinick and Uber's other propaganda proxies have peddled this false accusation in the press solely to further its illicit profit scheme of achieving legislative immunity from personal injury claims.

34. Blinick and others employed by Uber, acting within the scope of their employment, have publicly and relentlessly parroted the allegations of Uber's RICO allegations against Philadelphia Spine Associates, LLC, Dr. Piccillo and Dr. Harvey in the media, on the internet, and in numerous other public forums, both in Pennsylvania and nationwide, to enable Uber to avoid billions of dollars in liability for injuries caused by Uber drivers.

35. Unfortunately, and shamefully, Uber's maniacal pursuit of profit through the weaponization of fraud accusations against medical providers led it to include Philadelphia Spine Associates, LLC, Dr. Piccillo and Dr. Harvey as RICO defendants without conducting any reasonable investigation and in deliberate disregard of facts which unequivocally exposed the allegations as false.

36. On September 18, 2025, Uber filed its lawsuit accusing Philadelphia Spine Associates, Piccillo, and Harvey of being RICO conspirators based on allegations of fact which were demonstrably and intentionally false.

37. For example, Uber's Complaint alleged that Philadelphia Spine Associates, Dr. Piccillo, and Dr. Harvey had committed fraud in their treatment of a claimant "AA" and their treatment was fraudulent because AA had "suffered no injury" and the treatment was provided "at the direction of Simon & Simon." See ECF 1, paragraph 122.

38. The Complaint itself, however, exposed this allegation as false, as it identified Claimant AA as having been treated at an entirely different and unrelated facility called "Philly Spine Center." Id.

39. Philadelphia Spine Associates, LLC, Dr. Piccillo, and Dr. Harvey have no association with Philly Spine Center, nor did they provide any treatment to Claimant AA.  Simply put, Uber cannot possibly ever have had any evidence of any kind to support such an explosive and destructive accusation concerning the treatment of Claimant AA against PSA.

40. Neither Uber, its lawyers, nor Blinick, could possibly have reviewed the records of an entity called "Philly Spine Center" and developed a good faith belief that this wholly unrelated chiropractic facility's treatment records supported a claim that PSA provided *any* treatment to the patient, much less that they did so at the direction of Marc Simon to help him manufacture a fraudulent lawsuit.

41. In fact, it appears neither Plaintiffs nor their counsel even read their own Complaint before lodging such a damning accusation else they would have easily realized that Philly Spine Center is obviously not Philadelphia Spine Associates.

42. Other allegations publicized repeatedly by Blinick in the press against PSA which were knowingly and intentionally false included that Claimant B complained of "nothing but arm pain" at the emergency room after her Uber accident and therefore had no reason to seek the chiropractic care for back pain which Dr. Harvey and Dr. Piccillo provided, but the emergency room records clearly identified complaints of back pain and lower back pain.

43. With respect to Claimant B's MRI, the RICO allegations peddled in the press by Blinick alleged "the treating radiologist who had performed that MRI had noted that 'disc signal and disc height are preserved,' that 'there is no evidence of herniated nucleus pulposus or foraminal stenosis,' and that it was in general a 'negative examination.'"  But the report of Claimant B's cervical MRI actually identified "shallow disc bulging most notable at C3-4 and C4-5 with reversal of normal cervical lordosis as indicated."

44. Uber's RICO Complaint, and Blinick's promotion of it in the press, falsely described the findings of Claimant B's cervical MRI to manufacture an allegation that Claimant B's cervical injuries were "non-existent" to create the false impression that PSA had provided fraudulent treatment for said "non-existent" injuries.

45. Evidencing their malice, Uber made these allegations, and Blinick widely publicized them in furtherance of the propaganda campaign, despite the fact that an independent expert, hired by the defense lawyers trying to defeat Claimant B's claim, told Uber in June of 2025 that Claimant B did in fact suffer the facet pain and facet syndrome which Dr. Piccillo treated and diagnosed as resulting from the accident in question.

46. Uber's Complaint also alleged falsely that Claimant A had suffered no injury in his underlying crash, but on September 25, 2025, before Blinick publicly peddled Uber's

fraud accusations against Piccillo and Harvey, an independent expert hired by the defense lawyers in the underlying lawsuit explicitly agreed the myofascial sprain/strain of the cervical, thoracic, and lumbar spine complained of by the patient and diagnosed by PSA was in fact caused by the accident in question and that the treatment provided by PSA was reasonable and appropriate.

47.  Regarding Claimant D, Uber alleged and Blinick widely publicized that PSA had provided treatment for "non-existent neck and back injuries."

48. But nearly a year before Uber filed its lawsuit, an independent expert hired by the defense in the underlying case issued a report stating that the lumbar sprain diagnosed and treated by PSA was "the diagnosis referable to the incident in question"; that the treatment provided by PSA was "reasonable and appropriate"; and the MRI ordered was "reasonable to have been ordered."

49. Regarding Claimant E, Uber's Complaint, and Blinick's press campaign, alleged that Dr. Harvey had committed fraud by providing "treatment of non-existent neck and back injuries."  (ECF 1, ¶108).

50. But on November 22, 2024, an "independent" medical reviewer hired by the lawyers attempting to defeat Claimant E's personal injury lawsuit conceded that Claimant E had in fact suffered the very injuries Dr. Harvey had treated him for and that said injuries were caused by the crash in question.

51. Claimants A, B, D & E were the only patients identified as having been treated by PSA by Uber's Complaint.

52. Blinick's press tour calling out PSA as "hand-picked chiropractors" who conspired to fabricate fraudulent personal injury claims was based entirely on the false allegations of the Complaint concerning Claimants A, B, D & E.

53. But after receiving a Rule 11 notification of its demonstrably false allegations against PSA concerning Claimants A, B, D & E, Uber effectively admitted they were false by filing an Amended Complaint shortly thereafter which simply eliminated them.

54. Unfortunately, rather than publicly retracting its false allegations and admit it had included Dr. Piccillo and Dr. Harvey as defendants without any justification, Uber attempted to avoid liability for their originally false allegations by adding even more demonstrably false accusations against PSA.

55. In its Amended Complaint filed on January 26, 2026, aggressively promoted in the press by Blinick and others, Uber alleged that PSA's treatment of Claimants Q, CC, EE, FF, and GG was fraudulent.

56. But these allegations were just as demonstrably and maliciously false as those offered regarding Claimants A, B, D & E.

57. For example, regarding Claimant Q, Uber alleged that "verbatim descriptions" across PSA's records demonstrated fraud. (ECF 71, ¶217).

58. The knowing falsity of this allegation is exemplified, ironically, by the reports provided to Uber by the same "independent medical examiner" hired repeatedly by the lawyers attempting in the underlying lawsuits to defeat the personal injury claims brought by Simon.

59. This "independent medical examiner" was hired to opine on the reasonableness and necessity of treatment provided by PSA to Claimants E *and* Q.

60. Consider the <u>verbatim descriptions</u> offered by this so-called "independent medical reviewer" concerning the injuries PSA treated:

> **"After a review of the above medical data, it is my opinion that [Claimant E's] February 22, 2023 accident resulted in, at most, sprains/strains of his cervical and lumbar spine. If [Claimant E] in fact sustained the above injuries, they would be typically treated with 6-12 weeks of physical therapy, followed by a home exercise program, and a return to full and unrestricted activity. It is my opinion that any treatment in excess of this was unrelated to his February 22, 2023 accident."**

> **"After my evaluation of [Claimant Q] and review of the above medical data, it is my opinion that her November 13, 2022 accident resulted in, at most, sprains/strains of his cervical and lumbar spine. If [Claimant Q] in fact sustained these injuries, they would be typically treated with 6-12 weeks of physical therapy, followed by a home exercise program, and a return to full and unrestricted activity. It is my opinion that any treatment in excess of this was unrelated to her November 13, 2022 accident."**

61. Not only did the so-called "independent medical reviewer" destroy Uber's contention that PSA's treatment could not be justified, he did so using transparently cut-and-pasted conclusions which, if Uber was genuine in its allegations, would have been evidence of his having been "handpicked" by defense lawyers in a conspiracy to fraudulently avoid liability for personal injuries caused by Uber's drivers.

62. Regarding Claimant CC, Uber's Amended Complaint alleged falsely she had been treated by PSA for treatment of "neck and lower back injuries" only. (ECF 71, ¶348).

63. This was a false accusation because the treatment records very specifically and repeatedly diagnosed and treated CC's reported right ankle and foot pain.

64. This is a significant falsehood because an "independent" medical examiner hired by the defense lawyers attempting to defeat CC's injury claim specifically told them in January of 2024 that CC had in fact suffered an ankle sprain in the accident and, more importantly, did not dispute CC had suffered the other injuries PSA were accused of having diagnosed and treated fraudulently.

65. Concerning Claimant EE, Uber's lies and Blinick's parroting of them as the basis to call PSA's treatment fraudulent were particularly outrageous given that Uber had reports of *three different* "independent" medical experts who all agreed unequivocally that the treatment and diagnoses of PSA were reasonable and necessary and appropriate.

66. Regarding Claimant FF, an "independent" medical expert hired by the defense lawyers trying to defeat FF's injury claim, told Uber in 2021 that PSA's treatment and diagnoses of FF had been entirely reasonable, necessary and appropriate.

67. Regarding Claimant GG, an "independent" medical expert hired by the lawyers attempting to defeat GG's injury claim found that PSA's treatment and diagnoses were entirely reasonable and appropriate and justified.

68. In short, Uber's original and amended Complaints identified 9 total patients of PSA who were injured in accidents involving Uber and happened to have been represented by the Simon firm.

69. In <u>every one</u> of the nine personal injury lawsuits brought by Simon on behalf of these 9 patients, medical experts hired by the defense attorneys in the underlying cases to defeat the Simon suits explicitly informed Uber there was no basis to even question the reasonableness and necessity of Piccillo and Harvey's care, much less characterize it as "fraudulent".

70. Based on these "independent" expert reports, Uber and Blinick knew that the allegations PSA had provided fraudulent treatment were false.

71. Uber and Blinick also made allegations that Simon "directed" the treatment provided by PSA with no objective evidence to justify the accusation.

72. The "independent" expert reports in the underlying cases render Uber's complaint and the absence of any objective evidence that Simon "directed" PSA's conduct with respect to the 9 patients identified, render Uber's Complaint and Amended Complaint against PSA objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits.

73. Uber's Complaint and Amended Complaint are also subjectively baseless because its motivation is to interfere with business competition by using the government process as an anticompetitive weapon. Simply put, Uber sees personal injury attorneys and the medical providers whose records are utilized to support injury claims as their direct competitors.

74. PSA was sued for no good faith or legitimate reason.  As Uber's "settlement" demands to them make clear, PSA were included merely as pawns Uber believed could be extorted into providing information about Simon. Having failed to achieve that outcome with their original Complaint, Uber maintained PSA as defendants simply to destroy their business.

75. Uber's Complaint and Amended Complaint against PSA are the definition of sham litigation.

76. Uber and Blinick were never concerned with the truth, they were only concerned with maximizing Uber's profit, which they had determined they could drive up by including PSA as chiropractors "handpicked" to provide "fraudulent" treatment "directed" by Simon.

77. Blinick himself knew or should have known that Uber's allegations against PSA were false and a sham but embarked anyway on a campaign in the press to republish the allegations against PSA in furtherance of Uber's strategy to influence legislators into

providing Uber effective immunity from personal injury claims arising from its drivers' conduct.

78. Even after Uber withdrew its knowingly false allegations against PSA in its original Complaint, Blinick's P.R. blitz republishing the allegations against PSA continued unabated in, for example, an interview with the Insurance Information Institute (Triple-I) blog on March 24, 2026 marketed as "Uber Joins Effort to Drive Legal System Reform"; A promotional video on Punchbowl News on February 17, 2026 titled "Adam Blinick of Uber on companies' role in shaping tort reform policy"; and a presentation in January for the Consumer Technology Association titled "The Litigation Tax: How Lawsuits Stifle U.S. Innovation."

79. A notable fellow speaker listed at Blinick's Consumer Technology presentation was John Lee, Chief Counsel for Intellectual property, U.S. House of Representatives – Committee on the Judiciary.

80. In his Punchbowl News interview Blinick agreed "shaping policy" and "educating lawmakers" and "educating citizens" were the entire point of his relentless amplification of Uber's RICO allegations.

81. Blinick and other Uber proxies have themselves repeatedly published, and caused numerous media outlets to repeatedly publish, Uber's knowingly false allegations against Dr. Piccillo and Dr. Harvey.

82. Blinick's statements described above accusing PSA of fraud were intentionally designed to and have in fact destroyed the professional and personal reputations as well as the chiropractic practices of PSA.

83. The purpose of doing so was to influence the public and legislators into believing that Uber is a victim of unscrupulous "billboard attorneys" and crooked medical providers ginning up fake personal injury claims, therefore requiring the legislative immunity from personal injury claims Uber's profit strategy requires.

84. At all times material hereto, Blinick acted within the course and scope of his employment, agency, and/or representation of Uber, with the full knowledge and authorization of Uber to do so.

85. Uber's actions have been and are deliberate, malicious, wanton, and reckless.

86. There is no privilege applicable to the press and public statements by Blinick and other Uber proxies made in furtherance of Uber's profit scheme.

87. To the extent any privilege is deemed to apply, it was so grossly abused by Uber and Blinick's intentional and malicious conduct that it was waived.

## COUNT I
## DR. DANIEL PICCILLO V. UBER TECHNOLOGIES, INC.
## DEFAMATION

88. All preceding paragraphs are incorporated herein by reference.

89. Uber has defamed Dr. Piccillo through the actions described more fully in the preceding paragraphs.

90. The content of the defendant's statements, by and through its authorized representatives, orally and in writing to third parties concerning Dr. Piccillo, would tend to harm (and have harmed) Dr. Piccillo's reputation so as to lower Dr. Piccillo in the estimation of the community and/or to deter third persons from associating or dealing with Dr. Piccillo.

91. Uber has published the written and oral statements described above to numerous press, internet, and other media outlets.

92. The defendant has also slandered Dr. Piccillo.

93. The defendant's statements (both libelous and slanderous) clearly applied to Dr. Piccillo.

94. The third-party recipients of the defamatory statements would (and have) understood the defendant's authorized representatives to be saying that facts exist which indicate that Dr. Piccillo has engaged in fraudulent and/or otherwise improper and/or illegal professional conduct.

95. The defendant's defamatory statements impute to Dr. Piccillo conduct, characteristics, and/or a condition that would adversely affect Dr. Piccillo in his lawful business or trade.

96. The defendant's defamatory statements and actions were defamatory per se.

97. The defendant's actions as described above have also been designed to communicate and have communicated to the community the false allegation that Dr. Piccillo is or has engaged in fraudulent activity or other professional impropriety.

98. Dr. Piccillo has suffered actual damages and/or special harm including monetary and/or out of pocket loss caused by the defendant's defamations.

99. Dr. Piccillo has suffered general damages as a result of defendants' defamations including loss of reputation, anxiety, emotional distress, and sleeplessness.

100. Uber has acted negligently, recklessly, wantonly, willfully, deliberately, and/or maliciously.

101. Neither Uber's nor its authorized representatives' conduct is privileged. In the alternative, to the extent a privilege may apply, Uber and its authorized representatives have abused that privilege.

WHEREFORE, Counterclaim Plaintiff Dr. Daniel Piccillo, demands damages from Counterclaim Defendant Uber Technologies, Inc., in a sum in excess of Seventy-Five

Thousand ($75,000.00) Dollars, plus reasonable attorney's fees, interest, punitive damages, and all applicable costs.

**COUNT II**
**DR. ETHEL HARVEY V. UBER TECHNOLOGIES, INC.**
**DEFAMATION**

102.    All preceding paragraphs are incorporated herein by reference.

103.    Uber has defamed Dr. Harvey through the actions described more fully in the preceding paragraphs.

104.    The content of the defendant's statements, by and through its authorized representatives, orally and in writing to third parties concerning Dr. Harvey, would tend to harm (and have harmed) Dr. Harvey's reputation so as to lower Dr. Harvey in the estimation of the community and/or to deter third persons from associating or dealing with Dr. Harvey.

105.    Uber has published the written and oral statements described above to numerous press, internet, and other media outlets.

106.    The defendant has also slandered Dr. Harvey.

107.    The defendant's statements (both libelous and slanderous) clearly applied to Dr. Harvey.

108.    The third-party recipients of the defamatory statements would (and have) understood the defendant's authorized representatives to be saying that facts exist which indicate that Dr. Harvey has engaged in fraudulent and/or otherwise improper and/or illegal professional conduct.

109.    The defendant's defamatory statements impute to Dr. Harvey conduct, characteristics, and/or a condition that would adversely affect Dr. Harvey in her lawful business or trade.

110.    The defendant's defamatory statements and actions were defamatory per se.

111.    The defendant's actions as described above have also been designed to communicate and have communicated to the community the false allegation that Dr. Harvey is or has engaged in fraudulent activity or other professional impropriety.

112.    Dr. Harvey has suffered actual damages and/or special harm including monetary and/or out of pocket loss caused by the defendant's defamations.

113.    Dr. Harvey has suffered general damages as a result of defendants' defamations including loss of reputation, anxiety, emotional distress, and sleeplessness.

114.    Uber has acted negligently, recklessly, wantonly, willfully, deliberately, and/or maliciously.

115.    Neither Uber's nor its authorized representatives' conduct is privileged.  In the alternative, to the extent a privilege may apply, Uber and its authorized representatives have abused that privilege.

WHEREFORE, Counterclaim Plaintiff Dr. Ethel Harvey, demands damages from Counterclaim Defendant Uber Technologies, Inc., in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus reasonable attorney's fees, interest, punitive damages, and all applicable costs.

**COUNT III**
**PHILADELPHIA SPINE ASSOCIATES, LLC V. UBER TECHNOLOGIES, INC.**
**DEFAMATION**

116.    All preceding paragraphs are incorporated herein by reference.

117.    Uber has defamed Philadelphia Spine Associates, LLC through the actions described more fully in the preceding paragraphs.

118.    The content of the defendant's statements, by and through its authorized representatives, orally and in writing to third parties concerning Dr. Piccillo, would tend to harm (and have harmed) Philadelphia Spine Associates, LLC reputation so as to lower it in the estimation of the community and/or to deter third persons from associating or dealing with Philadelphia Spine Associates, LLC.

119.    Uber has published the written and oral statements described above to numerous press, internet, and other media outlets.

120.    The defendant has also slandered Philadelphia Spine Associates, LLC.

121.    The defendant's statements (both libelous and slanderous) clearly applied to Philadelphia Spine Associates, LLC.

122.    The third-party recipients of the defamatory statements would (and have) understood the defendant's authorized representatives to be saying that facts exist which indicate that Philadelphia Spine Associates, LLC has engaged in fraudulent and/or otherwise improper and/or illegal professional conduct.

123.    The defendant's defamatory statements impute to Philadelphia Spine Associates, LLC conduct, characteristics, and/or a condition that would adversely affect Philadelphia Spine Associates, LLC in its lawful business or trade.

124.    The defendant's defamatory statements and actions were defamatory per se.

125.    The defendant's actions as described above have also been designed to communicate and have communicated to the community the false allegation that

Philadelphia Spine Associates, LLC is or has engaged in fraudulent activity or other professional impropriety.

126.    Philadelphia Spine Associates, LLC has suffered actual damages and/or special harm including monetary and/or out of pocket loss caused by the defendant's defamations.

127.    Uber has acted negligently, recklessly, wantonly, willfully, deliberately, and/or maliciously.

128.    Neither Uber's nor its authorized representatives' conduct is privileged.  In the alternative, to the extent a privilege may apply, Uber and its authorized representatives have abused that privilege.

WHEREFORE, Counterclaim Plaintiff Philadelphia Spine Associates, LLC, demands damages from Counterclaim Defendant Uber Technologies, Inc., in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus reasonable attorney's fees, interest, punitive damages, and all applicable costs.

**COUNT IV**
**DR. DANIEL PICCILLO V. UBER TECHNOLOGIES, INC.**
**FALSE LIGHT INVASION OF PRIVACY**

129.    All preceding paragraphs are incorporated herein by reference.

130.    By their actions described more fully above, the defendant has given publicity to a matter concerning Dr. Piccillo that has placed him before the public in a false light.

131.    Specifically, defendant gave publicity to their false allegations of fraud and professional impropriety on the part of Dr. Piccillo by their actions described above.

132.    The false light in which Dr. Piccillo has been placed would be highly offensive to a reasonable person.

133.    Uber knew its allegations (direct and indirect) of fraudulent activity and professional impropriety by Dr. Piccillo are false and/or recklessly disregarded the falsity of the allegations and the false light in which Dr. Piccillo would be placed thereby.

134.    Dr. Piccillo has suffered actual damages and/or special harm including monetary and/or out of pocket loss caused by the defendants' false light invasion of privacy.

135.    Dr. Piccillo has suffered general damages as a result of defendants' false light invasion of privacy including loss of reputation, anxiety, emotional distress, and sleeplessness.

WHEREFORE, Counterclaim Plaintiff Dr. Daniel Piccillo, demands damages from Counterclaim Defendant Uber Technologies, Inc., in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus reasonable attorney's fees, interest, punitive damages, and all applicable costs.

## COUNT V
## DR. ETHEL HARVEY V. UBER TECHNOLOGIES, INC.
## FALSE LIGHT INVASION OF PRIVACY

136.    All preceding paragraphs are incorporated herein by reference.

137.    By their actions described more fully above, the defendant has given publicity to a matter concerning Dr. Harvey that has placed her before the public in a false light.

138.    Specifically, defendant gave publicity to their false allegations of fraud and professional impropriety on the part of Dr. Harvey by their actions described above.

139.    The false light in which Dr. Harvey has been placed would be highly offensive to a reasonable person.

140.	Uber knew its allegations (direct and indirect) of fraudulent activity and professional impropriety by Dr. Harvey are false and/or recklessly disregarded the falsity of the allegations and the false light in which Dr. Harvey would be placed thereby.

141.	Dr. Harvey has suffered actual damages and/or special harm including monetary and/or out of pocket loss caused by the defendants' false light invasion of privacy.

142.	Dr. Harvey has suffered general damages as a result of defendants' false light invasion of privacy including loss of reputation, anxiety, emotional distress, and sleeplessness.

WHEREFORE, Counterclaim Plaintiff Dr. Ethel Harvey, demands damages from Counterclaim Defendant Uber Technologies, Inc., in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus reasonable attorney's fees, interest, punitive damages, and all applicable costs.

## DEFENDANTS/COUNTERCLAIM PLAINTIFFS' DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants/Counterclaim Plaintiffs demand a trial by jury on all issues so triable.

BARATTA LAW, LLC

Dated:  June 5, 2026	BY:  _____

ANDREW P. BARATTA, ESQUIRE
*Attorney for Defendants, Philadelphia Spine Associates, LLC., Daniel Piccillo, D.C., and Ethel Harvey, D.C.*
Attorney I.D. No. 82250
BARATTA LAW, LLC
3500 READING WAY
HUNTINGDON VALLEY, PA 19006
215-914-8132

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which shall be available for viewing and downloading therein. By electronically filing, the CM/ECF system shall send notification of such filing to counsel of record for each party and those registered to receive a Notice of Electronic Filing for this case.

Dated: June 5, 2026                    **BARATTA LAW, LLC**

BY: _____
ANDREW P. BARATTA, ESQUIRE
*Attorney for Defendants, Philadelphia Spine
Associates, LLC., Daniel Piccillo, D.C.,
and Ethel Harvey, D.C.*
Attorney I.D. No. 82250
BARATTA LAW, LLC
3500 READING WAY
HUNTINGDON VALLEY, PA 19006
215-914-8132