IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,<br><br>Defendants. | CIVIL ACTION<br><br>No. 2:25-cv-05365-MAK |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Premier Pain & Rehab Center, PC ("Premier") and Clifton Burt, MD ("Dr. Burt" and collectively with Premier, the "Premier Defendants") by and through their undersigned counsel hereby respond to Plaintiffs Uber Technologies, Inc. ("Uber") and Federal Express Corporation ("FedEx") First Amended Complaint as follows:

## SUMMARY OF THE ACTION

1. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

2. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

3. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

4. Denied. The Premier Defendants deny that there is any "scheme" or "unscrupulous medical providers." Some of the allegations are conclusions of law to which no response is required. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

5. Denied. The Premier Defendants deny that there is any "scheme" or "corrupt medical providers." Some of the allegations are conclusions of law to which no response is required. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

6. Admitted in part and denied in part. Admitted that Simon & Simon schedules patients with Premier. However, the remaining allegations are denied. The Premier Defendants are not part of any "scheme" and do not operate at the direction of Simon & Simon. Rather, they provide reasonable and necessary medical treatment. All medical treatment is doctor driven, not lawyer driven.

7. Denied. The Premier Defendants do not operate at the direction of Simon & Simon. Rather, they provide reasonable and necessary medical treatment. All medical treatment is doctor driven, not lawyer driven. None of their records are fraudulent. Neither Marc Simon, nor Simon & Simon (collectively, the "Simon Defendants") pay Dr. Burt. Some of the allegations are conclusions of law, to which no response is required. To the extent a response is required, the

allegations are denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

8. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

9. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

10. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

11. Denied. The Premier Defendants deny that they conspire with anyone. Rather, the treatment provided is medically necessary and reasonable. To the extent the remaining allegations are conclusions of law, they are denied.

12. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

13. Denied. It is denied that there is any “scheme”. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

14. Denied. It is denied that the Premier Defendants made any misrepresentations. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

15. Admitted in part and denied in part. It is admitted that Uber has sought discovery regarding Dr. Burt's treatment as well as the deposition of Dr. Blessen Abraham. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

16. Denied. Some of the allegations of this paragraph are conclusions of law to which no response is required. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**THE PARTIES**

17. Admitted.

18. Admitted.

19. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

20. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

21. Admitted.

22. Admitted in part and denied in part. It is admitted that Dr. Burt is an individual who resides in and is a citizen of New Jersey, Dr. Burt is and has been an owner and operator of Premier, and Premier accepts referrals from Simon & Simon. It is denied that the Premier Defendants act at the direction of Simon & Simon or that they provide medical treatment that is not reasonable and necessary. Some of the allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations are denied.

23. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

24. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

25. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

26. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

## JURISDICTION AND VENUE

27. Admitted.

28. Admitted.

29. Admitted.

**MEANS AND METHOD OF THE FRAUD**

30. Admitted in part and denied in part. Admitted that Simon & Simon schedules claimants to be seen at Premier by Dr. Burt. It is denied that Dr. Burt provided unnecessary treatment or produced fraudulent medical records. Some of the allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. To the extent the allegations of this paragraph are conclusions of law, they are denied. The remaining allegations of this paragraph are denied.

31. Denied. It is denied that Dr. Burt provided unnecessary treatment, produced fraudulent medical records, or took any direction from the Simon Defendants. Some of the allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. To the extent the allegations of this paragraph are conclusions of law, they are denied.

32. Denied. It is denied that Dr. Burt provided unnecessary treatment, produced fraudulent medical records, or took any direction from the Simon Defendants. Some of the allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

33. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written

documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

34. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

35. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

36. Denied. It is denied that Dr. Burt performs unnecessary radiofrequency ablations or provides any medical treatment at the direction of Simon & Simon. All treatment provided by the Premier Defendants was reasonable and necessary. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

37. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

38. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written

documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

39. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. To the extent the allegations are conclusions of law, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**A. Burt's False Treatment Records**

40. Admitted in part and denied in part. It is admitted that the Premier Defendants provided certain injections and radiofrequency ablation on an outpatient basis to patients who are also represented by the Simon Defendants. It is denied that there is any "scheme" or that the Premier Defendants provide any medical treatment at the direction of the Simon Defendants. To the extent the allegations are conclusions of law, they are denied. The remaining allegations are denied.

41. Admitted.

42. Admitted.

43. Denied. Dr. Burt properly provided all medical treatment that was reasonable and necessary. Dr. Burt did not prepare any false medical records. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. To the extent the allegations are conclusions of law, they are denied.

44. Admitted in part and denied in part. It is admitted that Simon & Simon referred patients to the Premier Defendants. It is denied that Dr. Burt did not provide reasonable and necessary medical treatment to patients in need. It is denied that Simon & Simon directed the Premier Defendants to perform a specific procedure. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

45. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

46. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

47. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

48. Admitted in part and denied in part. It is admitted that Simon & Simon referred patients to the Premier Defendants and provided the patient's medical records to the Premier Defendants. It is denied that Simon & Simon "exercised direct control" over anything, including what the procedure would be. All medical treatment provided by the Premier Defendants was doctor driven, not lawyer driven. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph. As such, the allegations are denied.

49. Admitted in part and denied in part. It is admitted that at times a staff member from Simon & Simon met with the patient at the conclusion of the appointment. It is denied that Simon & Simon "instructed and caused" the Premier Defendants to set up video calls.

50. Denied. It is denied that Simon & Simon gave any directions to the Premier Defendants. All medical treatment rendered was doctor driven, not lawyer driven. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

51. Denied. It is denied that Dr. Burt created any fraudulent medical records. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

52. Denied. It is denied that Simon & Simon provided any direction. All medical treatment was doctor driven, not lawyer driven. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

53. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

54. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

55. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

56. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

57. Denied. It is denied that there was any "scheme" or that any medical treatment rendered by Dr. Burt was not reasonable and medically necessary. Moreover, all medical treatment was doctor driven, not lawyer driven. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

58. Admitted in part and denied in part. It is admitted that radiofrequency ablations cost thousands of dollars and that the Premier Defendants received payment for their services, sometimes through a third-party funder. It is denied that the Simon Defendants induced any false statements through lucrative compensation to the Premier Defendants. To the extent the allegations of this paragraph are conclusions of law, they are denied. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

59. Admitted in part and denied in part. It is admitted that patients executed letters of protection which at times enabled the Premier Defendants to be paid from settlement proceeds. It is denied that any invoices were inflated or misleading. The remaining allegations are denied.

60. Admitted in part and denied in part. It is admitted that Simon & Simon referred patients to the Premier Defendants. It is denied that Simon & Simon made any promise of a steady

stream of future patient referrals to the Premier Defendants. Some of the allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

**B. Additional False Treatment Documentation**

61. Denied. It is denied that the Simon Defendants instructed or orchestrated any medical treatment. All medical treatment provided was doctor driven, not lawyer driven. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

62. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

63. Denied. It is denied that the Premier Defendants are part of a "conveyor belt of preselected treatment providers and medical experts". All medical treatment provided was doctor driven, not lawyer driven. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

64. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

65. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

66. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

67. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

68. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

69. Admitted in part and denied in part. It is admitted that Dr. Burt reviews patient's MRIs as part of his treatment and that MRIs are usually performed prior to performing a

radiofrequency ablation. To the extent the allegations are conclusions of law, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

70. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

71. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

72. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**C. Yarus's Resulting Future Care Projections**

73. Denied. It is denied that the Premier Defendants provide any false medical records. Some of the allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

74. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

75. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

76. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

77. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

78. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

79. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

80. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

81. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

82. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

83. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

84. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

85. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

86. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

87. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

88. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

89. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

90. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

91. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

92. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

93. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

94. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**D. Simon & Simon's Misuse of the Fraudulent Records and Reports**

95. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

96. Denied. To the extent the allegations of this paragraph are conclusions of law, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

97. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

98. Denied. It is denied that the Premier Defendants provided any false medical records. Moreover, the allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

99. Admitted in part and denied in part. It is admitted that in 2025 Uber served subpoenas on Dr. Burt and Blessen Abraham. The subpoenas are written documents, the terms of which speak for themselves. Denied. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**E. Examples of the Scheme in Operation Against Uber**

100. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**1. Personal Injury Claimant A**

101. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

102. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

103. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

104. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

105. Denied. It is denied that Dr. Burt delivered any unnecessary treatment. Some of the allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

106. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. It is denied that the treatment provided by the

Premier Defendants was not medically necessary, was not causally related to the subject accident, and was delivered at the direction of the Simon Defendants. All medical treatment provided was doctor driven, not lawyer driven.

107. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

108. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

109. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

110. Denied. It is denied that Dr. Burt produced any fraudulent records. Some of the allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

111. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

112. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

113. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

114. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

115. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

116. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

117. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**2. Personal Injury Claimant B**

118. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

119. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

120. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

121. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

122. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

123. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

124. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. It is denied that the treatment provided by the Premier Defendants was not medically necessary, was not causally related to the subject accident, and was delivered at the direction of the Simon Defendants. All medical treatment provided was doctor driven, not lawyer driven.

125. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

126. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt falsely described the procedures that he performed. The remaining allegations of this paragraph refer to written documents, the terms of which speak for

themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

127. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

128. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

129. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

130. Denied. It is denied that Dr. Burt produced any fraudulent records. Some of the allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

131. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written

documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

132. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

133. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

134. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

135. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

136. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

137. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**3. Personal Injury Claimant C**

138. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

139. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

140. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

141. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. It is denied that the treatment provided by the Premier Defendants was not medically necessary, was not causally related to the subject accident, and was delivered at the direction of the Simon Defendants. All medical treatment provided was doctor driven, not lawyer driven.

142. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

143. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt did not accurately describe the procedures that he performed. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

144. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied. In addition, the allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

145. Denied. It is denied that Dr. Burt produced any fraudulent records. Some of the allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

146. Denied. It is denied that Dr. Burt produced any fraudulent records. Some of the allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

147. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

148. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

149. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**4. Personal Injury Claimant D**

150. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

151. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

152. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

153. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

154. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

155. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

156. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

157. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. It is denied that the treatment provided by the Premier Defendants was not medically necessary, was not causally related to the subject accident, and was delivered at the direction of the Simon Defendants. All medical treatment provided was doctor driven, not lawyer driven.

158. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

159. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt did not accurately describe the procedures that he performed. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

160. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

161. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt falsely described the procedures that he performed. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

162. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

163. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

164. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

165. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

166. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

167. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**5. Personal Injury Claimant E**

168. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

169. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

170. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

171. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

172. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

173. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

174. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

175. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

176. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. It is denied that the treatment provided by the Premier Defendants was not medically necessary, was not causally related to the subject accident, and was delivered at the direction of the Simon Defendants. All medical treatment provided was doctor driven, not lawyer driven.

177. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

178. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt did not accurately describe the procedures that he performed. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

179. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

180. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt falsely described the procedures that he performed. The remaining allegations of this paragraph refer to written documents, the terms of which speak for

themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

181. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

182. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

183. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

184. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

185. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

186. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**6. Personal Injury Claimant H**

187. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

188. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

189. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

190. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

191. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

192. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

193. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. It is denied that the treatment provided by the Premier Defendants was not medically necessary, was not causally related to the subject accident, and was delivered at the direction of the Simon Defendants. All medical treatment provided was doctor driven, not lawyer driven.

194. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt falsely represented anything related to the patient's treatment. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

195. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt did not accurately describe the procedures that he performed. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

196. Admitted in part and denied in part. Admitted that at times Premier uses a third-party funder for payment. Some of the allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. To the extent the allegations constitute conclusions of law, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

197. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

198. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

199. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

200. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

201. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

202. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

203. Admitted in part and denied in part. Admitted that the Premier Defendants treated patient a second time. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

204. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that the treatment was medically unnecessary and causally unrelated to any accident. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

205. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt falsely described the procedures that he performed. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

206. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt did not accurately describe the procedures that he performed. The remaining allegations of this paragraph refer to written documents, the terms of which speak

for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

207. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

208. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

209. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

210. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

211. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

212. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**7. Personal Injury Claimant Q**

213. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

214. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

215. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

216. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

217. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

218. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

219. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

220. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

221. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. It is denied that the treatment provided by the Premier Defendants was not medically necessary, was not causally related to the subject accident, and was delivered at the direction of the Simon Defendants. All medical treatment provided was doctor driven, not lawyer driven. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph. As such, the allegations are denied.

222. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

223. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt did not accurately describe the procedures that he performed. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

224. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

225. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

226. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

227. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

228. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

229. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

230. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

231. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

232. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

233. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**8. Personal Injury Claimant R**

234. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

235. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

236. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

237. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

238. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

239. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

240. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. All medical treatment provided was doctor driven, not lawyer driven. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

241. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

242. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

243. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written

documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

244. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

245. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

246. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

247. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

248. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

249. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

250. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**9. Personal Injury Claimant S**

251. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

252. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

253. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

254. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

255. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. It is denied that the treatment provided by the Premier Defendants was not medically necessary, was not causally related to the subject accident, and was delivered at the direction of the Simon Defendants. All medical treatment provided was doctor driven, not lawyer driven.

256. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt falsely represented anything related to the patient's treatment. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

257. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

258. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

259. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

260. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

261. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

262. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

263. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

264. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**10. Personal Injury Claimant T**

265. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

266. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

267. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written

documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

268. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. It is denied that the treatment provided by the Premier Defendants was not medically necessary, was not causally related to the subject accident, and was delivered at the direction of the Simon Defendants. All medical treatment provided was doctor driven, not lawyer driven.

269. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

270. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

271. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

272. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

273. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

274. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

275. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

276. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**F. Examples of the Scheme in Operation Against FedEx**

277. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**1. Personal Injury Claimant U**

278. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

279. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

280. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

281. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

282. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

283. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

284. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

285. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

286. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. It is denied that the treatment provided by the Premier Defendants was not medically necessary, was not causally related to the subject accident, and was delivered at the direction of the Simon Defendants. All medical treatment provided was doctor driven, not lawyer driven.

287. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

288. Admitted.

289. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

290. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

291. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

292. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

293. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**2. Personal Injury Claimant V**

294. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

295. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

296. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

297. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

298. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

299. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. It is denied that the treatment provided by the Premier Defendants was not medically necessary, was not causally related to the subject accident, and was delivered at the direction of the Simon Defendants. All medical treatment provided was doctor driven, not lawyer driven.

300. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt falsely represented anything related to the patient's treatment. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

301. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt did not accurately describe the procedures that he performed. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

302. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

303. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

304. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

305. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

306. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

307. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

308. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

309. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

310. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

311. Admitted in part and denied in part. Admitted that the Premier Defendants treated patient a second time. Some of the allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

312. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**3. Personal Injury Claimant W**

313. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

314. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

315. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

316. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

317. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

318. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. The remaining allegations are denied.

319. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. The remaining allegations of this paragraph refer to written documents, the terms of which

speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

320. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt did not accurately describe the procedures that he performed. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

321. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

322. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

323. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

324. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

325. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

326. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

327. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

328. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

329. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**G. Examples of the Scheme in Operation Against Others**

330. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**1. Personal Injury Claimant BB**

331. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

332. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

333. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

334. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written

documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

335. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

336. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. It is denied that the treatment provided by the Premier Defendants was not medically necessary, was not causally related to the subject accident, and was delivered at the direction of the Simon Defendants. All medical treatment provided was doctor driven, not lawyer driven.

337. Denied. It is denied that Simon & Simon scheduled the procedure with Dr. Burt and decided what procedure the patient would undergo before he was even examined by Dr. Burt. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven.

338. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

339. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

340. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

341. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

342. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

343. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

344. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

345. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**2. Personal Injury Claimant CC**

346. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

347. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

348. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

349. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

350. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. It is denied that the treatment provided by the Premier Defendants was not medically necessary, was not causally related to the subject accident, and was delivered at the direction of the Simon Defendants. All medical treatment provided was doctor driven, not lawyer driven.

351. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

352. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

353. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

354. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

355. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

356. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

357. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

358. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

359. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**3. Personal Injury Claimant DD**

360. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

361. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

362. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

363. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. It is denied that the treatment provided by the Premier Defendants was not medically necessary, was not causally related to the subject accident, and was delivered at the direction of the Simon Defendants. All medical treatment provided was doctor driven, not lawyer driven.

364. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt falsely represented anything related to the patient's treatment. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

365. Denied. It is denied that Dr. Burt knew or acted with reckless disregard in providing any medical treatment. Some of the allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

366. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

367. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

368. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

369. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

370. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

371. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

372. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

373. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**4. Personal Injury Claimant EE**

374. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

375. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

376. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

377. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

378. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. It is denied that the treatment provided by the Premier Defendants was not medically necessary, was not causally related to the subject accident, and was delivered at the direction of the Simon Defendants. All medical treatment provided was doctor driven, not lawyer driven. Some of the allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

379. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt falsely represented anything related to the patient's treatment. The remaining allegations of this paragraph refer to written documents, the terms of which speak

for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

380. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

381. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

382. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

383. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

384. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

385. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

386. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

387. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

388. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

389. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**5. Personal Injury Claimant FF**

390. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

391. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

392. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

393. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

394. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. It is denied that the treatment provided by the

Premier Defendants was not medically necessary, was not causally related to the subject accident, and was delivered at the direction of the Simon Defendants. All medical treatment provided was doctor driven, not lawyer driven.

395. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt falsely represented anything related to the patient's treatment. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

396. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

397. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

398. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

399. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

400. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

401. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

402. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

403. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**6. Personal Injury Claimant GG**

404. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

405. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

406. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

407. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

408. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written

documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

409. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

410. Admitted in part and denied in part. It is admitted that Simon & Simon referred the patient to the Premier Defendants for treatment. It is denied that the treatment provided by the Premier Defendants was not medically necessary, was not causally related to the subject accident, and was delivered at the direction of the Simon Defendants. All medical treatment provided was doctor driven, not lawyer driven.

411. Admitted in part and denied in part. It is admitted that the Premier Defendants treated the patient. It is denied that Dr. Burt knew or acted with reckless disregard in his treatment of the patient. All medical treatment was reasonable, necessary, and doctor driven, not lawyer driven. It is denied that Dr. Burt falsely represented anything related to the patient's treatment. The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

412. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

413. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

414. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

415. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

416. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

417. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

418. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

419. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

420. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

421. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

422. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

423. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

424. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

425. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

## RACKETEERING ALLEGATIONS

426. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**A. Defendants' Misconduct and Respective Basis for Liability**

**1. Simon & Simon and Marc Simon**

427. Denied. It is denied that the Premier Defendants produced fraudulent medical records or were part of any "scheme." It is denied that the treatment provided by the Premier Defendants was not medically necessary, was not causally related to the subject accident, and was delivered at the direction of the Simon Defendants. All medical treatment provided was doctor driven, not lawyer driven.

428. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

429. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

430. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

431. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**2. Premier Pain & Rehab Center and Clifton Burt**

432. Denied. It is denied that the Premier Defendants participated in any "scheme," diagnose non-existent injuries, perform unnecessary medical procedures, or produce fraudulent medical records. All medical treatment provided was medically necessary and doctor driven, not lawyer driven.

433. Denied. It is denied that the Premier Doctors produced any fraudulent medical records or participated in any "scheme." Some of the allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

434. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

435. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

436. Admitted in part and denied in part. It is admitted that Dr. Burt lives in Clifton, New Jersey and that he commutes to Philadelphia one day per week. It is denied that Dr. Burt was involved in any "scheme" or that Simon & Simon scheduled any medical procedures to be performed. All medical treatment provided was doctor driven, not lawyer driven. The remaining allegations are denied.

437. Denied. It is specifically denied that Dr. Burt owed significant debts or that he participated in any "scheme". The remaining allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied.

**3. Ethel Harvey, Daniel Piccillo, and Philadelphia Spine Associates**

438. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**4. Lance Yarus**

439. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**B. Uber is a Victim of the Scheme and has Suffered Injury**

440. Denied. It is denied that there is any "scheme". Some of the allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

441. Denied. Some of the allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

**C. FedEx is a Victim of the Scheme and has Suffered Injury**

442. Denied. It is denied that there is any "scheme." Some of the allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

443. Denied. Some of the allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. As to the remaining allegations, the Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

444. Denied. It is denied that there is any "scheme" ongoing.

**D. The RICO Enterprises**

445. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

446. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

447. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

448. Admitted in part and denied in part. It is admitted that Simon & Simon refers patients to the Premier Defendants It is denied that the Premier Defendants share a “longstanding relationship” with any co-defendants, act for any co-defendants’ common benefit, or depend on anyone or any activities for their benefit. It is denied that the Premier Defendants diagnose non-existent serious injuries, perform unnecessary treatment, or produce fraudulent medical records. The remaining allegations are denied.

449. Denied. The Premier Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. As such, the allegations are denied.

450. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

451. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

452. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**E. Pattern of Racketeering Activity**

453. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

454. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

455. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

456. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

457. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

458. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

459. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**1. Claimant A**

460. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

461. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written

documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

462. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

463. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**2. Claimant B**

464. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

465. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

466. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

467. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**3. Claimant C**

468. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

469. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**4. Claimant D**

470. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

471. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

472. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**5. Claimant E**

473. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

474. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

475. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

476. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**6. Claimant H**

477. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

478. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

479. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**7. Claimant Q**

480. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

481. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

482. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

483. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**8. Claimant R**

484. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

485. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

486. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**9. Claimant S**

487. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**10. Claimant T**

488. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**11. Claimant U**

489. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

490. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

491. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

492. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**12. Claimant V**

493. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

494. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

495. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**13. Claimant W**

496. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

497. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**14. Claimant BB**

498. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

499. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**15. Claimant CC**

500. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

501. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**16. Claimant DD**

502. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

503. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

504. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**17. Claimant EE**

505. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

506. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**18. Claimant FF**

507. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

508. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**19. Claimant GG**

509. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

510. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

511. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

512. Denied. The allegations of this paragraph refer to written documents, the terms of which speak for themselves. To the extent the allegations are contrary to the terms of the written documents, they are denied. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

513. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## CAUSES OF ACTION

### COUNT I
### RICO Enterprise Violation (18 U.S.C. § 1962(c))
### Simon & Simon Enterprise
### (Against Marc Simon)

514. The Premier Defendants repeat and incorporate their responses to the previous paragraphs of their Answer as if set forth at length herein.

515. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

516. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

517. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

518. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

519. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

520. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**COUNT II**
**RICO Enterprise Violation (18 U.S.C. § 1962(c))**
**Premier Pain & Rehab Center Enterprise**
**(Against Marc Simon, Simon & Simon, and Clifton Burt)**

521. The Premier Defendants repeat and incorporate their responses to the previous paragraphs of their Answer as if set forth at length herein.

522. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

523. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

524. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

525. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

526. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

527. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**COUNT III**
**RICO Enterprise Violation (18 U.S.C. § 1962(c))**
**Association-in-Fact Enterprise**
**(Against Marc Simon, Simon & Simon, Clifton Burt, Premier Pain & Rehab)**

528. The Premier Defendants repeat and incorporate their responses to the previous paragraphs of their Answer as if set forth at length herein.

529. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

530. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

531. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

532. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

533. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**COUNT IV**
**RICO Conspiracy Violation (18 U.S.C. § 1962(d))**
**(Against All Defendants)**

534. The Premier Defendants repeat and incorporate their responses to the previous paragraphs of their Answer as if set forth at length herein.

535. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

536. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

537. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

538. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

539. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

WHEREFORE, Defendants Premier Pain & Rehab Center, PC and Clifton Burt, M.D. respectfully request that this Court enter judgment in their favor and against Plaintiffs on all

counts, dismiss Plaintiffs' First Amended Complaint with prejudice, and grant such other and further relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

The Premier Defendants hereby assert the following affirmative defenses to Plaintiffs' First Amended Complaint, without assuming any burden of proof except where required by law:

**FIRST AFFIRMATIVE DEFENSE — Failure to State a Claim**

Plaintiffs' First Amended Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted against the Premier Defendants.

**SECOND AFFIRMATIVE DEFENSE — Lack of Standing**

Plaintiffs lack standing to assert claims against the Premier Defendants because they have not suffered a cognizable injury-in-fact that is fairly traceable to any conduct of the Premier Defendants and that is redressable by a favorable decision of this Court.

**THIRD AFFIRMATIVE DEFENSE — Statute of Limitations**

Plaintiffs' claims, or some portion thereof, are barred in whole or in part by the applicable statute of limitations, including the four-year limitations period set forth in 28 U.S.C. § 1658(a) applicable to civil RICO claims. To the extent Plaintiffs allege predicate acts occurring outside the limitations period, such claims are time-barred.

**FOURTH AFFIRMATIVE DEFENSE — Lack of RICO Enterprise**

The First Amended Complaint fails to adequately allege that Premier Pain & Rehab Center, PC constitutes a RICO "enterprise" separate and distinct from the "persons" alleged to have conducted its affairs through a pattern of racketeering activity, as required by 18 U.S.C. § 1962(c).

The complaint impermissibly conflates the alleged enterprise with the alleged person conducting its affairs.

**FIFTH AFFIRMATIVE DEFENSE — Lack of Pattern of Racketeering Activity**

Plaintiffs have failed to adequately allege a "pattern of racketeering activity" as required by 18 U.S.C. § 1962(c). The allegations against the Premier Defendants do not demonstrate the requisite continuity and relatedness necessary to establish a pattern, and the alleged predicate acts do not satisfy the requirements of the RICO statute as to the Premier Defendants.

**SIXTH AFFIRMATIVE DEFENSE — Absence of Proximate Causation**

Plaintiffs' alleged injuries, if any, were not proximately caused by any conduct of the Premier Defendants. Any injuries alleged by Plaintiffs are too remote from the Premier Defendants' alleged conduct to satisfy the proximate causation requirement of 18 U.S.C. § 1964(c). Plaintiffs must demonstrate that their injuries were directly caused by the predicate acts, and any causal chain between the Premier Defendants' alleged conduct and Plaintiffs' alleged injuries is broken by the independent intervening acts of third parties, including other co-defendants.

**SEVENTH AFFIRMATIVE DEFENSE — No Conduct or Participation in the Management of an Enterprise**

The Premier Defendants did not conduct or participate, directly or indirectly, in the conduct of the affairs of any alleged enterprise through a pattern of racketeering activity. Any medical services rendered by the Premier Defendants were performed in the ordinary course of a legitimate medical practice, and the Premier Defendants did not participate in the operation or management of any alleged enterprise within the meaning of 18 U.S.C. § 1962(c).

**EIGHTH AFFIRMATIVE DEFENSE — No Agreement to Conspire**

With respect to Count IV of the First Amended Complaint (RICO Conspiracy under 18 U.S.C. § 1962(d)), the Premier Defendants did not agree or conspire with any person or entity to violate 18 U.S.C. § 1962(c). The Premier Defendants had no knowledge of, nor did they agree to facilitate, any scheme to defraud Plaintiffs through a pattern of racketeering activity.

**NINTH AFFIRMATIVE DEFENSE — Legitimate Business Activities**

All actions taken by the Premier Defendants were performed in good faith, within the scope of lawful and legitimate medical practice, and in accordance with applicable standards of care. The medical services rendered by Dr. Burt and Premier Pain were clinically indicated, medically appropriate, and performed in the exercise of professional medical judgment.

**TENTH AFFIRMATIVE DEFENSE — No Fraudulent Intent**

The Premier Defendants lacked the requisite fraudulent intent, knowledge, or reckless disregard necessary to establish any predicate act of mail fraud or wire fraud under 18 U.S.C. §§ 1341 and 1343. All medical records and reports prepared by the Premier Defendants were prepared in good faith and reflected the Premier Defendants' honest medical opinions.

**ELEVENTH AFFIRMATIVE DEFENSE — No Reliance**

Plaintiffs did not justifiably rely upon any alleged misrepresentation or fraudulent conduct by the Premier Defendants. To the extent Plaintiffs made settlement payments or incurred defense costs, such expenditures were the result of Plaintiffs' own independent business decisions and were not attributable to any reliance on the Premier Defendants' medical records or reports.

**TWELFTH AFFIRMATIVE DEFENSE — Failure to Mitigate Damages**

Plaintiffs failed to exercise reasonable diligence to mitigate their alleged damages. Plaintiffs had the opportunity to conduct discovery, retain experts, and challenge the medical evidence at issue in the underlying personal injury cases, and their failure to do so precludes or limits any recovery against the Premier Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE — Comparative Fault / Apportionment**

To the extent Plaintiffs suffered any damages, such damages were caused, in whole or in part, by the acts, omissions, or fault of Plaintiffs themselves or of third parties over whom the Premier Defendants had no control. Any recovery against the Premier Defendants should be reduced or eliminated in proportion to the fault of others.

**FOURTEENTH AFFIRMATIVE DEFENSE — Unclean Hands**

Plaintiffs' claims are barred by the doctrine of unclean hands. To the extent Plaintiffs made settlement payments in the underlying personal injury actions with knowledge of the allegedly fraudulent medical records, Plaintiffs are not entitled to recover such payments in this action.

**FIFTEENTH AFFIRMATIVE DEFENSE — Waiver and/or Estoppel**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel. Plaintiffs voluntarily settled the underlying personal injury claims and/or failed to timely challenge the medical evidence now alleged to be fraudulent, thereby waiving any right to recover against the Premier Defendants.

**SIXTEENTH AFFIRMATIVE DEFENSE — Litigation Privilege**

To the extent the Premier Defendants' medical records and reports were prepared for use in litigation, such documents are protected by the litigation privilege and cannot serve as the basis for a civil RICO claim.

**SEVENTEENTH AFFIRMATIVE DEFENSE — Noerr-Pennington Doctrine**

To the extent the allegations against the Premier Defendants relate to their participation in, or provision of evidence for, judicial proceedings, such conduct is protected under the Noerr-Pennington doctrine and the First Amendment right to petition the government for redress.

**EIGHTEENTH AFFIRMATIVE DEFENSE — Speculative and Unascertainable Damages**

Plaintiffs' alleged damages are speculative, conjectural, and incapable of reasonable ascertainment. Plaintiffs have failed to adequately allege concrete, ascertainable damages attributable to the Premier Defendants' conduct, as required to sustain a civil RICO claim under 18 U.S.C. § 1964(c).

**NINETEENTH AFFIRMATIVE DEFENSE — Duplicative Recovery**

Plaintiffs seek impermissible duplicative recovery. To the extent Plaintiffs' alleged damages overlap with amounts recovered or recoverable in other proceedings, Plaintiffs are not entitled to a double recovery against the Premier Defendants.

**TWENTIETH AFFIRMATIVE DEFENSE — Reservation of Rights and Incorporation of Co-Defendants Affirmative Defenses**

The Premier Defendants reserve the right to assert additional affirmative defenses as they become known through discovery and further investigation of Plaintiffs' claims. The Premier

Defendants also reserve the right to rely on any applicable affirmative defenses asserted by any co-defendants.

WHEREFORE, Defendants Premier Pain & Rehab Center, PC and Clifton Burt, M.D. respectfully request that this Court enter judgment in their favor and against Plaintiffs on all counts, dismiss Plaintiffs' First Amended Complaint with prejudice, and grant such other and further relief as this Court deems just and proper.

Dated: June 8, 2026

**FOX ROTHSCHILD LLP**

*/s/ Stephanie Nolan Deviney*

Stephanie Nolan Deviney, Esquire
Attorney ID 80770
Eagleview Corporate Center
747 Constitution Drive, Suite 100
Exton, PA 19341-0673
Phone: (610) 458-7500
Email: SDeviney@FoxRothschild.com
*Attorneys for Defendants, Clifton Burt and Premier Pain & Rehab Center, PC*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court through the CM/ECF system. By electronically filing, the CM/ECF system shall send notification of such filing to counsel of record for each party and those registered to receive a Notice of Electronic Filing for this case.

Dated: June 8, 2026

**FOX ROTHSCHILD LLP**

*/s/ Stephanie Nolan Deviney*

Stephanie Nolan Deviney, Esquire
Attorney ID 80770
Eagleview Corporate Center
747 Constitution Drive, Suite 100
Exton, PA 19341-0673
Phone: (610) 458-7500
Email: SDeviney@FoxRothschild.com
*Attorneys for Defendants, Clifton Burt and Premier Pain & Rehab Center, PC*