**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION, | : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | No. 2:25-cv-05365-MAK |
| SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, AND LANCE YARUS, | : : : : : : : | |
| Defendants. | : | |
| SIMON & SIMON, P.C., and MARC SIMON, | : : | |
| Counterclaimants, | : : | |
| v. | : : : | |
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION, | : : | |
| Counterclaim-Defendants. | : : : | |

**DEFENDANTS/COUNTERCLAIMANTS SIMON & SIMON, P.C., AND MARC
SIMON'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendants/Counterclaimants Simon & Simon, P.C., and Marc Simon (the "Simon Defendants"), by their undersigned counsel, file this Answer, Affirmative Defenses and Counterclaims and aver as follows:

**PRELIMINARY STATEMENT**

Uber and FedEx have filed a frivolous sham lawsuit against the Simon Defendants and various medical practices. Although Uber and FedEx want to tell a story of a fraud, the facts on the ground are quite different. There is no fraud—just legitimate personal injury lawsuits, filed on

1

behalf of people injured by negligent Uber and FedEx drivers.

The shifting allegations in this lawsuit show what is really happening. Uber originally filed a Complaint alleging that Simon & Simon, P.C., and its founder Marc Simon had committed RICO violations in connection with personal injury lawsuits they filed in Philadelphia on behalf of victims of auto accidents caused by negligent Uber drivers. Uber specifically alleged 16 cases involving Uber as a defendant were fraudulent, which it called Cases A-P. After the Simon Defendants moved to dismiss, Uber skirted that motion by amending the complaint. The Amended Complaint removed without explanation cases that suddenly were not "frauds" anymore – Cases F and J. Why? Because those cases ended with jury verdicts for the underlying plaintiffs. In other words, Uber lost those cases at trial. Those cases were devastating to Uber's theory because, as verdicts for the underlying plaintiff, they were definitionally not "objectively baseless." So, Uber just removed them in the Amended Complaint.

Even more perplexing is what Uber *kept* in the Amended Complaint. *After* filing the original Complaint, on September 18, 2025, Uber settled Cases H, L, and P for significant sums – cases that it had previously told the world were "fraud." Yet, after paying Simon & Simon's clients and signing a settlement agreement swearing that was the end of the case, Uber then filed an Amended Complaint again claiming those cases were "frauds."

Incredibly, both Uber and FedEx *continue* to settle these "pattern" cases even after filing the Amended Complaint in recent months. Uber settled Case A—their lead "pattern" case—*days* after it filed the Amended Complaint on February 3, 2026. FedEx settled Case W only thirteen days ago, on May 27, 2026, for a significant amount. And, in the meantime, a jury returned a verdict for Simon & Simon's client, against the Uber driver, in Case N on March 18, 2026. Yet, Uber and FedEx continue to call these cases "fraud" to this day.

2

Uber's and FedEx's picking and choosing of when cases are "fraud" or not – or when cases are fraud in this Court yet worthy of significant settlements in state court – is in and of itself evidence that this RICO action is objectively and subjectively baseless. Uber's lawsuit has no merit or any intention to stop "fraud." It is designed to end the Simon Defendants' existence and to chill other personal injury firms from achieving the success that the Simon firm has had against Uber and FedEx.

The root of this ugly and vicious sham suit is, of course, money.  To minimize the threat that legal expenses pose to Uber's profits, Uber is employing a multi-faceted scheme.  Uber tells its shareholders that: "Adverse litigation judgments or settlements…could expose us to monetary damages or limit our ability to operate our business" and that "[w]e have been and expect to continue to be subject to personal injury claims for compensation based on traffic accidents, deaths, injuries, or other incidents that occur on our platform." Form 10-K (Feb. 13, 2026), available publicly at https://investor.uber.com/financials/default.aspx.

Uber's problems with traffic accidents stem from a fundamental flaw in its business model. Uber's expenses would skyrocket if it were deemed an "employer" of its drivers—because then, among other things, Uber would have to pay its drivers more, be responsible for their benefits, and be liable for their negligence—so Uber goes to great lengths to attempt to classify its drivers as "independent contractors" and to pretend it is just a software company providing an app.  Indeed, even in its Amended Complaint, when Uber refers to an Uber driver, it speaks of "a driver logged into the Uber application," or "a driver he had connected with through the Uber application," as if they are total strangers to Uber who just happen to deliver Uber billions of dollars in revenues through their rides provided under the Uber banner. To ensure it is not found by courts and regulators to be an "employer" of its drivers, Uber performs no training or oversight for its drivers.

This abdication by Uber of any responsibility for training and oversight leads to an overwhelming number of accidents caused by Uber drivers. Uber's response to the staggering number of accidents caused by its drivers has been to stick its head in the sand, claim the drivers are independent of Uber, collect the money from the rides, and blame lawyers for suing Uber when people get hurt.

Uber lobbies extensively for tort reform, including recent pushes for legislation that would immunize Uber for its drivers' torts. In doing so, Uber misrepresents its insurance costs and does not explain to legislators that Uber actually pays *itself* for insurance at a rate that it sets, and as a result, has allowed its insurance reserves to grow by nearly 100% from 2023 to 2025. Uber uses a captive insurance company, Aleka Insurance Inc.—a wholly-owned subsidiary of Uber, whose board and executive committee consists of Uber executives—to internalize 95% of Uber's insurance risk, giving Uber control over the premiums that Uber pays for insurance. Uber benefits from accumulating insurance reserves because those funds can be transferred to unrestricted cash. The more Uber is able to successfully lobby and achieve legislation and Court action limiting its liability for its drivers' torts (premised on the false representation that its insurance costs are too high), the more Uber is able to convert its massive, growing "insurance" reserves into cash for the company.

Failing in its efforts to convince legislators that it must have tort reform or it will earn less profits, Uber is now exploring another avenue, pursuing sham "RICO" litigation against the lawyers representing those injured by Uber's drivers' negligence. The Amended Complaint filed by Uber against the Simon Defendants, and several medical practices that they work with, is the latest component of Uber's campaign to reduce its tort liability nationwide and thereby maximize the profits it generates through its self-insurance scheme. Marc Simon and his law firm, Simon &

Simon, P.C., represent clients who are among the countless victims of those Uber accidents. Those clients include, but are not limited to, the twenty who have been referred to as Claimants A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, and T in this action. Uber either loses or settles these cases because its drivers are negligent, causing injuries on the roads. Uber does not care. Instead of using its unlimited resources for training its drivers or working on efforts to improve safety, Uber is attacking the lawyers and doctors who take care of the innocent injured victims of Uber's drivers—because paying out lawsuits across the country has gotten expensive for Uber. Another massive corporation, FedEx, has now joined Uber in this bullying tactic, alleging just three "pattern" cases involving an accident caused by a FedEx driver (U, V, W). FedEx settled two of these cases for substantial amounts (V and W) and the other (U) remains ongoing.

In order to manufacture their sham litigation, Uber and FedEx use those settlements to claim RICO injury, yet both Uber and FedEx continue to settle cases that they tell this Court are a "fraud." One of the "pattern RICO fraud" cases settled for a significant sum *last month*, conveniently right after the Court denied the Defendants' Motion to Dismiss.

The Simon Defendants submit this Answer denying Uber's and FedEx's baseless allegations and deny any wrongdoing in protecting the countless victims injured by Uber's, FedEx's and their drivers' negligence. The Simon Defendants also assert Counterclaims against Uber and FedEx for sham litigation, abuse of process, and extortion. Through these counterclaims, the Simon Defendants seek to hold Uber and FedEx accountable for their illegal and tortious conduct and to recover the substantial damages the Simon Defendants have suffered as a result of Uber's and FedEx's misconduct and abuse of the litigation system.

## **ANSWER**

1.    Denied as stated. The Simon Defendants are without sufficient knowledge or

information to form a belief concerning or otherwise respond to the allegations concerning supposed harm to the public. By way of further response, this action is outrageous and defamatory and will be proven false. The Simon Defendants committed no fraud, and participated in no conspiracy. Uber is dragging good lawyers' names—and good doctors' names—through the mud in a particularly ugly attack on a firm that has litigated successfully against Uber in the past. Uber is following a new "nuclear" strategy being adopted by insurance carriers and major corporations across the country who are repeat defendants in personal injury suits: sue the most successful plaintiffs' firms and accuse them of a RICO conspiracy with the doctors and therapists who are involved in their cases. Uber is hoping to send a strong message that will deter law firms from bringing personal injury suits against it.

2.      Denied as stated. The Simon Defendants are without sufficient knowledge or information to form a belief concerning the costs to Uber and its users. By way of further response, this action is outrageous and defamatory and will be proven false, for the reasons stated in paragraph 1 above.

3.      Denied. The Simon Defendants are without sufficient knowledge or information to form a belief concerning the costs to FedEx and its customers. By way of further response, this action is outrageous and defamatory and will be proven false, for the reasons stated in paragraph 1 above.

4.      Denied. The Simon Defendants are without sufficient knowledge or information to form a belief concerning Plaintiffs' purpose in bringing this lawsuit. The Simon Defendants specifically deny that they orchestrated any scheme. By way of further response, the Simon Defendants committed no fraud, and participated in no conspiracy. To the extent that the allegations in the corresponding paragraph constitute conclusions of law, they are denied as such,

and no response is required.

5.      Denied. The Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. To the extent that the allegations in the corresponding paragraph constitute conclusions of law, they are denied as such, and no response is required. To the extent the allegations contain characterizations of Defendant's conduct, Defendant denies those characterizations. All remaining allegations are denied.

6.      Denied. The Simon Defendants are without sufficient knowledge or information to form a belief concerning Dr. Burt's medical practice operations. The Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. To the extent that the allegations in the corresponding paragraph constitute conclusions of law, they are denied as such, and no response is required. To the extent these paragraphs contain characterizations of Defendant's conduct, Defendant denies those characterizations. All remaining allegations are denied.

7.      Denied. The Simon Defendants are without sufficient knowledge or information to form a belief concerning Dr. Burt's medical practice operations. The Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. To the extent that the allegations in the corresponding paragraph constitute conclusions of law, they are denied as such, and no response is required. To the extent these paragraphs contain characterizations of Defendant's

conduct, Defendant denies those characterizations. All remaining allegations are denied.

8.      Denied. The Simon Defendants are without sufficient knowledge or information to form a belief concerning Ethel Harvey, Daniel Piccillo, and Philadelphia Spine Associates' practice and operations. The Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. To the extent that the allegations in the corresponding paragraph constitute conclusions of law, they are denied as such, and no response is required. To the extent these paragraphs contain characterizations of Defendant's conduct, Defendant denies those characterizations. All remaining allegations are denied.

9.      Denied. The Simon Defendants are without sufficient knowledge or information to form a belief concerning Dr. Lance Yarus' process in diagnosing injuries and generating his expert report. The Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. To the extent that the allegations in the corresponding paragraph constitute conclusions of law, they are denied as such, and no response is required. To the extent these paragraphs contain characterizations of Defendant's conduct, Defendant denies those characterizations. Further, both Dr. Yarus' report and the transcripts containing testimony of Simon & Simon clients are written documents which speak for themselves and any characterization thereof is denied.

10.     Denied. The Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate

settlement values. To the extent that the allegations in the corresponding paragraph constitute conclusions of law, namely the reference to sham litigation, they are denied as such, and no response is required. To the extent these paragraphs contain characterizations of Defendant's conduct, Defendant denies those characterizations. Finally, even if the underlying lawsuits were resolved through compulsory arbitration, any party may appeal as of right and receive a new trial before a judge and/or jury.

11.    Denied. The Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. To the extent that the allegations in the corresponding paragraph constitute conclusions of law, namely the reference to sham litigation, they are denied as such, and no response is required. To the extent these paragraphs contain characterizations of Defendant's conduct, Defendant denies those characterizations.

12.    Denied to the extent that Judge Pappert's opinion in *Shelton v. Chaudhry* is a written document which speaks for itself and any characterization thereof is denied.

13.    Denied. The Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. To the extent these paragraphs contain characterizations of Defendant's conduct, Defendant denies those characterizations.

14.    Denied. The Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate

9

settlement values.   To the extent that the allegations in the corresponding paragraph constitute conclusions of law, they are denied as such, and no response is required. To the extent these paragraphs contain characterizations of Defendant's conduct, Defendant denies those characterizations.

15.    Denied. The releases referred to in the corresponding paragraph are written documents which speak for themselves and any characterization thereof is denied.

16.    Denied. The Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.   To the extent that the allegations in the corresponding paragraph constitute conclusions of law, they are denied as such, and no response is required. To the extent these paragraphs contain characterizations of Defendant's conduct, Defendant denies those characterizations.

17.    Denied. The Simon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, they are denied.

18.    Denied. The Simon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, they are denied.

19.    Admitted.

20.    Denied that Marc Simon resides in or is a citizen of Pennsylvania.  The remaining allegations are also denied. The Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims,

manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.  To the extent that the allegations in the corresponding paragraph constitute conclusions of law, they are denied as such, and no response is required. Further, the opinions in *Contreras Madrid v. Wal-Mart Stores East, L.P.*, No. 24-5229 (E.D. Pa.), and *Shelton v. Chaudhry, et al*, No. 24-cv-5657 (E.D. Pa.) (now No. 25-cv-249 (M.D. Pa.)), are written documents which speak for themselves and any characterization thereof is denied.

21.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. By way of further response, this paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied.

22.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. By way of further response, the Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.  Further, this paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied.

23.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. By way of further response, this paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is

required, the averments in this paragraph are denied.

24.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. By way of further response, this paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied.

25.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. By way of further response, this paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied.

26.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. By way of further response, the Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.  Further, this paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied.

27.    Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied.

28.    Denied. This paragraph contains conclusions of law to which no responsive

12

pleading is required. To the extent a response is required, the averments in this paragraph are denied.

29.    Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied.

30.    Denied. By way of further response, this action is outrageous and defamatory and will be proven false. The Simon Defendants committed no fraud, and participated in no conspiracy. Uber is dragging good lawyers' names—and good doctors' names—through the mud in a particularly ugly attack on a firm that has litigated successfully against Uber in the past. Uber is following a new "nuclear" strategy being adopted by insurance carriers and major corporations across the country who are repeat defendants in personal injury suits: sue the most successful plaintiffs' firms and accuse them of a RICO conspiracy with the doctors and therapists who are involved in their cases. Uber is hoping to send a strong message that will deter law firms from bringing personal injury suits against it. The Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, this paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied.

31.    Denied. The Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, this paragraph contains conclusions of law, namely references to sham

litigation, to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied.

32.    Denied. The Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.  Further, the referenced lawsuits in the corresponding paragraph are written documents which speak for themselves and any characterization thereof is denied. Finally, to the extent this paragraph contains conclusions of law, no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied.

33.    Denied as stated. The Simon Defendants specifically deny that claims brought on behalf of their clients involve "minimal, if any, injury." By way of further response, Simon & Simon undertakes an in-depth and multi-step review process in determining whether a claim is viable. Further, it is specifically denied that these claims would ordinarily be resolved through an administrative no-fault process, would not be brought at all, or would be subject to a compulsory arbitration program. Even if the underlying lawsuits were resolved through compulsory arbitration, any party may appeal as of right and receive a new trial before a judge and/or jury.

34.    Denied. The Simon Defendants specifically deny that they made any misrepresentations to the court regarding the amount in controversy of the underlying lawsuits. Further, even if the underlying lawsuits were resolved through compulsory arbitration, any party may appeal as of right and receive a new trial before a judge and/or jury.

35.    Denied. The Simon Defendants specifically deny that they pressure or threaten clients.

36.    Denied. By way of further response, the Simon Defendants specifically deny that

they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

37.    Denied. By way of further response, the Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

38.    Denied. By way of further response, the Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

39.    Denied. By way of further response, the Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.  To the extent that the allegations in the corresponding paragraph constitute conclusions of law, namely the reference to sham litigation, they are denied as such, and no response is required.

40.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.  Further, this paragraph contains conclusions of law to

15

which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied.

41.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

42.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

43.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

44.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

45.    Denied. By way of further response, the Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.  Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

46.    Denied. By way of further response, the Simon Defendants specifically deny that

16

they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.  Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

47.      Denied. By way of further response, the Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.  Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

48.      Denied. By way of further response, the Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

49.      Denied. By way of further response, the Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

50.      Denied. The allegations in the corresponding paragraph constitute conclusions of law, are denied as such, and no response is required. To the extent a response is required, the Simon Defendants specifically deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.  Further, the corresponding paragraph references written documents which speak for themselves and any

17

characterization thereof is denied.

51.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.  Further, this paragraph references medical records which are written documents that speak for themselves and any characterization thereof is denied.

52.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.  Further, this paragraph references medical records which are written documents that speak for themselves and any characterization thereof is denied.

53.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

54.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

55. Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

56. Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

57. Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

58. Denied. The Simon Defendants specifically deny that they bribed Burt and Premier Pain & Rehab Center. The remaining averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

59. Denied as disputed issues of fact, for which strict proof is demanded.

60. Denied. The Simon Defendants specifically deny that they bribed Burt and Premier Pain & Rehab Center. The Simon Defendants further deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

61. Denied. By way of further response, the Simon Defendants deny that they

participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

62.     Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.  Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

63.     Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Defendant admits only that it provided legal services to its clients in the ordinary course of its practice, including an in-depth and multi-step review process to determine whether a claim is viable.

64.     Admitted only that many injured claimants are treated by chiropractors and physical therapists. To the extent these paragraphs contain characterizations of other Defendants' conduct, Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

65.     Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. By way of further response, the Simon Defendants specifically deny that they falsely represented treatment occurred.

66.     Denied. By way of further response, the Simon Defendants deny that they

participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

67.     Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

68.     Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

69.     Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

70.     Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

71.     Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal

injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

72.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

73.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants specifically deny that the medical records are "false." Further, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

74.    Admitted only that the Simon Defendants have previously retained Dr. Yarus as an expert. The Simon Defendants specifically deny that Dr. Yarus "functions a device by which Simon & Simon effectuate their scheme." The remaining averments in this paragraph are denied.

75.    Admitted only that the Simon Defendants have previously retained Dr. Yarus as an expert. The remaining averments in this paragraph are denied.

76.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

77.    Denied. The corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

78.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny

the averments and, therefore, deny them. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

79.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

80.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

81.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

82.    Denied. The corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

83.    Denied. The corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

84.    Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

23

85.     Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

86.     Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

87.     Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

88.     Denied. Dr. Yarus' reports are written documents which speak for themselves and any characterization thereof is denied.

89.     Denied. This paragraph refers to a written document which speaks for itself and any characterization thereof is denied. By way of further response, *Shelton v. Chaudhry*, 763 F.Supp.3d 675 (E.D. Pa. 2025) is an unrelated matter clearly invoked only to sully the Simon Defendants.

90.     Denied. This paragraph refers to a written document which speaks for itself and any characterization thereof is denied. By way of further response, *Shelton v. Chaudhry*, 763

24

F.Supp.3d 675 (E.D. Pa. 2025) is an unrelated matter clearly invoked only to sully the Simon Defendants.

92. Denied. This paragraph refers to a written document which speaks for itself and any characterization thereof is denied. By way of further response, *Morris v. Sutton,* No. 23-cv-2806, 2025 WL 564932, at *1–*2 (E.D. Pa. Feb. 19, 2025) is an unrelated matter clearly invoked only to sully the Simon Defendants.

92. Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

93. Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

94. Admitted only that the Simon Defendants have previously retained the Verity Group and their experts. The Simon Defendants specifically deny that claimants undergo unnecessary treatment. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

95. Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal

injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. To the extent that the allegations in the corresponding paragraph constitute conclusions of law, namely the reference to sham lawsuits, they are denied as such, and no response is required.

96.     Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. To the extent that the allegations in the corresponding paragraph constitute conclusions of law, namely the reference to sham lawsuits, they are denied as such, and no response is required. Finally, even if the underlying lawsuits were resolved through compulsory arbitration, any party may appeal as of right and receive a new trial before a judge and/or jury.

97.     Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. To the extent that the allegations in the corresponding paragraph constitute conclusions of law, they are denied as such, and no response is required.

98.     Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. To the extent that the allegations in the corresponding paragraph constitute conclusions of law, they are denied as such, and no response is required.

99.     Admitted only that Uber was dismissed without prejudice in certain cases. By way

of further response, Uber still entered into settlement agreements in those cases after being dismissed without prejudice. The remaining averments in this paragraph are denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the subpoenas are written documents which speak for themselves and any characterization thereof is denied.

100.    Denied. The Simon Defendants specifically deny that any of the cases described illustrate a pattern of corrupt activity.

101.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

102.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

103.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

104.    Denied as disputed issues of fact, for which strict proof is demanded. Further, the treatment reports are written documents which speak for themselves and any characterization thereof is denied.

105.    Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which

27

speak for themselves and any characterization thereof is denied.

106. Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

107. Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

108. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

109. Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

110. Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

111. Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny

the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

112. Denied as disputed issues of fact, for which strict proof is demanded. Further, The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

113. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

114. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

115. Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records,

perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

116. Admitted only that Uber was voluntarily dismissed without prejudice from Claimant A's case. The remaining allegations are denied.

117. Denied. Claimant A's case was settled after the Amended Complaint was filed.

118. Denied as disputed issues of fact, for which strict proof is demanded.

119. Denied as disputed issues of fact, for which strict proof is demanded.

120. Denied as disputed issues of fact, for which strict proof is demanded. Further, the emergency room records are written documents which speak for themselves and any characterization thereof is denied.

121. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

122. Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

123. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, the reports are written documents which speak for themselves and any characterization

thereof is denied.

124. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

125. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

126. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. This paragraph references written documents which speak for themselves and any characterization thereof is denied.

127. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

128. Denied as disputed issues of fact, for which strict proof is demanded. Further, the averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Dr. Yarus' report is a written document which speaks for itself and any

characterization thereof is denied.

129. Denied as disputed issues of fact, for which strict proof is demanded. Further, the averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

130. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

131. Denied as disputed issues of fact, for which strict proof is demanded. Further, the averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

132. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

133. Denied as disputed issues of fact, for which strict proof is demanded or conclusions

32

of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

134.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

135.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

136.    Admitted only that Uber was voluntarily dismissed without prejudice from Claimant B's case. The remaining allegations are denied.

137.    Admitted.

138.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

139.   Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

140.   Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

141.   Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

142.   Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

143.   Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

144.   Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal

injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

145.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, the expert report referenced in this paragraph is a written document which speaks for itself and any characterization thereof is denied.

146.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

147.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

148.    Admitted only that Uber was voluntarily dismissed without prejudice from Claimant C's case. The remaining averments in this paragraph are denied.

149.    Admitted.

150.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization

thereof is denied.

151.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

152.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

153.    Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

154.    Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

155.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or

deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

156.    Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

157.    Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

158.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

159.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Finally, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

160.    Denied. The deposition is a written document and any characterization thereof is denied.

161.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Finally, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

162.    Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

163.    Denied. The reports are written documents which speak for themselves and any characterization thereof is denied.

164.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

165.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

166.    Admitted only that Uber was voluntarily dismissed without prejudice from Claimant D's case. The remaining allegations are denied.

167.    Admitted.

168.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

169. Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

170. Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

171. Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

172. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied. The remaining averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

173. Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

174. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, this paragraph references written documents

39

which speak for themselves and any characterization thereof is denied. The remaining averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

175. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

176. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

177. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit

or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

178.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph reference written documents which speak for themselves and any characterization thereof is denied.

179.    Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.  The remaining averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

180.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

181.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

182.    Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

183.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

184.    Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

185.    Admitted.

186.    Admitted.

187.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization

42

thereof is denied.

188.    Denied as disputed issues of fact, for which strict proof is demanded.

189.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

190.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

191.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

192.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

193.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.   The remaining averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny

the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

194. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

195. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

196. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

197. Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

198. Denied. By way of further response, the Simon Defendants deny that they

participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

199.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

200.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

201.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

202.    Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

203.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, this paragraph references written documents

45

which speak for themselves and any characterization thereof is denied.

204.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

205.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

206.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

207.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

208.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

46

209. Denied as disputed issues of fact, for which strict proof is demanded.

210. Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

211. Admitted only that Uber was voluntarily dismissed without prejudice in Claimant H's case. The remaining allegations are denied.

212. Admitted.

213. Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

214. Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

215. Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

216. Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

217. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

218. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

219. Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

220. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

221. Denied. The averments contained in this paragraph are directed at another

48

Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

222.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

223.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

224.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

225.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit

or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

226. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

227. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

228. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

229. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written

documents which speak for themselves and any characterization thereof is denied.

230.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

231.    Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

232.    Admitted only that Uber was voluntarily dismissed without prejudice from Claimant Q's case. The remaining allegations are denied.

233.    Admitted.

234.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

235.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

236.    Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary

treatments, or inflate settlement values. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

237. Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

238. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

239. Denied as disputed issues of fact, for which strict proof is demanded.

240. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

241. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

242. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

243. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

244. Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

245. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

246. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence,

produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

247. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the records are written documents which speak for themselves and any characterization thereof is denied.

248. Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

249. Admitted.

250. Admitted.

251. Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

252. Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

253. Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization

thereof is denied.

254. Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

255. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

256. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

257. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

258. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack

knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

259.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

260.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

261.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

262.    Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. By way of further response, the Simon

56

Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

263.    Admitted only that Uber was voluntarily dismissed without prejudice from Claimant S's case. The remaining allegations are denied.

264.    Admitted.

265.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

266.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

267.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

268.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence,

produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

269.    Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

270.    Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

271.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

272.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

273.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence,

produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

274.    Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

275.    Admitted only that Uber was voluntarily dismissed without prejudice from Claimant T's case. The remaining allegations are denied.

276.    Admitted.

277.    Denied as disputed issues of fact, for which strict proof is demanded.

278.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

279.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at other Defendants, and the Simon Defendants lack knowledge

or information sufficient to admit or deny the averments and, therefore, deny them.

280. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

281. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

282. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

283. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

284. Denied as disputed issues of fact, for which strict proof is demanded. The averments in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization

60

thereof is denied.

285. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

286. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

287. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Burt's report is a written document which speaks for itself and any characterization thereof is denied.

288. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

289. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further this paragraph references written documents which speak for themselves and any characterization thereof is denied.

290. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Burt's report is a written document which speaks for itself and any characterization thereof is denied.

291. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, the notes are written documents which speak for themselves and any characterization thereof is denied.

292. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

293. Admitted.

294. Denied as disputed issues of fact, for which strict proof is demanded.

295. Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal

injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, Claimant V's deposition is a written document which speaks for itself and any characterization thereof is denied.

296.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

297.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

298.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

299.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

300.    Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

301.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

302.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

303.    Denied as disputed issues of fact, for which strict proof is demanded. Further, the averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report and Claimant V's deposition are written documents which speak for themselves and any characterization thereof is denied.

304.    Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

305.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which

64

speaks for itself and any characterization thereof is denied.

306. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

307. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

308. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

309. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

310. Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to

fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

311.    Denied as disputed issues of fact, for which strict proof is demanded. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

312.    Admitted only that the matter was settled on November 24, 2025. The remaining averments in this paragraph are denied. It is specifically denied that the matter was settled in exchange for a payment made in reliance on fraud.

313.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

314.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

315.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

316.    Denied as disputed issues of fact, for which strict proof is demanded.

317.    Denied as disputed issues of fact, for which strict proof is demanded.

318.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or

benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

319. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

320. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

321. Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

322. Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

323. Denied as disputed issues of fact, for which strict proof is demanded. Further, the expert report is a written document which speaks for itself and any characterization thereof is denied.

324. Denied as disputed issues of fact, for which strict proof is demanded. Further, the

67

expert report is a written document which speaks for itself and any characterization thereof is denied.

325.   Denied as disputed issues of fact, for which strict proof is demanded. Further, the expert report is a written document which speaks for itself and any characterization thereof is denied.

326.   Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

327.   Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

328.   Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. Further, the complaint is a written document which speaks for itself and any characterization thereof is denied.

329.   Denied. This case settled on May 27, 2026 for a significant amount of money.

330.   Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence,

produce false medical records, perform unnecessary treatments, or inflate settlement values.

331.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

332.    Denied as disputed issues of fact, for which strict proof is demanded.

333.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

334.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

335.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

336.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

337.    Denied as disputed issues of fact, for which strict proof is demanded.

338.    Denied as disputed issues of fact, for which strict proof is demanded.

339.    Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

340.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

341.    Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

342.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

343.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

344. Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

345. Admitted.

346. Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

347. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

348. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

349. Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

350. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

351. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

352. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

353. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

354. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack

knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

355.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

356.    Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

357.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

358.    Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

359.    Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. By way of further response, the Simon

Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

360.    Denied as disputed issues of fact, for which strict proof is demanded.

361.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

362.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

363.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

364.    Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

365.    Denied as disputed issues of fact, for which strict proof is demanded. The averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

366.    Denied as disputed issues of fact, for which strict proof is demanded.

367.    Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

368.    Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

369.    Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

370.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

371.    Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

372.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

373.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

374.    Denied as disputed issues of fact, for which strict proof is demanded.

375.    Denied as disputed issues of fact, for which strict proof is demanded.

376.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

377.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

378.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

379.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Burt's report is a written document which speaks for itself and any characterization thereof is denied.

380.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence,

produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

381.    Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

382.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

383.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

384.    Denied as disputed issues of fact, for which strict proof is demanded.

385.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

386.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

387.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

388.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

389.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

390.    Denied as disputed issues of fact, for which strict proof is demanded.

391. Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

392. Denied as disputed issues of fact, for which strict proof is demanded.

393. Denied. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

394. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

395. Denied as disputed issues of fact, for which strict proof is demanded. The averments in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

396. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

397. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

398. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

399. Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

400. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at

another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

401.    Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

402.    Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

403.    Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

404. Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

405. Denied as disputed issues of fact, for which strict proof is demanded.

406. Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

407. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

408. Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

409. Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

410. Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The

remaining averments are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

411.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

412.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

413.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

414.    Denied as disputed issues of fact, for which strict proof is demanded. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and,

therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

415.    Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. The remaining averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

416.    Denied as disputed issues of fact, for which strict proof is demanded. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. Further, Dr. Yarus' report is a written document which speaks for itself and any characterization thereof is denied.

417.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

418.    Denied as disputed issues of fact, for which strict proof is demanded.

419.    Denied as disputed issues of fact, for which strict proof is demanded. Further, this paragraph references written documents which speak for themselves and any characterization thereof is denied.

420. Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

421. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

422. Denied as disputed issues of fact, for which strict proof is demanded. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

423. Denied as disputed issues of fact, for which strict proof is demanded. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

424. Admitted.

425. Denied as disputed issues of fact, for which strict proof is demanded, or as conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. Further, the corresponding paragraph

references written documents which speak for themselves and any characterization thereof is denied.

426. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required.

427. Denied as disputed issues of fact, for which strict proof is demanded. The Simon Defendants specifically deny that they organized or effectuated any scheme. To the extent the allegations in this paragraph constitute conclusions of law, they are denied as such, and no response is required.

428. Denied. By way of further response, *Shelton v. Chaudhry*, 763 F.Supp.3d 675 (E.D. Pa. 2025) and *Morris v. Sutton*, No. 23-cv-2806, 2025 WL 564932 (E.D. Pa. Feb. 19, 2025) are unrelated matters clearly invoked only to sully the Simon Defendants. Further, these unrelated opinions are written documents which speak for themselves and any characterization thereof is denied.

429. Denied. By way of further response, *Contreras Madrid v. Wal-Mart Stores, L.P.*, No. 24-cv-5229, 2025 WL 1698701, (E.D. Pa. June 17, 2025) is an unrelated matter clearly invoked only to sully the Simon Defendants. Further, this unrelated opinion is a written document which speaks for itself and any characterization thereof is denied.

430. Denied. By way of further response, *Contreras Madrid v. Wal-Mart Stores, L.P.*, No. 24-cv-5229, 2025 WL 1698701, (E.D. Pa. June 17, 2025) is an unrelated matter clearly invoked only to sully the Simon Defendants. Further, this unrelated opinion is a written document which speaks for itself and any characterization thereof is denied.

431. Denied. By way of further response, *Contreras Madrid v. Wal-Mart Stores, L.P.*, No. 24-cv-5229, 2025 WL 1698701, (E.D. Pa. June 17, 2025) is an unrelated matter clearly

invoked only to sully the Simon Defendants. Further, this unrelated opinion is a written document which speaks for itself and any characterization thereof is denied.

432.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

433.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

434.    Denied. The averments contained in this paragraph are directed at another Defendant and the Simon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, they are denied.

435.    Denied. The averments contained in this paragraph are directed at another Defendant and the Simon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, they are denied.

436. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants specifically deny that they scheduled radiofrequency ablations procedures. The remaining averments contained in this paragraph are directed at another Defendant and the Simon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, they are denied.

437. Denied. The averments contained in this paragraph are directed at another Defendant and the Simon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, they are denied.

438. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

439. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values. The remaining averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them.

440. Denied. The Simon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph concerning Uber's costs, and therefore, they are denied.

441. Denied. The Simon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph concerning Uber's alleged damage, and therefore, they are denied.

442. Denied. The Simon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph concerning FedEx's costs, and therefore, they are denied.

443. Denied. The Simon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph concerning FedEx's alleged damage, and therefore, they are denied.

444. Admitted only that many of the underlying lawsuits remain ongoing. The remaining averments are denied. The Simon Defendants specifically deny that there is any "scheme."

445. Denied. To the extent the allegations in this paragraph constitute conclusions of law, they are denied as such, and no response is required. To the extent a response is required, the Simon Defendants deny all averments.

446. Denied. To the extent the allegations in this paragraph constitute conclusions of law, they are denied as such, and no response is required. To the extent a response is required, the Simon Defendants deny all averments.

447. Denied. To the extent the allegations in this paragraph constitute conclusions of law, they are denied as such, and no response is required. To the extent a response is required, the Simon Defendants deny all averments.

448. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants specifically deny that they directed their clients to Dr. Burt and Premier Pain & Rehab with the understanding that Dr. Burt would diagnose non-existent serious injuries, perform unnecessary treatment, and produce fraudulent medical records.

449. Denied. The averments contained in this paragraph are directed at another Defendant and the Simon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, they are denied. To the extent the allegations in this paragraph constitute conclusions of law, they are denied as such, and no response is required. To the extent a response is required, the Simon Defendants deny all averments.

450. Denied. The averments contained in this paragraph are directed at another Defendant and the Simon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, they are denied. To the extent the allegations in this paragraph constitute conclusions of law, they are denied as such, and no response is required. To the extent a response is required, the Simon Defendants deny all averments.

451. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. To the extent a response is required, the Simon Defendants deny all averments.

452. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. To the extent a response is required, the Simon Defendants deny all averments.

453.     Denied. To the extent the allegations in this paragraph constitute conclusions of law, they are denied as such, and no response is required. To the extent a response is required, the Simon Defendants deny all averments.

454.     Denied. To the extent the allegations in this paragraph constitute conclusions of law, they are denied as such, and no response is required. To the extent a response is required, the Simon Defendants deny all averments.

455.     Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

456.     Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations in this paragraph constitute conclusions of law, they are denied as such, and no response is required.

457.     Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations in this paragraph constitute conclusions of law, they are denied as such, and no response is required.

458.     Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations in this paragraph constitute conclusions of law, they are denied as such, and no response is required.

459.     Denied. To the extent the allegations in this paragraph constitute conclusions of law, they are denied as such, and no response is required. To the extent a response is required, the

Simon Defendants deny all averments.

460. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

461. Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

462. Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

463. Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

464. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

465. Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

466.    Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

467.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

468.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

469.    Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

470.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

471.    Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required. Further, this paragraph references a written document, which speaks for itself, and any characterization thereof is denied.

472. Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required. Further, this paragraph references a written document, which speaks for itself, and any characterization thereof is denied.

473. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

474. Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required. Further, this paragraph references a written document, which speaks for itself, and any characterization thereof is denied.

475. Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required. Further, this paragraph references a written document, which speaks for itself, and any characterization thereof is denied.

476. Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required. Further, this paragraph references a written document, which speaks for itself, and any characterization thereof is denied.

95

477.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

478.    Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

479.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

480.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

481.    Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

482.    Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

483.    Denied. The averments contained in this paragraph are directed at another

Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

484.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

485.    Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

486.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

487.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

488.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

489.    Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law,

they are denied as such, and no response is required.

490.    Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

491.    Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

492.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

493.    Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

494.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

495.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

98

496.    Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

497.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

498.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

499.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

500.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

501.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

502.    Denied. The averments contained in this paragraph are directed at other Defendants, and the Simon Defendants lack knowledge or information sufficient to admit or deny the

averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

503.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

504.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

505.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

506.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

507.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

508.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

509.    Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

510.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. Further, the corresponding paragraph references written documents which speak for themselves and any characterization thereof is denied.

511.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants deny that they participated in, directed, facilitated, or benefited from any scheme to fabricate fraudulent personal injury claims, manufacture evidence, produce false medical records, perform unnecessary treatments, or inflate settlement values.

512.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required. By way of further response, the Simon Defendants specifically deny that the alleged predicate acts are a regular way of conducting the ongoing law firm.

513.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required.

514.    The Simon Defendants incorporate by reference the foregoing paragraphs 1 through 513 of this Answer as though the same were set forth at length herein.

515.    Denied as conclusions of law to which no response is required.

516.    Denied as conclusions of law to which no response is required.

517.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions

of law to which no response is required.

518. Denied as conclusions of law to which no response is required.

519. Denied as conclusions of law to which no response is required.

520. Denied as conclusions of law to which no response is required.

521. The Simon Defendants incorporate by reference the foregoing paragraphs 1 through 513 of this Answer as though the same were set forth at length herein.

522. Denied. The averments contained in this paragraph are directed at another Defendant, and the Simon Defendants lack knowledge or information sufficient to admit or deny the averments and, therefore, deny them. To the extent the allegations constitute conclusions of law, they are denied as such, and no response is required.

523. Denied as conclusions of law to which no response is required.

524. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required.

525. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required.

526. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required.

527. Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required.

528. The Simon Defendants incorporate by reference the foregoing paragraphs 1 through 513 of this Answer as though the same were set forth at length herein.

529. Denied as conclusions of law to which no response is required.

530. Denied as disputed issues of fact, for which strict proof is demanded or conclusions

of law to which no response is required.

531.    Denied as conclusions of law to which no response is required.

532.    Denied as conclusions of law to which no response is required.

533.    Denied as conclusions of law to which no response is required.

534.    The Simon Defendants incorporate by reference the foregoing paragraphs 1 through 513 of this Answer as though the same were set forth at length herein.

535.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required.

536.    Denied as disputed issues of fact, for which strict proof is demanded or conclusions of law to which no response is required.

537.    Denied as conclusions of law to which no response is required.

538.    Denied as conclusions of law to which no response is required.

539.    Denied as conclusions of law to which no response is required.

**WHEREFORE**, the Simon Defendants respectfully request that the Court enter an Order:

a)  Dismissing the Amended Complaint in its entirety, with prejudice;

b)  Entering judgment in favor of the Simon Defendants and against Plaintiffs Uber and FedEx;

c)  Awarding the Simon Defendants their costs in this action;

d)  Awarding the Simon Defendants their reasonable attorneys' fees to the extent permitted by law; and

e)  Granting the Simon Defendants such further and other relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred in whole or in part by the *Noerr-Pennington* doctrine.

3. Plaintiffs' claims are barred in whole or in part by release.

4. Plaintiffs' claims are barred in whole or in part by the terms of settlement agreements.

5. Plaintiffs' claims are barred by the voluntary payment rule.

6. Plaintiffs' claims are barred in whole or in part by the parol evidence rule, the existence of fully-integrated contracts, and/or fraud-insulating provisions.

7. Plaintiffs' claims are barred in whole or in part by res judicata and/or claim preclusion.

8. Plaintiffs' claims are barred in whole or in part by collateral estoppel and/or issue preclusion.

9. Plaintiffs' claims are barred in whole or in part by the statute of limitations.

10. Plaintiffs' claims are barred in whole or in part by laches.

11. Plaintiffs' claims are barred in whole or in part by their unclean hands.

12. Plaintiffs' claims are barred in whole or in part by waiver and/or estoppel.

13. Plaintiffs' claims are barred in whole or in part by acting in bad faith.

14. Plaintiffs' claims are barred in whole or in part by failure to mitigate damages.

15. Plaintiffs' claims are barred in whole or in part as violative of Pennsylvania public policy.

16. Plaintiffs' claims are barred in whole or in part by the *Rooker-Feldman* doctrine.

17. Plaintiffs' claims are barred in whole or in part because they have suffered no

104

injury.

18. Plaintiffs' claims are barred in whole or in part for failure to prove but-for and proximate causation.

19. Plaintiffs' claims are barred in whole or in part for lack of standing.

20. Plaintiffs' claims are barred for lack of RICO standing.

21. Plaintiffs' claims are barred in whole or in part for failure to prove reliance on alleged misrepresentations.

22. Plaintiffs' claims are barred in whole or in part for failure to prove conduct of a RICO enterprise.

23. Plaintiffs' claims are barred in whole or in part for failure to prove a pattern of racketeering activity.

24. Plaintiffs' claims are barred in whole or in part for failure to prove any predicate RICO acts.

25. Plaintiffs' claims are barred in whole or in part for failure to prove a RICO conspiracy.

26. Plaintiffs' requests for relief are barred in whole or in part as illegal or otherwise prohibited by law.

27. Plaintiffs' requests for relief are barred in whole or in part for lack of standing.

28. Plaintiffs' requests for relief are barred in whole or in part as unavailable to private civil plaintiffs.

29. Plaintiffs' requests for relief are barred in whole or in part for failure to prove irreparable harm, failure to prove lack of an adequate remedy at law, and/or failure to prove a likelihood of future harm.

**RESERVATION OF ADDITIONAL DEFENSES**

The Simon Defendants reserve the right to raise any additional defenses, affirmative or otherwise, and any counterclaims which may become apparent through discovery in the course of this action. The Simon Defendants will rely on all defenses that become available during discovery or trial.

**COUNTERCLAIMS**

Counterclaimants Simon & Simon, P.C. and Marc Simon (together the "Simon Counterclaimants") submit these Counterclaims against Counterclaim-Defendants Uber Technologies Inc. ("Uber") and Federal Express Corporation ("FedEx") (together, the "Counterclaim-Defendants") and plead as follows:

**INTRODUCTION**

1.      Uber's and FedEx's RICO suit against Simon & Simon is sham litigation.

2.      The suit is objectively baseless because Uber and FedEx settle or lose the cases brought by Simon & Simon clients that they challenge in this action and do so for significant sums. Uber and FedEx have no factual basis whatsoever for their incendiary allegations that tarnish the reputations of lawyers and doctors.

3.      The suit is also subjectively baseless because Uber's purpose in bringing it (and FedEx's purpose in joining it) is not to remediate any purported "fraud" but rather to eliminate a law firm that sues its drivers, take the law license of its founder as a "scalp"—despite this Court having no power to grant such a remedy—and send a message to personal injury law firms that this is what happens when you dare to sue Uber.

4.      By bringing this suit on the heels of three other similar RICO suits it has filed across the country, Uber further seeks to chill the pursuit of claims by all other personal injury firms as part of a larger scheme to convert inflated insurance "costs" on Uber's books into profits, while misrepresenting those costs to legislators when lobbying for tort reform.

5.      Uber's ulterior purpose is made clear by its abuse of process in this litigation. When this Court ordered meaningful settlement discussions at the outset of this matter, Uber misused the Court's directive by demanding that Marc Simon surrender his law license—an unethical, illegal, and extortionate demand for relief, which this Court does not have the authority to grant.

6.      Uber's extortion and illegal demands are outside the scope of this litigation and have perpetuated, and will continue to perpetuate, this sham litigation instead of allowing for a prompt resolution. The Simon Counterclaimants have been forced to defend this sham litigation and incur legal fees and costs as a direct result of this misconduct.

7.    After Simon & Simon began raising Uber's improper conduct and baseless lawsuit in its original motion to dismiss, Uber amended the complaint to quickly add FedEx as a plaintiff. Uber joined FedEx as a plaintiff to conceal and deflect from the fact that Uber was using this RICO action as a pretense to end Marc Simon's career and send a message. FedEx joined this sham litigation to further Uber's agenda, making it independently and jointly liable for this misconduct.

8.    In order to manufacture their sham litigation, Uber and FedEx use those settlements to claim RICO injury. Indeed, both Uber and FedEx continue to settle cases that they have labeled as "fraud" in their filings in this Court. FedEx settled one of its supposed "pattern RICO fraud" cases for a significant amount *two weeks ago*, conveniently right after the Court denied the Defendants' Motion to Dismiss.

9.    The Simon Counterclaimants assert these Counterclaims to hold Counterclaim-Defendants accountable for their illegal and tortious conduct and to recover the substantial damages the Simon Counterclaimants have suffered as a result of Uber's and FedEx's misconduct and abuse of the litigation system.

## I.    THE PARTIES

10.    Counterclaimant Simon & Simon, P.C. is a Pennsylvania professional corporation with its principal place of business in Pennsylvania.

11.    Counterclaimant Marc Simon is an individual that resides in and is a citizen of Florida.

12.    Counterclaim-Defendant Uber Technologies, Inc. is a Delaware corporation with its principal place of business in California.

13.    Counterclaim-Defendant Federal Express Corporation is a Delaware corporation with its principal place of business in Tennessee.

## II.     JURISDICTION AND VENUE

14.     Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over Uber's and FedEx's federal Racketeer Influenced and Corrupt Organizations Act claims arising under 18 U.S.C. §§ 1961 *et seq*.

15.     This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1367(a) because these Counterclaims are so related to Plaintiffs' federal Racketeer Influenced and Corrupt Organizations Act claims that they form part of the same case or controversy under Article III of the United States Constitution.

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III.     STATEMENT OF FACTS

17.     Uber and FedEx drivers cause accidents all across the country.  These accidents lead to personal injury lawsuits, when the injured victims of those accidents engage counsel to sue Uber, FedEx, and their drivers to recover for the injuries caused by the Uber and FedEx drivers' negligence.

18.     Uber's legal expenses from defending these lawsuits are cutting into its multi-billion dollar profits.  https://www.reuters.com/business/autos-transportation/uber-forecasts-strong-holiday-quarter-bookings-membership-boost-2025-11-04/.

19.     Uber tells its shareholders that: "Adverse litigation judgments or settlements…could expose us to monetary damages or limit our ability to operate our business" and that "[w]e have been and expect to continue to be subject to personal injury claims for compensation based on traffic accidents, deaths, injuries, or other incidents that occur on our platform."     Form     10-K     (Feb.     13,     2026),     available     publicly     at

https://investor.uber.com/financials/default.aspx.

20.    FedEx's most recent Form 10-Q similarly provides: FedEx is "subject to various legal proceedings and claims, including… lawsuits alleging that FedEx and its subsidiaries are responsible for third-party losses related to vehicle accidents that could exceed our insurance coverage for such losses." Form 10-Q (Mar. 19, 2026), available publicly at https://investors.fedex.com/financial-information/sec-filings/sec-filings-details/default.aspx?FilingId=19268831.

21.    Uber's legal expenses would skyrocket if it is found by courts to be deemed an "employer" of its drivers. Thus, Uber goes to great lengths to attempt to classify its drivers as independent contractors.

22.    Indeed, even in Uber's Amended Complaint, when Uber refers to an Uber driver, it speaks of "a driver logged into the Uber application," or "a driver he had connected with through the Uber application."

23.    To ensure it is not found by courts and regulators to be an "employer" of those drivers, Uber abdicates any responsibility for training or overseeing the Uber drivers.

24.    To minimize the threat that legal costs pose to Uber's profits, Uber is employing a multi-faceted scheme.

25.    Uber lobbies extensively for tort reform, including recent pushes for legislation that would immunize Uber for its drivers' torts.

26.    In doing so, Uber misrepresents its insurance costs. For example, Uber's head of public policy, Ramona Prieto, told the California legislature on July 16, 2025: "In LA County, 45% of every fare is a straight pass-through to government-mandated insurance."

27.    In reality, Uber pays itself for insurance at a rate that it sets, and as a result, has

allowed its insurance reserves to grow by nearly 100% from 2023 to 2025.

28.    Uber uses a captive insurance company, Aleka Insurance Inc. ("Aleka"), a wholly owned subsidiary of Uber whose board and executive committee consists of Uber executives.

29.    Uber uses Aleka to internalize 95% of Uber's insurance risk, thus giving Uber – rather than third party insurers – control over premiums that Uber pays for insurance.

30.    Uber benefits from accumulating insurance reserves because those funds can be transferred to unrestricted cash.

31.    The more Uber is able to successfully lobby and achieve legislation and Court action limiting its liability for drivers' torts (premised on the false representation that its insurance costs are too high) the more Uber is able to convert its massive, growing "insurance" reserves into cash for the company.

32.    Uber's abdication of responsibility for its drivers (and lack of training and oversight) leads to an overwhelming number of accidents caused by Uber drivers, including in Philadelphia.

33.    The Simon Counterclaimants represent clients who are among the countless victims of such accidents.

34.    On their clients' behalf, the Simon Counterclaimants bring lawsuits against Uber and/or the responsible Uber driver to recover for their clients' injuries.

35.    Those clients include, but are not limited to, the twenty who have been referred to as Claimants A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, and T in this action.

36.    The Simon Counterclaimants successfully represent their clients in these cases. Out of the twenty actions naming Uber as a defendant that have been put at issue by Counterclaim-Defendants in this action, three have resulted in jury verdicts for plaintiff (F, J, N) and thirteen

have resulted in settlements awarding substantial sums to the plaintiffs (A, C, D, E, G, H, I, K, L, M, P, Q, R). Three other cases remain ongoing or dismissed without prejudice (O, S, T), and only one has resulted in a verdict for the defense (B).

37.     Uber has no factual basis to dispute that its drivers caused the accidents that the Simon Counterclaimants' clients (the "Clients") bring against Uber and/or its drivers.

38.     Thus, Uber and its drivers attempt to settle these cases to avoid the risk of losing at jury trials (which they have experienced on several occasions).

39.     The settlement agreements are entered into by the Client, on the one hand, and "Uber Technologies, Inc., and its subsidiaries, Farmers Insurance Exchange" and the Uber driver, on the other hand, all of which are collectively referred to as the "Parties." The settlement agreements are referred to as the "Release."

40.     The settlement agreements inure to the benefit of the Parties and their "predecessors, successors, attorneys, insurers, agents and representatives, if any, without limitation."

41.     The settlements require that the Clients' actions be dismissed "with prejudice and without costs to any Party."

42.     Many of the settlements further provide that the dismissal orders will state that "Plaintiff voluntarily dismissed the lawsuit, with prejudice, with each party to bear its own costs and attorney's fees."

43.     The settlements further provide, "This Release sets forth the entire agreement and understanding of the Parties," that "the Parties intend the terms and conditions of this Release to govern all issues related to Releasor's legal claims and/or litigation against the Released Parties in connection with the Incident," and that "This Release supersedes all prior agreements and

112

understandings concerning the subject matter of this Release."

44.    When executing these settlements, Uber failed to disclose to the Clients or the Simon Counterclaimants that the settlement agreements were not really what they purported to be, *i.e.*, contracts intended to fully and finally resolve the claims.

45.    Indeed, notwithstanding the clear settlement language that the terms were to be "the entire agreement and understanding of the Parties," that Uber "intend[ed] the terms and conditions of this Release to govern all issues related to Releasor's legal claims and/or litigation against the Released Parties in connection with the Incident," and that the Parties agreed the settlements "supersede[d] all prior agreements and understandings concerning the subject matter of this Release," Uber is now using those settlements—some of which it has negotiated in the past few months—as a basis to file a new RICO lawsuit and seek to get its money back.

46.    Uber's present Action claims those settlements constitute the evidence that it has been injured by an alleged RICO scheme.

47.    Uber has continued to settle these cases even after filing the present Action. Uber settled Claims H, L, and P after filing the Original Complaint, and Claim A after filing the Amended Complaint. Each of these settlements were for significant sums of money.

48.    The settlement agreements are in reality a ploy to manufacture a RICO claim, not to fully and finally resolve the claims.

49.    In addition to the ulterior purpose of the settlements, medical records in Uber's possession long before filing the present Action also show that Uber has no genuine belief in the merits of its RICO action.

50.    In each of the cases at issue in Uber's RICO action that resulted in a settlement, as part of their defense of those cases, Uber and/or its drivers hired defense independent medical

examiners ("DIME") to evaluate the Client's injuries and prepare reports concerning those injuries.

51.     In each of the cases at issue in Uber's RICO action that resulted in the settlements, the DIMEs reported to Uber and its drivers and their counsel, prior to settlement, the same facts that Uber now claims it never knew and were fraudulently hidden from it.

52.     Armed with these DIME reports, the Uber drivers and their counsel nonetheless settled each of the cases; and Uber agreed to and joined in each and every settlement.

53.     Uber's allegations that it "relied" on any supposed misinformation from the Simon Counterclaimants in settling the Clients' cases is false because the DIME reports provided the information to Uber and its drivers and their counsel all along.

54.     Together, the DIME reports and Uber's settlements show the pretextual RICO action is objectively baseless because Uber itself possessed the DIME reports it commissioned, settled the underlying cases notwithstanding those reports (and not in reliance on any reports by the Clients' doctors), and continues to settle cases even after commencing this Action.

55.     The fact that the Simon Counterclaimants' Clients win and/or settle most of the cases against Uber and Uber drivers for significant sums alone establishes the objective baselessness of Uber's RICO action. Three of the cases Uber put at issue in its RICO action resulted in jury verdicts against Uber and/or its drivers (F, J, N). Most of the other cases settled for significant sums.

56.     No reasonable litigant could realistically expect to succeed on a fraud-based RICO claim under these circumstances. This is demonstrated by the fact that when Uber amended its complaint, it simply dropped the cases that had resulted in jury verdicts as of the date of the amendment (Cases F and J). Claimant N – a case that also resulted in a jury verdict for plaintiff – remains in the Amended Complaint because the verdict came on March 18, 2026, after Uber had

114

already amended its complaint.

57. The lack of probable cause in bringing this suit is further demonstrated by Uber's settlement of alleged "pattern" cases for significant amounts after filing the original Complaint (Cases H, L, and P) and even after filing the Amended Complaint (Case A).

58. The RICO action is subjectively baseless as well. The purpose of this litigation is not to stop any genuine fraud or to vindicate legitimate legal rights, but rather to chill personal injury litigation against Uber and to send a strong warning to any other personal injury law firm who dares sue Uber.

59. Subjective baselessness is demonstrated alone by Uber's decision to simply remove the cases resulting in jury verdicts for plaintiffs from the Original Complaint (F and J) and by continuing to settle for significant amounts cases that it is telling this Court and the world are "fraud" (A, H, L, P). Uber's picking and choosing when cases are "fraud" or not—or when cases are "fraud" but still worthy of settling for significant amounts—shows Uber has no genuine purpose in remediating any sort of alleged "fraud," but is instead pursuing this action for an ulterior purpose.

60. In fact, Uber has filed similar sham RICO lawsuits in at least three other states, in each case characterizing routine attorney-physician referral relationships as "kickbacks" and "bribery."

61. This sham litigation is driven by Uber's nationwide insurance scheme and campaign to convince legislatures to pass "reforms" limiting Uber's liability for the negligence of its drivers.

62. The RICO lawsuits were timed to support these political efforts by generating public narratives about "fraud" in personal injury litigation, despite Uber never raising fraud in the

underlying cases and voluntarily settling most of them.

63. The sham litigation has forced the Simon Counterclaimants to incur substantial attorneys' fees and costs in defending against an objectively and subjectively baseless action.

64. Uber has made clear its RICO action is expressly aimed not at recovering damages based on a legitimate grievance but instead at ending Marc Simon's legal career and ending Simon & Simon's personal injury practice against Uber.

65. This is evidenced by Uber's continued misuse of the litigation process. For example, on October 14, 2025, the Court entered an Order directing the parties to "address settlement structures and potential resolution avenues[.]" (ECF 32.)

66. On January 20, 2026, as part of its outrageous settlement demand, Uber sought the extraordinary "remedy" of requiring Marc Simon to surrender his law license and imposing monitors and controls on his practice moving forward.

67. Uber's demand was facially unethical and in violation of Rule 5.6(b) of the Pennsylvania Rules of Professional Conduct.

68. Uber's demand was also illegal because it exceeded the scope of this Court's jurisdiction. Indeed, the Supreme Court of Pennsylvania and the Pennsylvania Disciplinary Board have exclusive jurisdiction to discipline attorneys in Pennsylvania, including by revoking their Pennsylvania law license.

69. This extortionate settlement demand has compelled the Simon Counterclaimants to incur further attorneys' fees and costs in responding to and defending against Uber's improper demands.

70. Uber's bad faith in bringing this RICO action is further highlighted by its late addition of FedEx as a plaintiff.

71.     Only after the Simon Counterclaimants raised the true nature of Uber's intentions with its lawsuits in their original Motion to Dismiss on December 12, 2025, did Uber then alert the Court that it would be amending the complaint.

72.     However, instead of using the amendment to remove the baseless RICO allegations, Uber's amendment instead served to introduce a new plaintiff, FedEx, with a mere three cases (U, V, W) alleged to have been part of the pattern that Uber claims constitutes a massive fraud.

73.     Case V settled in November 2025 (after the Original Complaint was filed) for a significant sum.

74.     Case W settled about two weeks ago – shortly after the Court denied the Defendants' Joint Motion to Dismiss – for a substantial amount of money.

75.     The settlements with FedEx are entered into between the Client, on the one hand, and "Federal Express Corporation f/ka FedEx Ground Package System, Inc."  on the other. The settlement agreements are referred to as the "Release."

76.     The FedEx settlements result in a dismissal with prejudice and state that "each party mentioned herein shall bear all attorneys' fees, costs and disbursements arising from the actions of its own counsel in connection with the Claim, this Release, and the matters and documents referred to herein as otherwise described herein below."

77.     The FedEx settlements further state that the "Release contains the entire agreement of and between all of the parties and fully supersedes any and all prior understandings, representations, warranties and agreements regarding this matter" and that the "Release shall be binding upon and inure to the benefit of the Released Parties and the executors, administrators, personal representatives, heirs, successors and assigns of Releasor."

78.     The FedEx settlements are further agreed to be "the entire and final Agreement

117

between the parties. It is the sole understanding between the parties. Any changes must be in writing signed."

79.     Uber's deflection and use of FedEx as a pawn in its sham lawsuit does not eliminate or negate the ulterior and sham purpose of this lawsuit.

80.     The fact that Uber has brought similar RICO actions across the country shows Uber is on a clear path designed to end personal injury litigation against it, as part of a larger campaign by Uber to reduce its tort liability across the country and thereby maximize the profits it is generating through its self-insurance scheme.

## COUNT I
### Sham Litigation
### (Against Uber and FedEx)

81.     The Simon Counterclaimants incorporate and re-allege the paragraphs in their Counterclaims as if fully set forth herein.

82.     The RICO action filed by Uber against the Simon Counterclaimants constitutes sham litigation.

83.     The lawsuit is objectively baseless. Uber commissioned the DIME reports, had full knowledge of their contents, and nevertheless chose to settle the underlying personal injury cases.

84.     Uber's claim that it was defrauded by the settlements is belied by the fact that it possessed the very evidence it now claims should have reduced or eliminated their liability, yet Uber settled the cases anyway.

85.     Moreover, Uber has continued to settle personal injury cases with Simon & Simon's Clients even after filing this RICO action, while simultaneously seeking to recover the amounts of those very settlements as damages in this case.

86.     Objective baselessness is established alone by the fact that Uber and Uber drivers

118

settle – and continue to settle – most of the cases brought by the Simon Counterclaimants' Clients for significant sums. Many other cases result in jury verdicts for the Client. Uber's removal of those cases that resulted in jury verdicts from the Amended Complaint shows that Uber's RICO action is objectively baseless.

87. Thus, Uber lacked probable cause in bringing this fraud-based RICO lawsuit knowing the underlying cases objectively had merit.

88. The lawsuit is also subjectively baseless. Uber did not bring this action to remedy any genuine fraud. Rather, the lawsuit is aimed at chilling personal injury litigation filed against Uber and its drivers and at destroying Simon & Simon's law practice. Uber's demand that Marc Simon surrender his law license—relief this Court cannot grant—confirms the ulterior purpose of this litigation.

89. Uber abused governmental procedure by petitioning this Court in an attempt to use this litigation as weapon to eliminate and/or chill litigation against it.

90. As such, Uber is not entitled to *Noerr-Pennington* immunity.

91. FedEx is jointly and severally liable for the sham litigation since it voluntarily joined in the suit when Uber amended its complaint. Having reviewed and agreed to join in the Amended Complaint, FedEx knew Uber's claims were objectively baseless and subjectively baseless and thus knows and intends to pursue this sham litigation as well.

92. Like Uber, FedEx similarly continues to settle alleged "pattern" fraud cases even after the filing of the Amended Complaint. Like Uber, FedEx's allegation in this Court that these cases are "fraud" while at the same time settling those cases in state court for significant amounts, demonstrates that FedEx's claims are objectively and subjectively baseless.

119

93.     Uber's and FedEx's sham litigation has directly and proximately caused the Simon Counterclaimants injury by compelling them to incur substantial attorneys' fees and costs in defending against this objectively and subjectively baseless action, expenses they would not otherwise have incurred.

**COUNT II**
**Abuse of Process**
**(Against Uber)**

94.     The Simon Counterclaimants incorporate and re-allege the paragraphs in their Counterclaims as if fully set forth herein.

95.     Uber has willfully misused the process of this Court in furtherance of an improper and ulterior purpose.

96.     This Court entered an Order on October 14, 2025, directing the parties to engage in meaningful settlement discussions.

97.     Rather than comply with the spirit and purpose of that Order, Uber perverted the Court's directive by using it as a vehicle to demand that Marc Simon surrender his Pennsylvania law license.

98.     This demand was facially unethical, as it violates Rule 5.6(b) of the Pennsylvania Rules of Professional Conduct, which prohibits a lawyer from offering or making an agreement that restricts the right of a lawyer to practice as part of the settlement of a client controversy.

99.     The demand was also illegal, as it sought relief that exceeds the jurisdiction of this Court—only the Supreme Court of Pennsylvania and the Pennsylvania Disciplinary Board possess the authority to discipline attorneys, or revoke or suspend a Pennsylvania law license.

100. The demand was therefore extortionate in nature, representing a deliberate misuse of the Court's settlement process for an improper purpose wholly unrelated to the resolution of the claims in this action.

101. The abuse of process has directly and proximately caused the Simon Counterclaimants injury by compelling them to incur substantial attorneys' fees and costs they would not otherwise have incurred in responding to and defending against Uber's improper and extortionate demands.

## COUNT III
### Extortion
### (Against Uber)

102. The Simon Counterclaimants incorporate and re-allege the paragraphs in their Counterclaims as if fully set forth herein.

103. Uber has engaged in extortion by intentionally seeking to obtain Marc Simon's property—namely, his law license and right to practice law—through threats and coercion.

104. Specifically, Uber has threatened to continue prosecuting this lawsuit and has accused Marc Simon of crimes in order to coerce him into surrendering his law license.

105. This demand constitutes an unlawful attempt to obtain Marc Simon's property through intimidation, threats of continued litigation, and accusations of criminal conduct.

106. The extortion has directly and proximately caused the Simon Counterclaimants injury by compelling them to incur substantial attorneys' fees and costs they would not otherwise have incurred.

**WHEREFORE**, the Simon Counterclaimants respectfully request that this Court enter judgment in their favor on all counts and grant the following relief:

a) Compensatory damages in an amount to be determined at trial;

b)  Attorneys' fees and costs to the extent permitted by law;

c)  Pre-judgment and post-judgment interest;

d)  Punitive damages;

e)  A declaration that the RICO action filed by Uber and FedEx constitutes sham litigation;

f)  Injunctive relief as this Court deems just and proper; and

g)  Such other relief as this Court deems just and equitable.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants/Counterclaimants, Simon & Simon, P.C., and Marc Simon, demand a trial by jury on all issues so triable.


Dated: June 8, 2026                    Respectfully submitted,

                                       **BLANK ROME LLP**


                                       */s/ Daniel E. Rhynhart*
                                       James T. Smith (I.D. No. 39333)
                                       Daniel E. Rhynhart (I.D. No. 78248)
                                       Rebecca D. Ward (I.D. No. 79547)
                                       Michael A. Stoolman (I.D. No. 326117)
                                       Maegan S. Spitzer (I.D. No. 335905)
                                       One Logan Square, 130 N. 18th Street
                                       Philadelphia, PA 19103
                                       Phone: (215) 569-5371
                                       Email: Jim.Smith@BlankRome.com
                                       Dan.Rhynhart@BlankRome.com
                                       Rebecca.Ward@BlankRome.com
                                       Michael.Stoolman@BlankRome.com
                                       Maegan.Spitzer@BlankRome.com

                                       *Attorneys for*
                                       *Defendants/Counterclaimants*
                                       *Simon & Simon, P.C. and Marc Simon*

**CERTIFICATE OF SERVICE**

I, Daniel E. Rhynhart, hereby certify that on June 8, 2026, a true and correct copy of the foregoing was served via ECF on all counsel of record.


/s/ Daniel E. Rhynhart
Daniel E. Rhynhart

1