**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UBER TECHNOLOGIES, INC., *et al.*** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 25-5365** |
| | : | |
| **SIMON & SIMON P.C., *et al.*** | | |

# ORDER

**AND NOW**, this 10th day of June 2026, following our May 13, 2026 Order (ECF 101) beginning discovery and yesterday's extended telephonic Initial Pretrial Conference, it is **ORDERED** the parties are attached for a nine-day jury trial beginning **February 16, 2027** and shall proceed consistent with Fed. R. Civ. P. 1 to resolve this dispute:

1. Counsel and parties are required to follow this Court's Policies and Procedures in effect at the time of the anticipated action ("Policies"), Default Order on Electronic Discovery unless altered by agreement between the parties, and Protocols for Remote Video Proceedings found at www.paed.uscourts.gov.

*Pleadings*

2. We **strike** Simon & Simon and Marc Simon's Affirmative Defenses Nos. 20 and 27 (ECF 119), Premier Pain & Rehab and Clifton Burt's Affirmative Defenses Nos. 19 and 20 (ECF 118), Lance Yarus's Affirmative Defenses Nos. 26, 27, 28, 29, and 30 (ECF 117), Philadelphia Spine Associates, Daniel Piccillo, and Ethel Harvey's Affirmative Defenses Nos. 8 and 9 (ECF 115) without prejudice.

3. All motions to further amend the pleadings and to join or add additional parties shall be filed by **September 2, 2026.**

*Discovery*

4. All fact and expert discovery shall be served, noticed, and completed by **November 30, 2026** and we expect written discovery among the parties to be promptly completed and deposition discovery should be, to the extent necessary, done through a video-sharing service, including allowing a Court Reporter to also participate by video-sharing arranged by the party noticing the deposition.[1]

a. The parties shall complete their overdue production of core Rule 26 documents required to be produced weeks ago under our May 13, 2026 Order (ECF 101) as part of their mandatory disclosures by no later than **June 12, 2026**;

b. Plaintiffs shall file a Notice attaching the fulsome stipulation of undisputed facts required under our May 13, 2026 Order (ECF 101) and signed by all counsel by no later than **June 15, 2026**;

c. Counsel shall confirm the date, time, and place for all scheduled party depositions by email sent to each other no later than **July 24, 2026**;

d. Discovery among the parties is presently limited to the alleged pattern pleaded in the amended Complaint (ECF 71) including the identified Claimants and up to a total of twenty-five more claimants which Plaintiffs' counsel confirm by affidavit to Defendants involve the same pattern of conduct involving at least one of the named medical Defendants in matters working with the Simon Defendants and resulting in litigation;

e. Discovery responses from parties regarding the issues raised in counterclaims (ECFs 115, 119) is deferred until a finding of good cause after deciding the Plaintiffs' anticipated motions to dismiss the counterclaims;

f. Issuance of third party discovery, other than upon consent or upon Thrivest Legal Funding LLC for records relating to the identified Claimants in the amended Complaint (ECF 71) (and yesterday belatedly disclosed by Plaintiffs to all parties by name and case number) as well as up to twenty-five later identified Simon Defendants' clients, shall be deferred until after the completion of the parties' written discovery responses and then only upon a meaningful meet and confer designed to narrow disputes mindful we are focusing, until further Order, upon the disclosed Claimants and up to a total of twenty-five more claimants which Plaintiffs' counsel confirm by affidavit to the Defendants involve at least one of the named medical Defendants in matters working with the Simon Defendants and resulting in litigation;

*Meaningful and consistent settlement discussions*

5. No later than **August 21, 2026**, all parties seeking relief of any sort shall serve a detailed written demand upon all parties claimed to be responsible for any claim of relief. All responding parties shall provide a detailed written response on or before **September 3, 2026**.

6. All parties agree this matter should be referred to a private mediator under Rule 53 to initially meet as soon as practicable after early discovery and before dispositive motions. Counsel shall meaningfully (not just email) meet and confer to allow Plaintiff's counsel to file a Notice not exceeding two pages by no later than **September 25, 2026** showing cause as to why we should not appoint the Hon. Thomas Vanaskie (Ret.) or the Hon. Thomas Rueter (Ret.) to timely meet with the parties depending on the selected mediator's availability and continuing with meaningful negotiations involving the senior decision makers until further Order;

*Pretrial & Trial*

7. Each party shall serve upon counsel for every other party the information referred to in Fed. R. Civ. P. 26(a)(2)(B) necessary to meet their burden of proof by expert report or answer

to expert interrogatory no later than **November 4, 2026**. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve such rebuttal evidence on counsel for every other party no later than **November 24, 2026**. Expert depositions, if any, shall be concluded no later than **November 30, 2026**.

8. Any party expecting to offer opinion testimony from lay witnesses under Fed. R. Evid. 701, shall, at the time required for submission of information and/or reports for expert witnesses set forth in the preceding paragraph, serve opposing parties with concise details and/or documents detailing the lay opinions of the Rule 701 witnesses, including the identity of each witness, the substance and the basis for each opinion.

9. Summary judgment and Fed. R. Evid. 702 motions, if any, shall be filed no later than **December 9, 2026**. Responses shall be filed in accord with the Local Rules and this Court's Policies and no later than **December 23, 2026**. Motions for summary judgment and responses shall fully comply with this Court's Policies, including:

(a) A separately filed Statement of Undisputed Material Facts which details, in numbered paragraphs, the material facts that the moving party contends are undisputed and entitle the movant to judgment as a matter of law. Only those facts which bear on dispositive material issues shall be included in the Statement of Undisputed Facts.

(b) Opposition to a motion for summary judgment shall include a separate filing of a Statement of Material Facts, responding to the numbered paragraphs in the movant's Statement of Undisputed Facts, which the respondent contends present genuine issues for trial. The responding party also shall set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.

(c) Statements of Material Facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the record that support each of the statements. Each stated fact shall cite the source relied upon, including the page of any document or line and page number of any deposition to which reference is made.

(d) Memoranda in support of, or opposing, a Rule 56 motion is limited to twenty-five (25) pages, double-spaced, twelve (12) point font.

(e) Upon filing, the movant(s) shall also file a separate appendix of all exhibits or affidavits which may relate to the issues raised in the motion. On all cross-motions under Rule 56, the cross-movants must consult and file a joint appendix. All pages of the appendix shall be consecutively "Bates stamped" and referenced by the Bates number assigned to each page. The appendix shall include a table of contents. The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible. Should it become necessary for the non-moving party to submit affidavits or additional exhibits, it may do so in a respondent's appendix filed with its Opposition. Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning sequentially at the page number where the movant's appendix ended, and shall include a table of contents. This Court will not consider party documents not included in the appendix.

(f) Parties shall provide Chambers with one (1) paper courtesy copy of all filed summary judgment submissions by overnight mail or hand delivery within one (1) business day of filing.

(g) Failure of the movant to follow this procedure in all respects may result in denial of the motion without prejudice to be renewed at trial. Respondent's failure to comply in all respects may result in this Court's considering the motion as uncontested.

10. Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated by all affected parties and approved by the Court.

11. The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial. If a witness may be unavailable at the time of trial in the manner defined in Fed. R. Civ. P. 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

12. No later than **February 1, 2027**, counsel for each party shall exchange (by email to each other) a list identifying each exhibit the party expects to offer at trial along with a reference to the Bates number or other identification of the documents used in discovery.

13. No later than **February 2, 2027**, each party shall file a pretrial memorandum compliant with our Policies.

14. No later than **February 3, 2027**, each party shall file proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories, with an electronic copy e-mailed in Word format to Chambers_of_Judge_Kearney@paed.uscourts.gov.

15. All motions affecting trial presentations (e.g., *in limine*), proposed *voir dire* peculiar to your case, objections to proposed jury instructions, list of contested exhibits and deposition designations (providing the exhibits and highlighted designations to Chambers) shall be filed on or before **February 4, 2027**. Responses, including highlighted counter-designations and objections, if any, shall be filed on or before **February 10, 2027**.

16. A final pretrial conference will be held telephonically on **February 12, 2027** at **8:45 AM** via ZoomGov (1-646-828-7666; Meeting ID: 165 908 1620; Passcode: 941923).

17. Counsel is attached for jury selection followed by a nine-day trial beginning on **February 16, 2027** at **9:00 AM** in Courtroom 6-B.

**KEARNEY, J.**

[1] The parties may agree to extend this *discovery* deadline *without extending another deadline* without seeking leave.