**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION, | : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | No. 2:25-cv-05365-MAK |
| SIMON & SIMON, P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, AND LANCE YARUS, | : : : : : : : : | |
| Defendants. | | |
| SIMON & SIMON, P.C., and MARC SIMON, | : : : | |
| Counterclaimants, | : : | |
| v. | : : : | |
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION, | : : : | |
| Counterclaim-Defendants. | : | |

**DEFENDANTS/COUNTERCLAIMANTS SIMON & SIMON, P.C. AND MARC SIMON'S MEMORANDUM REGARDING STANDING PURSUANT TO ECF 132**

Pursuant to the Court's June 22, 2026 Order (ECF 132), Defendants/Counterclaimants

Simon & Simon, P.C. and Marc Simon submit this Memorandum regarding standing issues.

**TABLE OF CONTENTS**

Page

I.     ARGUMENT ...........................................................................................................1

       A.     Uber and FedEx Lack "RICO Standing." ..............................................2

       B.     Uber and FedEx Lack Standing to Recover for Others' Injuries. ...........5

II.    CONCLUSION .....................................................................................................6

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Ayling*,
  396 F.3d 265 (3d Cir. 2005)..................................................................................2

*Blunt v. Lower Merion Sch. Dist.*,
  767 F.3d 247 (3d Cir. 2014)..................................................................................1

*Brokerage Concepts, Inc. v. U.S. Healthcare, Inc.*,
  140 F.3d 494 (3d Cir. 1998)..................................................................................5

*City of Philadelphia v. Secretary United States Department of Interior*,
  --- F.4th ---, No. 26-1348, 2026 WL 1755493 (3d Cir. June 18, 2026).....................1

*Devon Drive Lionville, LP v. Parke Bancorp, Inc.*,
  791 F. App'x 301 (3d Cir. 2019) ............................................................................2

*Jackson v. Rohm & Haas Co.*,
  2009 WL 948741 (E.D. Pa. Mar. 20, 2009), *aff'd* 366 F. App'x 342 (3d Cir.
  2010) ....................................................................................................................6

*Kovalev v. Stepansky*,
  2020 WL 553843 (E.D. Pa. Feb. 4, 2020) ...............................................................5

*Lynch v. Cap. One Bank (USA), N.A.*,
  2013 WL 2915734 (E.D. Pa. June 14, 2013) ...........................................................3

*Maio v. Aetna, Inc.*,
  221 F.3d 472 (3d Cir. 2000)...............................................................................2, 4

*Pennsylvania by Henry v. Mariner Fin., LLC*,
  2024 WL 4844790 (E.D. Pa. Nov. 20, 2024) ..........................................................1

*Roosevelt Rd. Re, Ltd. v. Haggar*,
  No. 24-CV-1549 (NG)(CHK), 2026 WL 682192 (E.D.N.Y. Mar. 11, 2026) ...........5

*Steele v. Hosp. Corp. of Am.*,
  36 F.3d 69 (9th Cir. 1994) ....................................................................................5

*United States v. Local 560 of Int'l Bhd. of Teamsters*,
  780 F.2d 267 (3d Cir. 1985)..................................................................................6

*Yucaipa Am. All. Fund I, LP v. Ehrlich*,
  716 F. App'x 73 (3d Cir. 2017) ............................................................................4

**Statutes**

18 U.S.C.
    §§ 1961–1968....................................................................................................... *passim*
    § 1962.....................................................................................................................2
    § 1964(a) ................................................................................................................6
    § 1964(c) .............................................................................................................2, 6

**Other Authorities**

Fed. R. Civ. P. 12(h)(3)................................................................................................1

I.        **ARGUMENT**

By Order dated June 22, 2026, the Court ordered the "Defendants presently asserting the affirmative defenses of lack of standing" to either "file a Notice voluntarily withdrawing their standing affirmative defenses or show cause in Memoranda not exceeding seven pages as to why we should not strike the lack of standing affirmative defenses without prejudice to challenging the substantive allegations as detailed in the remaining Affirmative Defenses." ECF 132 (the "Order"). In the Order, the Court noted the Third Circuit's "longstanding guidance distinguishing between standing and failure to plead a claim" as set forth in *City of Philadelphia v. Secretary United States Department of Interior*, --- F.4th ---, No. 26-1348, 2026 WL 1755493, at *6-8 (3d Cir. June 18, 2026). *Id.* For the reasons below, the Court should not strike the standing affirmative defenses.

While the Court correctly notes that *City of Philadelphia* restates the rule that Article III standing "does not turn on the merits of the plaintiff's legal theories," 2026 WL 1755493, at *8, that does not warrant striking the affirmative defense. Article III standing bears on subject matter jurisdiction and thus can be challenged at any time in the proceedings, without limitation or waiver. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 280 (3d Cir. 2014); Fed. R. Civ. P. 12(h)(3); *Pennsylvania by Henry v. Mariner Fin., LLC*, 2024 WL 4844790, at *3 (E.D. Pa. Nov. 20, 2024) ("Because lack of standing can be raised at any point during litigation, the Court sees no prejudice to Plaintiffs in allowing the Affirmative Defense to stand; Plaintiff's motion to strike Affirmative Defense Three is therefore denied.").

But more importantly, Affirmative Defense No. 19[1] encompasses not only Article III standing, but also statutory "RICO standing." Indeed, the basis for the Court striking Affirmative

---

[1] Affirmative Defense No. 19 states: "Plaintiffs' claims are barred in whole or in part for lack of standing." ECF 119 at 105.

Defense No. 20[2] without prejudice at the Rule 16 conference was that it was duplicative of Affirmative Defense No. 19. If the Court does strike Affirmative Defense No. 19 (even though it can be raised at any time and never waived), then, the Court should revive Affirmative Defense No. 20 because it distinctly challenges statutory RICO standing. And, as set forth below, "RICO standing" indisputably bears on the merits of a claim rather than on subject matter jurisdiction. *See Anderson v. Ayling*, 396 F.3d 265, 269 (3d Cir. 2005) ("Civil RICO 'standing' is usually viewed as a 12(b)(6) question of stating an actionable claim, rather than as a 12(b)(1) question of subject matter jurisdiction.").

### A.    Uber and FedEx Lack "RICO Standing."

"Apart from the Article III constitutional and prudential standing requirements . . . plaintiffs seeking recovery under RICO must satisfy additional standing criterion set forth in section 1964(c) of the statute . . . (1) that the plaintiff suffered an injury to business or property; and (2) that the plaintiff's injury was proximately caused by the defendant's violation of 18 U.S.C. § 1962." *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000). Thus, RICO standing has two factors: harm and causation.

Proving proximate causation in a RICO case alleging predicate acts of mail and wire fraud "requires reliance," though "the reliance need not be by the plaintiff himself: usually, a plaintiff must show 'that *someone* relied on the defendant's misrepresentations.'" *Devon Drive Lionville, LP v. Parke Bancorp, Inc.*, 791 F. App'x 301, 306 (3d Cir. 2019) (quoting *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639, 659 (2008)). Uber and FedEx argue that all they need to prove is "fraud" and that the fraud caused their harm. This is wrong because "it is a matter of basic logic that a misrepresentation cannot cause, much less proximately cause, injury unless someone relies

---

[2] Affirmative Defense No. 20 states: "Plaintiffs' claims are barred for lack of RICO standing." ECF 119 at 105.

2

upon it." *Lynch v. Cap. One Bank (USA), N.A.*, 2013 WL 2915734, at *3 (E.D. Pa. June 14, 2013) (citing *Central Transp., LLC v. Atlas Towing, Inc.,* 884 F. Supp. 2d 207, 215-16 (E.D. Pa. 2012); *Kimmel v. Phelan Hallinan & Schmieg, P.C.*, 847 F. Supp. 2d 753, 771 (E.D. Pa. 2012); *Walter v. Palisades Collection, LLC*, 480 F. Supp. 2d 797, 807 (E.D. Pa. 2007)). Indeed, for RICO standing purposes, "[a] plaintiff will not be able to establish even but-for cause 'without showing that *someone* relied on the defendant's misrepresentations.'" *Id.* at *3 (quoting *Bridge*, 553 U.S. at 659).

It is important that this Court not strike the RICO standing affirmative defense because it is central to this case. Uber and FedEx will not be able to prove RICO standing because they cannot prove proximate causation. Without reliance, there is no proximate causation for mail and wire fraud. Reliance fails for the simple reason that *nobody* relied on any alleged misrepresentations in the underlying cases. This is because both Uber and FedEx **continue to settle the cases** even after publicly calling them frauds in this Court. If they do not believe the supposed misrepresentations, and have declared them fraudulent, then they are clearly not relying upon those misrepresentations. Since filing its Original Complaint on September 18, 2025, Uber has voluntarily settled Cases A, H, L, P, S, and T for substantial sums. Since joining the RICO action on January 26, 2026, FedEx has voluntarily settled Case W for a substantial sum. And this is just the "pattern" cases. Uber has also settled dozens of other cases brought by Simon & Simon since filing this federal RICO action. Plaintiffs' continued settlement of cases in the Amended Complaint not only refutes their "fraud" allegations, but eviscerates any contention that the alleged misconduct proximately caused Plaintiffs' injuries. Below is a timeline of the post-RICO-filing settlements:

3

| DATE | EVENT |
|------|-------|
| 9/18/25 | Uber files this RICO Action alleging that, among others, Cases A, H, L, and P are criminal mail and wire fraud |
| 10/14/25 | Uber settles Case H for a substantial sum |
| 11/26/25 | Uber settles Case L for a substantial sum |
| 12/19/25 | Uber settles Case P for a substantial sum |
| 1/26/26 | Uber and FedEx file the Amended Complaint alleging that Cases A, H, L, and P, among others, are still criminal mail and wire fraud and now also that Cases S, T, and W, among others, are also criminal mail and wire fraud |
| 2/3/26 | Uber settles Case A for a substantial sum |
| 5/27/26 | FedEx settles Case W for a substantial sum |
| 6/19/26 | Uber settles Cases S and T for substantial sums |

The contradiction between Uber's/FedEx's conduct in the state courts of routinely settling matters, and in this Court where fraud is alleged on the very same cases, definitively shows there is no causal connection and no reliance. Thus, Uber and FedEx have no RICO standing.

Uber also will be unable to prove the other prong of RICO standing: actual harm. Uber appears to have not been injured at all. RICO standing's injury element requires a much more specific injury than Article III – the plaintiff must suffer an "actual monetary loss, i.e., an out-of-pocket loss." *Maio*, 221 F.3d at 483. Even the possibility of a loss being reimbursed forecloses RICO standing. *Yucaipa Am. All. Fund I, LP v. Ehrlich*, 716 F. App'x 73, 78 (3d Cir. 2017).

Uber staved off dismissal for lack of RICO standing at the 12(b)(6) stage because the Court accepted Uber's allegations as true that the alleged conduct "caused Uber to incur legal fees and inflated settlement costs." ECF 99 at 35. But it is clear and discovery is confirming, that Farmers Insurance Exchange indemnifies and defends Uber and the Uber driver in these cases.

Uber has intimated that the "collateral source rule" – a rule of state substantive law about the *amount* of damages recoverable when a party is *reimbursed* for its damages from a third party – somehow creates RICO standing for Uber. It does not. Discovery may very well show that Uber does not have (and did not ever have) any actual monetary, out-of-pocket loss as required for

4

federal RICO standing. *Kovalev v. Stepansky*, 2020 WL 553843, at \*4 n.3 (E.D. Pa. Feb. 4, 2020) ("It is not enough for Kovalev to allege that his insurance company paid out more than it had to pay without the alleged RICO violations; this does not constitute financial loss to him."); *see also Steele v. Hosp. Corp. of Am.*, 36 F.3d 69, 70 (9th Cir. 1994) ("It is not enough that the patients show that their insurance company had to pay out more than it otherwise would have without the alleged RICO violation. This does not constitute financial loss to them.").

And, to the extent that discovery shows that Uber voluntarily reimburses Farmers for these costs through some other agreement, Uber would be doing so as a "reinsurer" whose "loss" is too far removed from the alleged RICO violation to constitute a RICO injury. *See Roosevelt Rd. Re, Ltd. v. Haggar,* No. 24-CV-1549 (NG)(CHK), 2026 WL 682192, at \*10 (E.D.N.Y. Mar. 11, 2026) (rejecting RICO standing for "reinsurer" who's payments "result[ed] from its obligations to reimburse primary insurers for the inflated amounts that they paid in connection with workers' compensation and general liability claims brought by the Legal Services Defendants as part of the Fraud Scheme.").

For these reasons, Uber's and FedEx's lack of RICO standing indisputably bears on the merits of the case and thus should not be struck as an affirmative defense.

### B.    Uber and FedEx Lack Standing to Recover for Others' Injuries.

Finally, even though they are seeking money paid by other "victims," neither Uber nor FedEx have standing to recover for others' injuries. *Brokerage Concepts, Inc. v. U.S. Healthcare, Inc.*, 140 F.3d 494, 521 (3d Cir. 1998) ("BCI's RICO standing is limited to injuries arising from its competition with U.S. Healthcare for Gary's TPA business. BCI does not have RICO standing to recover for any injuries suffered by other pharmacies as a result of their relations with U.S. Healthcare since there is no evidence that these relations directly injured BCI.").

Indeed, Uber and FedEx do not have standing for any equitable relief at all under 18 U.S.C. 1964(a) because, as private plaintiffs, their remedies are limited to treble damages and attorneys fees under 18 U.S.C. § 1964(c). Plaintiffs continue to cite *United States v. Local 560 of Int'l Bhd. of Teamsters*, 780 F.2d 267 (3d Cir. 1985) as justification for their outrageous demands (surrender of Marc Simon's law license, a compliance monitor at Simon & Simon, disgorgement of profits related to non-Uber and non-FedEx cases), but that case involved the United States as a plaintiff and thus Section 1964(a) was applicable. Not so here. The Third Circuit has *not* recognized a private party's right to 1964(a) remedies and the district courts in this Circuit have found that provision "expressly limited to proceedings by the Attorney General." *Jackson v. Rohm & Haas Co.*, 2009 WL 948741, at *4 (E.D. Pa. Mar. 20, 2009), *aff'd* 366 F. App'x 342 (3d Cir. 2010).

## II.    CONCLUSION

For these reasons, the Court should not strike the Simon Defendants' Affirmative Defense No. 19. If it does, the Court should revive Affirmative Defense No. 20.

Dated: July 7, 2026

Respectfully submitted,

**BLANK ROME LLP**

_/s/ Daniel E. Rhynhart_
James T. Smith (I.D. No. 39333)
Daniel E. Rhynhart (I.D. No. 78248)
Rebecca D. Ward (I.D. No. 79547)
Michael A. Stoolman (I.D. No. 326117)
Maegan S. Spitzer (I.D. No. 335905)
One Logan Square, 130 N. 18th
Street
Philadelphia, PA 19103
Phone: (215) 569-5371
Email: Jim.Smith@BlankRome.com
Dan.Rhynhart@BlankRome.com
Rebecca.Ward@BlankRome.com
Michael.Stoolman@BlankRome.com
Maegan.Spitzer@BlankRome.com

_Attorneys for_
_Defendants/Counterclaimants_
_Simon & Simon, P.C. and Marc Simon_

## CERTIFICATE OF SERVICE

I, Daniel E. Rhynhart, hereby certify that on July 7, 2026, a true and correct copy of the foregoing was served via ECF on all counsel of record.

_/s/ Daniel E. Rhynhart_
Daniel E. Rhynhart