**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br><br>**Defendants.** | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**PLAINTIFFS' RENEWED MOTION TO ENFORCE SUBPOENA TO THRIVEST LEGAL FUNDING LLC**

Plaintiffs seek the Court's assistance to enforce its prior order authorizing discovery from Thrivest Legal Funding LLC. Uber served a valid Rule 45 subpoena on Thrivest, met and conferred to address any issues, and received Thrivest's assurance it would be producing documents within the scope of the Court's June 10 Order (ECF No. 125) by July 2, 2026. Ex. 3 at 2; Ex. 4 at 6; Declaration of Michael Wadden ¶ 17. Thrivest thereafter made a 180-degree reversal, following what appears to be improper interference from the Simon Defendants. Wadden Decl. ¶¶ 16–22. Although it served no objection, Thrivest has failed to produce a single document and has refused even to respond to multiple requests to meet and confer to address its failure. *Id*. Plaintiffs respectfully request a Rule 45(d)(2)(B)(i) order enforcing the subpoena and compelling production.

## I. THE SUBPOENA SEEKS HIGHLY RELEVANT INFORMATION

As the Court recognized in authorizing the Thrivest subpoena in the first instance, Thrivest possesses highly relevant information, including information not obtainable from the parties. The heart of the scheme at issue in this case is Simon & Simon's funneling of claimants to Premier Pain with directions to perform unnecessary medical treatment to inflate the value of the underlying personal injury claims. As Count III alleges, Simon & Simon and Premier Pain formed an association in fact through which the scheme is effectuated. ECF No. 71 at ¶¶ 528–33. Defendants deny any such enterprise, claiming only a garden variety "referral relationship." ECF No. 91 at 9.

Defendants' denial places the subpoenaed documents squarely at issue. Based on defendants' disclosures to date, the Thrivest materials will show this is no ordinary referral relationship. As evidenced by the fact that Thrivest has funded other medical providers involved in Simon & Simon cases, *e.g.,* Ex. 9 (box on right listing "Thrivest (Norwood Comprehensive Pain)"), it appears that Marc Simon and Simon & Simon introduced Thrivest to Premier Pain. Thrivest and Premier Pain entered into a Master Receivables Assignment and Purchase Agreement that was re-executed when Burt joined the practice in 2020. Ex. 6. To effectuate that financing arrangement,

Simon & Simon causes claimants to execute "letters of protection" providing Premier Pain with liens on their recoveries. *E.g.*, Ex. 8. After Burt performs his supposed radiofrequency ablations, Premier Pain sells its receivables with the liens to Thrivest at a steep discount. Exs. 6, 7; Wadden Decl. ¶¶ 8–9. Thrivest is the only entity that purchases these receivables. *Id.* ¶ 24. Thrivest does not purchase every claim, *id.* ¶ 25, indicating a diligence process with its assessment of each claim's merit.

Thrivest is therefore likely to have unique internal records reflecting its diligence, review, and approval process for investing in particular claims, as well as the profitability of those claims. Moreover, its records may reflect notes of calls with Simon & Simon or Premier Pain concerning particular claims and Simon & Simon's role in the Thrivest–Premier Pain relationship. Such documents cannot be obtained from the parties. They will help to establish the overall relationship between Defendants; the flow of funds from Simon & Simon to Premier Pain; and the profitability of the scheme. They will also likely shed light on the merits of underlying pattern cases.

## II. THRIVEST WAIVED ANY OBJECTIONS

Rule 45(d)(2)(B) requires that subpoena objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Id*. "When a party does not comply with this requirement, it waives its objections." *HMV Indy, LLC v. Inovateus Solar, LLC*, 2020 WL 3498259, at *1 (E.D. Pa. June 29, 2020). After giving notice to Defendants, Plaintiffs served the subpoena on Thrivest on May 29 with a return date of June 11. Exs. 1, 2. Thrivest did not serve objections. Wadden Decl. ¶¶ 14–24. It has instead gone silent. *Id.*

Courts can forgive untimely objections (i) where a subpoena is overbroad on its face and exceeds the bounds of fair discovery; (ii) the subpoenaed non-party is acting in good faith; or (iii) there is discussion with counsel for the recipient concerning compliance. *HMV*, 2020 WL 3498259, at *1. The subpoena, however, calls for fair discovery, and Uber's agreement to narrow

the scope of the subpoena consistent with the Court's Orders obviates any overbreadth concerns.[1] Discovery into Thrivest's overall relationship with Simon & Simon is relevant to proving enterprise. Ex. 1 (requests 1 & 3). Discovery into payment records for the claimants is relevant to motive. Such discovery is not overbroad and—as was communicated to and initially acknowledged by Thrivest when it agreed to produce—has instead been limited to the claimants in the pleadings plus 25 identified additional claimants. *Id.* (requests 4, 5, 6, 7).[2]

Thrivest is also not acting in good faith. It has failed to produce documents after agreeing to do so. Worse, its about-face appears orchestrated by Simon & Simon in furtherance of its strategy of running the clock out on discovery. Thrivest's change of position and assertion of quashal coincided with an email from Simon & Simon's counsel asserting that Uber needed to reissue the Thrivest subpoena, Ex. 5 at 2. Simon & Simon has admitted that it has been in close communications with subpoena recipients. ECF No. 111 at 2 (subpoena recipients "are now frantically calling Simon & Simon"). These facts indicate that Thrivest's about-face is the result of coordination to further Simon & Simon's own stonewalling. Requiring Uber to issue a new subpoena would reward these delay tactics and compromise Plaintiffs' ability to complete necessary discovery. Finally, there is no ongoing discussion warranting forgiveness of Thrivest's failure to timely object.

The Court should therefore enforce the subpoena. Importantly, the Court's limitation of discovery to claimants in the pleadings plus 25 should not curtail production of documents showing how Thrivest found its way to Premier Pain, the inception of the master agreement and the other documents responsive to request no. 1. The production of such documents is warranted given their signal importance, the waiver of any objection, and Thrivest's bad faith failure to comply.

---

[1] Such agreement to narrow is a standard part of the discovery request process, and contrary to the Simon Defendants' suggestion, is not a basis for requiring issuance of a new subpoena.

[2] Plaintiffs understand that there are no other funding arrangements and hence the remaining requests numbers 2, 8, and 9 are not at issue.

Dated: July 20, 2026

**ROHN KURLAND, P.C.**

Amy Kurland, Bar No. 37419
AKurland@rohnkurland.com
1700 Market St, Suite 1005
Philadelphia, PA 19103
Telephone: +1.215.770.0320
Facsimile: +1.215.717.9697

**ASHURST PERKINS COIE US LLP**

By: /s/ David W. T. Daniels

David W. T. Daniels
david.daniels@ashurstperkins.com
Michael J. Wadden
michael.wadden@ashurstperkins.com
Sydney Veatch
sydney.veatch@ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

David B. Massey
david.massey@ashurstperkins.com
Jacob Taber
jacob.taber@ashurstperkins.com
William Wilder
will.wilder@ashurstperkins.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

Michael R. Huston
michael.huston@ashurstperkins.com
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
Facsimile: +1.602.648.7000

*Attorneys for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*

**CERTIFICATE OF CONFERRAL**

I hereby certify that Uber's counsel attempted to resolve this discovery dispute with Thrivest but was unable to do so after reasonable efforts. I exchanged several emails with Thrivest's counsel regarding Uber's subpoena, and on June 26, 2026, I engaged in a telephone call with Thrivest's counsel. *See* Exs. 3–4, Decl. ¶¶ 14–22. As set forth above and in my attached declaration, I left that call with the understanding that Thrivest would produce responsive records by July 2, 2026. *See* Ex. 4 at 6, Decl. ¶ 17. After Thrivest's counsel informed me on July 6, 2026, that Thrivest had changed its position and would not be producing any records, I repeatedly asked Thrivest's counsel to provide availability to meet and confer, but I received no response to those requests. *See* Ex. 4, Decl. ¶ 22. The only justifications Thrivest has provided for its refusal to comply with the subpoena are its assertions that the subpoena was quashed and that it does not include the 25 claimants identified pursuant to this Court's June 10 Order (ECF No. 125). *See* Ex. 4. In my emails with Thrivest's counsel, I explained why those assertions were incorrect. *See id*.

Counsel for the Simon Defendants was included on certain of my communications with Thrivest, as reflected in Ex. 4. By emails dated July 7 and July 8, the Simon Defendants took the position that Uber should issue Thrivest a new narrower subpoena, rather than seeking to enforce the operative subpoena. *See id*. Following the Court's denial of Plaintiffs' original motion to compel Thrivest, I also requested all Defendants' positions on Plaintiffs' motion via email on July 17, 2026. The Simon Defendants and Premier Pain Defendants each responded via email on July 20, 2026, taking the position that Uber should issue Thrivest a new narrower subpoena, rather than seeking to enforce the operative subpoena. *See* Exs. 10 & 11. Neither asserted that Uber's subpoena has been quashed or identified any relevant caselaw. Defendant Yarus and the PSA Defendants stated that they take no position on the Motion.

Dated: July 20, 2026

**ASHURST PERKINS COIE US LLP**

By: /s/ Michael J. Wadden
Michael J. Wadden
michael.wadden@ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

*Counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be served by hand delivery on Thrivest Legal Funding LLC at its office at 1110 East Hector Street, Suite 210, Conshohocken, PA 19428, and to be emailed to Ken Bonenberger, the General Counsel of Thrivest's corporate parent and Thrivest's Chief Risk Officer, at kbonenberger@experityventures.com. Pursuant to the Court's Policies and Procedures, I included with both the hand delivered and emailed copies a cover letter directing Thrivest to the Court's Policies on the Court's website and notifying Thrivest of its obligation to timely respond. That letter specifies that non-parties served with motions may respond within three days of service, unless otherwise ordered, and that a response from a non-party due on a weekend or federal holiday is due by Noon EST on the next succeeding business day.

I also certify that I caused the foregoing to be electronically filed with the Clerk of the Court through the CM/ECF system. By electronically filing, the CM/ECF system shall send notification of such filing to counsel of record for each party and those registered to receive a Notice of Electronic Filing for this case.

Dated: July 20, 2026

**ASHURST PERKINS COIE US LLP**

By: /s/ Michael J. Wadden
Michael J. Wadden
michael.wadden@ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

*Counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*