**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br><br>**PLAINTIFFS,**<br><br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br><br>**DEFENDANTS.** | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**<u>DECLARATION OF MICHAEL J. WADDEN</u>**

1. I am an attorney at Ashurst Perkins Coie US LLP, counsel for Plaintiffs Uber Technologies, Inc. ("Uber") and Federal Express Corporation ("FedEx") (collectively, "Plaintiffs") in the above-captioned matter. I submit this declaration in support of Plaintiffs' Renewed Motion to Enforce Subpoena to Thrivest Legal Funding LLC's, based on my personal knowledge except as otherwise indicated.

2. Attached hereto as Exhibit 1 is an authentic copy of a subpoena issued by Uber to Thrivest Legal Funding LLC ("Thrivest"). Plaintiffs provided notice of the subpoena to Defendants before the subpoena was served.

3. Attached hereto as Exhibit 2 is an authentic copy of an affidavit of service of that subpoena.

4. Attached hereto as Exhibit 3 is an authentic copy of an email chain including emails between Uber's counsel and Ken Bonenberger.

5. I understand Mr. Bonenberger is Thrivest's counsel, based on: Mr. Bonenberger's representations to me; Mr. Bonenberger's bio on the Thrivest website (https://thrivestlink.com/our-team/), which lists Mr. Bonenberger as Thrivest's "Chief Risk Officer" and describes Mr. Bonenberger as the General Counsel and Chief Risk Officer of Thrivest's parent company; and documents produced by Premier Pain & Rehab Center, PC ("Premier Pain") in discovery, which reflect Mr. Bonenberger acting on Thrivest's behalf.

6. Attached hereto as Exhibit 4 is an authentic copy of an email chain including additional emails between Uber's counsel and Mr. Bonenberger.

7. Attached hereto as Exhibit 5 is an authentic copy of an email chain including emails between Plaintiffs' counsel and counsel for Marc Simon and Simon & Simon P.C. ("Simon & Simon").

8. Attached hereto as Exhibit 6 is an authentic copy of documents produced by Premier Pain in the above-captioned matter. The documents include an email exchange between Mr. Bonenberger and Blessen Abraham and an attached Master Medical Receivables Assignment and Purchase Agreement between Thrivest and Premier Pain.

9. Attached hereto as Exhibit 7 is an authentic copy of a document produced by Premier Pain in the above-captioned matter, with a redaction imposed over the claimant's name. The document is a bill of sale between Thrivest and Premier Pain relating to treatment allegedly provided to Claimant U, among others. Premier Pain has also produced several similar bills of sale between Thrivest and Premier Pain relating to treatment allegedly provided to other claimants identified in the Amended Complaint.

10. Attached hereto as Exhibit 8 is an authentic copy of a document produced by Premier Pain in the above-captioned matter, with a redaction imposed over the claimant's name. The document is a letter of protection on Simon & Simon letterhead apparently executed by Claimant U. Premier Pain has also produced several similar letters of protection signed by other claimants identified in the Amended Complaint.

11. Attached hereto as Exhibit 9 is an authentic copy of an online review displayed at the URL recorded on the Exhibit as of the timestamp displayed on the Exhibit.

12. Counsel for Uber provided notice and a copy of the Court's June 2, 2026 Order (ECF No. 113) to Thrivest via overnight delivery, as described in the Certificate of Compliance filed with the Court on June 4, 2026 (ECF No. 114).

13. Counsel for Uber provided notice and a copy of the Court's June 10, 2026 Order (ECF No. 125) to Thrivest via overnight delivery completed on June 12, 2026 to Thrivest's offices.

14. I also provided notice and a copy of the Court's June 10, 2026 Order (ECF No. 125) to Thrivest via email to Mr. Bonenberger on June 11, 2026, as reflected in Ex. 3. That email identifies the claimants identified in the pleadings and informs Thrivest:

> We served the attached subpoena on Thrivest Legal Funding LLC on May 28. The subpoena was briefly stayed by the Court on June 2, but the attached Order issued yesterday ended that stay. The subpoena was originally noticed for June 11, and following the 8-day stay, the return date is now June 19.
>
> The Court's Order also modified the subpoena by changing the definition of "Claimant." Pending further instruction consistent with the Court's Order, you should interpret the term "Claimant" as referencing any of the persons listed below.

15. Counsel for Uber did not receive a response from Thrivest before June 24, 2026. On June 24, 2026, I sent an email to Mr. Bonenberger, as reflected in Ex. 3. That email states, in part:

> I am following up on my below email. We served the attached subpoena on Thrivest Legal Funding LLC (Thrivest) on May 28. As noted in my prior email, consistent with the attached Court Order, Thrivest's responsive production was due on June 19. But as of today, Thrivest has not provided any response.
>
> Please advise if you intend to comply with the subpoena by no later than Friday, June 26. We remain available for a call if you would like to discuss

16. On June 24, 2026, I received an email from Mr. Bonenberger, as reflected in Ex. 3. That email states: "Michael, we will have a response by the end of the week."

17. On June 26, 2026, I had a telephonic conversation with Mr. Bonenberger. The contents of that conversation are reflected in my email to Mr. Bonenberger dated June 26, 2026, included in Ex. 4. That email states, in part:

> Thanks for the call today. As discussed, we understand that you will produce the records responsive to our subpoena (as amended by the Court's June 10 Order) by next Thursday, July 2, and we agree not to initiate any potential subpoena enforcement proceedings until after July 2.
>
> Consistent with Paragraphs 4.d and 4.f of the Court's June 10 Order, we have now identified the 25 additional claimants who will be the subjects of discovery. I've attached our declaration identifying those individuals here, and below I've provided you with an updated list, which includes both the individuals identified in my June 11 email and the additional individuals identified today. For purposes of subpoena compliance, we are considering that the full list of individuals who fall within the definition of the term "Claimant" as used in the subpoena.
>
> Per-your request, I'm also attaching here a copy of the Complaint and Amended Complaint. I'm available to discuss next week if you have other questions related to subpoena compliance.

The email also provides an updated list of claimants including the claimants in Plaintiffs' June 26, 2026 declaration identifying the additional 25 claimants who are present subjects of discovery.

18. Mr. Bonenberger did not respond to my above-described June 26 email by July 2, 2026, nor did Thrivest produce records responsive to the subpoena.

19. On July 2, 2026, I received an email from Simon & Simon's counsel in this matter, as reflected in Ex. 5. That email states, in part:

> With respect to subpoenas, please also confirm if you have issued a subpoena to Thrivest pursuant to Paragraph 4(d) of the Order. Given that the subpoena you sent us on May 27, 2026 is facially violative of Paragraph 4(d), any new subpoena would have to be served on us again under Rule 45(a)(4). Indeed, when you first served a subpoena on Thrivest without Rule 45(a)(4) notice to us, you reissued the subpoena to Thrivest only after giving us notice of it. We think separate notice is similarly required if you issue any new subpoena to Thrivest under Paragraph 4(d).

20. The next business day, on July 6, 2026, I received an email from Mr. Bonenberger, as reflected in Ex. 4. That email states: "Mike, upon further review of the various pleadings and subpoena, we will need a new subpoena given that the prior one was quashed and it doesn't include the additional 25 individuals."

21. On July 6, 2026, I responded to Mr. Bonenberger's email, as reflected in Ex. 4. My email response explains that the subpoena was not quashed, notes that Thrivest's 180-degree change in position coincided with Simon & Simon's email regarding the Thrivest subpoena, and asks Mr. Bonenberger to provide his availability to meet and confer.

22. The remainder of my email communications with Mr. Bonenberger—with the exception of my emails serving Plaintiff's original motion to compel and a follow-up email alerting Mr. Bonenberger that the Court denied that motion without prejudice—are reflected in Ex. 4. As reflected in those emails, I repeatedly asked Mr. Bonenberger to provide his availability to meet and confer, but he did not do so.

23. As of the date of this declaration, Thrivest has not produced a single document in response to Uber's subpoena.

24. During a separate meet and confer discussion, Premier Pain's counsel confirmed to me that Thrivest is the only funder that purchased receivables for Simon & Simon claimants treated by Premier Pain.

25. Records Premier Pain has produced to date demonstrate that Thrivest purchases some of Premier Pain's medical liens for Simon & Simon claimants, but not all of them. For example, Premier Pain has not produced a bill of sale reflecting Thrivest's purchase of a medical lien for Claimant E. However, Premier Pain did produce a copy of a $5,000 check from Simon & Simon to Premier Pain with the memo: "Full/Final Payment – 2023-51277 [Claimant E.]"

26. Attached hereto as Exhibits 10 and 11 are authentic copies of email exchanges with Defendants regarding Plaintiffs' Motion.

27. Attached hereto as Exhibit 12 is an authentic copy of the letter described in my certificate of service directing Thrivest to the Court's Policies on the Court's website and notifying Thrivest of its obligation to timely respond.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Rockville, Maryland, on July 20, 2026

_/s/ *Michael J. Wadden*_____
Michael J. Wadden