# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

UBER TECHNOLOGIES, INC. AND FEDERAL EXPRESS CORPORATION )
*Plaintiff* )
v. )
SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS )
*Defendant* )

Civil Action No. 2:25 cv 05365 MAK

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: THRIVEST LEGAL FUNDING LLC (D/B/A THRIVEST LINK LEGAL FUNDING)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A attached. This replaces the subpoena served on 5/27/2026.

| Place: Rohn Kurland, P.C.<br>1700 Market St, Suite 1005<br>Philadelphia, PA 19103 | Date and Time:<br>06/11/2026 10:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/28/2026

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

/s/ Sydney N. Veatch
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Uber Technologies , who issues or requests this subpoena, are:

Sydney Veatch; 700 13th Street, NW, Suite 800, Washington DC 20005; SVeatch@perkinscoie.com; 202-654-1702

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:25 cv 05365 MAK

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
__________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________
__________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1. "Thrivest," refers to Thrivest Legal Funding LLC (d/b/a Thrivest Link Legal Funding), and all its officers, employees, professionals, predecessors, affiliates, and anyone acting on its behalf.

2. "Lance Yarus" refers to Lance Yarus, any entity through which he may conduct his business, including, Regional Orthopedic Associates, P.C. and any other person or entity acting on his behalf.

3. "Simon & Simon" refers to Simon & Simon P.C. and its officers, directors, employees, agents, contractors, attorneys, partners, subsidiaries, and affiliates, or any other person or entity acting on Simon & Simon's behalf, including any person utilizing an email address with the domain "@gosimon.com".

4. "Premier Pain" refers to Premier Pain & Rehab Center, PC, and all its officers, employees, doctors, medical professionals, predecessors, affiliates, or anyone acting on its behalf, including Clifton Burt and Blessen Abraham.

5. "Claimant(s)" refers to any person represented by Simon & Simon in connection with alleged personal injuries. The term includes, but is not limited to, each person listed in Attachment 1.

6. References to the terms "and" and "or" shall be interpreted in their broadest sense and shall include both the disjunctive and the conjunctive.

7. "Communication" and "Communications" mean the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise). For the avoidance of doubt, "Communication" includes electronic and handwritten messages regardless of format, such as

communications through text messages, instant messages, messaging services (e.g., WhatsApp, Signal, Skype), social media (e.g., Twitter/X, Facebook), text, notes, or email, including attachments.

8. "Document" has the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes any means for retaining information. For illustrative purposes, it refers to, without limitation, all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or records of every kind and description, and includes all preliminary versions, drafts or revisions of the foregoing.

9. "Concerning", "related to", or "relating to" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, reflecting, referring to, regarding, relating to, reporting on, reviewing, setting forth, supporting, suggesting, summarizing, stating, showing, or touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

## **INSTRUCTIONS**

1. Each request below seeks documents and things in the possession, custody, or control of Thrivest, including your representatives, your agents, and any other persons acting for or on your behalf.

2. Documents or things responsive to these requests shall be produced as they are kept in the usual course of business.

3. If you deem any documents sought to be privileged or otherwise protected from discovery, you must nevertheless identify, in a privilege log, for each document withheld, the following:

a. the legal basis for withholding the document;

b. the person asserting any claim of privilege and/or protection;

c. a description and identification of the requested document sufficient to frame an appropriate demand for the document or motion to compel disclosure, setting forth at least the following:

i. the author and/or signatory of the document withheld;

ii. the date of the withheld document;

iii. the identity of the addressees and all others who have received or read the withheld document;

iv. whether the withheld document has any other documents appended to, included with, attached to, incorporated by, or referred to in the withheld document;

v. whether such other documents have been produced; and

vi. the subject matter and circumstances under which the withheld document was created in sufficient detail to ascertain applicability of the privilege or other legal basis asserted.

4. If a document contains both privileged and non-privileged material, the nonprivileged material should be disclosed to the fullest extent possible. If a privilege is asserted as to part of the material contained in a document, you shall clearly indicate the portion as to which privilege is claimed.

5. If, after exercising due diligence, you are unable to determine the existence of any documents or things falling within a Request, provide a written response.

6. Unless otherwise stated, the timeframe for these Requests is January 1, 2019 through the present.

**REQUESTS FOR DOCUMENTS**

1. All Documents relating to Simon & Simon.

2. All Documents relating to any funding or financing agreement extended to Simon & Simon or any Claimant.

3. All Documents relating to any funding or financing agreement secured by any actual or prospective recoveries with respect to any Claimant.

4. All Documents relating to any distribution or payment to any Claimant.

5. All Documents relating to the allocation or distribution of any settlement proceeds for any Claimant.

6. All Documents relating to the purchase of receivables from Premier Pain or Clifton Burt.

7. All Documents, including but not limited to payment records, relating to Premier Pain, Clifton Burt, or Blessen Abraham.

8. All Documents, including but not limited to payment records, relating to Lance Yarus.

9. All Documents, including payment records, relating to any of the following:

   a. Philadelphia Spine Associates, LLC;

   b. Philly Spine Center, Inc.;

   c. The Rehab Centre, Inc.;

d. PennDel Rehab LLC;

e. Spinal Care, LLC;

f. Regen Doctors Inc.;

g. Passyunk Chiropractic and Rehabilitation, LLC;

h. Excelsia Injury Care of Pennsylvania;

i. Philadelphia Pain Center;

j. Philadelphia Foot Doctor, Dr. Alyssa Piccillo;

k. Advantage Medical and Rehabilitation;

l. West Philadelphia Pain Management;

m. Excel Physical Medicine & Rehab; or

n. North American Spine & Pain.

**ATTACHMENT 1**

1. Adenike Oluwole
2. Alberto Ayala
3. Andre Shelton
4. Andre Westbrook
5. Angela Belcher
6. April Bailey
7. Asia Showell
8. Bahijah Johnson
9. Brenda Clark
10. Cassandra Francois
11. Charmaine Davis
12. Dajuan Samuel
13. Dajuan Speaks
14. Dameond Bailey
15. Darnell Legett
16. Deniece Harvey
17. Denita Woodson
18. Desha Mack
19. Donald Major
20. Dorian Span
21. Dreana Deidra Johnson (aka Dreana Thomas)
22. Enrique Santiago
23. Ericka Adams
24. George Kirby
25. Geraldine Fulton
26. Heaven Simmons
27. Heavin Akins
28. Jahleel Bennett
29. Jahlil Palmer
30. Jajaira Melendez
31. James Drayton
32. James Whitaker

33. Jazmine Green (aka Jazmine Green-Isham)
34. Jazmyn Coriano
35. Jeffrey Robinson
36. Johnathan Wescott
37. Jonathan Jefferson
38. Joseph Bailey
39. Joseph Jackson
40. Juan Agosto
41. Kareema Williams
42. Kayonna Gambrell-Holmone
43. Knatyba Walker
44. Latoya McDonald-Colon
45. Marcello Dattilo
46. Melvin Wilkerson
47. Mercedes Bellinger
48. Michelle Cruz
49. Nadir Jones
50. Noel Serrano
51. Osvil Leonel Contreras Madrid
52. Otis Goodwin
53. Rafael Gomez
54. Rasheed Larke
55. Rashondah Coleman
56. Robert Mackey
57. Robert Smith
58. Ronae Hughes-Crawley
59. Rosetta Butler
60. Samir Pace
61. Shakia Nicholson
62. Sharay Precia
63. Sira Sylla
64. Tamika Barnes
65. Tenisha Walker

66. Tierre Kirkland
67. Yasmeen Bailey
68. Zakiyyah Greenwood
69. Zhane Stones