## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION, | : | |
| | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 2:25-cv-05365-MAK |
| | : | |
| SIMON & SIMON, P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, AND LANCE YARUS, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| SIMON & SIMON, P.C., and MARC SIMON, | : | |
| | : | |
| | : | |
| Counterclaimants, | : | |
| | : | |
| v. | : | |
| | : | |
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION, | : | |
| | : | |
| | : | |
| Counterclaim-Defendants. | : | |

**DEFENDANTS/COUNTERCLAIMANTS
SIMON & SIMON, P.C. AND MARC SIMON'S RESPONSE
TO PLAINTIFFS/COUNTERCLAIM-DEFENDANTS' RENEWED MOTION TO
COMPEL COMPLIANCE WITH UBER TECHNOLOGIES, INC.'S SUBPOENA
<u>DIRECTED TO THRIVEST LEGAL FUNDING LLC (ECF 162)</u>**

The Court has permitted the "issuance of third party discovery" to "Thrivest Legal Funding LLC for records relating to the identified Claimants in the amended Complaint (ECF 71) … as well as up to twenty-five later identified Simon Defendants' clients." ECF 125 (the "Order") ¶ 4(f). That universe is now determined: 31 claimants from the complaints and 25 claimants from the Daniels Declaration. At their own urging, Plaintiffs' "choice limits their adduced evidence" to those 56 claimants. ECF 148 (July 7, 2026 Order).

The Simon Parties have no objection to a subpoena to Thrivest within the scope of Paragraph 4(f) of the Order.  Of course, no such subpoena has been issued to date. A plain review of Uber's and FedEx's motion makes that clear. The subpoena that Uber and FedEx move to "enforce" – Exhibit 1 to their Motion – is facially beyond the scope of Paragraph 4(f). It seeks "All Documents relating to Simon & Simon" and many documents about "Claimants" that are defined to include "any person represented by Simon & Simon in connection with alleged personal injuries" which "includes, but is not limited to" 69 individuals (obviously more than the 56 relevant Claimants). Mot. Ex. 1, ECF 162-2. Uber and FedEx admit they are trying to skirt the Court's order, stating: "the Court's limitation of discovery to claimants in the pleadings plus 25 should not curtail production of documents showing how Thrivest found its way to Premier Pain, the inception of the master agreement and the other documents responsive to request no. 1." Mot. at 3.

Thrivest can make whatever arguments in response to Uber's and FedEx's motion as it sees fit. The Simon Parties file this response to address a number of misrepresentations made in the Motion and request that the Court require the subpoena to Thrivest be reissued, consistent with its Order, rather than allowing Uber and FedEx to send piecemeal email communications that leave the requests intact and create confusion.

***First***, Uber and FedEx have no basis to represent to this Court that the Simon Parties are

engaging in "improper interference" with the subpoena, "stonewalling" or "running the clock out on discovery." Motion at 1, 3. The record demonstrates the opposite. *Plaintiffs' counsel* was unilaterally communicating with Thrivest trying to "modify" Plaintiffs' facially broad subpoena, on an *ex parte* basis, via serial emails. When the Simon Parties' counsel was eventually looped in, they noted how confusing Plaintiffs' counsel's approach was for both clarity of the record and for subpoena compliance. The Simon Parties asked Plaintiffs' counsel how the subpoena was to be interpreted, and Plaintiffs' counsel ignored those questions. Mot. Ex. 4 (ECF 162-5); Mot. Ex. 11 (ECF 162-12). Asking questions about a subpoena that facially exceeds the scope of the Court's Order is not improper. What *is* improper is refusing to answer those questions in an attempt to mislead a third-party into producing documents beyond the scope of that Order. And, the only parties "delaying" are Uber and FedEx. The Order was entered on June 10, 2026. Yet, Uber and FedEx have not issued a compliant subpoena under Paragraph 4(f) in the **six weeks** that have followed that Order.  What is worse is that these baseless allegations remained in the "renewed" motion, after this Court denied the original motion for lack of conferral and after the Simon Parties put Uber and FedEx on notice that these representations were false. Mot. Ex. 11.

**Second**, Plaintiffs have no basis to point to a Google Maps screenshot as support to claim – in a federal court paper signed by counsel – that "Marc Simon and Simon & Simon introduced Thrivest to Premier Pain." Motion at 1. The screenshot has nothing to do with Premier Pain. Mot. Ex. 9. It references a provider in Massachusetts and a client that is not one of the relevant Claimants in this case.

**Third**, Uber and FedEx have articulated no credible basis for their claim that *Thrivest's* (or any non-party's) subjective valuation of claims is relevant to any element to Plaintiffs' RICO claims. It does not matter whether Thrivest has "unique internal records reflecting its diligence,

2

review, and approval process for investing in particular claims, as well as the profitability of those claims." Thrivest is not a party, and its knowledge is not *Defendants'* knowledge. Uber's attempt to skirt Paragraph 4(f) instead appears to be a yet another abusive litigation tactic against yet another enemy in Uber's tort reform crusade: litigation funders. *See* **Ex. 1**, *Uber Targets Litigation Funders in Rider Driver Agreements (1)*, Bloomberg Law (July 9, 2026), available at https://news.bloomberglaw.com/business-and-practice/uber-targets-litigation-funders-in-rider-driver-agreements ("Uber Technologies Inc. has moved to thwart lawsuits funded by outside investors by requiring customers and drivers who sue the company to disclose details of any such arrangements. The requirement, which Uber includes in contracts for drivers and in its app for customers, makes it harder for consumers and employees to find outside backing to sue the company, said Maria Glover, a Carmack Waterhouse professor of law at Georgetown University. 'No rational funder is going to inject themselves into a case where they have to disclose basically their due diligence and their work product,' Glover said. Company executives 'want to cut off the avenues to going after them.'").[1]

Uber and FedEx can issue a subpoena to Thrivest that fits within the scope of Paragraph 4(f) of the Order. They should not be permitted to unilaterally decide when Court Orders apply to them or not. If they wanted reconsideration of the Order, they could have timely moved for it (they did not).

For these reasons, the Court should enforce Paragraph 4(f) of the Order entered at ECF 125 and require the subpoena to Thrivest be reissued consistent with that Order. If Uber's and FedEx's Motion is viewed as a request to extend Paragraph 4(f), it should be denied.

---

[1] *See also* **Ex. 2**, *Uber's New Litigation Funding Terms Would Hinder Accountability,* Bloomberg Law (July 23, 2026), available at https://news.bloomberglaw.com/legal-exchange-insights-and-commentary/ubers-new-litigation-funding-terms-would-hinder-accountability.

Dated: July 23, 2026

Respectfully submitted,

**BLANK ROME LLP**


/s/ Daniel E. Rhynhart
James T. Smith (I.D. No. 39333)
Daniel E. Rhynhart (I.D. No. 78248)
Rebecca D. Ward (I.D. No. 79547)
Michael A. Stoolman (I.D. No. 326117)
Maegan S. Spitzer (I.D. No. 335905)
One Logan Square, 130 N. 18th
Street
Philadelphia, PA 19103
Phone: (215) 569-5371
Email: Jim.Smith@BlankRome.com
Dan.Rhynhart@BlankRome.com
Rebecca.Ward@BlankRome.com
Michael.Stoolman@BlankRome.com
Maegan.Spitzer@BlankRome.com

*Attorneys for*
*Defendants/Counterclaimants*
*Simon & Simon, P.C. and Marc Simon*

## CERTIFICATE OF SERVICE

I, Daniel E. Rhynhart, hereby certify that on July 23, 2026, a true and correct copy of the foregoing was served via ECF on all counsel of record.

/s/ Daniel E. Rhynhart
Daniel E. Rhynhart