**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br><br>**Defendants.** | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**PLAINTIFFS' MOTION TO COMPEL SIMON & SIMON P.C., PREMIER PAIN & REHAB CENTER, PC, AND PHILADELPHIA SPINE ASSOCIATES, LLC <u>TO COMPLY WITH THEIR BASIC DISCOVERY OBLIGATIONS</u>**

Notwithstanding the Court's instruction that "delay game[s] . . . just won't happen" in this case, Ex. 1 at 84, Marc Simon, Simon & Simon, and the remaining Defendants persist with their strategy to run out the clock. They have delayed for weeks in responding to basic discovery obligations despite numerous efforts to meet and confer. Plaintiffs accordingly seek the following relief to have discovery move forward.

## I. SIMON & SIMON SHOULD PRODUCE ITS RULE 30(B)(6) WITNESS.

The Court should compel Simon & Simon to make its Rule 30(b)(6) witness available for deposition within the next seven days because it has—for the past six weeks—refused to provide any available dates. Plaintiffs served a Rule 30(b)(6) deposition notice on Simon & Simon on June 5, 2026, a few days after Simon & Simon served their own 30(b)(6) notice. Wadden Decl. ¶¶ 8–9. Simon & Simon stonewalled, refusing to identify a witness or offer deposition dates. *Id.* ¶¶ 10–13. Only after being advised of this Motion did Simon & Simon belatedly agree to meet and confer and offer deposition dates of September 3, 4, 11, or 14. *Id.* Plaintiffs, however, sought an early Rule 30(b)(6) deposition in order to streamline and facilitate discovery. The noticed deposition properly seeks information about documents, processes, and positions. Such information is necessary to assess which and whether other witnesses need to be deposed and whether additional documents need to be requested and produced. Such gating discovery is particularly important given that Defendants have objected to Plaintiffs' proposal to depose more than ten witnesses. Defendants' proposal to delay this deposition until September—over two months after the deposition was noticed—would frustrate that purpose The Court should order Simon & Simon to identify its Rule 30(b)(6) witness(es) immediately and make them available for deposition within seven days. *See Shippensburg Urb. Devs. v. United States*, 2022 WL 2805334, (E.D. Pa. July 18, 2022).

## II. SIMON & SIMON SHOULD PRODUCE DOCUMENTS.

The Court should also compel Simon & Simon to produce documents it has already agreed to produce but has to date withheld. As of this filing, Simon & Simon has produced a total of 133 documents, half of which were produced on June 1 pursuant to the Court's Order regarding initial disclosures. Wadden Decl. ¶ 14. Refusing repeated requests in meet and confers to produce documents promptly, Simon & Simon instead says in their responses that they will complete their production by "November 30, 2026." Ex. 3 at 7; Ex. 9 at 1–2; Wadden Decl. ¶¶ 11–15. Again, the Simon Defendants are just trying to run out the clock.

Plaintiffs served their RFPs on May 23, Wadden Decl. ¶ 4, and Simon & Simon has known the identities of the Claimants in the Amended Complaint for months. Simon & Simon agreed to produce non-privileged case files and email communications relating to the claimants presently at issue and has committed to making those productions on a rolling basis. Ex. 9 at 1–2. Since these are primarily litigation files, they have at all times been readily available to Simon & Simon, and it is obvious from their submissions to the Court during the Motion to Dismiss the original Complaint that these were collected and analyzed by Simon & Simon long before discovery even began. *See* ECF No. 41 at 4–8 (discussing claimants in detail). Plaintiffs cannot proceed with depositions, ripen discovery disputes, or identify areas for third-party discovery until they have reviewed the claimant-related documents in Simon & Simon's possession that even Simon & Simon acknowledges need to be produced. The Court should compel Simon & Simon to produce the documents responsive to Plaintiffs' RFP 1 that are undisputedly within the scope of discovery, including the case files for the claimants presently at issue, and the communications identified based on the custodial searches Simon & Simon has already agreed to conduct. *See* Wadden Decl. ¶ 15 (describing Simon & Simon's commitment to search custodial files).[1]

---

[1] Simon & Simon has also improperly objected to the production of other documents. The parties continue to confer about those objections and will present any unresolved issues to the Court.

## III. DEFENDANTS SHOULD PRODUCE ATTACHMENTS

Additionally, the Court should compel Premier Pain and PSA to produce attachments with relevant parent emails. Confirming the scheme, Premier Pain has produced numerous emails showing Simon & Simon's mass-scheduling and directions to perform radiofrequency ablation treatments, *e.g.*, Ex. 13–15. These productions do not include attachments with parent emails, an omission that renders many of the produced emails incomprehensible. Wadden Decl. ¶¶ 16–20. Premier Pain has refused to commit to doing so within a reasonable timeframe. *Id.* ¶ 21; Exs. 10, 15. PSA has also failed to produce attachments with parent emails, *e.g.* Exs. 16–17 and has refused to correct that deficiency. Wadden Decl. ¶ 26. Plaintiffs' RFPs and the Federal Rules require Defendants to produce attachments with their parent emails, since attachments are "components of the emails themselves." *Landau v. Zong*, 2017 WL 6336630, at *3 (M.D. Pa. Dec. 12, 2017); Exs. 4–5 at Instruction 1. The Court should order Defendants to produce documents that have been produced pursuant to the initial disclosures or any request with attachments with their parent emails.

## IV. PSA SHOULD PRODUCE UNREDACTED DOCUMENTS.

Finally, the Court should order Defendants not to redact unprivileged information. PSA has heavily redacted relevant non-privileged information, including the names of Simon & Simon claimants. *E.g.* Exs. 17–18. Given the Court's HIPAA Protective Order (ECF No. 129), PSA has no justification for these redactions, which are improper and designed to obstruct discovery. *Delaware Display Grp. LLC v. Lenovo Grp. Ltd., Lenovo Holding Co*., 2016 WL 720977, at *6 (D. Del. Feb. 23, 2016) ("a party may not redact information that it unilaterally deems sensitive, embarrassing, or irrelevant"). Further, while the Court's Orders limit the scope of claimants that are presently subject to discovery, there has been no order authorizing improper redactions of documents that otherwise relate to those permitted claimants.

Plaintiffs respectfully request that the Court enter the proposed order.

Dated: July 24, 2026

**ROHN KURLAND, P.C.**

Amy Kurland, Bar No. 37419
AKurland@rohnkurland.com
1700 Market St, Suite 1005
Philadelphia, PA 19103
Telephone: +1.215.770.0320
Facsimile: +1.215.717.9697

**ASHURST PERKINS COIE US LLP**

By: /s/ David W. T. Daniels
David W. T. Daniels
david.daniels@ashurstperkins.com
Michael J. Wadden
michael.wadden@ashurstperkins.com
Sydney Veatch
sydney.veatch@ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

David B. Massey
david.massey@ashurstperkins.com
Jacob Taber
jacob.taber@ashurstperkins.com
William Wilder
will.wilder@ashurstperkins.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

Michael R. Huston
michael.huston@ashurstperkins.com
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
Facsimile: +1.602.648.7000

*Attorneys for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*

## CERTIFICATE OF CONFERRAL

I, Michael J. Wadden, hereby certify that Plaintiffs' counsel attempted to resolve the issues raised in this Motion through discussions with counsel for Simon & Simon, Premier Pain, and PSA.

Plaintiffs' counsel engaged in a series of emails and calls with counsel for Simon & Simon regarding issues including Simon & Simon's Rule 30(b)(6) deposition and Simon & Simon's failure to timely produce documents, as described in my declaration and reflected in Exhibits 8, 9, 10, and 11. The calls occurred on July 1 and 10, 2026. During the July 10 call, Simon & Simon stated that it was not prepared to meet and confer regarding Plaintiffs' Rule 30(b)(6) deposition and refused to commit to a date by which it would be prepared, but indicated that the deposition should occur towards the end of the discovery period. Simon & Simon also represented that it would produce documents on a rolling basis but would not commit to firm dates. Today, Simon & Simon finally offered Rule 30(b)(6) deposition dates in September, but it still has not made the promised rolling productions, or committed to a date before November 30, 2026 by which its productions of documents relating to claimants presently at issue will be complete. Having attempted for weeks and been unable to reach a satisfactory resolution through discussions between the parties, I believe those issues are now ripe for the Court's intervention.

Plaintiffs' counsel also engaged in a series of emails and calls with counsel for Premier Pain regarding issues including the deficiencies in Premier Pain's document productions, as reflected in Exhibits 15 and 10. The calls occurred on July 1 and 14, 2026. Following those discussions, Premier Pain has agreed to reproduce emails with their attachments. However, Premier Pain has refused to commit to a date by which such reproductions will be complete. Again, having attempted for weeks and been unable to reach a satisfactory resolution through discussions between the parties, I believe this issue is now ripe for the Court's intervention.

Plaintiffs' counsel also engaged in emails and a call with counsel for PSA regarding issues including the deficiencies in PSA's document productions, as reflected in Exhibits 10, 19, and 20. The call occurred on July 2, 2026. PSA's counsel took the position that Plaintiffs' request that collections and productions be performed by counsel in a manner that preserves relevant metadata and document family relationships is "a ridiculous suggestion with no purpose other than to artificially inflate legal expense." Ex. 19 at 3. PSA's counsel also refused to agree to produce unredacted documents, though PSA's counsel did ask Plaintiffs' counsel to delay filing this motion until after an additional meet and confer, asserting there is "zero urgency" in resolving the disputes at issue. Ex. 20 at 1. Again, having attempted and been unable to reach a satisfactory resolution through discussions between the parties, I believe the issues raised in this Motion as to PSA are now ripe for the Court's intervention.

Dated: July 24, 2026

**ASHURST PERKINS COIE US LLP**

By: /s/ Michael J. Wadden
Michael J. Wadden
michael.wadden@ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

*Counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court through the CM/ECF system. By electronically filing, the CM/ECF system shall send notification of such filing to counsel of record for each party and those registered to receive a Notice of Electronic Filing for this case.

Dated: July 24, 2026

**ASHURST PERKINS COIE US LLP**

By: /s/ Michael J. Wadden
Michael J. Wadden
michael.wadden@ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

*Counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*