**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br><br>**PLAINTIFFS,**<br><br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br><br>**DEFENDANTS.** | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**DECLARATION OF MICHAEL J. WADDEN**

1. I am an attorney at Ashurst Perkins Coie US LLP, counsel for Plaintiffs Uber Technologies, Inc. ("Uber") and Federal Express Corporation ("FedEx") (collectively, "Plaintiffs") in the above-captioned matter.

2. I submit this declaration in support of Plaintiffs' Motion to Compel Defendants Simon & Simon P.C., Premier Pain & Rehab Center, PC, and Philadelphia Spine Associates, LLC to comply with their basic discovery obligations, based on my personal knowledge except as otherwise indicated.

3. Attached hereto as Exhibit 1 is an authentic copy of excerpts from the transcript of the hearing held in this case on July 21, 2026.

4. Attached hereto as Exhibit 2 is an authentic copy of Plaintiffs' First Requests for Production to Simon & Simon P.C. ("Simon & Simon") and Marc Simon, which was served via email on May 23, 2026.

5. Attached hereto as Exhibit 3 is an authentic copy of Simon & Simon and Marc Simon's Amended Objections and Responses to Plaintiffs' First Requests for Production.

6. Attached hereto as Exhibit 4 is an authentic copy of Plaintiffs' First Requests for Production to Premier Pain & Rehab Center, PC ("Premier Pain") and Clifton Burt, which was served via email on May 23, 2026.

7. Attached hereto as Exhibit 5 is an authentic copy of Plaintiffs' First Requests for Production to Philadelphia Spine Associates, LLC ("PSA"), Ethel Harvey, and Daniel Piccillo, which was served via email on May 23, 2026.

8. Plaintiffs served their Notice of 30(b)(6) Deposition on Simon & Simon on June 5, 2026. An authentic copy of the email serving the Notice and the Notice is attached hereto as Exhibit 6.

9. Simon & Simon and Marc Simon served their own Rule 30(b)(6) deposition notice on Plaintiffs Uber Technologies, Inc. ("Uber") several days before Plaintiffs served their Notice on Simon & Simon. An authentic copy of the Notice Simon & Simon and Marc Simon served on Uber is attached hereto as Exhibit 7.

10. After serving their Notice of 30(b)(6) Deposition on Simon & Simon, Plaintiffs repeatedly asked Simon & Simon to meet and confer and provide dates. But for more than six weeks, Simon & Simon refused. An email chain reflecting some of those discussions is attached hereto as Exhibit 8. As that Exhibit displays, on June 15, Simon & Simon told Plaintiffs: "We are still determining which witness(es) will be designated for the topics listed in Plaintiffs' notice (to

the extent those topics are within the scope of discovery). Until we determine the witness(es), we think it is premature to meet and confer regarding scheduling the depositions."

11. Plaintiffs continued to request that Simon & Simon meet and confer and provide deposition dates through July. Attached hereto as Exhibit 9 is an authentic copy of an email chain involving communications between counsel for Plaintiffs and counsel for Simon & Simon. As that email chain reflects, on July 15, in response to Plaintiffs' requests that counsel provide their availability to meet and confer and propose dates for a deposition, Simon & Simon's counsel stated: "We are reviewing the topics of examination and will provide you with dates for a meet-and-confer regarding the same as soon as possible."

12. As of July 22, Simon & Simon still had not agreed to meet and confer regarding its Rule 30(b)(6) deposition. On July 22, Plaintiffs' counsel sent counsel for Simon & Simon, Premier Pain, and PSA an email alerting them that Plaintiffs intended to file the Motion. That email is the first email in the chain attached hereto as Exhibit 10.

13. On July 23, Simon & Simon finally provided a response regarding the Rule 30(b)(6) deposition Notice. Attached hereto as Exhibit 11 is an authentic copy of an email chain and attached letter with that response. On July 24 around 2:50 pm Eastern Time, Simon & Simon sent an additional email stating that: "Based upon the availability of counsel as of today, Simon & Simon can present its 30(b)(6) witness(es) as follows: September 3rd, September 4th, September 11th or September 14th." That email did not identify a Rule 30(b)(6) witness.

14. As of July 24, 2026 at 3:00 pm Eastern Time, Simon & Simon has produced 133 documents in this matter, approximately half of which were produced with their initial disclosures.

15. Simon & Simon has committed to producing the firm's case files for each of the claimants presently at issue in discovery. They have also agreed to search custodial email files

using search terms including "[claimant's first name] /2 [claimant's last name]"; "file number"; and "claimants' known email addresses and phone numbers[.]" Those commitments are documented on pages 1–2 of the email chain attached as Exhibit 9. Simon & Simon has committed to making rolling productions of these documents, but as of July 24, 2026 at 1:00 pm Eastern Time, has not made any such rolling productions.

16. Attached hereto as Exhibit 12 is an authentic copy of an email exchange produced by Premier Pain in the above-captioned matter, with the starting Bates Number PREMIER_002224. The email was produced without attachments. One of the individuals discussed in the email is Claimant GG in the Amended Complaint. Plaintiffs applied the redactions displayed on the Exhibit prior to filing, following discussion with Premier Pain's counsel.

17. Attached hereto as Exhibit 13 is an authentic copy of an email exchange produced by Premier Pain in the above-captioned matter, with the starting Bates Number PREMIER_002227. The email was produced without attachments. One of the individuals discussed in the email is Claimant GG in the Amended Complaint. Plaintiffs applied the redactions displayed on the Exhibit prior to filing, following discussion with Premier Pain's counsel.

18. Attached hereto as Exhibit 14 is an authentic copy of an email exchange produced by Premier Pain in the above-captioned matter, with the starting Bates Number PREMIER_002231. The email was produced without attachments. One of the individuals discussed in the email is Claimant GG in the Amended Complaint. Plaintiffs applied the redactions displayed on the Exhibit prior to filing, following discussion with Premier Pain's counsel.

19. On information and belief, I believe Exhibit 14 reflects Premier Pain sending a vendor documents relating to the Simon & Simon clients discussed in Exhibits 12 and 13, and the vendor sending back draft reports regarding the radiofrequency ablations Premier Pain performed

on those Simon & Simon clients. However, because no attachments were provided with the email exchange, I am unable to confirm that understanding or determine what is being communicated.

20. Premier Pain has produced many other emails without attachments, and Exhibits 12–14 are exemplary of this larger group of documents.

21. Starting on June 26, Plaintiffs' counsel repeatedly notified Premier Pain's counsel that its productions were deficient because (among other things) they failed to include attachments with parent emails, and asked Premier Pain's counsel to remedy that deficiency. Premier Pain's counsel has now agreed to reproduce parent emails with their attachments, but has refused to provide a date by which they will do so. Attached hereto as Exhibit 15 is an authentic copy of an email chain including some of those communications. Other relevant communications are included in Exhibit 11.

22. Attached hereto as Exhibit 16 is an authentic copy of an email exchange produced by PSA in the above-captioned matter, with the starting Bates Number PSA-001691. The email was produced without its attachment sequentially included, though opposing counsel has represented to me that he believes the attachment is included somewhere within a larger document in his productions. The individual discussed in the email is Claimant GG in the Amended Complaint.

23. Attached hereto as Exhibit 17 is an authentic copy of an email exchange produced by PSA in the above-captioned matter, with the starting Bates Number PSA-005305. The redactions in that document were applied to the version PSA produced to Plaintiffs. The document was also produced without its attachment sequentially included.

24. Attached hereto as Exhibit 18 is an authentic copy of an email exchange produced by PSA in the above-captioned matter, with the starting Bates Number PSA-005639. The redactions in that document were applied to the version PSA produced to Plaintiffs.

25. PSA has produced many other emails without attachments and with redactions imposed over text that is evidently not protected by a legitimate claim of privilege, and Exhibits 16–18 are exemplary of this larger group of documents.

26. Plaintiffs' counsel notified PSA's counsel that its productions were deficient because (among other things) PSA's document collections and productions were not conducted in a way that preserved relevant metadata and document family relationships. Attached hereto as Exhibit 19 is an authentic copy of an email chain between Plaintiffs' counsel and PSA's counsel discussing those issues. As reflected at page 3 of those emails, PSA's counsel responded to Plaintiffs' request that collections be performed by counsel in a manner that preserves relevant metadata and document family relationships by saying it was: "a ridiculous suggestion with no purpose other than to artificially inflate legal expense." *Id.* at 3.

27. Plaintiffs' counsel exchanged additional emails with PSA's counsel after Plaintiffs provided PSA notice of its intent to file its Motion. Attached hereto as Exhibit 20 is an authentic copy of an email chain between Plaintiffs' counsel and PSA's counsel reflecting those discussions.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Washington, D.C. on July 24, 2026

_*/s/ Michael J. Wadden*____
Michael J. Wadden