# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br>**Defendants.** | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**<u>PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO SIMON & SIMON P.C. AND MARC SIMON</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Uber Technologies, Inc. ("Uber") and Federal Express Corporation ("FedEx") request that Defendants Simon & Simon P.C. and Marc Simon produce the documents described below. Defendants shall make such production no later than thirty days after service of these Requests for Production.

**<u>DEFINITIONS</u>**

1. "Action" means the above-captioned lawsuit.

2. "Simon & Simon" refers to Defendant Simon & Simon P.C. and its officers, directors, employees, agents, contractors, attorneys, partners, subsidiaries, and affiliates, or any other person or entity acting on Simon & Simon's behalf. "Marc Simon" similarly refers to Defendant Marc Simon and anyone acting on his behalf.

3. "Premier Pain" refers to Defendant Premier Pain & Rehab Center, PC and its employees, doctors, medical professionals, predecessors, affiliates, or anyone acting on its behalf.

4. "Philadelphia Spine Associates" refers to Defendant Philadelphia Spine Associates, LLC and its employees, doctors, medical professionals, predecessors, affiliates, or anyone acting on its behalf.

5. "Lance Yarus" refers to Lance Yarus, any entity through which he conducts his business, or anyone acting on his behalf.

6. References to the terms "and" and "or" shall be interpreted in their broadest sense and shall include both the disjunctive and the conjunctive.

7. "Communication" and "Communications" mean the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise). For the avoidance of doubt, "Communication" includes electronic and handwritten messages regardless of format, such as communications through text messages, instant messages, messaging services (e.g., WhatsApp, Signal, Skype), social media (e.g., Twitter/X, Facebook), notes, or email, including attachments.

8. "Document" has the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes any means for retaining information. For illustrative purposes, it refers to, without limitation, all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or records of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, and including audio or video recordings of communications, occurrences or events. This definition includes, but is not limited to, any and all of the following: correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, checks, check registers, financial statements, journals, ledgers, appraisals, reports, forecasts, compilations, schedules, studies, summaries,

analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial packaging, plans, photographs, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer programs, computer printouts, e-mails, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained, including data recorded or stored on computer or other data storage devices such as network storage devices. It also includes any Communications. "Document" or "documents" shall include all preliminary versions, drafts or revisions of the foregoing, and all copies of a document shall be produced to the extent that the copies differ from the document produced due to notations, additions, insertions, comments, enclosures, attachments, or markings of any kind. Further, "document" and "documents" shall include, without limitation, those categories as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, specifically, writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form.

9. "Concerning", "related to", or "relating to" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, reflecting, referring to, regarding, relating to, reporting on, reviewing, setting forth, supporting, suggesting, summarizing, stating, showing, or touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

10. "Claimant(s)" refers to any person represented by Simon & Simon in connection with alleged injuries suffered in an auto accident, slip and fall, or other event alleged to have caused injury to their body. The term includes, but is not limited to, each person listed in Exhibit A.

## INSTRUCTIONS

For the purposes of these Requests, the following instructions apply:

1. In responding to these Requests, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your attorneys, accountants, advisors, representatives, agents, or other persons directly or indirectly employed by, or connected with, you or your attorneys, and anyone else otherwise subject to your control. All documents that respond, in whole or in part, to any portion of the Requests below shall be produced in their entirety, including all attachments and enclosures.

2. In construing these Requests, the plural shall include the singular and the singular shall include the plural; a masculine, feminine, or neutral term shall include all other genders; the terms "or," "and," "and/or," and "including" shall be construed inclusively rather than exclusively so as to bring within the scope of the Request that which otherwise might be construed as being outside the scope of the Request; and the terms "all" and "any" shall be interpreted inclusively so as to mean both "all" and "any" whenever either term is used.

3. If you deem any documents sought by these Requests to be privileged or otherwise protected from discovery, you must nevertheless identify, in any privilege log, for each document withheld, the following:

a. the legal basis for withholding the document;

b. the person asserting any claim of privilege and/or protection;

c. a description and identification of the requested document sufficient to frame an appropriate demand for the document or motion to compel disclosure, setting forth at least the following:

i. the author and/or signatory of the document withheld;

ii. the date of the withheld document;

iii. the identity of the addressees and all others who have received or read the withheld document;

iv. whether the withheld document has any other documents appended to, included with, attached to, incorporated by, or referred to in the withheld document;

v. whether such other documents have been produced; and

vi. the subject matter and circumstances under which the withheld document was created in sufficient detail to ascertain applicability of the privilege or other legal basis asserted.

Notwithstanding a claim that a document is privileged or otherwise protected from disclosure, any documents so withheld must be produced with the portion claimed to be protected excised.

4. The privilege log should be served no later than ten days after the production deadline.

5. Responsive documents shall be produced as they are kept in the ordinary course of business or shall be produced in a manner organized and labeled corresponding with the categories in these Requests in accordance with the Federal Rules of Civil Procedure. If there are no documents or things responsive to a particular Request, you should state so in writing.

6. In responding to these Requests, you must make a diligent search of your records and of other papers or materials in your possession or available to you or your representatives.

7. If you refuse to provide documents responsive to any Request on the grounds of undue burden, you should state in detail the reason(s) for your objection(s), including the number and nature of documents or records needed to be searched and/or produced, the location of the documents, the custodian of the documents, and the number of person-hours and costs required to conduct the search.

8. If any Request is unclear or ambiguous to you, contact undersigned counsel as soon as possible so that the Request can be clarified to avoid unnecessary delays in discovery.

9. If any responsive document is no longer in your possession or subject to your control, state what disposition was made of it, when such disposition was made, why such disposition was made, and by whom such disposition was made. If any requested document was formerly in your possession, custody, or control and has been transferred, lost, or destroyed, submit in lieu of each document a written statement which:

a. describes in detail the nature of the document;

b. identifies the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

c. specifies the date on which the document was prepared or transmitted; and

d. identifies the person last known by you to have been in possession, custody, or control of the document; and

e. specifies, if possible, the date on which the document was transferred, lost, requested to be destroyed, or destroyed.

10. If, after exercising due diligence, you are unable to determine the existence of any documents or things falling within a Request, provide a written response as required by Rule 34.

11. These Requests are ongoing and require periodic and timely supplementation up to and through the completion of any trial in this Action.

**REQUESTS FOR PRODUCTION**

1. With respect to any Claimant who purportedly received treatment, medical care, or medical evaluation of any kind from Clifton Burt or Premier Pain, including without limitation each person listed on Exhibit A:

a. Documents sufficient to show the name and most recent contact information for such Claimant;

b. All Documents regarding the referral of such person to Simon & Simon, including any referral agreements relating to the sharing of recoveries by any such Claimant and any payments made pursuant to such agreements;

c. All Documents relating to the intake of any such Claimant;

d. All Documents relating to the recruitment of any such Claimant, including use of cappers, runners, or steerers;

e. All Documents relating to the terms of engagement for such Claimant by Simon & Simon or any other referring lawyer or law firm;

f. All Documents relating to any third party financing with respect to any payment made on behalf of or to any Claimant;

g. All Documents relating to any purported emergency room treatment, chiropractic care, medical imaging, radiofrequency ablation, or any other medical care received by such Claimant following any purported accident,

injury, or event at issue in connection with Simon & Simon's representation of such Claimant;

h. All Documents relating to any bills, claims, liens, invoices, requests for payment, or payments made in connection with any purported emergency room treatment, chiropractic care, medical imaging, radiofrequency ablation, or any other medical care received by such Claimant following any purported accident, injury, or event at issue in the representation;

i. All Documents relating to the submission, processing, or resolution of any no fault claim with respect to purported medical care received by such Claimant;

j. All Documents relating to the purchase of any Premier Pain or other receivables with respect to any purported medical care received by such Claimant;

k. All Documents regarding any claims submitted to or Communications with any insurer with respect to any purported medical care received by such Claimant;

l. All Documents relating to the scheduling of or transportation to any purported medical care received by such Claimant;

m. All Documents relating to any examination, evaluation, or assessment of such Claimant by Lance Yarus or any other person purporting to opine regarding the Claimant's future medical care;

n. All Documents relating to any purported opinion regarding the cost of future medical treatment;

o. All Documents relating to any payments made, including to clients, in connection with any examination, report, testimony, or other work performed in connection with the delivery of any opinion regarding future medical treatment or its cost;

p. All Documents relating to payments, directly or indirectly, to any such Claimant by Simon & Simon or any litigation funder;

q. All Documents itemizing, describing, or relating to the distribution of any loan or funding proceeds from any litigation funder relating to a claim by any such Claimant;

r. All Documents relating to any demands for payment or settlement made on behalf of such Claimant;

s. All pleadings, discovery requests, motions, exhibits, hearing transcripts, deposition transcripts, expert reports, independent medical examinations, trial transcripts, trial exhibits, jury instructions, jury verdicts, and other court papers for any litigation filed on behalf of such Claimant;

t. All Documents relating to any settlements or recoveries with respect to any such Claimant's claims;

u. All Documents relating to the allocation or distribution of any settlement proceeds or other recoveries to Simon & Simon, any third party litigation funder, any Claimant or any other person;

v. Any agreements between Simon & Simon and any third party litigation funder that is secured by, provides financing for, or is in any way related to actual or potential recoveries to be received by any such Claimant.

2. All Documents relating to Clifton Burt, Blessen Abraham, or Premier Pain.

3. Any agreements with Clifton Burt, Blessen Abraham, or Premier Pain regarding the treatment of any Simon & Simon client.

4. With respect to any Simon & Simon client, all Documents relating to referrals to, transportation to, or scheduling for any purported medical treatment or examination by Clifton Burt or Premier Pain.

5. With respect to any Simon & Simon client, any medical records transmitted or delivered to Simon & Simon by Clifton Burt, Blessen Abraham, or Premier Pain.

6. All Documents relating to any testimony provided by Clifton Burt or Blessen Abraham, including without limitation any transcripts or exhibits, in any case involving a Simon & Simon client.

7. All Documents relating to the retention or payment of counsel for Clifton Burt or Blessen Abraham with respect to testimony or potential testimony in any case involving a Simon & Simon client.

8. All Documents relating to the retention or payment of counsel for Clifton Burt or Premier Pain with respect to this matter.

9. All Documents relating to the purchase of Premier Pain receivables.

10. All Documents relating to any payments made to Premier Pain.

11. All Documents relating to payments to any client in connection with a visit to or examination by Premier Pain.

12. All Documents relating to meetings held over Zoom or by other means with Simon & Simon clients in connection with medical appointments with Premier Pain, including but not limited to any communications with such clients or Premier Pain relating to such meetings.

13. A full copy of any calendars shared with Premier Pain, including but not limited to "Firm Calendar(G)."

14. All Documents relating to Philadelphia Spine Associates, Daniel Piccillo, or Ethel Harvey.

15. Any agreements with Philadelphia Spine Associates, Daniel Piccillo, or Ethel Harvey.

16. With respect to any Simon & Simon client, all Documents relating to referrals to, transportation to, or scheduling for any purported medical treatment or examination by Philadelphia Spine Associates, Daniel Piccillo, or Ethel Harvey.

17. With respect to any Simon & Simon client, any medical records transmitted or delivered to Simon & Simon by Philadelphia Spine Associates, Daniel Piccillo, or Ethel Harvey.

18. All Documents relating to any testimony provided by Daniel Piccillo or Ethel Harvey, including without limitation any transcripts or exhibits, in any case involving a Simon & Simon client.

19. All Documents relating to the retention or payment of counsel for Daniel Piccillo or Ethel Harvey with respect to testimony or potential testimony in any case involving a Simon & Simon client.

20. All Documents relating to the retention or payment of counsel for Philadelphia Spine Associates, Daniel Piccillo, or Ethel Harvey with respect to this matter.

21. All Documents relating to any payments made to Philadelphia Spine Associates, Daniel Piccillo, or Ethel Harvey.

22. All Documents relating to payments to any client in connection with a visit to or examination by Philadelphia Spine Associates, Daniel Piccillo, or Ethel Harvey.

23. All Documents relating to Lance Yarus.

24. Any agreements with Lance Yarus.

25. All reports prepared by Lance Yarus with respect to any Simon & Simon client.

26. With respect to any Simon & Simon client, all Documents relating to the referral to, transportation to, or scheduling for any purported medical examination by Lance Yarus.

27. All Documents relating to any reports or written opinions prepared by Lance Yarus with respect to any Simon & Simon client.

28. All Documents relating to any testimony provided by Lance Yarus, including without limitation any transcripts or exhibits, in any case involving a Simon & Simon client.

29. All Documents relating to the retention or payment of counsel for Lance Yarus with respect to testimony or potential testimony in any case involving a Simon & Simon client.

30. All Documents relating to the retention or payment of counsel for Lance Yarus with respect to this matter.

31. All Documents relating to any payments made to Lance Yarus.

32. All Documents relating to payments to any client in connection with an examination by Lance Yarus.

33. All Documents relating to any office space provided to Lance Yarus.

34. All Documents relating to Joel Swartz or Open MRI of Bala Cynwyd.

35. Any agreements with Joel Swartz or Open MRI of Bala Cynwyd.

36. With respect to any Simon & Simon client, all Documents relating to referrals to, transportation to, scheduling for, examination by, imaging by, or interpretation of imaging results by Open MRI of Bala Cynwyd or Joel Swartz.

37. Any medical records transmitted or delivered to Simon & Simon by Open MRI of Bala Cynwyd.

38. All Documents relating to any payments or compensation provided to Joel Swartz or Open MRI of Bala Cynwyd.

39. All Documents relating to payments to any client in connection with any imaging performed by Open MRI of Bala Cynwyd.

40. With respect to any Simon & Simon clients, all Documents relating to agreements with, referrals to, arrangement of client transportation to, scheduling for, medical records received from, billings by, and payments to, each of the following:

a. Philly Spine Center, Inc.;

b. The Rehab Centre, Inc.;

c. PennDel Rehab LLC;

d. Spinal Care, LLC;

e. Regen Doctors Inc.;

f. Passyunk Chiropractic and Rehabilitation, LLC;

g. Excelsia Injury Care of Pennsylvania;

h. Philadelphia Pain Center;

i. Philadelphia Foot Doctor, Dr. Alyssa Piccillo;

j. South Philadelphia Open MRI;

k. Advantage Medical and Rehabilitation;

l. West Philadelphia Pain Management;

m. Excel Physical Medicine & Rehab;

n. North American Spine & Pain;

o. James F. Bonner; or

p. Any other chiropractor or entity that purports to deliver chiropractic services.

41. With respect to any Simon & Simon clients, all Documents relating to examinations by, reports or written opinions prepared by, payments to, or agreements with, each of the following:

a. Nirav Shah;

b. Gene Salkind;

c. Joseph K. Lee;

d. The Verity Group;

e. ValPar Consultants, Inc.; or

f. J. Quinn Consulting, LLC.

42. All Documents sent from, received by, or otherwise contained within any email account from which Simon & Simon personnel communicated with medical providers regarding medical care, including "medicalsimonlawfirm@gmail.com" or any similar email. Such Documents include all sent and received messages, attachments, and calendar entries.

43. All communications between Marc Simon personally and any medical facility, medical provider, or medical support staff relating in any way to Simon & Simon's business or clients.

44. Any communications in which Marc Simon personally directed, instructed, discussed, or approved specific medical procedures to be performed on any Simon & Simon client.

45. All Documents relating to the structuring of payments to any medical provider through any intermediary, third party funder, or receivables purchase arrangement, including any documents discussing or memorializing the decision to structure payments in a particular way.

46. All Documents reflecting Marc Simon's personal involvement in negotiating, approving, or authorizing any compensation arrangement with any medical provider.

47. All Documents relating to any instruction, direction, or communication to any co-Defendant in this Action, medical provider, or other person regarding the production or withholding of documents, testimony, or cooperation in connection with this Action or any Claimant's case.

48. From 2019 onward, all Forms K-1, 1099, or other Document memorializing any distributions made by Simon & Simon to Marc Simon.

49. From 2019 onward, annual income statements, balance sheets, cash flow statements, statements of changes in equity, or other financial statements for Simon & Simon.

50. The Simon & Simon partnership agreement.

51. From 2019 onward, Documents sufficient to show the identities of all attorneys, paralegals, medical coordinators, administrative staff, and other employees or contractors who worked for or on behalf of Simon & Simon.

52. With respect to any third party litigation funder who has extended any financing secured by or related to recoveries on any claim asserted by a Simon & Simon client who purportedly received treatment from Clifton Burt or who was examined by Lance Yarus, all Documents relating to such financing, including without limitation, all agreements, all records of any distribution, and all records regarding repayment.

53. All Documents relating to any payment or other economic consideration provided to Marc Simon or Simon & Simon from any third party litigation funder, including with respect to recoveries from claims asserted by any client who purportedly received treatment from Clifton Burt or who was examined by Lance Yarus.

54. All Documents relating to any insurance coverage with respect to this lawsuit, including policies, claims, and insurer positions with respect to coverage.

55. All internal guides, manuals, policies, training materials, instruction protocols, and other similar Documents regarding Simon & Simon's processes for intake and handling of motor vehicle accident cases, medical care, billing, or limited tort insurance policies.

56. All internal guides, manuals, policies, training materials, instruction protocols, and other similar Documents relating to any Simon & Simon medical billing resolution team, medical lien team, or settlement team.

57. Any employee directory or other listing of employee and attorney names from 2019 to the present.

58. Any organizational charts.

59. Documents sufficient to identify every Simon & Simon email address, including every "gosimon.com" email address and any other email addresses within Simon & Simon's custody or control, such as the "medicalsimonlawfirm@gmail.com" email address.

60. Document sufficient to identify each person with use, custody or control over any Simon & Simon email address, including any "gosimon.com" email address and the "medicalsimonlawfirm@gmail.com" email address.

61. All Documents regarding any consideration provided to any Simon & Simon client for any positive internet or social media reviews.

62. All Documents regarding any consideration provided to any Simon & Simon client for any medical treatment or examination.

63. All Documents relating to any agreements between Simon & Simon and any medical provider who has provided treatment of any Simon & Simon client.

64. All Documents relating to Simon & Simon's engagement of Robert Titner and Fox Rothschild LLP referenced during the show cause proceedings in *Contreras Madrid v. Wal-Mart Stores, L.P.*, No. 24-cv-5229, including any associated engagement letters between you and Fox Rothschild LLP, any Documents provided to Fox Rothschild in connection with such representation, any Documents relating to Titner's or Fox Rothschild's findings or recommendations regarding Simon & Simon's policies and practices, and any reports produced in connection with such engagement.

65. All Documents memorializing any protocol to be followed by Marc Simon or Simon & Simon prior to the filing of any complaint.

66. All Documents concerning any dispute, litigation, arbitration, investigation, disciplinary action, civil action, or criminal proceeding to which you have ever been a party or witness that included allegations of Simon & Simon, or any past or present employee, officer, director, or affiliate thereof, violating ethical rules, engaging in misconduct, or committing fraud.

67. All Documents that you describe or refer to in your responses to any interrogatories served by either Plaintiff including any Documents on which you rely when preparing your responses to the interrogatories.

68. All Documents that you intend to introduce or rely upon in this Action, including without limitation in connection with any deposition, motion, or trial.

Dated: May 23, 2026

**ROHN KURLAND, P.C.**

By: /s/ Amy Kurland
Amy Kurland, Bar No. 37419
AKurland@rohnkurland.com
1700 Market St, Suite 1005
Philadelphia, PA 19103
Telephone: +1.215.770.0320
Facsimile: +1.215.717.9697

**PERKINS COIE LLP**

David W. T. Daniels
DDaniels@perkinscoie.com
Michael J. Wadden
MWadden@perkinscoie.com
Sydney Veatch
SVeatch@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

David B. Massey
DMassey@perkinscoie.com
William Wilder
WWilder@perkinscoie.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

Michael R. Huston
MHuston@perkinscoie.com
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
Facsimile: +1.602.648.7000

*Attorneys for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*

**EXHIBIT A**

1. Adenike Oluwole
2. Alberto Ayala
3. Andre Shelton
4. Andre Westbrook
5. Angela Belcher
6. April Bailey
7. Asia Showell
8. Bahijah Johnson
9. Brenda Clark
10. Cassandra Francois
11. Charmaine Davis
12. Dajuan Samuel
13. Dajuan Speaks
14. Dameond Bailey
15. Darnell Legett
16. Deniece Harvey
17. Denita Woodson
18. Desha Mack
19. Donald Major
20. Dorian Span
21. Dreana Deidra Johnson (aka Dreana Thomas)
22. Enrique Santiago
23. Ericka Adams
24. George Kirby
25. Geraldine Fulton
26. Heaven Simmons
27. Heavin Akins
28. Jahleel Bennett
29. Jahlil Palmer
30. Jajaira Melendez
31. James Drayton

32. James Whitaker
33. Jazmine Green (aka Jazmine Green-Isham)
34. Jazmyn Coriano
35. Jeffrey Robinson
36. Johnathan Wescott
37. Jonathan Jefferson
38. Joseph Bailey
39. Joseph Jackson
40. Juan Agosto
41. Kareema Williams
42. Kayonna Gambrell-Holmone
43. Knatyba Walker
44. Latoya McDonald-Colon
45. Marcello Dattilo
46. Melvin Wilkerson
47. Mercedes Bellinger
48. Michelle Cruz
49. Nadir Jones
50. Noel Serrano
51. Osvil Leonel Contreras Madrid
52. Otis Goodwin
53. Rafael Gomez
54. Rasheed Larke
55. Rashondah Coleman
56. Robert Mackey
57. Robert Smith
58. Ronae Hughes-Crawley
59. Rosetta Butler
60. Samir Pace
61. Shakia Nicholson
62. Sharay Precia
63. Sira Sylla
64. Tamika Barnes

65. Tenisha Walker
66. Tierre Kirkland
67. Yasmeen Bailey
68. Zakiyyah Greenwood
69. Zhane Stones

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of May, 2026, the foregoing document was served in accordance with the Federal Rules of Civil Procedure upon Defendants in the above-titled action by electronic mail.

Dated: May 23, 2026

**PERKINS COIE LLP**

By: /s/ Sydney N. Veatch
Sydney N. Veatch
SVeatch@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

*Counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*