# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SIMON & SIMON, P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, AND LANCE YARUS,<br><br>Defendants. | : | CIVIL ACTION<br><br>No. 2:25-cv-05365-MAK |
| SIMON & SIMON, P.C., and MARC SIMON,<br><br>Counterclaimants,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,<br><br>Counterclaim-Defendants. | : | |

**DEFENDANTS SIMON & SIMON, P.C. AND MARC SIMON'S AMENDED OBJECTIONS AND RESPONSES TO UBER TECHNOLOGIES, INC.'S AND FEDERAL EXPRESS CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Simon & Simon, P.C. and Marc Simon (the "Simon Defendants"), through their undersigned counsel, hereby submit these amended objections and responses to Plaintiffs Uber Technologies, Inc.'s ("Uber") and Federal Express Corporation's ("FedEx") (collectively, "Plaintiffs") First Set of Requests for Production of Documents (the "Requests").

**GENERAL OBJECTIONS**

1. The Simon Defendants object to the directive in the opening paragraph of the Requests that they "shall make such production no later than thirty days after service of these Requests for Production" as imposing an obligation not set forth in Rule 34, as unduly burdensome and as inconsistent with the requirements of the process required by Paragraph 3 of "Judge Kearney's Electronic Discovery Standing Order (February 2025)" (hereinafter the "E-Discovery Standing Order") for the parties to agree upon a search methodology for electronically stored information ("ESI").

2. The Simon Defendants object to any Request that calls for the production of "any," "all," "every," or "each" of a category of documents or information, on the basis that such request is overly broad and unduly burdensome. It would be impossible for the Simon Defendants to represent, even after a diligent search, that all, each, or every document falling within a description can be or has been located. To the extent the Simon Defendants will produce documents in response to a Request, they will produce documents sufficient to show information responsive to the Request. Further, the Simon Defendants intend to use a search methodology for ESI to identify potentially responsive documents for review utilizing the names of, and associated file numbers for, the "Claimants" within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). Pursuant to Paragraph 3 of the E-Discovery Standing Order, the Simon Defendants e-discovery liaisons are prepared to meet-and-confer with the Plaintiffs' e-discovery liaisons to discuss other "words, terms and phrases" to be used as part of the search methodology to identify potential responsive ESI for review.

3. The Simon Defendants object to the Requests to the extent they purport to require the production of documents or things that are not relevant to the claims or defenses of any party to this action.

4. The Simon Defendants object to the Requests and, in particular, the definitions and instructions to the Requests, to the extent they purport to impose any obligation on the Simon Defendants that is beyond the scope of the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Eastern District of Pennsylvania, or other applicable law.

5. The Simon Defendants specifically object to the definition of the word "document" to the extent it purports to impose obligations on the Simon Defendants that are beyond the scope of the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Eastern District of Pennsylvania, or other applicable law. The Simon Defendants interpret the word "document" as defined in Rule 34 of the Federal Rules of Civil Procedure.

6. The Simon Defendants object to the definition of "Simon & Simon" as overly broad and unduly burdensome in that it purports to include all of Simon & Simon, P.C.'s officers, directors, employees, agents, contractors, attorneys, partners, subsidiaries, and affiliates, or any other person or entity acting on its behalf. The Simon Defendants will respond with information in their possession, custody or control.

7. The Simon Defendants object to the definition of "Marc Simon" as overly broad and unduly burdensome in that it purports to include anyone acting on his behalf. The Simon Defendants will respond with information in their possession, custody or control.

8. The Simon Defendants object to the definition of "Claimant" as overly broad, unduly burdensome, and beyond the scope of discovery permitted by the Court's June 10, 2026

Order (ECF 125) and July 7, 2026 Order (ECF 148). For purposes of responding to the Requests, the Simon Defendants shall construe "Claimant" to refer to the Claimants encompassed within Paragraph 4(d) of the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148).

9. The Simon Defendants object to the Requests to the extent they use vague, ambiguous or undefined terms.

10. The Simon Defendants object to the Requests to the extent they assume disputed facts or legal conclusions. Any response or objection by the Simon Defendants, including any production of documents, is without prejudice to this objection.

11. The Simon Defendants object to the Requests to the extent they purport to require the production of documents not in the Simon Defendants' possession, custody or control.

12. The Simon Defendants object to the Requests to the extent they purport to require the identification and disclosure of documents and information that: (1) were prepared in anticipation of litigation; (2) constitute attorney work product; (3) reveal privileged attorney-client communications; (4) are subject to any protective order; or (5) are otherwise protected from disclosure under applicable privileges, laws or rules. The Simon Defendants hereby claim such privileges and protections to the extent implicated by the Requests and exclude such privileged or protected information from their responses to the Requests. Any disclosure of such protected or privileged information is inadvertent and is not intended to waive those privileges or protections.

13. The Simon Defendants object to Instruction Nos. 3 and 11 to the extent they purport to require them to provide (and thereafter periodically supplement) a privilege log listing any communications or other documents created by the Simon Defendants and/or their counsel, their co-defendants or their counsel, or any "Claimant" or "Claimant's" counsel, in connection with or as part of the defense of Plaintiffs' claims herein since the filing of the initial Complaint in this

matter.

14. The Simon Defendants object to Instruction Nos. 3 and 11 to the extent they purport to require them to provide (and thereafter periodically supplement) a privilege log listing any communications or other documents that are subject to the attorney client privilege or the work product doctrine with any "Claimant" as part of the pursuit of any claims against Plaintiffs or any non-party either in state or federal court.

15. The Simon Defendants object to the Requests as overly burdensome to the extent they purport to require the Simon Defendants to produce documents previously produced as part of discovery in any underlying litigation involving claims against a FedEx or Uber driver.

16. The Simon Defendants object to the Requests to the extent they do not have a time period. For purposes of responding to these Requests, unless otherwise specifically stated in response to a particular Request, the Simon Defendants shall construe the Requests to seek information from the time period of June 1, 2020 to September 17, 2025.

17. The Simon Defendants' objections and responses to the Requests, including any production of documents, are not intended to waive or prejudice any objections the Simon Defendants may assert now or in the future, including, without limitation, objections as to the relevance of the subject matter of any document request or to the admissibility of any response or document, or category of responses or documents, at any hearing or trial. The Simon Defendants expressly reserve any and all rights and privileges under the Federal Rules of Civil Procedure, the Federal Rules of Evidence and any other law or rule, and the failure to assert such rights and privileges or the inadvertent disclosure by the Simon Defendants of information protected by such rights or privileges shall not constitute a waiver thereof, either with respect to these responses or with respect to any future discovery responses or objections.

18. A response that the Simon Defendants will produce documents responsive to any individual Request does not imply that the Simon Defendants have located any non-privileged responsive documents, but only that the Simon Defendants will follow the process required by Paragraph 3 of the E-Discovery Standing Order for the parties to agree upon a search methodology and thereafter shall produce all such non-privileged documents, other than those that are "of limited accessibility" as defined in Paragraph 1(c) of the E-Discovery Standing Order, that they locate in accordance with that agreement on search methodology.

19. The Simon Defendants object to the last sentence of Instruction No. 5, as well as Instruction Nos. 6 and 7, on the grounds that (a) the parties must follow the process required by Paragraph 3 of the E-Discovery Standing Order before the information demanded by those Instructions can be provided and (b) they are in conflict with the directives of Paragraphs 1(c) and 4(a)-(c) of the E-Discovery Standing Order.

20. The Simon Defendants object to Instruction No. 10 to the extent that Paragraphs 1(c) and 4(a)-(c) of the E-Discovery Standing Order modify the parties' obligations under Rule 34.

21. The Simon Defendants object to Instruction No. 4. Subject to General Objection No. 17 above, which is incorporated by reference as set forth fully herein, the Simon Defendants shall produce documents on a rolling basis. Each production shall be accompanied by a privilege log (subject to General Objection Nos. 12-14 above, which are incorporated by reference as if fully set forth herein) for that production. The Simon Defendants further object to Instruction No. 4 for its failure to define the intended meaning of "production deadline." For purposes of making this objection, the Simon Defendants presume that Plaintiffs intend the "production deadline" to refer to the directive in the opening paragraph of the Requests that the Simon Defendants "shall make

such production no later than thirty days after service of these Requests for Production." The Simon Defendants further object to Instruction No. 4 to the extent Plaintiffs intend to set a "production deadline" earlier than the deadline set by the Court for the completion of fact discovery in its June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). For purposes of responding to the Requests, the Simon Defendants shall construe the "production deadline" to be November 30, 2026.

22. The Simon Defendants object to Instruction No. 9 on the grounds that the detailed information demanded therein is not possible to provide, on a document-by-document basis, for documents that are no longer in their possession, custody or control.

23. Each of these general objections is incorporated by reference into each of the responses set forth below, which responses the Simon Defendants make without waiving any of these general objections.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

Subject to and without waiving the foregoing General Objections, the Simon Defendants respond to the Requests as follows:

**REQUEST FOR PRODUCTION NO. 1:**

With respect to any Claimant who purportedly received treatment, medical care, or medical evaluation of any kind from Clifton Burt or Premier Pain, including without limitation each person listed on Exhibit A:

a. Documents sufficient to show the name and most recent contact information for such Claimant;

b. All Documents regarding the referral of such person to Simon & Simon, including any referral agreements relating to the sharing of recoveries by any such Claimant and any payments made pursuant to such agreements;

c. All Documents relating to the intake of any such Claimant;

d. All Documents relating to the recruitment of any such Claimant, including use of cappers, runners, or steerers;

e. All Documents relating to the terms of engagement for such Claimant by Simon & Simon or any other referring lawyer or law firm;

f. All Documents relating to any third party financing with respect to any payment made on behalf of or to any Claimant;

g. All Documents relating to any purported emergency room treatment, chiropractic care, medical imaging, radiofrequency ablation, or any other medical care received by such Claimant following any purported accident, injury, or event at issue in connection with Simon & Simon's representation of such Claimant;

h. All Documents relating to any bills, claims, liens, invoices, requests for payment, or payments made in connection with any purported emergency room treatment, chiropractic care, medical imaging, radiofrequency ablation, or any other medical care received by such Claimant following any purported accident, injury, or event at issue in the representation;

i. All Documents relating to the submission, processing, or resolution of any no fault claim with respect to purported medical care received by such Claimant;

j. All Documents relating to the purchase of any Premier Pain or other receivables with respect to any purported medical care received by such Claimant;

k. All Documents regarding any claims submitted to or Communications with any insurer with respect to any purported medical care received by such Claimant;

l. All Documents relating to the scheduling of or transportation to any purported medical care received by such Claimant;

m. All Documents relating to any examination, evaluation, or assessment of such Claimant by Lance Yarus or any other person purporting to opine regarding the Claimant's future medical care;

n. All Documents relating to any purported opinion regarding the cost of future medical treatment;

o. All Documents relating to any payments made, including to clients, in connection with any examination, report, testimony, or other work performed in connection with the delivery of any opinion regarding future medical treatment or its cost;

p. All Documents relating to payments, directly or indirectly, to any such Claimant by Simon & Simon or any litigation funder;

q. All Documents itemizing, describing, or relating to the distribution of any loan or funding proceeds from any litigation funder relating to a claim by any such Claimant;

r. All Documents relating to any demands for payment or settlement made on behalf of such Claimant;

s. All pleadings, discovery requests, motions, exhibits, hearing transcripts, deposition transcripts, expert reports, independent medical examinations, trial transcripts, trial exhibits, jury instructions, jury verdicts, and other court papers for any litigation filed on behalf of such Claimant;

t. All Documents relating to any settlements or recoveries with respect to any such Claimant's claims;

u. All Documents relating to the allocation or distribution of any settlement proceeds or other recoveries to Simon & Simon, any third party litigation funder, any Claimant or any other person;

v. Any agreements between Simon & Simon and any third party litigation funder that is secured by, provides financing for, or is in any way related to actual or potential recoveries to be received by any such Claimant.

AMENDED RESPONSE The Simon Defendants object to this Request as facially overbroad, unduly burdensome and disproportional to the needs of the case. The Simon Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure. The Simon Defendants specifically object to subpart (b) of this Request as irrelevant to any claims or defenses in the case.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control, the Simon Defendants will produce documents in accordance with the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order.

With respect to the twenty-two subsections of this Request, the Simon Defendants respond as follows:

Subsection (a), which is more properly the subject of an interrogatory, seeks information already in Plaintiffs' possession. Plaintiffs have the list of names of Claimants and Plaintiffs have the contact information of their counsel, William Harvey.

Subsection (b) calls for information that is not relevant to the claims and defenses in this action and thus documents responsive to subsection (b) will not be produced.

Subsections (g), (h), (k), (m), (n), (o), (r), (s) further seek documents and information already in Plaintiffs' possession from the underlying actions.

To the extent that relevant, non-privileged information applicable to subsections (c), (d), (e), (f), (i), (j), (l), (p), (q), (t), (u), (v) exists following the Simon Defendants' reasonable search for relevant, non-privileged documents related to Claimants within the scope of the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148), such documents will be produced.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents relating to Clifton Burt, Blessen Abraham, or Premier Pain.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to Clifton Burt, Blessen Abraham or Premier Pain and is not sufficiently tailored to the claims in this case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 3:**

Any agreements with Clifton Burt, Blessen Abraham, or Premier Pain regarding the treatment of any Simon & Simon client.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure. The Request is also duplicative in whole or in part of Request No. 2 and the Simon Defendants incorporate the responses and objections to Request No. 2 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the

right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 2, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 4:**

With respect to any Simon & Simon client, all Documents relating to referrals to, transportation to, or scheduling for any purported medical treatment or examination by Clifton Burt or Premier Pain.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to any Simon & Simon client and is not sufficiently tailored to the claims in this case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure. The Request is also duplicative in whole or in part of Request No. 2 and the Simon Defendants incorporate the responses and objections to Request No. 2 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the

right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 2, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 5:**

With respect to any Simon & Simon client, any medical records transmitted or delivered to Simon & Simon by Clifton Burt, Blessen Abraham, or Premier Pain.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to any Simon & Simon client and is not sufficiently tailored to the claims in this case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 2 and the Simon Defendants incorporate the responses and objections to Request No. 2 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing

Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 2, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents relating to any testimony provided by Clifton Burt or Blessen Abraham, including without limitation any transcripts or exhibits, in any case involving a Simon & Simon client.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to any Simon & Simon client and is not sufficiently tailored to the claims in this case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 2 and the Simon Defendants incorporate the responses and objections to Request No. 2 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their

possession, custody or control beyond those to be produced, if any, in response to Request No. 2, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents relating to the retention or payment of counsel for Clifton Burt or Blessen Abraham with respect to testimony or potential testimony in any case involving a Simon & Simon client.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to any Simon & Simon client and is not sufficiently tailored to the claims in this case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative of Request No. 2 and the Simon Defendants incorporate the responses and objections to Request No. 2 as if fully set forth herein. The Simon Defendants further object to this Request to the extent it purports to require them to produce documents not within their possession, custody or control regarding the "retention or payment of counsel" by anyone other than the Simon Defendants themselves. For purposes of responding to this Request, the Simon Defendants construe it to seek production of documents regarding "retention or payment of counsel" *by the Simon Defendants*. By way of further response, subject to that construction, no documents responsive to this request exist. Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents relating to the retention or payment of counsel for Clifton Burt or Premier Pain with respect to this matter.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request is also duplicative of Request No. 2 and the Simon Defendants incorporate the responses and objections to Request No. 2 as if fully set forth herein. The Simon Defendants further object to this Request to the extent it purports to require them to produce documents not within their possession, custody or control regarding the "retention or payment of counsel" by anyone other than the Simon Defendants themselves. For purposes of responding to this Request, the Simon Defendants construe it to seek production of documents regarding "retention or payment of counsel" *by the Simon Defendants*. By way of further response, subject to that construction, no documents responsive to this request exist. Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents relating to the purchase of Premier Pain receivables.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 2 and the Simon Defendants incorporate the responses and objections to Request No. 2 as if fully set forth herein. By way of further response, this Request seeks documents that are not within the Simon Defendants' possession, custody or control. Accordingly, the Simon Defendants will not be producing documents in response to this Request other than any documents to be produced in response to Request No. 2.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents relating to any payments made to Premier Pain.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request is vague and ambiguous as to what "payments made to Premier Pain" means, by whom such payments were made, when such payments were made, or for what such payments were made. As vague and ambiguous, the Request is unascertainable as stated. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 2 and the Simon Defendants incorporate the responses and objections to Request No. 2 as if fully set forth herein. For purposes of responding to this Request, the Simon Defendants construe it to seek production of documents relating to any payments of funds by the Simon Defendants *other than* payments the Simon Defendants have made on behalf of "Claimants" within the scope of permitted discovery from settlement funds or judgments. Subject to that construction, the Simon Defendants state that no such documents exist. Accordingly, the Simon Defendants will not be producing documents in response to this Request other than any documents to be produced in response to Request No. 2.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents relating to payments to any client in connection with a visit to or examination by Premier Pain.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request is vague and ambiguous as to

what "payments to any client" means, by whom such payments were made, when such payments were made, or for what such payments were made. As vague and ambiguous, the Request is unascertainable as stated. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 2 and the Simon Defendants incorporate the responses and objections to Request No. 2 as if fully set forth herein. For purposes of responding to this Request, the Simon Defendants shall construe it to seek documents relating to payments by the Simon Defendants to its "Claimants" who are within the scope of permitted discovery *other than* the distribution of funds received as part of a settlement or a judgment. Subject to that construction, the Simon Defendants state that no such documents exist. Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents relating to meetings held over Zoom or by other means with Simon & Simon clients in connection with medical appointments with Premier Pain, including but not limited to any communications with such clients or Premier Pain relating to such meetings.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to any Simon & Simon client and is not sufficiently tailored to the claims in this case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 2 and the Simon Defendants incorporate the responses and objections to Request No. 2 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 2, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 13:**

A full copy of any calendars shared with Premier Pain, including but not limited to "Firm Calendar(G)."

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to any Simon & Simon client and is not sufficiently tailored to the claims in this case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 2 and the Simon Defendants incorporate the responses and objections to Request No. 2 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the

right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 2, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents relating to Philadelphia Spine Associates, Daniel Piccillo, or Ethel Harvey.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to Philadelphia Spine Associates, Daniel Piccillo, or Ethel Harvey and is not sufficiently tailored to the claims in this case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing

Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 15:**

Any agreements with Philadelphia Spine Associates, Daniel Piccillo, or Ethel Harvey.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure. The Request is also duplicative in whole or in part of Request No. 14 and the Simon Defendants incorporate the responses and objections to Request No. 14 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 14, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 16:**

With respect to any Simon & Simon client, all Documents relating to referrals to, transportation to, or scheduling for any purported medical treatment or examination by Philadelphia Spine Associates, Daniel Piccillo, or Ethel Harvey.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to any Simon & Simon client and is not sufficiently tailored to the claims in this case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure. The Request is also duplicative in whole or in part of Request No. 14 and the Simon Defendants incorporate the responses and objections to Request No. 14 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 14, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 17:**

With respect to any Simon & Simon client, any medical records transmitted or delivered to Simon & Simon by Philadelphia Spine Associates, Daniel Piccillo, or Ethel Harvey.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to any Simon & Simon client and is not sufficiently tailored to the claims in this case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 14 and the Simon Defendants incorporate the responses and objections to Request No. 14 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 14, the Simon Defendants will produce such documents.

**<u>REQUEST FOR PRODUCTION NO. 18:</u>**

All Documents relating to any testimony provided by Daniel Piccillo or Ethel Harvey, including without limitation any transcripts or exhibits, in any case involving a Simon & Simon client.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to any Simon & Simon client and is not sufficiently tailored to the claims in this case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 14 and the Simon Defendants incorporate the responses and objections to Request No. 14 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 14, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents relating to the retention or payment of counsel for Daniel Piccillo or Ethel Harvey with respect to testimony or potential testimony in any case involving a Simon & Simon client.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to any Simon & Simon client and is not sufficiently tailored to the claims in this case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 14 and the Simon Defendants incorporate the responses and objections to Request No. 14 as if fully set forth herein. The Simon Defendants further object to this Request to the extent it purports to require them to produce documents not within their possession, custody or control regarding the "retention or payment of counsel" by anyone other than the Simon Defendants themselves. For purposes of responding to this Request, the Simon Defendants construe it to seek production of documents regarding "retention or payment of counsel" *by the Simon Defendants*. By way of further response, subject to that construction, no documents responsive to this request exist. Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents relating to the retention or payment of counsel for Philadelphia Spine Associates, Daniel Piccillo, or Ethel Harvey with respect to this matter.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request is also duplicative in whole or in part of Request No. 14 and the Simon Defendants incorporate the responses and objections to Request No. 14 as if fully set forth herein. The Simon Defendants further object to this Request to the extent it purports to require them to produce documents not within their possession, custody or control regarding the "retention or payment of counsel" by anyone other than the Simon Defendants themselves. For purposes of responding to this Request, the Simon Defendants construe it to seek production of documents regarding "retention or payment of counsel" *by the Simon Defendants*. By way of further response, subject to that construction, no documents responsive to this request exist. Accordingly, the Simon Defendants will not be producing documents in response to this Request..

**<u>REQUEST FOR PRODUCTION NO. 21:</u>**

All Documents relating to any payments made to Philadelphia Spine Associates, Daniel Piccillo, or Ethel Harvey.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request is vague and ambiguous as to what "payments made to Philadelphia Spine Associates, Daniel Piccillo, or Ethel Harvey" means, by whom such payments were made, when such payments were made, or for what such payments were made. As vague and ambiguous, the Request is unascertainable as stated. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 14

and the Simon Defendants incorporate the responses and objections to Request No. 14 as if fully set forth herein. For purposes of responding to this Request, the Simon Defendants construe it to seek production of documents relating to any payments of funds by the Simon Defendants other than payments the Simon Defendants have made on behalf of "Claimants" within the scope of permitted discovery from settlement funds or judgments. Subject to that construction, the Simon Defendants state that no such documents exist. Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents relating to payments to any client in connection with a visit to or examination by Philadelphia Spine Associates, Daniel Piccillo, or Ethel Harvey.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request is vague and ambiguous as to what "payments to any client" means, by whom such payments were made, when such payments were made, or for what such payments were made. As vague and ambiguous, the Request is unascertainable as stated. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 14 and the Simon Defendants incorporate the responses and objections to Request No. 14 as if fully set forth herein. For purposes of responding to this Request, the Simon Defendants shall construe it to seek documents relating to payments by the Simon Defendants to its "Claimants" who are within the scope of permitted discovery *other than* the distribution of funds received as part of a settlement or a judgment. Subject to that

construction, the Simon Defendants state that no such documents exist. Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents relating to Lance Yarus.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to Lance Yarus and is not sufficiently tailored to the claims in this case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 24:**

Any agreements with Lance Yarus.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure. The Request is also duplicative in whole or in part of Request No. 23 and the Simon Defendants incorporate the responses and objections to Request No. 23 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 23, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 25:**

All reports prepared by Lance Yarus with respect to any Simon & Simon client.

**RESPONSE:** The Simon Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure. The Simon

Defendants further object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all reports prepared by Lance Yarus with respect to any Simon & Simon client and is not sufficiently tailored to the claims in this case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 23 and the Simon Defendants incorporate the responses and objections to Request No. 23 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 23, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 26:**

With respect to any Simon & Simon client, all Documents relating to the referral to, transportation to, or scheduling for any purported medical examination by Lance Yarus.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request also exceeds the scope of

discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure. The Request is also duplicative in whole or in part of Request No. 23 and the Simon Defendants incorporate the responses and objections to Request No. 23 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 23, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents relating to any reports or written opinions prepared by Lance Yarus with respect to any Simon & Simon client.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object to this Request to the extent that it seeks information

protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure. The Request is also duplicative in whole or in part of Request No. 23 and the Simon Defendants incorporate the responses and objections to Request No. 23 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 23, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents relating to any testimony provided by Lance Yarus, including without limitation any transcripts or exhibits, in any case involving a Simon & Simon client.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to any Simon & Simon client and is not sufficiently tailored to the claims in this case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of

Request No. 23 and the Simon Defendants incorporate the responses and objections to Request No. 23 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 23, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents relating to the retention or payment of counsel for Lance Yarus with respect to testimony or potential testimony in any case involving a Simon & Simon client.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to any Simon & Simon client and is not sufficiently tailored to the claims in this case. The Simon Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 23 and the Simon

Defendants incorporate the responses and objections to Request No. 23 as if fully set forth herein. The Simon Defendants further object to this Request to the extent it purports to require them to produce documents not within their possession, custody or control regarding the "retention or payment of counsel" by anyone other than the Simon Defendants themselves. For purposes of responding to this Request, the Simon Defendants construe it to seek production of documents regarding "retention or payment of counsel" *by the Simon Defendants*. By way of further response, subject to that construction, no documents responsive to this request exist. Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents relating to the retention or payment of counsel for Lance Yarus with respect to this matter.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Simon Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 23 and the Simon Defendants incorporate the responses and objections to Request No. 23 as if fully set forth herein. The Simon Defendants further object to this Request to the extent it purports to require them to produce documents not within their possession, custody or control regarding the "retention or payment of counsel" by anyone other than the Simon Defendants themselves. For purposes of responding to this Request,

the Simon Defendants construe it to seek production of documents regarding "retention or payment of counsel" *by the Simon Defendants*. By way of further response, subject to that construction, no documents responsive to this request exist. Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents relating to any payments made to Lance Yarus.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request is vague and ambiguous as to what "payments made to Lance Yarus" means, by whom such payments were made, when such payments were made, or for what such payments were made. As vague and ambiguous, the Request is unascertainable as stated. The Simon Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 23 and the Simon Defendants incorporate the responses and objections to Request No. 23 as if fully set forth herein. Accordingly, the Simon Defendants will not be producing documents in response to this Request beyond those to be produced, if any, in response to Request No. 23.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents relating to payments to any client in connection with an examination by Lance Yarus.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request is vague and ambiguous as to what "payments to any client" means, by whom such payments were made, when such payments were made, or for what such payments were made. As vague and ambiguous, the Request is unascertainable as stated. The Simon Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 23 and the Simon Defendants incorporate the responses and objections to Request No. 23 as if fully set forth herein. For purposes of responding to this Request, the Simon Defendants shall construe it to seek documents relating to payments by the Simon Defendants to its "Claimants" who are within the scope of permitted discovery *other than* the distribution of funds received as part of a settlement or a judgment. Subject to that construction, the Simon Defendants state that no such documents exist. Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents relating to any office space provided to Lance Yarus.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, this Request seeks all documents relating to any office space provided to Lance Yarus without limitation to relevant transactions,

time periods, Claimants, or issues in this action. The Simon Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 23 and the Simon Defendants incorporate the responses and objections to Request No. 23 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 23, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents relating to Joel Swartz or Open MRI of Bala Cynwyd.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to Joel Swartz or Open MRI of Bala Cynwyd and is not sufficiently tailored to the claims in this case. The Request also exceeds the scope of discovery permitted by the Court's June 10,

2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 35:**

Any agreements with Joel Swartz or Open MRI of Bala Cynwyd.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure. The Request is also duplicative in whole or in part of Request No. 34 and the Simon Defendants incorporate the responses and objections to Request No. 34 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 34, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 36:**

With respect to any Simon & Simon client, all Documents relating to referrals to, transportation to, scheduling for, examination by, imaging by, or interpretation of imaging results by Open MRI of Bala Cynwyd or Joel Swartz.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to any Simon & Simon client and is not sufficiently tailored to the claims in this case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure. The Request is also duplicative in whole or in part of Request No. 34 and the Simon Defendants incorporate the responses and objections to Request No. 34 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 34, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 37:**

Any medical records transmitted or delivered to Simon & Simon by Open MRI of Bala Cynwyd.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to any Simon & Simon client and is not sufficiently tailored to the claims in this case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 34 and the Simon Defendants incorporate the responses and objections to Request No. 34 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the

right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 34, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents relating to any payments or compensation provided to Joel Swartz or Open MRI of Bala Cynwyd.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request is vague and ambiguous as to what "payments or compensation provided to Joel Swartz or Open MRI of Bala Cynwyd" means, by whom such payments were made, when such payments were made, or for what such payments were made. As vague and ambiguous, the Request is unascertainable as stated. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 34 and the Simon Defendants incorporate the responses and objections to Request No. 34 as if fully set forth herein. For purposes of responding to this Request, the Simon Defendants shall construe it to seek documents relating to payments by the Simon Defendants for treatment of "Claimants" who are within the scope of permitted discovery *other than* the distribution of funds, on their clients behalf, received as part of a settlement or a judgment. Subject to that construction, the

Simon Defendants state that no such documents exist. Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents relating to payments to any client in connection with any imaging performed by Open MRI of Bala Cynwyd.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request is vague and ambiguous as to what "payments to any client" means, by whom such payments were made, when such payments were made, or for what such payments were made. As vague and ambiguous, the Request is unascertainable as stated. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 34 and the Simon Defendants incorporate the responses and objections to Request No. 34 as if fully set forth herein. For purposes of responding to this Request, the Simon Defendants shall construe it to seek documents relating to payments by the Simon Defendants to its "Claimants" who are within the scope of permitted discovery *other than* the distribution of funds received as part of a settlement or a judgment. Subject to that construction, the Simon Defendants state that no such documents exist. Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

With respect to any Simon & Simon clients, all Documents relating to agreements with, referrals to, arrangement of client transportation to, scheduling for, medical records received from, billings by, and payments to, each of the following:

a. Philly Spine Center, Inc.;

b. The Rehab Centre, Inc.;

c. PennDel Rehab LLC;

d. Spinal Care, LLC;

e. Regen Doctors Inc.;

f. Passyunk Chiropractic and Rehabilitation, LLC;

g. Excelsia Injury Care of Pennsylvania;

h. Philadelphia Pain Center;

i. Philadelphia Foot Doctor, Dr. Alyssa Piccillo;

j. South Philadelphia Open MRI;

k. Advantage Medical and Rehabilitation;

l. West Philadelphia Pain Management;

m. Excel Physical Medicine & Rehab;

n. North American Spine & Pain;

o. James F. Bonner; or

p. Any other chiropractor or entity that purports to deliver chiropractic services.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to any Simon & Simon clients, multiple non-Defendant providers, and any other chiropractor or entity that purports to deliver chiropractic services without limitation to relevant transactions, time periods, Claimants, or issues in this action. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF

148). Accordingly, the Simon Defendants will not be producing documents in response to this Request other than documents that will be produced in response to other Requests and that relate to Claimants within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148).

**REQUEST FOR PRODUCTION NO. 41:**

With respect to any Simon & Simon clients, all Documents relating to examinations by, reports or written opinions prepared by, payments to, or agreements with each of the following:

a. Nirav Shah;

b. Gene Salkind;

c. Joseph K. Lee;

d. The Verity Group;

e. ValPar Consultants, Inc.; or

f. Quinn Consulting, LLC.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks all documents relating to any Simon & Simon clients, multiple non-Defendant providers, and any other chiropractor or entity that purports to deliver chiropractic services without limitation to relevant transactions, time periods, Claimants, or issues in this action. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). Accordingly, the Simon Defendants will not be producing documents in response to this Request other than documents that will be produced in response to other Requests and that relate

to Claimants within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148).

**REQUEST FOR PRODUCTION NO. 42:**

All Documents sent from, received by, or otherwise contained within any email account from which Simon & Simon personnel communicated with medical providers regarding medical care, including "medicalsimonlawfirm@gmail.com" or any similar email. Such Documents include all sent and received messages, attachments, and calendar entries.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks, without any limitations whatsoever, all documents sent from, received by, or contained within any email account from which Simon & Simon personnel communicated with medical providers regarding medical care, including all sent and received messages, attachments, and calendar entries. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object on the grounds that to the extent this Request seeks information about Claimants for whom discovery is permitted, it is as duplicative, in whole or in part, of multiple other Requests. Accordingly, the Simon Defendants will not be producing documents in response to this Request other than those to be produced, if any, in responsive to other Requests.

**REQUEST FOR PRODUCTION NO. 43:**

All communications between Marc Simon personally and any medical facility, medical provider, or medical support staff relating in any way to Simon & Simon's business or clients.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Specifically, the Request seeks, without any limitations whatsoever, all communications between Marc Simon personally and any medical facility, medical provider, or medical support staff relating in any way to Simon & Simon's business or clients. The Simon Defendants further object that the Request is not reasonably tailored to relevant medical providers, Claimants, dates, transactions, or issues in this action. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object on the grounds that to the extent this Request seeks information about Claimants for whom discovery is permitted, it is duplicative, in whole or in part, of multiple other Requests. Accordingly, the Simon Defendants will not be producing documents in response to this Request other than those to be produced, if any, in responsive to other Requests.

**REQUEST FOR PRODUCTION NO. 44:**

Any communications in which Marc Simon personally directed, instructed, discussed, or approved specific medical procedures to be performed on any Simon & Simon client.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. This Request also calls for legal conclusions. Further, this Request is not reasonably tailored to relevant medical providers, Claimants, dates, transactions, or issues in this action. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object on the grounds that to the extent this Request seeks information about

Claimants for whom discovery is permitted, it is duplicative, in whole or in part, of multiple other Requests. Accordingly, the Simon Defendants will not be producing documents in response to this Request other than those to be produced, if any, in responsive to other Requests.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents relating to the structuring of payments to any medical provider through any intermediary, third party funder, or receivables purchase arrangement, including any documents discussing or memorializing the decision to structure payments in a particular way.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object to this Request as duplicative in whole or in part of Request Nos. 1(j) and 9, and incorporate their responses and objections to those Requests as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request Nos. 1(j) and 9, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents reflecting Marc Simon's personal involvement in negotiating, approving, or authorizing any compensation arrangement with any medical provider.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Further, this Request is not reasonably tailored to relevant medical providers, Claimants, dates, transactions, or issues in this action. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148).

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents relating to any instruction, direction, or communication to any co-Defendant in this Action, medical provider, or other person regarding the production or withholding of documents, testimony, or cooperation in connection with this Action or any Claimant's case.

**RESPONSE:** The Simon Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, joint defense or common interest doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure. The Simon Defendants further object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148).

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 48:**

From 2019 onward, all Forms K-1, 1099, or other Document memorializing any distributions made by Simon & Simon to Marc Simon.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. By way of further response, the Request is being interposed for an improper purpose to harass the Simon Defendants and needlessly increase the cost of litigation. The Simon Defendants further object to this Request as premature requests related to punitive damages, which will become relevant if, *and only if,* Plaintiffs first succeed on their claims and it is determined that there is a basis for punitive damages. Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 49:**

From 2019 onward, annual income statements, balance sheets, cash flow statements, statements of changes in equity, or other financial statements for Simon & Simon.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. By way of further response, the Request is being interposed for an improper purpose to harass the Simon Defendants and needlessly increase the cost of litigation. The Simon Defendants further object to this Request as premature requests related to punitive damages, which will become relevant if, *and only if,* Plaintiffs first succeed on their claims and it is determined that there is a basis for punitive damages. Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

The Simon & Simon partnership agreement.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. By way of further response, the Request is being interposed for an improper purpose to harass the Simon Defendants and needlessly increase the cost of litigation. The Simon Defendants further object to this Request as premature requests related to punitive damages, which will become relevant if, *and only if,* Plaintiffs first succeed on their claims and it is determined that there is a basis for punitive damages. Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

From 2019 onward, Documents sufficient to show the identities of all attorneys, paralegals, medical coordinators, administrative staff, and other employees or contractors who worked for or on behalf of Simon & Simon.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. By way of further response, the Request is being interposed for an improper purpose to harass the Simon Defendants and needlessly increase the cost of litigation. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148).

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents regarding the "Claimants" within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 52:**

With respect to any third party litigation funder who has extended any financing secured by or related to recoveries on any claim asserted by a Simon & Simon client who purportedly received treatment from Clifton Burt or who was examined by Lance Yarus, all Documents

relating to such financing, including without limitation, all agreements, all records of any distribution, and all records regarding repayment.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request No. 45 and the Simon Defendants incorporate the responses and objections to Request No. 45 as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request No. 45, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents relating to any payment or other economic consideration provided to Marc Simon or Simon & Simon from any third party litigation funder, including with respect to recoveries from claims asserted by any client who purportedly received treatment from Clifton Burt or who was examined by Lance Yarus.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Request is also duplicative in whole or in part of Request Nos. 45 and 52 and the Simon Defendants incorporate the responses and objections to Request Nos. 45 and 52 as if fully set forth herein

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to Request Nos. 45 and 52, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents relating to any insurance coverage with respect to this lawsuit, including policies, claims, and insurer positions with respect to coverage.

**RESPONSE:** The Simon Defendants already provided the information required by the Federal Rules of Civil Procedure with respect to this Request in their June 1, 2026 Initial Disclosures, which are incorporated by reference as if fully set forth herein. Accordingly, the Simon Defendants will not be producing any additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 55:**

All internal guides, manuals, policies, training materials, instruction protocols, and other similar Documents regarding Simon & Simon's processes for intake and handling of motor vehicle accident cases, medical care, billing, or limited tort insurance policies.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 56:**

All internal guides, manuals, policies, training materials, instruction protocols, and other similar Documents relating to any Simon & Simon medical billing resolution team, medical lien team, or settlement team.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 57:**

Any employee directory or other listing of employee and attorney names from 2019 to the present.

**AMENDED RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. By way of further response, the Request is being interposed for an improper purpose to harass the Simon Defendants and needlessly increase the cost of litigation. Subject to and without waiving the foregoing objections, the Simon Defendants will search for and produce, to the extent it exists, a list of current employees.

**REQUEST FOR PRODUCTION NO. 58:**

Any organizational charts.

**AMENDED RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. Subject to and without

waiving the foregoing objections, the Simon Defendants will search for and produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 59:**

Documents sufficient to identify every Simon & Simon email address, including every "gosimon.com" email address and any other email addresses within Simon & Simon's custody or control, such as the "medicalsimonlawfirm@gmail.com" email address.

**RESPONSE:**The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. By way of further response, the Request is being interposed for an improper purpose to harass the Simon Defendants and needlessly increase the cost of litigation. The Request is also duplicative, in whole or in part, of Request No. 51 and the Simon Defendants incorporate the responses and objections to Request No. 51 as if fully set forth herein. The Simon Defendants further object to this Request to the extent it purports to require them to produce documents reflecting email addresses wholly unrelated to the "Claimants" that are within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object to this Request on the grounds that a request for a list, that otherwise does not exist independently of this litigation, of email addresses used by or associated with Simon & Simon is more appropriately stated as an interrogatory. Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 60:**

Documents sufficient to identify each person with use, custody or control over any Simon & Simon email address, including any "gosimon.com" email address and the "medicalsimonlawfirm@gmail.com" email address.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. By way of further response, the Request is being interposed for an improper purpose to harass the Simon Defendants and needlessly increase the cost of litigation. The Request is also duplicative, in whole or in part, of Request Nos. 51 and 59 and the Simon Defendants incorporate the responses and objections to Request Nos. 51 and 59 as if fully set forth herein. To the extent documents produced in response to Request Nos. 51 or 59 do not identify "each person with use, custody or control over any Simon & Simon email address," this Request is more properly the subject of an interrogatory. Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents regarding any consideration provided to any Simon & Simon client for any positive internet or social media reviews.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. By way of further response, the Request is being interposed for an improper purpose to harass the Simon Defendants and needlessly increase the cost of litigation. The Simon Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege. The Request is also vague and ambiguous

as to what "consideration" means and in using that term further calls for a legal conclusion. Therefore, the Simon Defendants interpret the term "consideration" to mean compensation, payment, or other benefits separate and apart from those which the clients (within the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148)) were otherwise entitled to receive pursuant to their fee agreements with Simon & Simon. Further, this Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148).

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents regarding any consideration provided to any Simon & Simon client for any medical treatment or examination.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Simon Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege. The Request is also vague and ambiguous as to what "consideration" means and in using that term further calls for a legal conclusion. Therefore, the Simon Defendants interpret the term "consideration" to mean

compensation, payment, or other benefits separate and apart from those which the clients (within the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148)) were otherwise entitled to receive pursuant to their fee agreements with Simon & Simon. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148).

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents relating to any agreements between Simon & Simon and any medical provider who has provided treatment of any Simon & Simon client.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). The Simon Defendants further object to this Request as duplicative in whole or in part of numerous other Requests, and incorporate their responses and objections to all other Requests as if fully set forth herein.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will conduct a reasonable search for relevant documents within the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148) and the E-Discovery Standing Order, and, to the extent that relevant, non-privileged, responsive documents exist in their possession, custody or control beyond those to be produced, if any, in response to other Requests, the Simon Defendants will produce such documents.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents relating to Simon & Simon's engagement of Robert Tintner and Fox Rothschild LLP, referenced during the show cause proceedings in *Contreras Madrid v. Wal-Mart Stores, L.P.*, No. 24-cv-5229, including any associated engagement letters between you and Fox Rothschild LLP, any Documents provided to Fox Rothschild in connection with such representation, any Documents relating to Titner's or Fox Rothschild's findings or recommendations regarding Simon & Simon's policies and practices, and any reports produced in connection with such engagement.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. By way of further response, the Request is being interposed for an improper purpose to harass the Simon Defendants and needlessly increase the cost of litigation. The Simon Defendants further object to this Request to the extent it seeks

information protected by the attorney-client privilege. Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents memorializing any protocol to be followed by Marc Simon or Simon & Simon prior to the filing of any complaint.

**RESPONSE:**The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims or defenses nor proportional to the needs of the case. By way of further response, the Request is being interposed for an improper purpose to harass the Simon Defendants and needlessly increase the cost of litigation. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). Further, the Request fails to define the term "protocol," rendering the Request vague and unascertainable as stated. To the extent that the term "protocol" refers to a formal written policy or procedure maintained by Simon & Simon that dictated mandatory pre-filing steps to be performed by Marc Simon or Simon & Simon personnel in every case, no responsive documents exist. Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents concerning any dispute, litigation, arbitration, investigation, disciplinary action, civil action, or criminal proceeding to which you have ever been a party or witness that included allegations of Simon & Simon, or any past or present employee, officer, director, or affiliate thereof, violating ethical rules, engaging in misconduct, or committing fraud.

**RESPONSE:** The Simon Defendants object to this Request on the grounds that it is overly broad, vague and unduly burdensome, in that it seeks information that is not relevant to the claims

or defenses nor proportional to the needs of the case. By way of further response, the Request is being interposed for an improper purpose to harass the Simon Defendants and needlessly increase the cost of litigation. The Request also exceeds the scope of discovery permitted by the Court's June 10, 2026 Order (ECF 125) and July 7, 2026 Order (ECF 148). Accordingly, the Simon Defendants will not be producing documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents that you describe or refer to in your responses to any interrogatories served by either Plaintiff including any Documents on which you rely when preparing your responses to the interrogatories.

**RESPONSE:** The Simon Defendants object to this Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or legal doctrine protecting such information from disclosure. The Simon Defendants further object to this Request to the extent it purports to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules, the Court's orders, or other applicable law.

Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will produce relevant, non-privileged documents, if any, described or referred to in their interrogatory responses or relied upon in preparing those responses (subject to any objections set forth therein) in accordance with their obligations under the Federal Rules of Civil Procedure, the Local Civil Rules, and any applicable Court order.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents that you intend to introduce or rely upon in this Action, including without limitation in connection with any deposition, motion, or trial.

**RESPONSE:** The Simon Defendants object to this Request to the extent that it seeks to impose an obligation outside the scope of Fed. R. Civ. P. 26. The Simon Defendants also object to this Request as premature because discovery is ongoing and the Simon Defendants are not required to provide the requested information at this stage in the litigation. Subject to and without waiving the foregoing Specific Objections and Responses or the General Objections and Limitations, without conceding the relevancy, materiality, and/or admissibility of any documents referenced or produced hereunder, and without prejudice to the right to object to further requests, the Simon Defendants respond that they will produce documents that they will introduce or rely upon in this Action throughout discovery and up to and through trial.

Dated: July 20, 2026

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Daniel E. Rhynhart*

James T. Smith (I.D. No. 39333)
Daniel E. Rhynhart (I.D. No. 78248)
Rebecca D. Ward (I.D. No. 79547)
Michael A. Stoolman (I.D. No. 326117)
Maegan S. Spitzer (I.D. No. 335905)
One Logan Square, 130 N. 18th Street
Philadelphia, PA 19103
Phone: (215) 569-5371
Email: Jim.Smith@BlankRome.com
Dan.Rhynhart@BlankRome.com
Rebecca.Ward@BlankRome.com
Michael.Stoolman@BlankRome.com
Maegan.Spitzer@BlankRome.com

*Attorneys for Defendants/Counterclaimants Simon & Simon, P.C. and Marc Simon*

## CERTIFICATE OF SERVICE

I, Daniel E. Rhynhart, hereby certify that on July 20, 2026 a true and correct copy of the foregoing was filed and served electronically via CM/ECF on the parties' counsel of record.

*/s/ Daniel E. Rhynhart*
Daniel E. Rhynhart