# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br>**Defendants.** | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO PREMIER PAIN & REHAB CENTER, PC AND CLIFTON BURT**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Uber Technologies, Inc. ("Uber") and Federal Express Corporation ("FedEx") request that Defendants Premier Pain & Rehab Center, PC ("Premier Pain") and Clifton Burt produce the documents described below. Defendants shall make such production no later than thirty days after service of these Requests.

**DEFINITIONS**

1. "Action" means the above-captioned lawsuit.

2. "Simon & Simon" refers to Defendant Simon & Simon P.C. and its officers, directors, employees, agents, contractors, attorneys, partners, subsidiaries, and affiliates, or any other person or entity acting on Simon & Simon's behalf. "Marc Simon" similarly refers to Defendant Marc Simon and anyone acting on his behalf.

3. "Premier Pain" refers to Defendant Premier Pain & Rehab Center, PC and its employees, doctors, medical professionals, predecessors, affiliates, or anyone acting on its behalf.

4. "Philadelphia Spine Associates" refers to Defendant Philadelphia Spine Associates, LLC and its employees, doctors, medical professionals, predecessors, affiliates, or anyone acting on its behalf.

5. "Lance Yarus" refers to Lance Yarus, any entity through which he conducts his business, or anyone acting on his behalf.

6. References to the terms "and" and "or" shall be interpreted in their broadest sense and shall include both the disjunctive and the conjunctive.

7. "Communication" and "Communications" mean the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise). For the avoidance of doubt, "Communication" includes electronic and handwritten messages regardless of format, such as communications through text messages, instant messages, messaging services (e.g., WhatsApp, Signal, Skype), social media (e.g., Twitter/X, Facebook), notes, or email, including attachments.

8. "Document" has the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes any means for retaining information. For illustrative purposes, it refers to, without limitation, all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or records of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, and including audio or video recordings of communications, occurrences, or events. This definition includes, but is not limited to, any and all of the following: correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, checks, check registers, financial statements, journals, ledgers, appraisals, reports, forecasts, compilations, schedules, studies, summaries,

analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial packaging, plans, photographs, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer programs, computer printouts, e-mails, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained, including data recorded or stored on computer or other data storage devices such as network storage devices. It also includes any Communications. "Document" or "documents" shall include all preliminary versions, drafts or revisions of the foregoing, and all copies of a document shall be produced to the extent that the copies differ from the document produced due to notations, additions, insertions, comments, enclosures, attachments, or markings of any kind. Further, "document" and "documents" shall include, without limitation, those categories as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, specifically, writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form.

9. "Concerning", "related to", or "relating to" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, reflecting, referring to, regarding, relating to, reporting on, reviewing, setting forth, supporting, suggesting, summarizing, stating, showing, or touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

10. "Claimant(s)" refers to any person represented by Simon & Simon in connection with alleged injuries suffered in an auto accident, slip and fall, or other event alleged to have caused injury to their body, or any person otherwise referred to you by Simon & Simon. The term includes, but is not limited to, each person listed in Exhibit A.

## INSTRUCTIONS

For the purposes of these Requests, the following instructions apply:

1. In responding to these Requests, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your attorneys, accountants, advisors, representatives, agents, or other persons directly or indirectly employed by, or connected with, you or your attorneys, and anyone else otherwise subject to your control. All documents that respond, in whole or in part, to any portion of the Requests below shall be produced in their entirety, including all attachments and enclosures.

2. In construing these Requests, the plural shall include the singular and the singular shall include the plural; a masculine, feminine, or neutral term shall include all other genders; the terms "or," "and," "and/or," and "including" shall be construed inclusively rather than exclusively so as to bring within the scope of the Request that which otherwise might be construed as being outside the scope of the Request; and the terms "all" and "any" shall be interpreted inclusively so as to mean both "all" and "any" whenever either term is used.

3. If you deem any documents sought by these Requests to be privileged or otherwise protected from discovery, you must nevertheless identify, in any privilege log, for each document withheld, the following:

a. the legal basis for withholding the document;

b. the person asserting any claim of privilege and/or protection;

c. a description and identification of the requested document sufficient to frame an appropriate demand for the document or motion to compel disclosure, setting forth at least the following:

i. the author and/or signatory of the document withheld;

ii. the date of the withheld document;

iii. the identity of the addressees and all others who have received or read the withheld document;

iv. whether the withheld document has any other documents appended to, included with, attached to, incorporated by, or referred to in the withheld document;

v. whether such other documents have been produced; and

vi. the subject matter and circumstances under which the withheld document was created in sufficient detail to ascertain applicability of the privilege or other legal basis asserted.

Notwithstanding a claim that a document is privileged or otherwise protected from disclosure, any documents so withheld must be produced with the portion claimed to be protected excised.

4. The privilege log should be served no later than ten days after the production deadline.

5. Responsive documents shall be produced as they are kept in the ordinary course of business or shall be produced in a manner organized and labeled corresponding with the categories in these Requests in accordance with the Federal Rules of Civil Procedure. If there are no documents or things responsive to a particular Request, you should state so in writing.

6. In responding to these Requests, you must make a diligent search of your records and of other papers or materials in your possession or available to you or your representatives.

7. If you refuse to provide documents responsive to any Request on the grounds of undue burden, you should state in detail the reason(s) for your objection(s), including the number and nature of documents or records needed to be searched and/or produced, the location of the documents, the custodian of the documents, and the number of person-hours and costs required to conduct the search.

8. If any Request is unclear or ambiguous to you, contact undersigned counsel as soon as possible so that the Request can be clarified to avoid unnecessary delays in discovery.

9. If any responsive document is no longer in your possession or subject to your control, state what disposition was made of it, when such disposition was made, why such disposition was made, and by whom such disposition was made. If any requested document was formerly in your possession, custody, or control and has been transferred, lost, or destroyed, submit in lieu of each document a written statement which:

a. describes in detail the nature of the document;

b. identifies the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

c. specifies the date on which the document was prepared or transmitted; and

d. identifies the person last known by you to have been in possession, custody, or control of the document; and

e. specifies, if possible, the date on which the document was transferred, lost, requested to be destroyed, or destroyed.

10. If, after exercising due diligence, you are unable to determine the existence of any documents or things falling within a Request, provide a written response as required by Rule 34.

11. These Requests are ongoing and require periodic and timely supplementation up to and through the completion of any trial in this Action.

**REQUESTS FOR PRODUCTION**

1. The Operating Agreement or similar organizational document for Premier Pain, including without limitation, a list of all unit or equity holders in that entity.

2. Any articles of incorporation, bylaws, shareholder agreements, or compensation agreements relating to Premier Pain.

3. To the extent Premier Pain is owned in whole or in part, directly or indirectly, by any limited liability company, corporation, limited partnership, partnership or other entity, the organizational documents for such entities.

4. All Documents relating to Simon & Simon.

5. All Documents relating to the email accounts "medicalsimonlawfirm@gmail.com" and "leadsteam@gosimon.com" or any other email account used by Simon & Simon or Marc Simon, including all sent and received messages, attachments, and calendar entries.

6. All Communications with Marc Simon, including Communications relating to any referral, treatment, examination, or evaluation, or the negotiation, approval, or authorization of any compensation arrangement.

7. All Documents relating to each Claimant.

8. All patient files, intake forms, imaging records, pain scale assessments, diagnostic reports, and records and medical records relating to the treatment or examination of any Claimant.

9. Any data housed or maintained, whether locally, through a picture archiving and communications system, or otherwise, by any fluoroscope machine or medical imaging device utilized in connection with, including with respect to the treatment of, any Claimant.

10. All Documents relating to the scheduling of treatment or examination for any Claimant.

11. A full copy of any calendars shared with or concerning Simon & Simon, including "Firm Calendar(G)."

12. All Documents relating to virtual meetings, whether via Zoom or otherwise, scheduled for or attended by Claimants.

13. All Documents relating to any invoicing or payment received in connection with the treatment of any Claimant.

14. All Documents relating to the purchase of any receivables with respect to any Claimant.

15. All Documents relating to any third-party litigation funder who provided, directly or indirectly, any payment with respect to any treatment or examination of any Claimant.

16. All agreements with any third-party litigation funder.

17. All agreements with Simon & Simon or Marc Simon.

18. All Documents relating to any deposition or trial testimony or declaration provided in any litigation filed by any Claimant.

19. Any engagement letter with counsel in this matter.

20. Any engagement letter for counsel in any deposition or trial testimony for any litigation filed by any Claimant.

21. All Documents relating to any payments, directly or indirectly, from Simon & Simon or Marc Simon.

22. All Documents relating to payments from Simon & Simon or Marc Simon to counsel for Premier Pain, Clifton Burt, or Blessen Abraham.

23. Documents memorializing the form and amount of all compensation received by Clifton Burt and Blessen Abraham in connection with their association with Premier Pain or medical services provided to Claimants.

24. Any income statements, cash flow statements, balance sheets, statements of equity or other financial statements for Premier Pain from 2019 to the present.

25. Any tax return for Premier Pain from 2019 to the present.

26. All internal guides, manuals, policies, training materials, instruction protocols, and other similar Documents regarding processes for intake, handling, and treatment of patients.

27. All Documents reflecting policies, protocols, guidelines, or criteria used by you to determine the medical necessity of medial branch blocks and radiofrequency ablations.

28. All agreements with any law firm regarding treatment or examination of patients.

29. Any database or similar comprehensive record reflecting the names and treatment received by any Premier Pain or Clifton Burt patient from 2019 to the present.

30. All Documents relating to the referral of patients to Premier Pain or Clifton Burt by any law firm or lawyer.

31. Any Documents identifying patients treated or examined by Premier Pain or Clifton Burt other than those referred by a law firm or lawyer.

32. Documents sufficient to identify the make, model, serial number, and purchase date of any and all medical machines, devices, or equipment used by you to perform anesthesia, imaging, medial branch blocks, and radiofrequency ablation procedures.

33. All invoices, purchase orders, receipts, and other Documents relating to your purchase of medical supplies, surgical tools, anesthetics, needles, and medications.

34. All templates, standard forms, macros, dot-phrases, or word processing files used by you in your Electronic Medical Record system to generate patient evaluation reports, procedure reports, or letters of medical necessity.

35. All Documents relating to Clifton Burt's application for and receipt of authorization to practice medicine in the Commonwealth of Pennsylvania, including any disclosures of past disciplinary history.

36. All Documents relating to any instruction, direction, or communication to or from any co-Defendant or other person regarding the production or withholding of documents, testimony, or cooperation in connection with this Action or any Claimant's case.

37. All Documents concerning any dispute, litigation, arbitration, investigation, civil action, or criminal proceeding that included allegations of Premier Pain, or any past or present employee, officer, director, or affiliate thereof, violating ethical rules, engaging in medical misconduct, or committing fraud.

38. All Documents described or referenced in the responses to any interrogatories served by either Plaintiff on Premier Pain, including any Documents on which you rely when preparing your responses to the interrogatories.

39. All Documents that you intend to introduce or rely upon in this Action, including without limitation in connection with any deposition, motion, or trial.

Dated: May 23, 2026

**ROHN KURLAND, P.C.**

By: /s/ Amy Kurland
Amy Kurland, Bar No. 37419
AKurland@rohnkurland.com
1700 Market St, Suite 1005
Philadelphia, PA 19103
Telephone: +1.215.770.0320
Facsimile: +1.215.717.9697

**PERKINS COIE LLP**

David W. T. Daniels
DDaniels@perkinscoie.com
Michael J. Wadden
MWadden@perkinscoie.com
Sydney Veatch
SVeatch@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

David B. Massey
DMassey@perkinscoie.com
William Wilder
WWilder@perkinscoie.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

Michael R. Huston
MHuston@perkinscoie.com
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
Facsimile: +1.602.648.7000

*Attorneys for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*

**EXHIBIT A**

1. Adenike Oluwole
2. Alberto Ayala
3. Andre Shelton
4. Andre Westbrook
5. Angela Belcher
6. April Bailey
7. Asia Showell
8. Bahijah Johnson
9. Brenda Clark
10. Cassandra Francois
11. Charmaine Davis
12. Dajuan Samuel
13. Dajuan Speaks
14. Dameond Bailey
15. Darnell Legett
16. Deniece Harvey
17. Denita Woodson
18. Desha Mack
19. Donald Major
20. Dorian Span
21. Dreana Deidra Johnson (aka Dreana Thomas)
22. Enrique Santiago
23. Ericka Adams
24. George Kirby
25. Geraldine Fulton
26. Heaven Simmons
27. Heavin Akins
28. Jahleel Bennett
29. Jahlil Palmer
30. Jajaira Melendez
31. James Drayton
32. James Whitaker

33. Jazmine Green (aka Jazmine Green-Isham)
34. Jazmyn Coriano
35. Jeffrey Robinson
36. Johnathan Wescott
37. Jonathan Jefferson
38. Joseph Bailey
39. Joseph Jackson
40. Juan Agosto
41. Kareema Williams
42. Kayonna Gambrell-Holmone
43. Knatyba Walker
44. Latoya McDonald-Colon
45. Marcello Dattilo
46. Melvin Wilkerson
47. Mercedes Bellinger
48. Michelle Cruz
49. Nadir Jones
50. Noel Serrano
51. Osvil Leonel Contreras Madrid
52. Otis Goodwin
53. Rafael Gomez
54. Rasheed Larke
55. Rashondah Coleman
56. Robert Mackey
57. Robert Smith
58. Ronae Hughes-Crawley
59. Rosetta Butler
60. Samir Pace
61. Shakia Nicholson
62. Sharay Precia
63. Sira Sylla
64. Tamika Barnes
65. Tenisha Walker

66. Tierre Kirkland
67. Yasmeen Bailey
68. Zakiyyah Greenwood
69. Zhane Stones

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2026, the foregoing document was served in accordance with the Federal Rules of Civil Procedure upon Defendants in the above-titled action by electronic mail.

Dated: May 23, 2026

**PERKINS COIE LLP**

By: /s/ Sydney N. Veatch
Sydney N. Veatch
SVeatch@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

*Counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*