# EXHIBIT 6

**Wadden, Michael (WDC)**

| | |
|---|---|
| **From:** | Wadden, Michael (WDC) |
| **Sent:** | Friday, June 5, 2026 5:36 PM |
| **To:** | Spitzer, Maegan; Rhynhart, Dan; Smith, Jim; Ward, Rebecca; Stoolman, Michael A. |
| **Cc:** | Daniels, David (WDC); Amy Kurland; Massey, David (NYC); Wilder, William (NYC); Veatch, Sydney (WDC); strentalange@dilworthlaw.com; sdeviney@foxrothschild.com; andrew@Barattalawfirm.com |
| **Subject:** | Notice of Deposition - Simon & Simon |
| **Attachments:** | 2026.6.5 Notice of 30(b)(6) Deposition of Simon & Simon.pdf |

Counsel,

Attached please find a notice of 30(b)(6) deposition of Simon & Simon. We are happy to work with you to pick a date that will be convenient.

Thanks,
Mike

**Michael Wadden | Perkins Coie**
**ASSOCIATE**
700 Thirteenth Street, N.W. Suite 800
Washington, DC 20005-3960
+1.202.434.1683
Mwadden@perkinscoie.com
perkinscoie.com

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION, Plaintiffs,** | |
| **v.** | CIVIL ACTION |
| **SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS, Defendants.** | No: 2:25-cv-05365-MAK |

**PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION OF SIMON & SIMON P.C.**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Uber Technologies, Inc. ("Uber"), and Federal Express Corporation ("FedEx"), by and through undersigned counsel, will take the deposition upon oral examination of Simon & Simon P.C. ("Simon & Simon") through one or more individuals designated to testify on Simon & Simon's behalf regarding all information known or reasonably available to Simon & Simon with respect to the subject matters identified in Exhibit A hereto. Uber and FedEx request that Simon & Simon provide written notice at least five business days before the deposition of the name(s) and employment position(s) of the individual(s) designated to testify on Simon & Simon's behalf.

The deposition shall commence at 9:00 a.m. on June 17, 2026, at 1700 Market St, Suite 1005, Philadelphia, PA 19103.

The deposition will be taken before a person authorized by law to administer oaths under Fed. R. Civ. P. 28(a) and shall continue from day to day, excluding Sundays and holidays, until

the examination is completed. The deposition will be recorded and transcribed by a stenographer and videotaped by a professional videographer.

Dated: June 5, 2026

**ROHN KURLAND, P.C.**

By: /s/ Amy Kurland
Amy Kurland, Bar No. 37419
AKurland@rohnkurland.com
1700 Market St, Suite 1005
Philadelphia, PA 19103
Telephone: +1.215.770.0320
Facsimile: +1.215.717.9697

**PERKINS COIE LLP**

David W. T. Daniels
DDaniels@perkinscoie.com
Michael J. Wadden
MWadden@perkinscoie.com
Sydney Veatch
SVeatch@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

David B. Massey
DMassey@perkinscoie.com
William Wilder
WWilder@perkinscoie.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

Michael R. Huston
MHuston@perkinscoie.com
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
Facsimile: +1.602.648.7000

*Attorneys for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*

# EXHIBIT A

## DEFINITIONS

1. "Action" means the above-captioned lawsuit.

2. "Simon & Simon" refers to Defendant Simon & Simon P.C. and its officers, directors, employees, agents, contractors, attorneys, partners, subsidiaries, and affiliates, or any other person or entity acting on Simon & Simon's behalf.

3. "Premier Pain" refers to Defendant Premier Pain & Rehab Center, PC and its employees, doctors, medical professionals, predecessors, affiliates, or anyone acting on its behalf.

4. "Philadelphia Spine Associates" refers to Defendant Philadelphia Spine Associates, LLC and its employees, doctors, medical professionals, predecessors, affiliates, or anyone acting on its behalf.

5. "Lance Yarus" refers to Lance Yarus, any entity through which he conducts his business, or anyone acting on his behalf.

6. "Communication" and "Communications" mean the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise). For the avoidance of doubt, "Communication" includes electronic and handwritten messages regardless of format, such as communications through text messages, instant messages, messaging services (e.g., WhatsApp, Signal, Skype), social media (e.g., Twitter/X, Facebook), text, notes, or email, including attachments.

7. "Document" has the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes any means for retaining information. For illustrative purposes, it refers to, without limitation, all written, printed, typed, photostatic, photographed, recorded, or otherwise

reproduced communications or records of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, and including audio or video recordings of communications, occurrences or events. This definition includes, but is not limited to, any and all of the following: correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgements, receipts, bills, statements, checks, check registers, financial statements, journals, ledgers, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial packaging, plans, photographs, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer programs, computer printouts, e-mails, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained, including data recorded or stored on computer or other data storage devices such as network storage devices. "Document" or "documents" shall include all preliminary versions, drafts or revisions of the foregoing, and all copies of a document shall be produced to the extent that the copies differ from the document produced due to notations, additions, insertions, comments, enclosures, attachments, or markings of any kind. Further, "document" and "documents" shall include, without limitation, those categories as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, specifically, writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form.

8. “Concerning”, “related to”, or “relating to” means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, reflecting, referring to, regarding, relating to, reporting on, reviewing, setting forth, supporting, suggesting, summarizing, stating, showing, or touching upon a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

9. “Claimants” refers to any person listed on Exhibit B attached hereto.

10. “Personal Injury Client(s)” refers to any person formerly or currently represented by Simon & Simon in connection with alleged personal injuries.

## INSTRUCTIONS

1. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

2. The singular includes the plural and vice versa. The masculine includes the feminine and neutral genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

3. If you do not know, and cannot reasonably ascertain, the appropriate individual to testify on Simon & Simon’s behalf related to any subject matter listed below, please state that affirmatively.

4. If you object to any subject matter of examination in whole or in part, state your objections and/or reasons for not responding and state all factual and legal justifications that you believe support your objection or failure to make a designated witness available.

## SUBJECT MATTERS OF EXAMINATION

1. Record-keeping practices of Simon & Simon with respect to Personal Injury Clients, and the location and custodians of such records.

2. For the Personal Injury Clients who received treatment from or were otherwise examined by Clifton Burt:

   a. the practices of Simon & Simon with respect to identifying and retaining such Personal Injury Clients, including but not limited to the existence and terms of any referral arrangements related thereto, and the location and custodian of any Documents reflecting such practices;

   b. instructions or recommendations that are provided to such Personal Injury Clients regarding emergency room visits or other medical treatment or care, including who communicates such instructions or recommendations, how such instructions or recommendations are communicated, whether such instructions or recommendations or Communications relating to them are memorialized by email, text, or other writing, and the location and custodians of such Documents;

   c. the practices of Simon & Simon with respect to the referral or recommendation of Personal Injury Clients to Clifton Burt or Premier Pain, and the location and custodian of any Documents reflecting such practices;

   d. the practices of Simon & Simon with respect to Personal Injury Client intake and records created in connection with client intake, and the location and custodian of any Documents reflecting such practices;

   e. the relationship between Simon & Simon and Clifton Burt/Premier Pain,

including the date on which such relationship began, the number of Personal Injury Clients who received treatment from Clifton Burt or Premier Pain each year, and whether Personal Injury Clients continue to receive treatment from Clifton Burt or Premier Pain, as well as the location and custodian of any Documents reflecting such relationship;

f. records that Simon & Simon may maintain relating to scheduling for, referrals or recommendations to, or transportation to Premier Pain or Clifton Burt, and the locations and custodians of such records;

g. records that Simon & Simon may maintain relating to instructions, referrals, or recommendations for treatment by Premier Pain or Clifton Burt for any such Personal Injury Client, how such instructions, referrals, or recommendations are communicated, the custodians for such records, the reasons why such instructions or recommendations are given, and the names and qualifications of current or former Simon & Simon employees or affiliates who deliver such instructions, referrals, or recommendations;

h. records that Simon & Simon may maintain relating to scheduling for, referrals or recommendations to, or transportation to chiropractic or other medical care for such Personal Injury Clients;

i. records that Simon & Simon may maintain relating to scheduling for, referrals or recommendations to, or transportation to any medical imaging, including but not limited to medical imaging at Open MRI of Bala Cynwyd, for such Personal Injury Clients;

j. the practices of Simon & Simon concerning any instructions or

recommendations provided to such Personal Injury Clients regarding their Communications with medical care providers, including but not limited to how they should report their pain level or how they should describe their injury, and the location and custodian of any Documents reflecting such practices;

k. the practices of Simon & Simon concerning the use of the U.S. mails or interstate wires in connection with medical care for any such Personal Injury Client, and the location and custodian of any Documents relating to such practices;

l. the practices of Simon & Simon concerning the making of disbursements or payments to any such Personal Injury Client, and the names of any current or former Simon & Simon employees with responsibility for authorizing, directing, or making such payments, as well as the location and custodian of any Documents reflecting such practices;

m. the practices of Simon & Simon concerning the making of disbursements or payments to any medical provider in connection with such Personal Injury Clients, and the names of any current or former Simon & Simon employees with responsibility for authorizing, directing, or making such payments, as well as the location and custodian of any Documents reflecting such practices;

n. the practices of Simon & Simon concerning the allocation of settlement proceeds related to such Personal Injury Clients, and the location and custodian of any Documents reflecting such practices;

o. the proportionate share of such Personal Injury Clients as a percentage of Simon & Simon's aggregate case load, recoveries, and profits in each year, and the location and custodian of any Documents reflecting these figures; and

p. the existence, location, custodian, and terms of third-party litigation funding agreements or arrangements with respect to claims asserted by any such Personal Injury Clients.

3. With respect to Premier Pain or Clifton Burt:

a. the terms of any agreement, arrangement, or understanding between Simon & Simon and Premier Pain or Clifton Burt, and the location and custodian of any Documents reflecting the same;

b. the terms of, reasons for, and circumstances relating to any agreement, arrangement, or understanding between Premier Pain and Thrivest Legal Funding, LLC relating to the purchase of receivables, and the location and custodian of any Documents reflecting the same; and

c. the persons at Simon & Simon responsible for or involved in the retention of counsel for Clifton Burt or Blessen Abraham in connection with testimony relating to Personal Injury Clients, and any payment arrangement with respect to such counsel, as well as the location and custodian of any Documents reflecting the same.

4. With respect to Philadelphia Spine Associates, Daniel Piccillo, or Ethel Harvey:

a. the relationship between Simon & Simon and Philadelphia Spine Associates, Daniel Piccillo, and/or Ethel Harvey, and the location and

custodian of any Documents reflecting such relationship;

b. the person or persons at Simon & Simon involved in establishing or maintaining any relationship with Philadelphia Spine Associates, Daniel Piccillo, and/or Ethel Harvey, and the location and custodian of any Documents reflecting such relationship;

c. the terms of any agreement, arrangement, or understanding between Simon & Simon and Philadelphia Spine Associates, Daniel Piccillo, and/or Ethel Harvey, and the location and custodian of any Documents reflecting such agreement, arrangement, or understanding;

d. the practices concerning how Philadelphia Spine Associates, Daniel Piccillo, and/or Ethel Harvey are paid with respect to the treatment of any Personal Injury Client, and the location and custodian of any Documents reflecting such practices; and

e. the practices concerning any payments or disbursements from Simon & Simon to Philadelphia Spine Associates, Daniel Piccillo, and/or Ethel Harvey, and the location and custodian of any Documents reflecting such practices.

5. With respect to Open MRI of Bala Cynwyd or Joel Swartz:

a. the relationship between Simon & Simon and Open MRI of Bala Cynwyd or Joel Swartz, and the location and custodian of any Documents reflecting such relationship;

b. the person or persons at Simon & Simon involved in establishing or maintaining any relationship with Open MRI of Bala Cynwyd or Joel

Swartz;

c. the existence and terms of any agreement, arrangement, or understanding between Simon & Simon and Open MRI of Bala Cynwyd or Joel Swartz, and the location and custodian of any Documents reflecting such agreement, arrangement, or understanding;

d. the practices concerning how Open MRI of Bala Cynwyd or Joel Swartz are paid with respect to the treatment of any Personal Injury Client, and the location and custodian of Documents reflecting such payments; and

e. the practices concerning any payments or disbursements from Simon & Simon to Open MRI of Bala Cynwyd or Joel Swartz, and the location and custodian of any Documents reflecting such payments or disbursements.

6. With respect to Lance Yarus:

a. the relationship between Simon & Simon and Lance Yarus;

b. the persons at Simon & Simon involved in establishing or maintaining any relationship with Lance Yarus, and the location and custodian of Documents reflecting such relationship;

c. the terms of any agreement, arrangement, or understanding between Simon & Simon and Lance Yarus, and the custodian and location of any records reflecting any such agreement, arrangement, or understanding;

d. whether Simon & Simon has any record relating to whether any Personal Injury Client received the care that Lance Yarus predicted would have to be provided and the location and custodians for such records; and

e. records relating to payments to Lance Yarus and the location and custodians

for such records.

7. With respect to each Claimant:

a. how Simon & Simon came to represent each Claimant;

b. when Simon & Simon commenced its representation of each Claimant;

c. the reasons why each Claimant was referred or recommended to Premier Pain or Clifton Burt;

d. the lead attorney(s) for each Claimant;

e. litigation funding agreements signed by or in connection with each Claimant, and the location and custodians for related Documents;

f. the amount that Simon & Simon recovered in connection with each Claimant;

g. the net profit that Simon & Simon realized in connection with each Claimant; and

h. when Simon & Simon terminated its representation of each Claimant;

8. The identities and roles of current or former Simon & Simon non-attorney employees who performed job duties in connection with the Personal Injury Clients, and the location and custodian of any Documents concerning such employees.

9. The names of current or former Simon & Simon employees who were involved in scheduling or coordinating medical treatment for Personal Injury Clients; how such employees were compensated; what records related to such scheduling activity exist and the location and custodians for such records; how such employees communicate with medical providers; whether such Communications include text or telephonic Communications; whether and how such records are maintained and preserved; and whether Simon & Simon has policies, training, instructions, or

guidance with respect to such scheduling or coordination.

10. Simon & Simon's practices for communicating with Personal Injury Clients regarding medical treatment, including but not limited to communicating regarding recommended providers, anticipated treatment, billing practices, insurance coverage, liens, or payment obligations. This topic includes Simon & Simon's Zoom meetings with Personal Injury Clients following appointments with Premier Pain, and the location and custodian of any Documents reflecting such practices.

11. Whether Simon & Simon maintains an email and document management system or systems and any retention policies or practices with respect to such system(s).

12. Referral relationships and agreements, arrangements, or understandings between Simon & Simon and the following medical providers, and the location and custodian of Documents reflecting such agreements, arrangements, or understandings:

a. Philly Spine Center, Inc.;

b. The Rehab Centre, Inc.;

c. PennDel Rehab LLC;

d. Spinal Care, LLC;

e. Regen Doctors Inc.;

f. Passyunk Chiropractic and Rehabilitation, LLC;

g. Excelsia Injury Care of Pennsylvania;

h. Philadelphia Pain Center;

i. Philadelphia Foot Doctor, Dr. Alyssa Piccillo;

j. South Philadelphia Open MRI;

k. Advantage Medical and Rehabilitation;

l. West Philadelphia Pain Management;

m. Excel Physical Medicine & Rehab;

n. North American Spine & Pain;

o. James F. Bonner; or

p. any other chiropractor or entity that purports to deliver chiropractic services.

13. With respect to Nirav Shah, Gene Salkind, Joseph K. Lee, the Verity Group, ValPar Consultants, Inc., and J. Quinn Consulting, LLC:

a. the person or persons at Simon & Simon involved in establishing or maintaining any relationship with such persons or entities;

b. the existence and terms of any agreement, arrangement, or understanding between Simon & Simon and such persons or entities, and the location and custodian of any Documents reflecting such agreement, arrangement, or understanding; and

c. records relating to payments to such persons or entities and the location and custodians for such records.

**EXHIBIT B**

1. Adams, Ericka
2. Agosto, Juan
3. Akins, Heavin
4. Ayala, Alberto
5. Bailey, April
6. Bailey, Dameond
7. Bailey, Joseph
8. Bailey, Yasmeen
9. Barnes, Tamika
10. Belcher, Angela
11. Bellinger, Mercedes
12. Bennett, Jahleel
13. Butler, Rosetta
14. Clark, Brenda
15. Coleman, Rashondah
16. Contreras Madrid, Osvil Leonel
17. Coriano, Jazmyn
18. Cruz, Michelle
19. Dattilo, Marcello
20. Davis, Charmaine
21. Drayton, James
22. Francois, Cassandra
23. Fulton, Geraldine
24. Gambrell-Holmone, Kayonna
25. Gomez, Rafael
26. Goodwin, Otis
27. Green, Jazmine (aka Green-Isham, Jazmine)
28. Greenwood, Zakiyyah
29. Harvey, Deniece
30. Hughes-Crawley, Ronae

31. Jackson, Joseph
32. Jefferson, Jonathan
33. Johnson, Bahijah
34. Johnson, Dreana Deidra (aka Thomas, Dreana)
35. Jones, Nadir
36. Kirby, George
37. Kirkland, Tierre
38. Larke, Rasheed
39. Legett, Darnell
40. Mack, Desha
41. Mackey, Robert
42. Major, Donald
43. McDonald-Colon, Latoya
44. Melendez, Jajaira
45. Nicholson, Shakia
46. Oluwole, Adenike
47. Pace, Samir
48. Palmer, Jahlil
49. Precia, Sharay
50. Robinson, Jeffrey
51. Samuel, Dajuan
52. Santiago, Enrique
53. Serrano, Noel
54. Shelton, Andre
55. Showell, Asia
56. Simmons, Heaven
57. Smith, Robert
58. Span, Dorian
59. Speaks, Dajuan
60. Stones, Zhane
61. Sylla, Sira
62. Walker, Knatyba
63. Walker, Tenisha

64. Wescott, Johnathan
65. Westbrook, Andre
66. Whitaker, James
67. Wilkerson, Melvin
68. Williams, Kareema
69. Woodson, Denita

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2026, a true and correct copy of the above and foregoing Notice of Deposition has been served by email upon the attorneys for Simon & Simon in the above-captioned action.

*/s/ _David W.T. Daniels__*
David W.T. Daniels