# EXHIBIT 9

**Wadden, Michael (WDC)**

---

**From:** Spitzer, Maegan <maegan.spitzer@blankrome.com>
**Sent:** Wednesday, July 15, 2026 12:55 PM
**To:** Wadden, Michael (WDC)
**Cc:** Rhynhart, Dan; Ward, Rebecca; Stoolman, Michael A.; Daniels, David (WDC); Massey, David (NYC); Wilder, William (NYC); Taber, Jacob (NYC); Amy Kurland; Veatch, Sydney (WDC); Smith, Jim
**Subject:** RE: Uber Technologies, Inc. et al v. Simon, et. al.

**Follow Up Flag:** Follow up
**Flag Status:** Flagged

Michael,

Please see our responses below.

**Precia Video and Materials:**
We will prioritize production of the Sharay Precia Time Matters files and will endeavor to include responsive documents in our first production of Time Matters files.

**Time Matters Collection and Production:**
While we did not commit to a specific production date, we are making every effort to complete review and production of the Time Matters materials as quickly as possible. We will continue to produce materials on a rolling basis and will keep you updated on our progress. Please note that Rebecca's estimate she gave you during our call of the anticipated number of records from the Time Matters files was off-the-cuff based upon an initial report relating solely to the original 23 – as she noted, the collection was still on-going to capture all the information for the expanded list. Based upon current information, pending completion of the collection for all claimants, the total number of records is much higher (around 20,000 documents).

**Substantial Completion of Time Matters Production:**
We can assure you we are working diligently to comply with Court deadlines. However, your reliance on the Simon Defendants' imposition of "an extremely tight discovery schedule," is misplaced because our initial proposal for a shorter discovery schedule was based on a more limited scope of discovery. The Court's July 7 Order has expanded the scope, and we are adjusting our efforts accordingly. We are dedicating additional resources to expedite review and production.

**Non-Uber/Non-FedEx Claimants:**
We will abide by the Court's July 7, 2026 Order regarding production of records and information relating to the non-Uber/non-FedEx claimants identified in the pleadings and Plaintiffs' June 26 declaration. We will provide amended interrogatory responses consistent with the Court's Order.

**Interrogatories 1, 3, 4, & 5:**
The Simon Defendants stand on their objection. The Court's July 7 Order clarified the scope of discovery and made clear that it is limited to the 56 claimants in Plaintiffs' pleadings and declaration providing the additional 25 names.

**Email Collections:**
We did not commit to a substantial completion date for production of documents identified through initial email searches, but we are conducting review and production as quickly as possible and will continue to make rolling productions.

**Proposed Search Terms:**
As discussed on our call Friday, emails have been searched for "[claimant's first name] /2 [claimant's last name]" and the file number. We will also search based on the claimants' known email addresses and phone numbers. If there are specific requests which you think warrant additional search terms, please propose those terms for our consideration.

**30(b)(6) Deposition:**
We are reviewing the topics of examination and will provide you with dates for a meet-and-confer regarding the same as soon as possible.

**Interrogatory 7:**
We have confirmed with our client that no direct or indirect funding exists. We will provide a supplemental interrogatory reflecting the same.

**Interrogatories 6 & 8:**
We will provide an amended response to Interrogatory No. 6, targeted for the end of next week, for the claimants within the scope of discovery under the Court's Orders, for the time period June 1, 2020 forward. We will provide an amended response to Interrogatory No. 8 by Monday, July 20th.

**RFPs 57 & 58:**
We will amend the responses these RFPs by Monday July 20th to identify the types of documents and time periods for which the Simon Defendants will conduct a search for review and possible production. As stated during our call on Friday, the firm does not have an "employee directory" as requested in RFP 57. Note that the issue of the time period remains the subject of continuing discussion.

**RFPs 7, 8, 19, 20, 29, 30:**
We can confirm that the Simon Defendants are uninvolved in any other Defendants' retention of counsel and have not paid any of the other Defendants' fees.

**Device at Premier Pain Used for Zoom Communications:**
Stephanie Deviney's recollection of your discussion on this point does not match what you stated during our call on Friday. In any event, and regardless of whose recollection of that conversation is correct, there is no Simon & Simon-owned device kept at Premier Pain.

Thank you,
Maegan

**Maegan S. (McUmber) Spitzer** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
direct: +1.215.569.5641 | mobile: +1.336.709.9923
maegan.spitzer@blankrome.com | bio

**From:** Wadden, Michael <michael.wadden@ashurstperkins.com>
**Sent:** Monday, July 13, 2026 10:26 PM
**To:** Stoolman, Michael A. <michael.stoolman@blankrome.com>; Spitzer, Maegan <maegan.spitzer@blankrome.com>; Ward, Rebecca <rebecca.ward@blankrome.com>
**Cc:** Rhynhart, Dan <dan.rhynhart@blankrome.com>; Daniels, David <david.daniels@ashurstperkins.com>; Massey, David <david.massey@ashurstperkins.com>; Wilder, Will <will.wilder@ashurstperkins.com>; Taber, Jacob <jacob.taber@ashurstperkins.com>; Amy Kurland <akurland@rohnkurland.com>; Veatch, Sydney <sydney.veatch@ashurstperkins.com>; Smith, Jim <jim.smith@blankrome.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon, et. al.

Rebecca, Mike, and Maegan,

Thanks for the call last Friday. Below is a summary of the parties' discussion and open items.

**Precia Video and Materials:** As discussed, we ask that you please prioritize production of the Sharay Precia Time Matters files, including the video of her alleged slip and fall, and that those materials be included in your first production of Time Matters files. *Please confirm that you will prioritize the production of the Precia files, consistent with your representation that a subpoena to the City of Philadelphia for the Precia files is unnecessary because they are readily available through party discovery.*

**Time Matters Collection and Production:** You represented that you have collected and are ingesting Time Matters materials for claimants A-W, which total roughly 10,000 documents, and that collection efforts are underway for the other claimants in the pleadings and in Plaintiffs' June 26 declaration. You represented that your review of those documents will begin this week and that you expect to produce materials on a rolling basis and have a substantial volume produced by July 24, 2026.

We expect your production of Time Matters materials to be substantially complete by the end of next week. The Simon Defendants have known the identities of the bulk of the Time Matters files at issue for months, and you petitioned the Court to impose an extremely tight discovery schedule that was implicitly premised on your ability to produce documents within weeks of the Rule 16 conference. Having done so, the Simon Defendants cannot now delay their productions in a manner that makes it impossible for discovery to proceed at the pace necessary to meet the Court's deadlines.

**Non-Uber/Non-FedEx Claimants:** In light of the Court's July 7, 2026 Order (ECF No. 148), we understand that you are withdrawing your objections to producing responsive records and information relating to the non-Uber/non-FedEx claimants identified in the pleadings and in Plaintiffs' June 26 declaration, and that you will be searching for and producing records relating to those claimants (consistent with your other responses and objections). *Please provide written confirmation that our understanding is correct. Please also provide amended Interrogatory responses consistent with the Court's July 7, 2026 Order*.

**Interrogatories 1, 3, 4, & 5:** As discussed, it is our position that Plaintiffs are entitled to complete responses to each of these interrogatories, since the information sought is highly relevant to issues including intent and the existence of a RICO enterprise/conspiracy. However, as a compromise, we would accept a response to Interrogatory 1 that identifies the total number of Simon & Simon clients treated by Premier Pain in each year. Likewise, we would accept responses to Interrogatories 3, 4, and 5 that identify the total number of claimants per-year whose identities are responsive to those interrogatories. *Please confirm by this Thursday, July 16, if you will agree to that compromise and provide amended responses to Interrogatories 1, 3, 4, & 5*.

**Email Collections:** You represented that you have collected custodial documents from the custodians identified in your Electronic Discovery Disclosure (including shared gmail accounts), and that you are confirming that your collections include "master custodians" possessing case managers' responsive custodial files. You represented that you have run basic searches on the emails you collected, are reviewing the documents

identified through those searches, and intend to make rolling productions of responsive records. We expect the production of documents identified by those initial basic searches to be substantially completed by July 24.

**Proposed Search Terms**: You stated you are still working on preparing proposed search terms consistent with our discussion on July 1. *Please provide your proposed search terms by this Wednesday, July 15.*

**30(b)(6) Deposition:** You again stated that you could not commit to a date by which you will be prepared to offer a 30(b)(6) witness, but you stated that you would endeavor to propose a date by the end of next week. You also stated that you were not prepared to confer about the matters noticed for examination but agreed to have that discussion this week. As you know, Plaintiffs served our 30(b)(6) notice over a month ago. Simon & Simon's ongoing refusal to even provide so much as an estimate of when it will have a witness ready is not acceptable. *Please provide us with your availability for this week to meet and confer regarding the 30(b)(6) deposition notice, and be prepared to discuss proposed dates for that deposition during our meeting.*

**Time Period:** You acknowledged that in light of the Court's July 7, 2026 Order (ECF No. 148), the September 18, 2021 to September 17, 2025 time period interposed in your General Objection No. 16 is not tenable, and that the discovery period must extend back far enough to cover documents relating to each of the claimants identified in the pleadings or Plaintiffs' June 26 declaration—including Daemon Bailey, whom Dr. Burt allegedly treated on July 30, 2020. As discussed, we will follow up with you regarding our position and proposal on issues relating to time period.

**Interrogatory 7:** We noted that your response to this interrogatory is deficient in that the interrogatory seeks information regarding funders who provided "funding to Simon & Simon or any of its clients, **directly or indirectly**," but your response is limited to funders who have "provided funding **directly** to Simon & Simon or any of its clients." *Please provide us with an amended response that includes funding provided indirectly by this Thursday, July 16.*

**Interrogatories 6 & 8:** We again noted that your responses to these interrogatories fail to comply with Rule 33(d). *See Parks, LLC v. Tyson Foods, Inc*., No. 5:15-CV-00946, 2015 WL 5042918, at *4 (E.D. Pa. Aug. 26, 2015). You stated that you would discuss these interrogatories with your clients. *Please confirm whether you will provide amended responses and provide such responses by this Wednesday, July 15.*

**RFPs 57 & 58:** You stated that Simon & Simon does not maintain an employee directory, but you acknowledged that they possess "other listing[s] of employee and attorney names," for at least some of the period from 2019 to present, such as email directories. You also stated that you were looking into whether Simon & Simon possesses organizational chart documents. *Please confirm by this Wednesday, July 15 whether you are standing on your objections that "the Simon Defendants will not be producing documents in response to" RFPs 57 & 58, or if you are amending your position and agree to search for and produce responsive records.*

**RFP 1.b:** You stated that you are standing on your objection to RFP 1.b.

**RFPs 7, 8, 19, 20, 29, 30:** We noted that you appear to be misconstruing these RFPs in limiting them to "documents regarding 'retention of counsel' by the Simon Defendants." You represented that you believe the Simon Defendants were uninvolved in the other Defendants' retentions of counsel and that the Simon Defendants did not pay such counsel, but you said you would confirm. *Please provide us that confirmation by this Thursday, July 16.*

**Device at Premier Pain Used for Zoom Communications:** We asked you to confirm that your searches for records responsive to, *e.g.*, RFP 12, include records maintained on or relating to any Simon & Simon devices kept at Premier Pain & Rehab Center for use in Zoom communications involving Simon & Simon claimants. You stated that you would look into that issue and confirm.

**Surgical Coordinator Emails with Premier Pain:** In response to our proposal regarding correspondence with Premier Pain described in my email of July 2, you stated that you will not agree to produce correspondence between Simon & Simon surgical managers/coordinators and Premier Pain, except to the extent you have already agreed to do so in your discovery responses (e.g., in connection with claimants in the pleadings and in Plaintiffs' June 26 declaration).

**Privilege Log Proposals:** We plan to get back to you with a position and proposal on this issue.

We look forward to your prompt responses on the open issues.

Thanks,

Mike

**Michael Wadden | Perkins Coie**
+1.202.434.1683

---

**From:** Stoolman, Michael A. <michael.stoolman@blankrome.com>
**Sent:** Thursday, July 2, 2026 7:25 PM
**To:** Veatch, Sydney (WDC) <sveatch@perkinscoie.com>
**Cc:** Ward, Rebecca <rebecca.ward@blankrome.com>; Smith, Jim <jim.smith@blankrome.com>; Spitzer, Maegan <maegan.spitzer@blankrome.com>; Rhynhart, Dan <dan.rhynhart@blankrome.com>; Daniels, David (WDC) <ddaniels@perkinscoie.com>; Massey, David (NYC) <dmassey@perkinscoie.com>; Wilder, William (NYC) <wwilder@perkinscoie.com>; Taber, Jacob (NYC) <jtaber@perkinscoie.com>; Wadden, Michael (WDC) <mwadden@perkinscoie.com>; Amy Kurland <akurland@rohnkurland.com>
**Subject:** Re: Uber Technologies, Inc. et al v. Simon, et. al.

Sydney,

Yes, you can sign for us.

Thanks,
Mike

**Michael A. Stoolman** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
direct: +1.215.569.5421 | mobile: +1.856.316.6456
michael.stoolman@blankrome.com | bio

---

**From:** Veatch, Sydney <sydney.veatch@ashurstperkins.com>
**Sent:** Thursday, July 2, 2026 6:06 PM
**To:** Stoolman, Michael A. <michael.stoolman@blankrome.com>
**Cc:** Ward, Rebecca <rebecca.ward@blankrome.com>; Smith, Jim <jim.smith@blankrome.com>; Spitzer, Maegan <maegan.spitzer@blankrome.com>; Rhynhart, Dan <dan.rhynhart@blankrome.com>; Daniels, David <david.daniels@ashurstperkins.com>; Massey, David <david.massey@ashurstperkins.com>; Wilder, Will <will.wilder@ashurstperkins.com>; Taber, Jacob <jacob.taber@ashurstperkins.com>; Wadden, Michael <michael.wadden@ashurstperkins.com>; Amy Kurland <akurland@rohnkurland.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon, et. al.

Michael,

We appreciate that you do not oppose our request for a short extension of our time to respond to your motion for a protective order from Monday to Tuesday of next week in light of the holiday weekend. We have prepared the attached stipulation providing for that extension. Please let me know if we can sign on your behalf.

Thanks, and Happy 4th
Sydney

**Sydney Veatch**
Associate

D: +1 202 654 1702

**Ashurst Perkins Coie**
700 Thirteenth Street, N.W. Suite 800
Washington, DC 20005-3960
ashurstperkinscoie.com

Please follow Ashurst Perkins Coie on LinkedIn

---

**From:** Wadden, Michael (WDC) <mwadden@perkinscoie.com>
**Sent:** Thursday, July 2, 2026 5:18 PM
**To:** Spitzer, Maegan <maegan.spitzer@blankrome.com>
**Cc:** Ward, Rebecca <rebecca.ward@blankrome.com>; Stoolman, Michael A. <michael.stoolman@blankrome.com>; Amy Kurland <akurland@rohnkurland.com>; Daniels, David (WDC) <DDaniels@perkinscoie.com>; Smith, Jim <jim.smith@blankrome.com>; Massey, David (NYC) <DMassey@perkinscoie.com>; Rhynhart, Dan <dan.rhynhart@blankrome.com>; Veatch, Sydney (WDC) <SVeatch@perkinscoie.com>; Wilder, William (NYC) <WWilder@perkinscoie.com>; Taber, Jacob (NYC) <JTaber@perkinscoie.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon, et. al.

Maegan,

Thanks for your email. Let's plan for 4pm next Wednesday. I will circulate a calendar invite. In the interim, below is a summary of the parties' discussion and what we understand are our agreed next steps (excluding issues raised in your motion filed this afternoon).

**Issues discussed**:

**Custodians:** You stated that you are collecting custodial accounts for all the persons listed in your electronic discovery disclosure and are also working on collecting identified gmail accounts and some additional shared emails accounts. In response to our request for additional case manager custodians, you stated that you are working to identify master custodians whose files include all the relevant custodial materials, and that the case managers' custodial records may be duplicative of materials you are collecting from other custodians. You confirmed that you would take necessary steps to collect files from custodians with meaningful non-duplicative responsive records, and ensure that the correspondence between case managers and medical providers that we have highlighted is included within your collections.

**Proposed email search terms:** Consistent with the Court's electronic discovery order, we agreed that the Simon Defendants would propose email search terms to Plaintiffs and provide us the opportunity to propose

modifications and additional terms. We would appreciate it if you can provide your proposed terms by next Wednesday.

**Discovery into emails regarding surgical coordinators and Premier Pain:** We believe discovery should include the production of all emails exchanged between the Simon & Simon surgery manager and coordinators (David Bryan, Andrew Laufer, and Louis Frattari) and the Premier Pain email accounts blessendc@gmail.com, frontdesk@premierpainpa.com, recordspprc@gmail.com. We believe that such emails are highly relevant to issues including the enterprise element of our RICO claims, as they will disclose the scope and scale of the coordination between Simon & Simon and Premier Pain. We also believe that such production would be minimally burdensome, as you have already committed to collecting the relevant custodial accounts, and producing correspondence with the three Premier Pain email accounts will be a simple matter of running searches for emails between relevant accounts and producing those records. We ask that you provide your position on whether you will produce such correspondence by next Wednesday.
**30(b)(6) response**: You stated that you will not be in position to identify and prepare a 30(b)(6) witness until you have completed an initial document collection and familiarized yourselves with Simon & Simon's documents. You stated that you hoped to have a sense of the relevant document universe within the next 10 days. We ask that you get back to us as soon as possible on this issue. Given the tight discovery schedule, it is critical that we get the 30(b)(6) deposition scheduled in a timely manner.

**Time Period for Responses (General Objection 16):** You stated that you would be prepared to agree to a more complete time period than September 18, 2021 to September 17, 2025, but that you want the time period for your productions to be reciprocal with Plaintiffs' own. We agreed to take that back and follow up with a proposal.

**Privilege Log for Claimant Communications (General Objection 14):** You explained that your major concern is that logging every communication between a Simon & Simon attorney and a claimant would be burdensome, particularly in connection with ongoing personal injury cases, where you would need to repeatedly update your privilege log. We expressed our concern that if you do not provide a log, that could enable the withholding of claimant communications that are not subject to privilege, such as communications from case managers setting up medical appointments and transportation. You agreed that such purely logistical communications are not privileged and expressed that you understood our concern. We agreed to formulate a proposal that will address both of our concerns and revert back.

**Production Deadline (General Objection 21):** You explained that you objected to the instruction to produce documents on the date responses to the RFPs were due, but that you intend to make productions promptly and on a rolling basis, and expect to have a first production of Time Matter files, totaling about 8,000 records, produced within 2 weeks of ingesting them.

**General Objection 15:** You stated that you would not be excluding from production any materials produced in underlying litigation, and in fact expected to produce many such records in connection with your productions from the Time Matters system. You explained that this objection reflects that you will not conduct additional searches for those materials.

**RFPs 40 & 41:** You clarified that you agree to produce correspondence with the listed medical providers and examiners relating to the claimants currently within the agreed scope of discovery, to the extent that they hit on your search terms, and that your objection was to conducting additional searches for documents relating exclusively to those providers and examiners.

**RFPs 9, 10, 21, 38:** Similarly, you clarified that your objections to these requests are because you believe they are duplicative of other requests, and you will produce responsive records to the extent they are identified based on agreed search terms.

**RFPs 57 & 58:** You stated that you are considering your objections to RFPs 57 and 58 and will follow up regarding your position on those requests.

**RFPs 59 & 60:** You stand on this objection, as you believe these requests are the appropriate subject of an interrogatory, not an RFP. We will take this under advisement and follow up as appropriate.

**RFPs 48–50:** You stated that you will not be dropping these objections and would welcome authority for the position we are entitled to the financial materials. We noted that they are plainly relevant to matters including the enterprise element and motive.

**RFPs 1.b:** We explained that referral materials relating to claimants within the acknowledged scope of discovery are relevant to issues including intent and claimants' conditions. You stated you are unlikely to drop your objection but will discuss internally.

**RFPs 66:** We explained that allegations of similar past misconduct are highly relevant to this dispute. You stated that our request was overbroad, and that information regarding ethics issues such as the Rule 11 matters involving Marc Simon are not relevant. We agreed that we would consider scoping proposals and would follow up.

**Interrogatories**: We stated our objection to your use of Rule 33(d), which we do not believe is consistent with the Federal Rules. *See Parks, LLC v. Tyson Foods, Inc.*, No. 5:15-CV-00946, 2015 WL 5042918, at *4 (E.D. Pa. Aug. 26, 2015). You explained you were working to produce the documents referenced in your responses and anticipated producing amended responses to Interrogatories 1, 3, and 5 with referenced documents (which we received this morning). You stated that you could make additional amendments and productions once you have completed your document collections, but until then, you lack necessary information. We believe that Interrogatories 6, and 7 and 8 (as to claimants within the agreed scope of discovery) are answerable without completing an extensive document review process, and that we are entitled to answers now. You did not commit to providing responses by a date certain, and we did not reach agreement on this issue.

Please let us know if you have substantive disagreements regarding any of the above.

Thanks,

Mike

**Michael Wadden | Perkins Coie**
+1.202.434.1683

---

**From:** Spitzer, Maegan <maegan.spitzer@blankrome.com>
**Sent:** Thursday, July 2, 2026 3:37 PM
**To:** Wadden, Michael (WDC) <mwadden@perkinscoie.com>
**Cc:** Ward, Rebecca <rebecca.ward@blankrome.com>; Stoolman, Michael A. <michael.stoolman@blankrome.com>; Amy Kurland <akurland@rohnkurland.com>; Daniels, David (WDC) <ddaniels@perkinscoie.com>; Smith, Jim <jim.smith@blankrome.com>; Massey, David (NYC) <dmassey@perkinscoie.com>; Rhynhart, Dan <dan.rhynhart@blankrome.com>; Veatch, Sydney (WDC) <sveatch@perkinscoie.com>; Wilder, William (NYC) <wwilder@perkinscoie.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon, et. al.

Michael,

As promised, we are following up on our availability for a follow up call next Wednesday. We are available from 10am on.

Thank you,
Maegan

**Maegan S. (McUmber) Spitzer** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
direct: +1.215.569.5641 | mobile: +1.336.709.9923
maegan.spitzer@blankrome.com | bio

---

**From:** Wadden, Michael <michael.wadden@ashurstperkins.com>
**Sent:** Wednesday, July 1, 2026 5:23 PM
**To:** Stoolman, Michael A. <michael.stoolman@blankrome.com>; Ward, Rebecca <rebecca.ward@blankrome.com>; Spitzer, Maegan <maegan.spitzer@blankrome.com>
**Cc:** Amy Kurland <akurland@rohnkurland.com>; Daniels, David <david.daniels@ashurstperkins.com>; Smith, Jim <jim.smith@blankrome.com>; Massey, David <david.massey@ashurstperkins.com>; Rhynhart, Dan <dan.rhynhart@blankrome.com>; Veatch, Sydney <sydney.veatch@ashurstperkins.com>; Wilder, Will <will.wilder@ashurstperkins.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon, et. al.

You don't often get email from michael.wadden@ashurstperkins.com. Learn why this is important

Mike, Rebecca, and Maegan,

Thanks for speaking with us this afternoon. We will follow up with a more complete email summarizing what we understood the parties' positions and agreed next steps to be. However, in the interim, we wanted to follow up on two priority items:

First, please confirm whether Simon & Simon possesses the video of Sharay Precia's alleged slip and fall at issue in *Sharay Precia v. City of Philadelphia*, Phila. C.C.P.; May Term, 2024; No. 00038. As discussed, we want to determine as soon as possible if that video is something that can be obtained through party discovery.

Second, please confirm whether you are standing on the position that you will only produce documents relating to claimants who sued Uber, a driver, or FedEx, and will not produce documents relating to the other claimants identified in the pleadings and in our June 26, 2026 declaration. As discussed, we believe that position is plainly contrary to both the Federal Rules and the Court's June 10, 2026 Order, and we want to determine if the parties are at an impasse on that issue.

Thanks,
Mike

**Michael Wadden | Perkins Coie**
+1.202.434.1683

---

**From:** Stoolman, Michael A. <michael.stoolman@blankrome.com>
**Sent:** Wednesday, July 1, 2026 1:45 PM
**To:** Wadden, Michael (WDC) <mwadden@perkinscoie.com>; Ward, Rebecca <rebecca.ward@blankrome.com>; Spitzer,

Maegan <maegan.spitzer@blankrome.com>
**Cc:** Amy Kurland <akurland@rohnkurland.com>; Daniels, David (WDC) <ddaniels@perkinscoie.com>; Smith, Jim <jim.smith@blankrome.com>; Massey, David (NYC) <dmassey@perkinscoie.com>; Rhynhart, Dan <dan.rhynhart@blankrome.com>; Veatch, Sydney (WDC) <sveatch@perkinscoie.com>; Wilder, William (NYC) <wwilder@perkinscoie.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon, et. al.

Mike,

We'd also like to add to the agenda for today's meet and confer David Daniels' June 26, 2026 declaration attaching a list of "twenty-five additional persons whose claims are subject to discovery." Beyond the fact that the declaration is facially insufficient under the Order (ECF 125), most of the individuals identified on this list are part of underlying cases that do not name Uber Technologies, Inc. or Federal Express Corporation as a defendant, so this issue will relate to the one you raise below regarding the scope of discovery excluding Claimants AA – GG.

We are perplexed by the fact that, at the beginning of the case, Uber served on the Simon Defendants a list of 232 cases for which it claimed it was injured "by reason of racketeering activity" and yet your list of 25 additional cases are mostly cases that involve a non-party to this action. Indeed, nearly a third of your list does not even involve auto accidents. We don't understand why Uber would not draw 25 out of the 232 identified Uber-Simon cases, as opposed to seeking discovery into irrelevant matters that have nothing to do with Uber and are disproportional to the needs of this case. Certain cases on your list are also being interposed for an improper purpose, such as to harass the Simon Defendants.

**Michael A. Stoolman** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
direct: +1.215.569.5421 | mobile: +1.856.316.6456
michael.stoolman@blankrome.com | bio

---

**From:** Wadden, Michael <michael.wadden@ashurstperkins.com>
**Sent:** Tuesday, June 30, 2026 10:39 AM
**To:** Ward, Rebecca <rebecca.ward@blankrome.com>; Spitzer, Maegan <maegan.spitzer@blankrome.com>
**Cc:** Amy Kurland <akurland@rohnkurland.com>; Daniels, David <david.daniels@ashurstperkins.com>; Stoolman, Michael A. <michael.stoolman@blankrome.com>; Smith, Jim <jim.smith@blankrome.com>; Massey, David <david.massey@ashurstperkins.com>; Rhynhart, Dan <dan.rhynhart@blankrome.com>; Veatch, Sydney <sydney.veatch@ashurstperkins.com>; Wilder, Will <will.wilder@ashurstperkins.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon, et. al.

You don't often get email from michael.wadden@ashurstperkins.com. Learn why this is important

Thank you, Rebecca. I'll circulate a calendar invite for that time.

During our meet and confer, in addition to the issues raised in my Friday email, we would also like to discuss: (1) our proposed subpoena to the City of Philadelphia, which we exchanged emails about on 6/17; and (2) your position on the production of emails between Simon & Simon surgery coordinators and Premier Pain that do not specifically address one of the claimants described in the pleadings or included on our list of 25.

Thanks,

Mike

**Michael Wadden | Perkins Coie**
+1.202.434.1683

---

**From:** Ward, Rebecca <rebecca.ward@blankrome.com>
**Sent:** Tuesday, June 30, 2026 8:19 AM
**To:** Wadden, Michael (WDC) <mwadden@perkinscoie.com>; Spitzer, Maegan <maegan.spitzer@blankrome.com>
**Cc:** Amy Kurland <akurland@rohnkurland.com>; Daniels, David (WDC) <ddaniels@perkinscoie.com>; Stoolman, Michael A. <michael.stoolman@blankrome.com>; Smith, Jim <jim.smith@blankrome.com>; Massey, David (NYC) <dmassey@perkinscoie.com>; Rhynhart, Dan <dan.rhynhart@blankrome.com>; Veatch, Sydney (WDC) <sveatch@perkinscoie.com>; Wilder, William (NYC) <wwilder@perkinscoie.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon, et. al.

Michael – we can talk at 3:30pm tomorrow.

**Rebecca D. Ward** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
direct: +1.215.569.5397 | mobile: +1.267.303.3888
rebecca.ward@blankrome.com | bio

---

**From:** Wadden, Michael <michael.wadden@ashurstperkins.com>
**Sent:** Monday, June 29, 2026 3:50 PM
**To:** Ward, Rebecca <rebecca.ward@blankrome.com>; Spitzer, Maegan <maegan.spitzer@blankrome.com>
**Cc:** Amy Kurland <akurland@rohnkurland.com>; Daniels, David <david.daniels@ashurstperkins.com>; Stoolman, Michael A. <michael.stoolman@blankrome.com>; Smith, Jim <jim.smith@blankrome.com>; Massey, David <david.massey@ashurstperkins.com>; Rhynhart, Dan <dan.rhynhart@blankrome.com>; Veatch, Sydney <sydney.veatch@ashurstperkins.com>; Wilder, Will <will.wilder@ashurstperkins.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon, et. al.

You don't often get email from michael.wadden@ashurstperkins.com. Learn why this is important

Thanks Rebecca, we have a strong preference for Wednesday and will hold that 3:00-5:00pm timeslot. If it has to be Thursday, we could make 9:00-11:00 or 12:00-2:00 work.

**Michael Wadden | Perkins Coie**
+1.202.434.1683

---

**From:** Ward, Rebecca <rebecca.ward@blankrome.com>
**Sent:** Monday, June 29, 2026 2:39 PM
**To:** Wadden, Michael (WDC) <mwadden@perkinscoie.com>; Spitzer, Maegan <maegan.spitzer@blankrome.com>
**Cc:** Amy Kurland <akurland@rohnkurland.com>; Daniels, David (WDC) <ddaniels@perkinscoie.com>; Stoolman, Michael A. <michael.stoolman@blankrome.com>; Smith, Jim <jim.smith@blankrome.com>; Massey, David (NYC) <dmassey@perkinscoie.com>; Rhynhart, Dan <dan.rhynhart@blankrome.com>; Veatch, Sydney (WDC) <sveatch@perkinscoie.com>; Wilder, William (NYC) <wwilder@perkinscoie.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon, et. al.

Hi, Michael – Maegan's in a deposition today and out of the office. We're trying to find a time that works for the members of our team who need to be on the call. Wednesday morning does not work; we're trying to see if the 3-5pm slot will. If it doesn't – what is your availability on Thursday?

**Rebecca D. Ward** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
direct: +1.215.569.5397 | mobile: +1.267.303.3888
rebecca.ward@blankrome.com | bio

---

**From:** Wadden, Michael <michael.wadden@ashurstperkins.com>
**Sent:** Monday, June 29, 2026 1:48 PM
**To:** Spitzer, Maegan <maegan.spitzer@blankrome.com>
**Cc:** Amy Kurland <akurland@rohnkurland.com>; Daniels, David <david.daniels@ashurstperkins.com>; Stoolman, Michael A. <michael.stoolman@blankrome.com>; Ward, Rebecca <rebecca.ward@blankrome.com>; Smith, Jim <jim.smith@blankrome.com>; Massey, David <david.massey@ashurstperkins.com>; Rhynhart, Dan <dan.rhynhart@blankrome.com>; Veatch, Sydney <sydney.veatch@ashurstperkins.com>; Wilder, Will <will.wilder@ashurstperkins.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon, et. al.

You don't often get email from michael.wadden@ashurstperkins.com. Learn why this is important

Maegan, I'm following up on our request for a meet and confer. Please let us know your availability for Wednesday.

Thanks,
Mike

**Michael Wadden | Perkins Coie**
+1.202.434.1683

---

**From:** Wadden, Michael (WDC)
**Sent:** Friday, June 26, 2026 4:55 PM
**To:** 'Spitzer, Maegan' <maegan.spitzer@blankrome.com>
**Cc:** Amy Kurland <akurland@rohnkurland.com>; Daniels, David (WDC) <DDaniels@perkinscoie.com>; Stoolman, Michael A. <michael.stoolman@blankrome.com>; Ward, Rebecca <rebecca.ward@blankrome.com>; Smith, Jim <jim.smith@blankrome.com>; Massey, David (NYC) <DMassey@perkinscoie.com>; Rhynhart, Dan <dan.rhynhart@blankrome.com>; Veatch, Sydney (WDC) <SVeatch@perkinscoie.com>; Wilder, William (NYC) <WWilder@perkinscoie.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon, et. al.

Maegan,

We're available next Wednesday from 9:30–1:30 and 3:00–5:00. Please provide a one-hour timeslot that works for you.

The deficiencies and issues regarding which we need to confer include the following:

- Custodians and search protocols, pursuant to Paragraph 3 of the E-Discovery Standing Order.
- The inclusion as custodians of additional case managers not listed in the Simon Defendants' ESI Disclosure, including individuals already identified in other Defendants' productions (e.g., Meg Baglivo, Ashley Abila, Matthew Merkowsky, Samantha Sufolo, Timothy DiGiorgio).
- Clarification regarding the materials described in Section 1(c) of the Simon Defendants' ESI Disclosure.

- The Simon Defendants' objections to providing a privilege log regarding claimant communications (General Objection 14).
- The Simon Defendants' objections to producing documents previously produced as part of discovery in any underlying litigation (General Objection 15).
- The Simon Defendants' imposition of a time period limitation of September 18, 2021 to September 17, 2025 (General Objection 16).
- The Simon Defendants' interpretation of the production deadline as November 30, 2026, and the timing of the Simon Defendants' forthcoming productions (General Objection 21).
- Clarification regarding your position on the scope of discovery.
- Simon & Simon's practice of answering interrogatories by general reference to documents they have not produced, in violation of Rule 33(d), and the timing of Simon & Simon's forthcoming amended answers, including to Interrogatories 6–8. *See Parks, LLC v. Tyson Foods, Inc.*, No. 5:15-CV-00946, 2015 WL 5042918, at *4 (E.D. Pa. Aug. 26, 2015) ("While Rule 33(d) provides the option to respond to an interrogatory by reference to business records containing the information sought, the Rule requires more than a promise to produce certain unspecified records at some future time. A party relying on the procedure in Rule 33(d) must specify the responsive records in sufficient detail within thirty days after being served with the interrogatory.").
- The Simon Defendants' refusal to produce documents relating to Claimants AA–FF.
- Your objections to producing documents responsive to RFP 1.b (referral agreements).
- Your objections to producing documents responsive to RFP 9 (Premier Pain receivables).
- Your objections to RFPs 10, 21, & 38 (payments to providers).
- Your objections to producing documents responsive to RFPs 40 & 41 (non-defendant medical providers and experts).
- Your objections to producing documents responsive to RFP 44 (Marc Simon).
- Your objections to producing relevant financial and organization information responsive to RFPs 48–50.
- Your objection to producing insurance documents responsive to RFP 54.
- Your objections to producing documents responsive to RFPs 57–60 (information regarding employees and roles).
- Your objections to producing documents responsive to RFP 66 (other disputes).

Our identification of the above deficiencies and issues is without prejudice to Plaintiffs' ability to raise additional deficiencies and issues for discussion at a later date.

Thanks,

Mike

**Michael Wadden | Perkins Coie**
+1.202.434.1683

---

**From:** Spitzer, Maegan <maegan.spitzer@blankrome.com>
**Sent:** Friday, June 26, 2026 1:35 PM
**To:** Wadden, Michael (WDC) <MWadden@perkinscoie.com>
**Cc:** Amy Kurland <akurland@rohnkurland.com>; Daniels, David (WDC) <DDaniels@perkinscoie.com>; Stoolman, Michael A. <michael.stoolman@blankrome.com>; Ward, Rebecca <rebecca.ward@blankrome.com>; Smith, Jim <jim.smith@blankrome.com>; Massey, David (NYC) <DMassey@perkinscoie.com>; Rhynhart, Dan <dan.rhynhart@blankrome.com>; Veatch, Sydney (WDC) <SVeatch@perkinscoie.com>; Wilder, William (NYC) <WWilder@perkinscoie.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon, et. al.

Michael,

Before scheduling a meet and confer, please provide in writing the specific alleged deficiencies in the Simon Defendants' discovery responses so that we can be prepared to discuss them and to make the meet-and-confer as productive and efficient as possible. We will need that information at least three business days in advance so that we may be properly prepared for the discussion.

Thank you,

**Maegan S. (McUmber) Spitzer** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
direct: +1.215.569.5641 | mobile: +1.336.709.9923
maegan.spitzer@blankrome.com | bio

---

**From:** Wadden, Michael <MWadden@perkinscoie.com>
**Sent:** Thursday, June 25, 2026 11:24 AM
**To:** Spitzer, Maegan <maegan.spitzer@blankrome.com>; Rhynhart, Dan <dan.rhynhart@blankrome.com>; Smith, Jim <jim.smith@blankrome.com>; Ward, Rebecca <rebecca.ward@blankrome.com>; Stoolman, Michael A. <michael.stoolman@blankrome.com>
**Cc:** Amy Kurland <akurland@rohnkurland.com>; Daniels, David <DDaniels@perkinscoie.com>; Massey, David <DMassey@perkinscoie.com>; Veatch, Sydney <SVeatch@perkinscoie.com>; Wilder, Will <WWilder@perkinscoie.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon, et. al.

All,

We would like to have a meet and confer regarding deficiencies in the Simon Defendants' discovery responses. Can you please let us know what times you are available between now and next Wednesday?

Thanks,
Mike

**Michael Wadden | Perkins Coie**
+1.202.434.1683

---

**From:** Spitzer, Maegan <maegan.spitzer@blankrome.com>
**Sent:** Tuesday, June 23, 2026 5:11 PM

**To:** Amy Kurland <akurland@rohnkurland.com>; Daniels, David (WDC) <ddaniels@perkinscoie.com>; Massey, David (NYC) <dmassey@perkinscoie.com>; Veatch, Sydney (WDC) <sveatch@perkinscoie.com>; Wadden, Michael (WDC) <mwadden@perkinscoie.com>; Wilder, William (NYC) <wwilder@perkinscoie.com>; Trentalange, Silvio A. <strentalange@dilworthlaw.com>; higsonjj@dilworthlaw.com; nspizer@dilworthlaw.com; Deviney, Stephanie N. <sdeviney@foxrothschild.com>; Andrew Baratta <andrew@barattalawfirm.com>; Victoria@Barattalawfirm.com; Diana@Barattalawfirm.com
**Cc:** Rhynhart, Dan <dan.rhynhart@blankrome.com>; Smith, Jim <jim.smith@blankrome.com>; Ward, Rebecca <rebecca.ward@blankrome.com>; Stoolman, Michael A. <michael.stoolman@blankrome.com>
**Subject:** Uber Technologies, Inc. et al v. Simon, et. al.

Counsel,

Please see attached.

Thank you,

**Maegan S. (McUmber) Spitzer** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
direct: +1.215.569.5641 | mobile: +1.336.709.9923
maegan.spitzer@blankrome.com | bio

************************************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

************************************************************************************************************

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

This email and any attachments are confidential and may be privileged. If you have received it in error, please notify the sender immediately and delete it without copying or disclosing its contents.

We do not warrant that this email is virus-free; recipients should carry out their own checks. We reserve the right to monitor email communications through our networks.

"Partner" refers to a partner or member of a partnership in the Ashurst Perkins Coie group, or an employee or consultant of equivalent standing.

Ashurst Perkins Coie US LLP is a limited liability partnership established under the laws of Washington State and is part of the Ashurst Perkins Coie Group.

This communication is sent on behalf of Ashurst Perkins Coie. Ashurst Perkins Coie is a global group of separate legal entities, some providing legal services and some non-legal services. Different legal entities in the group may operate in the same jurisdictions. Further details about the Ashurst Perkins Coie Group can be found at www.ashurstperkinscoie.com.

---

This email and any attachments are confidential and may be privileged. If you have received it in error, please notify the sender immediately and delete it without copying or disclosing its contents.

We do not warrant that this email is virus-free; recipients should carry out their own checks. We reserve the right to monitor email communications through our networks.

"Partner" refers to a partner or member of a partnership in the Ashurst Perkins Coie group, or an employee or consultant of equivalent standing.

Ashurst Perkins Coie US LLP is a limited liability partnership established under the laws of Washington State and is part of the Ashurst Perkins Coie Group.

This communication is sent on behalf of Ashurst Perkins Coie. Ashurst Perkins Coie is a global group of separate legal entities, some providing legal services and some non-legal services. Different legal entities in the group may operate in the same jurisdictions. Further details about the Ashurst Perkins Coie Group can be found at www.ashurstperkinscoie.com.

---

This email and any attachments are confidential and may be privileged. If you have received it in error, please notify the sender immediately and delete it without copying or disclosing its contents.

We do not warrant that this email is virus-free; recipients should carry out their own checks. We reserve the right to monitor email communications through our networks.

"Partner" refers to a partner or member of a partnership in the Ashurst Perkins Coie group, or an employee or consultant of equivalent standing.

Ashurst Perkins Coie US LLP is a limited liability partnership established under the laws of Washington State and is part of the Ashurst Perkins Coie Group.

This communication is sent on behalf of Ashurst Perkins Coie. Ashurst Perkins Coie is a global group of separate legal entities, some providing legal services and some non-legal services. Different legal entities in the group may operate in the same jurisdictions. Further details about the Ashurst Perkins Coie Group can be found at www.ashurstperkinscoie.com.

---

This email and any attachments are confidential and may be privileged. If you have received it in error, please notify the sender immediately and delete it without copying or disclosing its contents.

We do not warrant that this email is virus-free; recipients should carry out their own checks. We reserve the right to monitor email communications through our networks.

"Partner" refers to a partner or member of a partnership in the Ashurst Perkins Coie group, or an employee or consultant of equivalent standing.

Ashurst Perkins Coie US LLP is a limited liability partnership established under the laws of Washington State and is part of the Ashurst Perkins Coie Group.

This communication is sent on behalf of Ashurst Perkins Coie. Ashurst Perkins Coie is a global group of separate legal entities, some providing legal services and some non-legal services. Different legal entities in the group may operate in the same jurisdictions. Further details about the Ashurst Perkins Coie Group can be found at www.ashurstperkinscoie.com.

---

This email and any attachments are confidential and may be privileged. If you have received it in error, please notify the sender immediately and delete it without copying or disclosing its contents.

We do not warrant that this email is virus-free; recipients should carry out their own checks. We reserve the right to monitor email communications through our networks.

"Partner" refers to a partner or member of a partnership in the Ashurst Perkins Coie group, or an employee or consultant of equivalent standing.

Ashurst Perkins Coie US LLP is a limited liability partnership established under the laws of Washington State and is part of the Ashurst Perkins Coie Group.

This communication is sent on behalf of Ashurst Perkins Coie. Ashurst Perkins Coie is a global group of separate legal entities, some providing legal services and some non-legal services. Different legal entities in the group may operate in the same jurisdictions. Further details about the Ashurst Perkins Coie Group can be found at www.ashurstperkinscoie.com.

---

This email and any attachments are confidential and may be privileged. If you have received it in error, please notify the sender immediately and delete it without copying or disclosing its contents.

We do not warrant that this email is virus-free; recipients should carry out their own checks. We reserve the right to monitor email communications through our networks.

"Partner" refers to a partner or member of a partnership in the Ashurst Perkins Coie group, or an employee or consultant of equivalent standing.

Ashurst Perkins Coie US LLP is a limited liability partnership established under the laws of Washington State and is part of the Ashurst Perkins Coie Group.

This communication is sent on behalf of Ashurst Perkins Coie. Ashurst Perkins Coie is a global group of separate legal entities, some providing legal services and some non-legal services. Different legal entities in the group may operate in the same jurisdictions. Further details about the Ashurst Perkins Coie Group can be found at www.ashurstperkinscoie.com.