# EXHIBIT 11

**Wadden, Michael (WDC)**

| | |
|---|---|
| **From:** | Spitzer, Maegan <maegan.spitzer@blankrome.com> |
| **Sent:** | Thursday, July 23, 2026 3:23 PM |
| **To:** | Amy Kurland; Daniels, David (WDC); Wadden, Michael (WDC); Taber, Jacob (NYC); Veatch, Sydney (WDC); Massey, David (NYC); Wilder, William (NYC); Trentalange, Silvio A.; Deviney, Stephanie N.; Andrew Baratta; nspizer@dilworthlaw.com; Victoria@Barattalawfirm.com; Diana@Barattalawfirm.com; Burdy, Shelly L.; Higson, John J.; Bobik, Gail-Anne |
| **Cc:** | Rhynhart, Dan; Smith, Jim; Ward, Rebecca; Stoolman, Michael A. |
| **Subject:** | Uber Technologies, Inc. et al v. Simon, et. al. |
| **Attachments:** | 2026.07.23 - Simon Simon's Objections to Plaintiffs' Notice of Rule 30(b)(6) Deposition.pdf |

Counsel,

Please see attached.

Thank you,

**Maegan S. Spitzer** | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
direct: +1.215.569.5641 | mobile: +1.336.709.9923
maegan.spitzer@blankrome.com | bio

************************************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

************************************************************************************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SIMON & SIMON, P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, AND LANCE YARUS,<br><br>Defendants. | : | CIVIL ACTION<br><br>No. 2:25-cv-05365-MAK |
| SIMON & SIMON, P.C., and MARC SIMON,<br><br>Counterclaimants,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,<br><br>Counterclaim-Defendants. | : | |

**OBJECTIONS AND RESPONSE OF DEFENDANT SIMON & SIMON, P.C. TO PLAINTIFFS' NOTICE OF RULE 30(B)(6) DEPOSITION**

Pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Simon & Simon, P.C. ("Simon & Simon"), through its undersigned counsel, hereby submit their objections and responses to Plaintiffs Uber Technologies, Inc.'s ("Uber") and Federal Express Corporation's ("FedEx") (collectively, "Plaintiffs") Notice of Rule 30(b)(6) Deposition as set forth below. Simon & Simon is prepared to meet and and "confer in good faith about the matters for examination" as required by Rule 30(b)(6).

## GENERAL OBJECTIONS

1. Simon & Simon objects to the Notice and, in particular, the definitions and instructions to the Requests, to the extent they purport to impose any obligation on the Simon Defendants that is beyond the scope of the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Eastern District of Pennsylvania, or other applicable law.

2. Simon & Simon specifically objects to the definition of the word "document" to the extent it purports to impose obligations on the Simon Defendants that are beyond the scope of the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Eastern District of Pennsylvania, or other applicable law. Simon & Simon interprets the word "document" as defined in Rule 34 of the Federal Rules of Civil Procedure.

3. Simon & Simon objects to the definition of "Simon & Simon" as overly broad and unduly burdensome in that it purports to include all of Simon & Simon's officers, directors, employees, agents, contractors, attorneys, partners, subsidiaries, and affiliates, or any other person or entity acting on its behalf. Any witness appearing in response to the Notice will provide testimony based upon the information in Simon & Simon's possession, custody or control.

4. Simon & Simon objects to the definitions of "Claimant" and "Personal Injury Client(s)," as well as the list attached as Exhibit B to the Notice, as overly broad, unduly burdensome, and beyond the scope of discovery permitted by the Court's Orders dated June 10, 2026 Order (ECF 125) and July 7, 2026 (ECF 148). For purposes of responding to the Notice, unless otherwise expressly stated otherwise below in response to any specific Topic or sub-Topic, the Simon Defendants shall construe "Claimant" and "Personal Injury Client(s)" to refer solely to the Claimants encompassed within Paragraph 4(d) of the Court's June 10, 2026 Order (ECF 125)

and the July 7, 2026 Order (ECF 148), and every reference to "Claimant" or "Claimants" below shall incorporate this definition.

5. Simon & Simon objects to the Notice to the extent any topic set forth therein uses vague, ambiguous or undefined terms. The objections and responses to individual Topics or sub-Topics below identify the words or phrases that Simon & Simon consider vague, ambiguous or undefined and provide Simon & Simon's understanding as to any such words or phrases.

6. Simon & Simon objects to the Notice to the extent it purports to require testimony as to information not in Simon & Simon's possession, custody or control.

7. Simon & Simon objects to the Notice as overly burdensome to the extent it purports to require it to prepare and present one or more witnesses to testify about information provided in response to Interrogatories or Requests for Production, or that was previously produced as part of discovery in any underlying litigation involving claims against a FedEx or Uber driver.

8. Each of these general objections is incorporated by reference into each of the responses set forth below, which responses the Simon Defendants make without waiving any of these general objections.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

Subject to and without waiving the foregoing General Objections, Simon & Simon responds to the Topics set forth in the Notice as follows:

**1. Record-keeping practices of Simon & Simon with respect to Personal Injury Clients, and the location and custodians of such records.**

**Objections and Response:** Simon & Simon objects to this Topic as duplicative to the extent it seeks testimony about information already provided to Plaintiffs as part of its June 22, 2026 Disclosures Pursuant to Paragraph 1 of the Court's Electronic Discovery Standing Order.

Simon & Simon objects to this Topic as vague and ambiguous in its failure to define Plaintiffs' intended meaning of "record-keeping practices." Simon & Simon construes this Topic to seek testimony regarding how Simon & Simon organizes and maintains client files, the types of information contained in such files, and the types of employees responsible for organizing and maintaining such files. Subject to that understanding, Simon & Simon shall produce a witness to provide testimony on its behalf at a mutually acceptable date and time.

**2. For the Personal Injury Clients who received treatment from or were otherwise examined by Clifton Burt,**

**a. the practices of Simon & Simon with respect to identifying and retaining such Personal Injury Clients, including but not limited to the existence and terms of any referral arrangements related thereto, and the location and custodian of any Documents reflecting such practices.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to the demand in this Topic as vague and ambiguous in its failure to define Plaintiffs' intended meaning of "identifying and retaining" and "referral arrangements." Simon & Simon construes the phrase "identifying and retaining" in this sub-Topic to seek testimony regarding its practices in opening a client file from the time of initial contact by a client through the execution of an engagement agreement, the types of employees responsible for that process, the types of documents created during that process, and where such documents are generally stored, if at all, among the client's files. Subject to that understanding, Simon & Simon further objects to this sub-Topic's request for testimony about "identifying and retaining" as

nonsensical on the grounds that Topic 2 generally seeks information about Dr. Burt and/or Premier Pain, neither whom have any involvement in "identifying and retaining" clients.

Simon & Simon objects to this sub-Topic as vague and ambiguous on the grounds that Plaintiffs have failed to define their intended meaning of "referral arrangements," as the term "referral" has been used by Plaintiffs in different ways to relate to a referral *to* Simon & Simon as well as a referral *by* Simon & Simon (or someone else) to a medical provider. To the extent this sub-Topic is intended to require Simon & Simon to prepare and produce a witness to testify regarding the former intended meaning, Simon & Simon objects to that demand on the grounds that it seeks information that is not relevant to any claims or defenses in this case and it shall not prepare and present a witness to testify as to that issue.

Notwithstanding the foregoing, in nearly all if not all o places throughout this notice, "referral" has been used in only the latter context. Accordingly, Simon & Simon construes the phrase "referral arrangements" in this sub-Topic to seek testimony about its general practice in determining which if any clients Simon & Simon "refers" – *i.e.,* suggests or recommends – the Claimants to seek treatment from Dr. Burt and/or Premier Pain, the types of employees who make any such suggestion or recommendation, and the types of documents in client files that may exist relating to such suggestions or recommendation.

Subject to those understandings of "identifying and retaining" and "referral arrangements," Simon & Simon will prepare and produce a witness to testify on its behalf at a mutually acceptable date and time. To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**b. instructions or recommendations that are provided to such Personal Injury Clients regarding emergency room visits or other medical treatment or care, including who communicates such instructions or recommendations, how such instructions or recommendations are communicated, whether such instructions or recommendations or Communications relating to them are memorialized by email, text, or other writing, and the location and custodians of such Documents.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s)

Simon & Simon objects to this sub-Topic as unduly burdensome to the extent it purports to require Simon & Simon to testify about "instructions or recommendations" given by anyone *other than* Simon & Simon. To the extent such information is in Simon & Simon's possession, custody or control, that information is set forth in the medical records produced or to be produced for each of the individual Claimants (and specifically identified in previously served responses to interrogatories, or to be identified in amended/supplemental responses to be served following the Court's Order dated July 7, 2026 (ECF 148)), and it is unduly burdensome to require Simon & Simon to prepare and present a witness to simply point to those records.

To the extent this sub-Topic requires Simon & Simon to prepare and present a witness regarding "instructions or recommendations" by Dr. Burt and/or Premier Pain relating to "emergency room visits," Simon & Simon further objects to this sub-Topic as nonsensical because neither Dr. Burt nor any other person affiliated with Premier Pain saw any of the Claimants as part of "emergency room visits" as any Claimant who received treatment from them received such

treatment long after any "emergency room visit" occurred following a client's injury from the negligence of a Plaintiff's driver.

Simon & Simon construes this sub-Topic to seek testimony about its practice in determining under what circumstances, if any, Simon & Simon may suggest, recommend or refer a client to seek treatment from Dr. Burt and/or Premier Pain or other medical providers, the types of employees who make any such suggestion or recommendation, the types of communications by which such suggestions or recommendations may be made, and documents in client files that may exist relating to such suggestions or recommendation. Subject to that understanding, Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time. To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**c. the practices of Simon & Simon with respect to the referral or recommendation of Personal Injury Clients to Clifton Burt or Premier Pain, and the location and custodian of any Documents reflecting such practices;**

**Objections and Response:** Simon & Simon object to this sub-Topic as duplicative of and wholly subsumed under Topics 2.a and 2.b above. Simon & Simon incorporates its Objections and Response to Topics 2.a and 2.b by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

**d. the practices of Simon & Simon with respect to Personal Injury Client intake and records created in connection with client intake, and the location and custodian of any Documents reflecting such practice.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic as vague and ambiguous in its failure to state the Plaintiffs' intended meaning of "intake" and "client intake." Simon & Simon construes this sub-Topic to seek testimony regarding its general practices in opening a client file from the time of initial contact through the execution of an engagement agreement, the types of employees responsible for that process, the types of documents created during that process, and where such documents are generally stored, if at all, among the client's files. Subject to that understanding, this sub-Topic is duplicative of and subsumed in Topic 2.a above. Simon & Simon incorporates its Objections and Response to Topic 2.a by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

**e. the relationship between Simon & Simon and Clifton Burt/Premier Pain, including the date on which such relationship began, the number of Personal Injury Clients who received treatment from Clifton Burt or Premier Pain each year, and whether Personal Injury Clients continue to receive treatment from Clifton Burt or Premier Pain, as well as the location and custodian of any Documents reflecting such relationship**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about the "location and custodian" of documents as duplicative in whole or in

part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic's demand for testimony on whether Claimants whose claims have been resolved "continue to receive treatment from Clifton Burt or Premier Pain" on the grounds that it is unduly burdensome to require Simon & Simon to prepare and produce a witness to provide testimony on an issue that is not relevant to any claims or defense in this case. No settlement agreement, verdict, nor any legal standard, requires a Claimant (or any personal injury plaintiff represented by any other non-party attorneys) to expend any recovered sums that are disbursed to the Claimant on any form of treatment, nor any treatment of any kind. A Claimant (or any personal injury plaintiff represented by any other non-party attorneys) is free to spend recovered sums in any manner, and for any reason, the Claimant chooses. Further, no settlement agreement, verdict nor any legal standard requires Simon & Simon (or any other attorney or law firm) to track, monitor or otherwise remain informed about how a Claimant chooses to spend, or not spend, any settlement or verdict sums disbursed to that Claimant.

Subject to the foregoing, Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time regarding its relationship with Clifton Burt/Premier Pain, the date upon which Dr. Burt first provided since the beginning of that relationship with Dr. Burt, and the number of Claimants who received treatment from Dr. Burt/Premier Pain. To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**f. records that Simon & Simon may maintain relating to scheduling for, referrals or recommendations to, or transportation to Premier Pain or Clifton Burt, and the locations and custodians of such records.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about "records" of any kind or the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic's demand for a witness to testify regarding records relating to "referrals or recommendations" made to Claimants to seek treatment with Dr. Burt/Premier Pain as duplicative in whole or in part of the requests for testimony about "documents" in Topics 2.a. and 2.b. above. Simon & Simon incorporates its Objections and Response to Topics 2.a and 2.b by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

As to the demand in this sub-Topic for testimony regarding records about "scheduling for" or "transportation to" Premier Pain or Dr. Burt, Simon & Simon construes it to seek testimony regarding the types of documents that are created in the course of assisting Claimants to set dates and times for them to receive treatment from, and in obtaining transportation on such dates to the offices of, Dr. Burt/Premier Pain. Subject to that understanding, to the extent this sub-Topic seeks information beyond that sought in Topic 1, Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time. To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon

reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**g. records that Simon & Simon may maintain relating to instructions, referrals, or recommendations for treatment by Premier Pain or Clifton Burt for any such Personal Injury Client, how such instructions, referrals, or recommendations are communicated, the custodians for such records, the reasons why such instructions or recommendations are given, and the names and qualifications of current or former Simon & Simon employees or affiliates who deliver such instructions, referrals, or recommendations.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about "records" of any kind or the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic as vague and ambiguous in its failure to clearly state whether it seeks information about "instructions, referrals, or recommendations for treatment" made by *Simon & Simon* or by *Dr. Burt/Premier Pain* to Claimants. If the intended meaning is the latter, Simon & Simon objects to this sub-Topic as unduly burdensome to the extent it purports to require Simon & Simon to testify about "instructions or recommendations" given by anyone *other than* Simon & Simon. To the extent such information is in Simon & Simon's possession, custody or control, that information is set forth in the medical records produced or to be produced for each of the individual Claimants (and specifically identified in previously served responses to interrogatories, or to be identified in amended/supplemental responses to be served

following the Court's Order dated July 7, 2026 (ECF 148)), and it is unduly burdensome to require Simon & Simon to prepare and present a witness to simply point to those records.

Simon & Simon objects to this sub-Topic's demand that it prepare and present a witness to testify about "records that Simon & Simon may maintain relating to instructions, referrals, or recommendations for treatment by Premier Pain or Clifton Burt" as duplicative of and subsumed in Topics 2.a, 2.b and 2.f above. Simon & Simon incorporates its Objections and Response to Topics 2.a, 2.b and 2.f by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic as vague and ambiguous in that it is unclear on its face whether the prefatory phrase "records that Simon & Simon may maintain relating to" is intended to modify each clause thereafter, or only the clause immediately following the phrase, *i.e.,* "instructions, referrals, or recommendations for treatment by Premier Pain or Clifton Burt."

**If the prefatory phrase is meant to modify each subsequent clause and not only the first clause:**

Simon & Simon objects to this sub-Topic's demand that it prepare and present a witness to testify about "records that Simon & Simon may maintain relating to … how such instructions, referrals, or recommendations are communicated" as duplicative of and subsumed in Topic 2.b above. Simon & Simon incorporates its Objections and Response to Topic 2.b by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic's demand that it prepare and present a witness to testify about "records that Simon & Simon may maintain relating to … the custodians for such

records" or "records .. relating to … and the names and qualifications of current or former Simon & Simon employees or affiliates who deliver such instructions, referrals, or recommendations" on the grounds that it is nonsensical and overly broad and unduly burdensome because on its face it would require testimony regarding every type of "record" relating to current or fomer employees, such as vacation "records," tax-related "records," and many other types of "records" wholly unrelated to any issue in this action. Simon & Simon will not prepare and present a witness to testify about "records relating to … custodians" or "records .. relating to … and the names and qualifications of current or former Simon & Simon employees or affiliates who deliver such instructions, referrals, or recommendations."

Simon & Simon objects to this sub-Topic's demand that it prepare and present a witness to testify about "records that Simon & Simon may maintain relating to … the reasons why such instructions or recommendations are given" as duplicative of and subsumed in Topics 2.a, 2.b and 2.f above. Simon & Simon incorporates its Objections and Response to Topics 2.a, 2.b and 2.f by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

**If the prefatory phrase is meant to modify only the first clause (*i.e.,* "instructions, referrals, or recommendations for treatment by Premier Pain or Clifton Burt"):**

Simon & Simon objects to this sub-Topic's demand that it prepare and present a witness to testify about "how such instructions, referrals, or recommendations are communicated" as duplicative of and subsumed in Topic 2.b above. Simon & Simon incorporates its Objections and Response to Topic 2.b by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic's demand that it prepare and present a witness to testify about "records that Simon & Simon may maintain relating to … the reasons why such instructions or recommendations are given" as duplicative of and subsumed in Topics 2.a, 2.b and 2.f above. Simon & Simon incorporates its Objections and Response to Topics 2.a, 2.b and 2.f by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

As to the demand in this sub-Topic for testimony regarding "the names and qualifications of current or former Simon & Simon employees or affiliates who deliver such instructions, referrals, or recommendations," Simon & Simon construes it to seek testimony regarding the names and qualifications of the specific individuals who conveyed to the Claimants such "instructions, referrals or recommendations," if any, to seek treatment from Dr. Burt/Premier Pain. Subject to that understanding, Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time. Because Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant and each individual who conveyed to the Claimants such "instructions, referrals or recommendations" to seek treatment from Dr. Burt/Premier Pain.

**h. records that Simon & Simon may maintain relating to scheduling for, referrals or recommendations to, or transportation to chiropractic or other medical care for such Personal Injury Clients.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about "records" of any kind or the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon

& Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic's demand that it prepare and present a witness to testify regarding "records that Simon & Simon may maintain relating to … referrals or recommendations to … chiropractic or other medical care for" Claimants Topics 2.b Simon & Simon incorporates its Objections and Response to Topics 2.b by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

To the extent this Topic purports to require Simon & Simon to prepare and present a witness to offer testimony about "records that Simon & Simon may maintain relating to scheduling for, referrals or recommendations to, or transportation to chiropractic or other medical care" by Dr. Burt or Premier Pain, Simon & Simon objects on the grounds that it is duplicative of and wholly subsumed by Topics 2.a, 2.c, 2.f and 2.g above. Simon & Simon incorporates its Objections and Response to Topics 2.a, 2.c, 2.f and 2.g by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

As to the demand in this sub-Topic for testimony regarding records about "scheduling for" or "transportation to" providers *other than* Premier Pain or Dr. Burt, Simon & Simon construes it to seek testimony regarding the types of documents that are created in the course of assisting Claimants to set dates and times for them to receive treatment from, and in obtaining transportation on such dates to the offices of such providers. Subject to that understanding, to the extent this sub-Topic seeks information beyond that sought in Topic 1, Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time. To the extent Plaintiffs seek testimony

regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**i. records that Simon & Simon may maintain relating to scheduling for, referrals or recommendations to, or transportation to any medical imaging, including but not limited to medical imaging at Open MRI of Bala Cynwyd, for such Personal Injury Clients.**

**Objections and Response:** Simon & Simon objects to this sub-Topic as duplicative of and wholly subsumed by Topics 1 and 2.h above. Simon & Simon incorporates its Objections and Response to Topics 1 and 2.h as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

**j. the practices of Simon & Simon concerning any instructions or recommendations provided to such Personal Injury Clients regarding their Communications with medical care providers, including but not limited to how they should report their pain level or how they should describe their injury, and the location and custodian of any Documents reflecting such practices.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

To the extent this Topic purports to require Simon & Simon to prepare and present a witness to offer testimony about "instructions or recommendations" to Claimants relating to care by Dr. Burt or Premier Pain, Simon & Simon objects on the grounds that it is duplicative of and wholly subsumed by Topics 2.a, 2.b, 2.c, 2.f and 2.g above. Simon & Simon incorporates its Objections and Response to Topics 2.a, 2.b, 2.c, 2.f and 2.g by reference as if fully set forth herein

and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

To the extent this Topic's demands that Simon & Simon present and prepare a witness to testify regarding its "practices … concerning any instructions or recommendations provided to" Claimants regarding their treatment by any other medical provider, Simon & Simon objects on the grounds that it is duplicative of and wholly subsumed by Topics 2.b and 2.h above. Simon & Simon incorporates its Objections and Response to Topics 2.b and 2.h by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

**k. the practices of Simon & Simon concerning the use of the U.S. mails or interstate wires in connection with medical care for any such Personal Injury Client, and the location and custodian of any Documents relating to such practices.**

**Objections and Response:** To the extent this sub-Topic purports to require Simon & Simon to prepare and present a witness to testify regarding "practices" wholly unrelated to the allegations of any pleadings in this matter, Simon & Simon objects to this sub-Topic on the grounds that it is overly broad and unduly burdensome and that it seeks information not relevant to the claims and defense in this case.

Simon & Simon construes this sub-Topic as seeking testimony regarding "practices concerning the use of the U.S. mails or interstate wires" in connection with the activities that Plaintiffs allege form the bases for their claims in this action. As so construed, Simon & Simon objects to this sub-Topic's demand for a witness to testify about the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs

thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Subject to the foregoing, Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time. To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**l. the practices of Simon & Simon concerning the making of disbursements or payments to any such Personal Injury Client, and the names of any current or former Simon & Simon employees with responsibility for authorizing, directing, or making such payments, as well as the location and custodian of any Documents reflecting such practices.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about "records" of any kind or the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic as vague and ambiguous in its failure to clarify whether it seeks information about "the making of disbursements or payments" by *Simon & Simon* or by other unidentified third-parties. To the extent such information regarding the "making of disbursements or payments" by anyone else is in Simon & Simon's possession, custody or control, that information is set forth in the documents produced or to be produced for each of the individual Claimants and it is unduly burdensome to require Simon & Simon to prepare and present a witness to simply point to those records.

Subject to the foregoing, Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time to testify regarding its "practices," if any, for "the making of disbursements or payments" to the Claimants by Simon & Simon itself and "the names of any current or former Simon & Simon employees with responsibility for authorizing, directing, or making such payments." To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**m. the practices of Simon & Simon concerning the making of disbursements or payments to any medical provider in connection with such Personal Injury Clients, and the names of any current or former Simon & Simon employees with responsibility for authorizing, directing, or making such payments, as well as the location and custodian of any Documents reflecting such practices.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about "records" of any kind or the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic as vague and ambiguous in its failure to clarify whether it seeks information about "the making of disbursements or payments" by *Simon & Simon* or by other unidentified third-parties. To the extent such information regarding the "making of disbursements or payments" by anyone else is in Simon & Simon's possession, custody or control, that information is set forth in the documents produced or to be produced for each of the individual

Claimants and it is unduly burdensome to require Simon & Simon to prepare and present a witness to simply point to those records.

Subject to the foregoing, Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time to testify regarding its "practices," if any, for "the making of disbursements or payments" to medical providers by Simon & Simon itself from settlement funds or funds received as the result of a verdict/judgment and "the names of any current or former Simon & Simon employees with responsibility for authorizing, directing, or making such payments." To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**n. the practices of Simon & Simon concerning the allocation of settlement proceeds related to such Personal Injury Clients, and the location and custodian of any Documents reflecting such practices.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about "records" of any kind or the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic as duplicative in whole or in part of Topic 2.l to the extent it seeks information regarding "the allocation of settlement proceeds" to Personal Injury Clients. Simon & Simon incorporates its Objections and Response to Topic 2.l by reference as if

fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue

Simon & Simon objects to this sub-Topic as duplicative in whole or in part of Topic 2.m to the extent it seeks information regarding "the allocation of settlement proceeds" to medical providers. Simon & Simon incorporates its Objections and Response to Topic 2.m by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue.

Subject to the foregoing, Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time to testify regarding its "practices," if any, concerning how and to whom to disburse any portion of any funds received by the Claimants as payment for any settlements. To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**o. the proportionate share of such Personal Injury Clients as a percentage of Simon & Simon's aggregate case load, recoveries, and profits in each year, and the location and custodian of any Documents reflecting these figures.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about "records" of any kind or the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic's demand that it prepare and present a witness to testify regarding anything other than the amounts of settlements or verdicts received for any of the Claimants who are within the permissible scope of discovery as defined by this Court's Orders dated June 10, 2026 Order (ECF 125) and July 7, 2026 (ECF 148). Simon & Simon further objects to this sub-Topic as overly broad and unduly burdensome on the grounds that the information regarding those settlement amounts and/or verdicts is already in the Plaintiffs' possession, custody and control.

To the extent this sub-Topic seeks information regarding the Claimants within the permissible scope of discovery, Simon & Simon further objects to this sub-Topic as duplicative of Topics 7.f to 7.g. Simon & Simon incorporates its Objections and Response to Topics 7.f to 7.g by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s). Other than testimony in rsponse to Topics 7.f to 7.g, Simon & Simon will not present a witness to testify in response to this sub-Topic.

**p. the existence, location, custodian, and terms of third-party litigation funding agreements or arrangements with respect to claims asserted by any such Personal Injury Clients.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about "records" of any kind or the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic on the grounds that it is vague and ambiguous for its failure to clarify whether it seeks information about "third-party litigation funding agreements or arrangements" by Simon & Simon itself or by medical providers for the Claimants. To the extent this sub-Topic purports to require Simon & Simon to prepare and present a witness to testify about "agreements or arrangements" between "third-party litigation fund[ers]" and medical providers relating to the Claimants, Simon & Simon objects to this sub-Topic as unduly burdensome on the grounds that such information should be sought from the "third-party litigation fund[ers]" and the medical providers who are defendants in this action.

To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon objects to this sub-Topic as duplicative of Topic 7(e). Simon & Simon incorporates its Objections and Response to Topic 7(e) by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify in response to that topic.

To the extent this sub-Topic seeks information regarding *Simon & Simon's* "agreements or arrangements" with "third-party litigation fund[ers]," if any, Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time to testify regarding such "agreements or arrangements," if any.

**3. With respect to Premier Pain or Clifton Burt:**

**a. the terms of any agreement, arrangement, or understanding between Simon & Simon and Premier Pain or Clifton Burt, and the location and custodian of any Documents reflecting the same.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about "records" of any kind or the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and

Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic as duplicative, in whole or in part, by Topic 2.e, as well as topics 2.a, 2.b, 2.c, 2.e, 2.f, 2.g, 2.h, 2.j and 2.m above. Simon & Simon incorporates its Objections and Response to Topic 2.e, as well as Topics 2.a, 2.b, 2.c, 2.e, 2.f, 2.g, 2.h, 2.j and 2.m, by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

**b. the terms of, reasons for, and circumstances relating to any agreement, arrangement, or understanding between Premier Pain and Thrivest Legal Funding, LLC relating to the purchase of receivables, and the location and custodian of any Documents reflecting the same;**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about "records" of any kind or the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic as duplicative, in whole or in part, by Topics 2.m, 2.n and 2.p above. Simon & Simon incorporates its Objections and Response to Topics 2.m, 2.n and 2.p, by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

c. **the persons at Simon & Simon responsible for or involved in the retention of counsel for Clifton Burt or Blessen Abraham in connection with testimony relating to Personal Injury Clients, and any payment arrangement with respect to such counsel, as well as the location and custodian of any Documents reflecting the same.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about "records" of any kind or the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon object to this sub-Topic as vague and ambiguous in its failure to clarify whether it seeks information about "payment arrangements" for payment *by Simon & Simon* or for payment by unidentified third-parties. To the extent this sub-Topic seeks information regarding "payment arrangements" for payment *by Simon & Simon*, there are no such "arrangements" for "payments" by Simon & Simon to counsel for Clifton Burt, Abraham Blessen and/or Premier Pain "with respect to … counsel" for Clifton Burt, Abrham Blessen and/or Premier Pain "in connection with testimony relating to" Claimants.

To the extent this sub-Topic purports to require Simon & Simon to prepare and present a witness to testify regarding "payment arrangements" for payment by anyone *other than* Simon & Simon, Simon & Simon objects to this sub-Topic as unduly burdensome, seeking information not within Simon & Simon's possession, custody or control and not relevant to any claims or defenses in this matter.

Accordingly, Simon & Simon will not prepare or present a witness to testify in response to this sub-Topic.

**4. With respect to Philadelphia Spine Associates, Daniel Piccillo, or Ethel Harvey:**

**a. the relationship between Simon & Simon and Philadelphia Spine Associates, Daniel Piccillo, and/or Ethel Harvey, and the location and custodian of any Documents reflecting such relationship;**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about "records" of any kind or the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time regarding its relationship with Philadelphia Spine Associates, Daniel Piccillo, and/or Ethel Harvey. To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**b. the person or persons at Simon & Simon involved in establishing or maintaining any relationship with Philadelphia Spine Associates, Daniel Piccillo, and/or Ethel Harvey, and the location and custodian of any Documents reflecting such relationship.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by

reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time to identify "the person or persons," if any, "involved in establishing or maintaining any relationship with Philadelphia Spine Associates, Daniel Piccillo, and/or Ethel Harvey." To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**c. the terms of any agreement, arrangement, or understanding between Simon & Simon and Philadelphia Spine Associates, Daniel Piccillo, and/or Ethel Harvey, and the location and custodian of any Documents reflecting such agreement, arrangement, or understanding.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time regarding "the terms of any agreement, arrangement, or understanding," if any, "between Simon & Simon and Philadelphia Spine Associates, Daniel Piccillo, and/or Ethel Harvey." To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**d. the practices concerning how Philadelphia Spine Associates, Daniel Piccillo, and/or Ethel Harvey are paid with respect to the treatment of any Personal Injury Client, and the location and custodian of any Documents reflecting such practice.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about "records" of any kind or the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic as duplicative, in whole or in part, by Topics 2.m and 2.n above. Simon & Simon incorporates its Objections and Response to Topics 2.m and 2.n by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

**e. the practices concerning any payments or disbursements from Simon & Simon to Philadelphia Spine Associates, Daniel Piccillo, and/or Ethel Harvey, and the location and custodian of any Documents reflecting such practices.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about "records" of any kind or the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon object to this sub-Topic to the extent it purports to require Simon & Simon to prepare and produce a witness to testify regarding anything other than "payments or

disbursements" for treatment of Claimants by Philadelphia Spine Associates, Daniel Piccillo, and/or Ethel Harvey.

To the extent this sub-Topic seeks testimony regarding "payments and disbursements" relating to Claimants, Simon & Simon objects to this sub-Topic as duplicative, in whole or in part, by Topics 2.m and 2.n above. Simon & Simon incorporates its Objections and Response to Topics 2.m and 2.n by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

**5. With respect to Open MRI of Bala Cynwyd or Joel Swartz:**

**a. the relationship between Simon & Simon and Open MRI of Bala Cynwyd or Joel Swartz, and the location and custodian of any Documents reflecting such relationship;**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about "records" of any kind or the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time regarding its relationship with Open MRI of Bala Cynwyd or Joel Swartz. To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**b. the person or persons at Simon & Simon involved in establishing or maintaining any relationship with Open MRI of Bala Cynwyd or Joel Swartz;**

**Response:** Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time to identify "the person or persons," if any, "involved in establishing or maintaining any relationship with Open MRI of Bala Cynwyd or Joel Swartz." To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**c. the existence and terms of any agreement, arrangement, or understanding between Simon & Simon and Open MRI of Bala Cynwyd or Joel Swartz, and the location and custodian of any Documents reflecting such agreement, arrangement, or understanding;**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time regarding "the terms of any agreement, arrangement, or understanding," if any, "between Simon & Simon and Open MRI of Bala Cynwyd or Joel Swartz." To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**d. the practices concerning how Open MRI of Bala Cynwyd or Joel Swartz are paid with respect to the treatment of any Personal Injury Client, and the location and custodian of Documents reflecting such payments; and**

Simon & Simon objects to this sub-Topic's demand for a witness to testify about "records" of any kind or the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic as duplicative, in whole or in part, by Topics 2.m and 2.n. Simon & Simon incorporates its Objections and Response to Topics 2.m and 2.n by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

**e. the practices concerning any payments or disbursements from Simon & Simon to Open MRI of Bala Cynwyd or Joel Swartz, and the location and custodian of any Documents reflecting such payments or disbursements.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about "records" of any kind or the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon object to this sub-Topic to the extent it purports to require Simon & Simon to prepare and produce a witness to testify regarding anything other than "payments or disbursements" for treatment of Claimants by Open MRI of Bala Cynwyd or Joel Swartz.

To the extent this sub-Topic seeks testimony regarding "payments and disbursements" relating to Claimants, Simon & Simon objects to this sub-Topic as duplicative, in whole or in part, by Topics 2.m and 2.n above. Simon & Simon incorporates its Objections and Response to Topics 2.m and 2.n by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

**6. With respect to Lance Yarus:**

**a. The relationship between Simon & Simon and Lance Yarus;**

**Response:** Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time regarding its relationship with Lance Yarus. To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**b. the persons at Simon & Simon involved in establishing or maintaining any relationship with Lance Yarus, and the location and custodian of Documents reflecting such relationship;**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time to identify "the person or persons," if any, "involved in establishing or maintaining any relationship with Lance Yarus. To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to

present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**c. the terms of any agreement, arrangement, or understanding between Simon & Simon and Lance Yarus, and the custodian and location of any records reflecting any such agreement, arrangement, or understanding;**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time regarding "the terms of any agreement, arrangement, or understanding," if any, "between Simon & Simon and Lance Yarus." To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**d. whether Simon & Simon has any record relating to whether any Personal Injury Client received the care that Lance Yarus predicted would have to be provided and the location and custodians for such records.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic on the grounds that it is unduly burdensome to require Simon & Simon to prepare and produce a witness to provide testimony on an issue that is not relevant to any claims or defense in this case. No settlement agreement, verdict, nor any legal standard, requires a Claimant (or any personal injury plaintiff represented by any other non-party attorneys) whose claims have been resolved to expend any recovered sums that are disbursed to the Claimant on any form of treatment, nor any treatment of any kind. A Claimant (or any personal injury plaintiff represented by any other non-party attorneys) is free to spend recovered sums in any manner, and for any reason, the Claimant chooses. Further, no settlement agreement, verdict nor any legal standard requires Simon & Simon (or any other attorney or law firm) to track, monitor or otherwise remain informed about how a Claimant chooses to spend, or not spend, any settlement or verdict sums disbursed to that Claimant.

Accordingly, Simon & Simon will not prepare or present a witness to offer testimony in response to this sub-Topic.

**e. records relating to payments to Lance Yarus and the location and custodians for such records.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon object to this sub-Topic as unduly burdensome to the extent it purports to require Simon & Simon to prepare and present a witness to payments for Lance Yarus's services as an expert witness in any matters involving Claimants. Such information has been provided in response to Plaintiffs' Interrogatory No. 5(iv) or that will be provided before any deposition in

response to this Notice through supplementation following the Court's Order dated July 7, 2026 (ECF 148). Simon & Simon objects to this sub-Topic as unduly burdensome to the extent it purports to require Simon & Simon to prepare and present a witness to identify "records" responsive to numerous Request for Production seeking information about Lance Yarus's services, including but not limited to Requests for Production specifically seeking documents relating to payments for such services.

Subject to and without waiver of the foregoing, Simon & Simon will produce a witness to testify on its behalf at a mutually acceptable date and time regarding "records relating to payments to Lance Yarus" for Lance Yarus's services in connection with the Claimants. To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**7. With respect to each Claimant:**

**a. how Simon & Simon came to represent each Claimant;**

**Objections and Response:** Simon & Simon objects to this sub-Topic as duplicative in whole or in part of Topics 2.a and 2.d. Simon & Simon incorporates its objections and responses to Topics 2.a and 2.d by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Subject to and without waiver of the foregoing, Simon & Simon will prepare and present a witness to testify on its behalf at a mutually acceptable date and time regarding how it came to open a client file for each Claimant from the time of initial contact through the execution of an engagement agreement. Because Plaintiffs seek testimony regarding any of the specific 56

Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**b. when Simon & Simon commenced its representation of each Claimant;**

**Objections and Response:** Simon & Simon objects to this sub-Topic as duplicative in whole or in part of Topic 7.a. Simon & Simon incorporates its objections and responses to Topic 7.a by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

**c. the reasons why each Claimant was referred or recommended to Premier Pain or Clifton Burt;**

**Objections and Response:** Simon & Simon objects to this sub-Topic as duplicative in whole or in part of Topics 2.a, 2.b, 2.c and 2.g Simon & Simon incorporates its objections and responses to Topics 2.a, 2.b, 2.c and 2.g by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Subject to and without waiver of the foregoing, Simon & Simon will prepare and present a witness to testify on its behalf at a mutually acceptable date and time regarding "the reasons why each Claimant was referred or recommended to Premier Pain or Clifton Burt." Because Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**d. the lead attorney(s) for each Claimant;**

**Objections and Response:** Simon & Simon object to this sub-Topic as vague and ambiguous in its failure to explain what information it seeks about each Claimant's "lead attorney(s)." Simon & Simon construes this sub-Topic as seeking a witness to provide only the name(s) of the "lead attorney(s)" for each Claimant. Subject to that understanding, Simon & Simon will prepare and present a witness at a mutually acceptable date and time to testify on its behalf to provide those names. Because Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**e. litigation funding agreements signed by or in connection with each Claimant, and the location and custodians for related Document.**

**Objections and Response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic as duplicative and wholly subsumed by Topic 2.p. Simon & Simon incorporates its objections and response to 2.p by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

**f. the amount that Simon & Simon recovered in connection with each Claimant;**

**Objections and Response:** Simon & Simon objects to this sub-Topic as vague and ambiguous in its failure to clarify whether it seeks information about the total amounts received in settlement or on a verdict, or the amounts Simon & Simon recovered as its contingency fee in representing any given Claimant.

Simon & Simon construes this sub-Topic to seek testimony regarding the amount recovered by Simon & Simon for its contingency fee for representing any given Claimant. Subject to that understanding, Simon & Simon will prepare and present a witness at a mutually acceptable date and time to testify on its behalf. Because Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**g. the net profit that Simon & Simon realized in connection with each Claimant.**

**Objections and Response:** Simon & Simon objects to this sub-Topic as overly broad and unduly burdensome on the grounds that on its face it demands that Simon & Simon to prepare and present a witness to offer an expert opinion, on a detailed case-by-case, about economic and financial issues. Simon & Simon will not prepare and present a witness to offer testimony in response to this sub-Topic.

**h. when Simon & Simon terminated its representation of each Claimant.**

**Objections and Response:** Simon & Simon objects to this sub-Topic as vague and ambiguous on the grounds that on its face it seems to presume an active termination by Simon & Simon rather than representation ending as a result of the natural conclusion of the underlying

claim. Subject to and without waiver of the foregoing, Simon & Simon will prepare and present a witness at a mutually acceptable date and time to testify on its behalf regarding the date on or about which its representation of any Claimant ended, whether through active termination by Simon & Simon or the Claimant prior to final resolution of the Claimant's underlying claim, or as a result of the underlying claim reaching final resolution. Because Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**8. The identities and roles of current or former Simon & Simon non-attorney employees who performed job duties in connection with the Personal Injury Clients, and the location and custodian of any Documents concerning such employees.**

**Objections and Response:** Simon & Simon objects to this sub-Topic as overly broad, unduly burdensome and seeking information not relevant to any claims or defense in this case to the extent it seeks testimony about the "location and custodian of any Documents" about current or former Simon & Simon employees with out regard to whether such documents actually relate in any way to the allegations of any pleading filed in this action. Simply by way of example, "Documents concerning" employees' health benefits, vacation, medical or other personal leave, or the like are utterly irrelevant to any claims or defenses pleaded in this action. Accordingly, Simon & Simon will not prepare and present a witness to testify on its behalf regarding *any and all* documents "concerning" employees. To the extent this sub-Topic seeks testimony regarding "Documents" actually relating in some way to Plaintiffs' allegations or defenses thereto (or the "custodian" of such "Documents"), Simon & Simon objects to this sub-Topic's demand for a witness to testify about the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by

reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic as overly broad, unduly burdensome on the grounds it seeks information irrelevant to any claims or defenses in this action to the extent it purports to require testimony about current or former employees with "job duties" that are not relevant to the Plaintiffs' claims or the defenses thereto. Simply by way of example, administrative or clerical staff perform "job duties" in connection with Claimants such as word processing, photocopying, answering phone calls, filing documents, scheduling court reporters, and the like, none of which are relevant in any way to this action. Simon construes this sub-Topic to seek testimony regarding non-attorney employees who were substantively involved in the activities described in Topics 2.g and 2.l above and Topic 9 below. Simon & Simon incorporates its objections and responses to topics 2.g, 2.l. and Topic 9 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

**9. The names of current or former Simon & Simon employees who were involved in scheduling or coordinating medical treatment for Personal Injury Clients; how such employees were compensated; what records related to such scheduling activity exist and the location and custodians for such records; how such employees communicate with medical providers; whether such Communications include text or telephonic Communications; whether and how such records are maintained and preserved; and whether Simon & Simon has policies, training, instructions, or guidance with respect to such scheduling or coordination.**

**Objections and response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by

reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic's demand that it prepare and present a witness to testify regarding "whether and how … records" regarding scheduling or coordinating medical treatment" for Claimants "are maintained and preserved" as duplicative of and wholly subsumed by Topics 2.a to 2.c, 2.f to 2.g, and 2.h to 2j. Simon & Simon incorporates its Objections and Response to Topics 2.a to 2.c, 2.f to 2.g, and 2.h to 2j by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic as vague and ambiguous in its failure to clarify what type of information Plaintiffs seek when they ask for testimony about "how such employees were compensated." To the extent this sub-Topic demands that Simon & Simon prepare and present a witness to testify regarding compensation for individual employees that is not calculated based upon any outcome for any Claimant, Simon & Simon objects to this sub-Topic as overly broad and unduly burdensome on the grounds that it seeks information not relevant to any claims and defenses. Simon & Simon construes this sub-Topic as seeking information regarding whether any non-attorney employee is compensated on a Claimant-specific basis for "scheduling or coordinating medical treatment" for a Claimant or as a function of any settlement or verdict received on behalf of a Claimant.

Subject to that understanding, Simon & Simon will prepare and present a witness at a mutually acceptable date and time to testify on its behalf regarding (i) the names of current or former Simon & Simon employees who were involved in scheduling or coordinating medical treatment" for any Claimant; (ii) whether any of those employees were compensated on a

Claimant-specific basis for "scheduling or coordinating medical treatment" for a Claimant or as a function of any settlement or verdict received on behalf of a Claimant; (iii) "how such employees communicate[d] with medical providers;" (iv) "whether such Communications include[d] text or telephonic Communications; and (v) whether Simon & Simon has policies, training, instructions or guidance with respect to such scheduling or coordination." To the extent Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**10. Simon & Simon's practices for communicating with Personal Injury Clients regarding medical treatment, including but not limited to communicating regarding recommended providers, anticipated treatment, billing practices, insurance coverage, liens, or payment obligations. This topic includes Simon & Simon's Zoom meetings with Personal Injury Clients following appointments with Premier Pain, and the location and custodian of any Documents reflecting such practices.**

**Objections and response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic's demand that it prepare and present a witness to testify regarding "practices for communicating" with Claimants "regarding medical treatment, … recommended providers [and] anticipated treatment" as duplicative of and wholly subsumed by Topics 2.b to 2.c, 2.f to 2.g and 2.j. Simon & Simon incorporates its Objections and Response to Topics 2.a to 2.c, 2.f to 2.g, and 2.h to 2j by reference as if fully set forth herein and refers Plaintiffs

thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this sub-Topic's demand that it prepare and present a witness to testify regarding "practices for communicating" with Claimants "regarding … billing practices, insurance coverage, liens, or payment obligations" as duplicative of and wholly subsumed by Topics 2.l to 2.n. Simon & Simon incorporates its Objections and Response to Topics 2.l to 2.n by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

**11. Whether Simon & Simon maintains an email and document management system or systems and any retention policies or practices with respect to such system(s).**

Simon & Simon objects to this Topic as unduly burdensome because it seeks information duplicative of that already provided by Simon & Simon to Plaintiffs as part of its June 22, 2026 Disclosures Pursuant to Paragraph 1 of the Court's Electronic Discovery Standing Order.

Accordingly, Simon & Simon will not prepare and present a witness to testify in response to this Topic.

**12. Referral relationships and agreements, arrangements, or understandings between Simon & Simon and the following medical providers, and the location and custodian of Documents reflecting such agreements, arrangements, or understandings:**

**a. Philly Spine Center, Inc.;**

**b. The Rehab Centre, Inc.;**

**c. PennDel Rehab LLC;**

**d. Spinal Care, LLC;**

**e. Regen Doctors Inc.;**

**f. Passyunk Chiropractic and Rehabilitation, LLC;**

**g. Excelsia Injury Care of Pennsylvania;**

**h. Philadelphia Pain Center;**

**i. Philadelphia Foot Doctor, Dr. Alyssa Piccillo;**

**j. South Philadelphia Open MRI;**

**k. Advantage Medical and Rehabilitation;**

**l. West Philadelphia Pain Management;**

**m. Excel Physical Medicine & Rehab;**

**n. North American Spine & Pain;**

**o. James F. Bonner;**

**p. or any other chiropractor or entity that purports to deliver chiropractic services.**

**Objections and response:** Simon & Simon objects to this sub-Topic's demand for a witness to testify about the "location and custodian" of documents as duplicative in whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon objects to this Topic and all sub-Topics as overly broad and unduly burdensome to the extent it seeks information about providers who provided no services to any of the Claimants because such discovery is outside the scope of permissible discovery under the Court's Orders dated June 10, 2026 (ECF 125) and July 7, 2026 (ECF 148).

Simon & Simon construes this Topic and its sub-Topics to seek information about providers who provided medical treatment/services to the Claimants who are within the permissible scope of discovery. Subject to that understanding, Simon & Simon will prepare and present a witness to testify on its behalf about (i) which of the providers listed in sub-Topics 12a. to 12.p provided such treatment/services to one or more Claimants and (ii) for those who did so, any "[r]eferral relationships and agreements, arrangements or understandings," if any, exist "between Simon & Simon" and each such provider. Because Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

**13. With respect to Nirav Shah, Gene Salkind, Joseph K. Lee, the Verity Group, ValPar Consultants, Inc., and J. Quinn Consulting, LLC:**

**a. the person or persons at Simon & Simon involved in establishing or maintaining any relationship with such persons or entities;**

**b. the existence and terms of any agreement, arrangement, or understanding between Simon & Simon and such persons or entities, and the location and custodian of any Documents reflecting such agreement, arrangement, or understanding; and**

**c. records relating to payments to such persons or entities and the location and custodians for such records.**

**Objections and response:** Simon & Simon objects to this Topic's demand, in sub-topic 13.c, for a witness to testify about the "location and custodian" of documents as duplicative in

whole or in part of Topic 1 above. Simon & Simon incorporates its Objections and Response to Topic 1 by reference as if fully set forth herein and refers Plaintiffs thereto for Simon & Simon's position regarding the preparation and presentation of a witness to testify on such issue(s).

Simon & Simon construes this Topic and its sub-Topics to seek information about individuals or entities who provided services as a testifying expert in connection with Simon & Simon's representation of the Claimants who are within the permissible scope of discovery. Subject to that understanding, Simon & Simon will prepare and present a witness to testify on its behalf about (i) which of the individuals or entities identified in this Topic provided testifying expert services in connection with Simon & Simon's representation of the Claimants who are within the permissible scope of discovery and (ii) for those who did so, "the existence and terms of any agreement, arrangement, or understanding," if any, "between Simon & Simon and such persons or entities" or such testifying expert services. Because Plaintiffs seek testimony regarding any of the specific 56 Claimants within the permissible scope of discovery, Simon & Simon reserves the right to present the witness with documents necessary to enable the witness to respond to questions about any such individual Claimant.

Dated: July 23, 2026

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Daniel E. Rhynhart*
James T. Smith (I.D. No. 39333)
Daniel E. Rhynhart (I.D. No. 78248)
Rebecca D. Ward (I.D. No. 79547)
Michael A. Stoolman (I.D. No. 326117)
Maegan S. Spitzer (I.D. No. 335905)
One Logan Square, 130 N. 18th Street
Philadelphia, PA 19103
Phone: (215) 569-5371
Email: Jim.Smith@BlankRome.com
Dan.Rhynhart@BlankRome.com
Rebecca.Ward@BlankRome.com
Michael.Stoolman@BlankRome.com
Maegan.Spitzer@BlankRome.com

*Attorneys for*
*Defendants/Counterclaimants*
*Simon & Simon, P.C. and Marc Simon*

**CERTIFICATE OF SERVICE**

I, Daniel E. Rhynhart, hereby certify that on July 23, 2026 a true and correct copy of the foregoing was filed and served via email on the parties' counsel of record.

*/s/ Daniel E. Rhynhart*
Daniel E. Rhynhart