# EXHIBIT 19

**Wadden, Michael (WDC)**

**From:** Wadden, Michael (WDC)
**Sent:** Thursday, July 16, 2026 1:32 PM
**To:** Andrew Baratta
**Cc:** Massey, David (NYC); Daniels, David (WDC); Veatch, Sydney (WDC); AKurland@rohnkurland.com; Taber, Jacob (NYC); Wilder, William (NYC); Victoria Freedman; Diana Wojtylak
**Subject:** RE: Uber Technologies, Inc. et al v. Simon & Simon et al.: Plaintiffs' Responses and Objections to Chiropractor Defendants' Discovery Requests

Andy,

Thanks for confirming you will accept service of a subpoena on Spinal Care, and for your confirmation that you are agreeing to produce every scrap of information in PSA's possession regarding each claimant within the acknowledged scope of discovery. We will anticipate receiving your forthcoming productions within the timeframes you have provided, and we will follow up regarding open issues after we have digested those productions. We maintain that searches must be conducted by counsel and productions must be made in a manner that preserves relevant metadata and document family relationships.

Separately, please clarify the final date on which sign in sheets were shredded.

Will will respond under separate cover to your June 26 letter, as discussed during our meet and confer.

Thanks,
Mike

**Michael Wadden | Perkins Coie**
+1.202.434.1683

---

**From:** Andrew Baratta <andrew@Barattalawfirm.com>
**Sent:** Thursday, July 16, 2026 11:43 AM
**To:** Wadden, Michael (WDC) <mwadden@perkinscoie.com>
**Cc:** Massey, David (NYC) <dmassey@perkinscoie.com>; Daniels, David (WDC) <ddaniels@perkinscoie.com>; Veatch, Sydney (WDC) <sveatch@perkinscoie.com>; AKurland@rohnkurland.com; Taber, Jacob (NYC) <jtaber@perkinscoie.com>; Wilder, William (NYC) <wwilder@perkinscoie.com>; Victoria Freedman <Victoria@Barattalawfirm.com>; Diana Wojtylak <Diana@Barattalawfirm.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon & Simon et al.: Plaintiffs' Responses and Objections to Chiropractor Defendants' Discovery Requests

Will – See my responses to your individual issues below in red.

Regarding the lack of response to the issues raised in my June 26 letter and our subsequent meet and confer regarding same, if I do not receive either a fulsome response (or a promise of when one will be provided) by tomorrow, I will presume none is forthcoming and will proceed accordingly.

Thanks,

Andrew P. Baratta

Practice Areas: *Catastrophic Injury & Wrongful Death; Bad Faith Insurer Schemes Against Doctors*
**BARATTA LAW, LLC**
3500 Reading Way
Huntingdon Valley, Pa. 19006
215-914-8132
215-914-2118 (fax)
www.BarattaLawFirm.com

This message is from the law firm of Baratta Law LLC. The information and all attachments in this electronic communication is legally privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any review, use, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by return e-mail and please permanently remove any copies of this message from your system. Do not retain any copies, whether in electronic or physical form or otherwise. Delivery of this message and any attachments to any person other than the intended recipient(s) is not intended in any way to waive confidentiality or a privilege. Thank you.

---

**From:** Wadden, Michael <michael.wadden@ashurstperkins.com>
**Sent:** Wednesday, July 8, 2026 2:32 PM
**To:** Andrew Baratta <andrew@Barattalawfirm.com>
**Cc:** Massey, David <david.massey@ashurstperkins.com>; Daniels, David <david.daniels@ashurstperkins.com>; Veatch, Sydney <sydney.veatch@ashurstperkins.com>; AKurland@rohnkurland.com; Taber, Jacob <jacob.taber@ashurstperkins.com>; Wilder, Will <will.wilder@ashurstperkins.com>; Victoria Freedman <Victoria@Barattalawfirm.com>; Diana Wojtylak <Diana@Barattalawfirm.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon & Simon et al.: Plaintiffs' Responses and Objections to Chiropractor Defendants' Discovery Requests

Andy,

I'm writing to follow up on our call last Thursday. Below is a summary of our discussion regarding the issues raised in Plaintiffs' letter. Please let us know if you disagree with any of the below. We look forward to receiving your responses.

**Search procedures**: You stated that you have produced all documents saved in PSA's "Dr. Chrono" EMR for each claimant treated by PSA that is listed in the Amended Complaint. You stated that we now have the full Dr. Chrono file for each such claimant, and that you intend to produce audit trails shortly.

We have not yet received those audit files and request that you confirm your production date. We also request that you confirm your production date for all Dr. Chrono files for additional PSA patients identified in our June 26 declaration. The audit trails and additional files (including audit trails) will be produced either today or tomorrow.

You additionally stated that Dr. Piccillo ran searches for each Amended Complaint claimant's name in the "philadelphiaspineassociates@gmail.com" email account, and that he printed and provided any responsive email chains to you, which you have since produced to us. You stated that Dr. Piccillo is running similar searches in the "danielpiccillo@gmail.com" and "donna.philaspine@gmail.com" email accounts, and that you plan to produce responsive non-duplicative records identified in those searches.

Pursuant to Section 3 of the Court's Electronic Discovery Order, we request that you provide us with the search parameters, including relevant search terms, that were/are used in any searches of those gmail accounts. Please let us know at your earliest opportunity if you will agree to do so and provide us with the search parameters used. The search terms were each patient's name. Any and all emails referencing any patient at issue has been or will be produced today or tomorrow.

Those searches should be conducted by counsel (or professionals with your firm), and collections should be performed in a manner that preserves relevant metadata and document family relationships. Please let us know if you will agree to re-conduct—and going forward conduct—your searches in that manner, or if you intend to stand on the position that having Dr. Piccillo run his own searches and provide you with email chain printouts satisfies your discovery obligations. This is a ridiculous suggestion with no purpose other than to artificially inflate legal expense. The searches are being conducted by Dr. Piccillo.

**Producing attachments with parent emails**: You stated that you believed all attachments to emails you produced were included somewhere within your production, such as within the records pulled from PSA's EMR. We have reviewed your production and confirm that they are not. In any case, our requests call for the production of attachments sequentially with their associated parent emails and from an evidentiary perspective, it is critical that copies of attachments be produced with parent emails. Please let us know at your earliest opportunity if you will agree to reproduce parent emails with their attachments. Identify any attachment you believe is not included in the chart production and I will reconsider.

**Spinal Care LLC**: You stated that PSA has no control over or access to Spinal Care LLC's records, but you offered that you would consent to accept service of a subpoena for Spinal Care LLC relating to claimants currently within the scope of discovery who treated with Spinal Care LLC. We believe such claimants include, at a minimum, Jajaira Melendez, Denita Woodson, Jahleel Bennet, Sharay Precia, and Harry Bailey. We agreed that because the Simon Defendants' pending motion for a protective order could affect the scope of a subpoena to Spinal Care LLC, we would table this issue and follow up after the disposition of the motion for a protective order. I will accept service of a subpoena to Spinal Care. The scope should obviously be limited to the specific patient charts and any communications with the Simon firm.

Now that the motion has been resolved, we ask that you confirm at your earliest opportunity that you will accept service of a subpoena on Spinal Care LLC's behalf.

**Clarification regarding what you agree to produce**: We noted that RFP responses to the effect of "without waiving this objection . . . after a reasonable search, see Bates documents XX–YY" leave Plaintiffs without sufficient clarity regarding what Defendants are agreeing to produce, and we asked you to amend your responses to each RFP to clarify what documents you are agreeing to search for and produce. You stated that you are producing every scrap of information in PSA's possession regarding each claimant within the scope of discovery, but agreed to provide a written response clarifying precisely what you are agreeing to produce. We ask that you do so with respect to each specific RFP in response to which you agree to produce documents, including RFPs 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 17, and 18, this week. I don't know what could be more clarifying than we "are producing every scrap of information in PSA's possession regarding each claimant within the scope of discovery." The only redactions of any documents will be references to other patient names which appear in some of the emails.

We also renew and restate our request that you produce records responsive to the RFPs as to which you have refused to produce. It is false to suggest I have refused to produce any document.

**RFP 1**: You stated that the bookkeeper for PSA has been on vacation and that you believe she has additional materials responsive to this RFP, which you plan to produce promptly upon receiving them. Presumably she is back from vacation and so please confirm this week. I expect to provide responsive documents early next week if not sooner.

**RFP 9**: You stated that PSA uses paper sign-in sheets, but that you have only been able to collect sign-in sheets for the period from October 2025 forward, and that sign-in sheets from before October 2025 were disposed of or destroyed. You further stated that you are reviewing the sign-in sheets that do exist and will produce any that you find relating to claimants within the present scope of discovery. None do.

Please clarify what PSA's policies for creation and retention of sign-in sheets were prior to October 2025, including how long such sign-in sheets were retained, where they were kept, and how and when they were disposed of or destroyed. Please also clarify the earliest date for which you have been able to collect sign-in sheets. There was no policy with respect to how long sign-in sheets were retained. They were placed in a box at the end of each day and when the box got filled up they were shredded.

**RFP 10**: You stated that this is another request for which you need assistance from PSA's bookkeeper and that you intend to produce whatever relevant records are in her possession. Please produce those records promptly. I expect to provide responsive documents early next week if not sooner.

**RFPs 20 & 21**: You took the position that these requests are overbroad, but you agreed that if we identify specific devices/equipment, you will search for responsive records relating to such devices/equipment. Without waiver of our right to insist on a complete response, we request that you provide responsive records for each of the following categories of device/equipment for the period from 2020 to the present:

- Electrical muscle stimulation (EMS) units, transcutaneous electrical nerve stimulation (TENS) units, and associated electrodes, leads, and accessories, and any other devices used in the delivery of electrical stimulation treatment to patients.
- Infrared therapy equipment and devices used in the delivery of infrared treatment to patients.
- Arthrostim devices and other chiropractic adjustment instruments, including such equipment used for mechanical traction.
- Chiropractic adjustment tables, and any other specialized treatment tables.

We are searching for any potentially responsive documents and will produce what we can locate.

**RFPs 22 & 32 and request to search Dr. Harvey's records**: You stated that PSA has no records regarding Dr. Harvey's mail fraud conviction in *United States v. Ethel Harvey*, 12-cr-00407 (E.D. Pa.) or her discipline from the Bureau of Professional and Occupational Affairs, and you further stated that PSA and Dr. Piccillo were not even aware of Dr. Harvey's conviction until after receiving our RFPs. As you know, Dr. Harvey's consent agreement requires her to supply any employer with a copy of the consent agreement. We ask that you search PSA's email accounts for terms including: "United States v. Ethel Harvey"; "U.S. w/2 Harvey"; "12-cr-00407"; "12-43-07520"; "1984-43-14"; "Consent Agreement and Order"; "18 w/5 1341"; and "felony".

You also stated that Dr. Harvey has no records relating to her mail fraud conviction or discipline. When we asked what searches you conducted of Dr. Harvey's records, you stated that she is retired and verbally confirmed to you that she has no relevant records to search. We request that you confirm whether Dr. Harvey possesses a personal email account, telephone, or personal computer, and run similar searches on those devices. Dr. Harvey searched her email with all the search terms you've identified and located only the presentence investigation report prepared by the Probation department in 2014. You are obviously not entitled to this document without showing a compelling reason why you might be entitled to it, which I cannot envision given that the only relevant and even potentially admissible information is the fact of the conviction itself.

Thanks,

Mike

**Michael Wadden | Perkins Coie**
+1.202.434.1683

---

**From:** Wadden, Michael (WDC)
**Sent:** Thursday, June 25, 2026 11:46 AM
**To:** 'Andrew Baratta' <andrew@Barattalawfirm.com>
**Cc:** Massey, David (NYC) <DMassey@perkinscoie.com>; Daniels, David (WDC) <DDaniels@perkinscoie.com>; Veatch, Sydney (WDC) <SVeatch@perkinscoie.com>; 'AKurland@rohnkurland.com' <AKurland@rohnkurland.com>; Taber, Jacob (NYC) <JTaber@perkinscoie.com>; Wilder, William (NYC) <WWilder@perkinscoie.com>; 'Victoria Freedman' <Victoria@Barattalawfirm.com>; 'Diana Wojtylak' <Diana@Barattalawfirm.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon & Simon et al.: Plaintiffs' Responses and Objections to Chiropractor Defendants' Discovery Requests

Andy, next Thursday at 4 works for us. I'll send you a calendar invite for that time.

Best,
Mike

**Michael Wadden | Perkins Coie**
+1.202.434.1683

---

**From:** Wadden, Michael (WDC)
**Sent:** Thursday, June 25, 2026 11:09 AM
**To:** 'Andrew Baratta' <andrew@Barattalawfirm.com>
**Cc:** Massey, David (NYC) <DMassey@perkinscoie.com>; Daniels, David (WDC) <DDaniels@perkinscoie.com>; Veatch, Sydney (WDC) <SVeatch@perkinscoie.com>; AKurland@rohnkurland.com; Taber, Jacob (NYC) <JTaber@perkinscoie.com>; Wilder, William (NYC) <WWilder@perkinscoie.com>; Victoria Freedman <Victoria@Barattalawfirm.com>; Diana Wojtylak <Diana@Barattalawfirm.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon & Simon et al.: Plaintiffs' Responses and Objections to Chiropractor Defendants' Discovery Requests

No problem, I'll pull down today's calendar invite and will follow up about rescheduling for next week.

Best,
Mike

**Michael Wadden | Perkins Coie**
+1.202.434.1683

---

**From:** Andrew Baratta <andrew@Barattalawfirm.com>
**Sent:** Thursday, June 25, 2026 10:42 AM
**To:** Wadden, Michael (WDC) <MWadden@perkinscoie.com>
**Cc:** Massey, David (NYC) <DMassey@perkinscoie.com>; Daniels, David (WDC) <DDaniels@perkinscoie.com>; Veatch, Sydney (WDC) <SVeatch@perkinscoie.com>; AKurland@rohnkurland.com; Taber, Jacob (NYC) <JTaber@perkinscoie.com>; Wilder, William (NYC) <WWilder@perkinscoie.com>; Victoria Freedman <Victoria@Barattalawfirm.com>; Diana Wojtylak <Diana@Barattalawfirm.com>
**Subject:** Re: Uber Technologies, Inc. et al v. Simon & Simon et al.: Plaintiffs' Responses and Objections to Chiropractor Defendants' Discovery Requests

I won't be able to really consider this until tomorrow so Let's reschedule to make our meet and confer a meaningful exercise. I'll send you a letter with a detailed list of issues I need addressed from your responses as well. I'm available next week in the afternoons Monday to Thursday 4 or later.

Andrew P. Baratta
Practice Areas: *Catastrophic Injury & Wrongful Death; Bad Faith Insurer Schemes Against Doctors*
**BARATTA LAW, LLC**
3500 Reading Way
Huntingdon Valley, Pa. 19006
215-914-8132
215-914-2118 (fax)

On Jun 25, 2026, at 10:17 AM, Wadden, Michael <MWadden@perkinscoie.com> wrote:

Thanks Andy, we'll be prepared to discuss that issue when we speak at 4 today. We also ask that you be prepared to discuss the issues addressed in the attached letter.

Best,
Mike

**Michael Wadden | Perkins Coie**
+1.202.434.1683

---

**From:** Andrew Baratta <andrew@Barattalawfirm.com>
**Sent:** Tuesday, June 23, 2026 8:27 PM
**To:** Wadden, Michael (WDC) <MWadden@perkinscoie.com>
**Cc:** Massey, David (NYC) <DMassey@perkinscoie.com>; Daniels, David (WDC) <DDaniels@perkinscoie.com>; Veatch, Sydney (WDC) <SVeatch@perkinscoie.com>; AKurland@rohnkurland.com; Taber, Jacob (NYC) <JTaber@perkinscoie.com>; Wilder, William (NYC) <WWilder@perkinscoie.com>; Victoria Freedman <Victoria@Barattalawfirm.com>; Diana Wojtylak <Diana@Barattalawfirm.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon & Simon et al.: Plaintiffs' Responses and Objections to Chiropractor Defendants' Discovery Requests

Thursday 4-5 works. Another topic will be the manner of Plaintiffs' document production. There either needs to be an index of what's been produced or a relabeled production reflective of how the records are actually maintained.

I can send an invite or you're welcome to, whichever you prefer.

Thanks,

Andrew P. Baratta
Practice Areas: *Catastrophic Injury & Wrongful Death; Bad Faith Insurer Schemes Against Doctors*
**BARATTA LAW, LLC**
3500 Reading Way
Huntingdon Valley, Pa. 19006

215-914-8132
215-914-2118 (fax)
www.BarattaLawFirm.com

This message is from the law firm of Baratta Law LLC. The information and all attachments in this electronic communication is legally privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any review, use, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by return e-mail and please permanently remove any copies of this message from your system. Do not retain any copies, whether in electronic or physical form or otherwise. Delivery of this message and any attachments to any person other than the intended recipient(s) is not intended in any way to waive confidentiality or a privilege. Thank you.

---

**From:** Wadden, Michael <MWadden@perkinscoie.com>
**Sent:** Tuesday, June 23, 2026 8:20 PM
**To:** Andrew Baratta <andrew@Barattalawfirm.com>
**Cc:** Massey, David <DMassey@perkinscoie.com>; Daniels, David <DDaniels@perkinscoie.com>; Veatch, Sydney <SVeatch@perkinscoie.com>; AKurland@rohnkurland.com; Taber, Jacob <JTaber@perkinscoie.com>; Wilder, Will <WWilder@perkinscoie.com>; Victoria Freedman <Victoria@Barattalawfirm.com>; Diana Wojtylak <Diana@Barattalawfirm.com>
**Subject:** RE: Uber Technologies, Inc. et al v. Simon & Simon et al.: Plaintiffs' Responses and Objections to Chiropractor Defendants' Discovery Requests

Andy,

We're available for a meet and confer Thursday from 2-3 and 4-5, and Friday from 1-4. Is there a good time for you either day? During our call, in addition to discussing Plaintiffs' responses, we'd also like to discuss the sufficiency of the Philadelphia Spine Associates Defendants' responses to our requests.

Moving other Defendants' counsel to bcc.

Thanks,
Mike

**Michael Wadden | Perkins Coie**
+1.202.434.1683

---

**From:** Andrew Baratta <andrew@Barattalawfirm.com>
**Sent:** Tuesday, June 23, 2026 6:51 PM
**To:** Wilder, William (NYC) <WWilder@perkinscoie.com>; rhynhart@blankrome.com; jim.smith@blankrome.com; michael.stoolman@blankrome.com; Maegan.mcumber@blankrome.com; Rebecca Ward <rebecca.ward@blankrome.com>; nspizer@dilworthlaw.com; higsonjj@dilworthlaw.com; strentalange@dilworthlaw.com; Stephanie N. Deviney <sdeviney@foxrothschild.com>; Victoria Freedman <Victoria@Barattalawfirm.com>; Diana Wojtylak

<Diana@Barattalawfirm.com>
**Cc:** Massey, David (NYC) <DMassey@perkinscoie.com>; Daniels, David (WDC) <DDaniels@perkinscoie.com>; Veatch, Sydney (WDC) <SVeatch@perkinscoie.com>; Wadden, Michael (WDC) <MWadden@perkinscoie.com>; AKurland@rohnkurland.com; Taber, Jacob (NYC) <JTaber@perkinscoie.com>
**Subject:** Re: Uber Technologies, Inc. et al v. Simon & Simon et al.: Plaintiffs' Responses and Objections to Chiropractor Defendants' Discovery Requests

Will - Following up. Please provide your availability this week to meet and confer regarding Plaintiff's responses to the PSA parties' discovery requests.

Thanks,

Andrew P. Baratta
Practice Areas: *Catastrophic Injury & Wrongful Death; Bad Faith Insurer Schemes Against Doctors*
**BARATTA LAW, LLC**
3500 Reading Way
Huntingdon Valley, Pa. 19006
215-914-8132
215-914-2118 (fax)

On Jun 22, 2026, at 10:09 PM, Andrew Baratta <andrew@barattalawfirm.com> wrote:

Will - Let me know days this week you are available to meet and confer regarding the sufficiency of Plaintiffs' responses.

Also, please find the responses of the PSA Defendants to Plaintiffs' Discovery requests.

Thanks,

Andrew P. Baratta
Practice Areas: *Catastrophic Injury & Wrongful Death; Bad Faith Insurer Schemes Against Doctors*
**BARATTA LAW, LLC**
3500 Reading Way
Huntingdon Valley, Pa. 19006
215-914-8132
215-914-2118 (fax)
www.BarattaLawFirm.com

This message is from the law firm of Baratta Law LLC. The information and all attachments in this electronic communication is legally privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any review, use, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by return

e-mail and please permanently remove any copies of this message from your system. Do not retain any copies, whether in electronic or physical form or otherwise. Delivery of this message and any attachments to any person other than the intended recipient(s) is not intended in any way to waive confidentiality or a privilege. Thank you.

---

**From:** Wilder, Will <WWilder@perkinscoie.com>
**Sent:** Monday, June 22, 2026 9:54 PM
**To:** rhynhart@blankrome.com; Jim.smith@blankrome.com; Michael.stoolman@blankrome.com; Maegan.mcumber@blankrome.com; Ward, Rebecca <rebecca.ward@blankrome.com>; Andrew Baratta <andrew@Barattalawfirm.com>; nspizer@dilworthlaw.com; higsonjj@dilworthlaw.com; strentalange@dilworthlaw.com; Deviney, Stephanie N. <SDeviney@foxrothschild.com>
**Cc:** Massey, David <DMassey@perkinscoie.com>; Daniels, David <DDaniels@perkinscoie.com>; Veatch, Sydney <SVeatch@perkinscoie.com>; Wadden, Michael <MWadden@perkinscoie.com>; AKurland@RohnKurland.com; Taber, Jacob <JTaber@perkinscoie.com>
**Subject:** Uber Technologies, Inc. et al v. Simon & Simon et al.: Plaintiffs' Responses and Objections to Chiropractor Defendants' Discovery Requests

Counsel,

Please see Plaintiffs Uber Technologies, Inc.'s and Federal Express Corporation's respective Responses and Objections to the discovery requests served by Defendants Philadelphia Spine Associates, Daniel Piccillo, and Ethel Harvey.

Thanks,
Will

**William Wilder**
**ASSOCIATE**

**Perkins Coie**
1155 Avenue of the Americas 22nd Floor
New York, NY 10036-2711
+1.332.238.2747
WWilder@perkinscoie.com
perkinscoie.com

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

<PSA Parties' Responses to Requests for Production.pdf>
<Philadelphia Spine Associates Responses to Interrogatories.pdf>
<PSA E-Discovery Disclosure.pdf>

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.
<2026.6.25 Ltr PSA Defendants re Discovery Responses.pdf>

---

This email and any attachments are confidential and may be privileged. If you have received it in error, please notify the sender immediately and delete it without copying or disclosing its contents.

We do not warrant that this email is virus-free; recipients should carry out their own checks. We reserve the right to monitor email communications through our networks.

"Partner" refers to a partner or member of a partnership in the Ashurst Perkins Coie group, or an employee or consultant of equivalent standing.

Ashurst Perkins Coie US LLP is a limited liability partnership established under the laws of Washington State and is part of the Ashurst Perkins Coie Group.

This communication is sent on behalf of Ashurst Perkins Coie. Ashurst Perkins Coie is a global group of separate legal entities, some providing legal services and some non-legal services. Different legal entities in the group may operate in the same jurisdictions. Further details about the Ashurst Perkins Coie Group can be found at www.ashurstperkinscoie.com.