# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br><br>**Defendants.** | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**<u>PLAINTIFF FEDERAL EXPRESS CORPORATION'S RESPONSES AND OBJECTIONS TO SIMON & SIMON'S FIRST SET OF INTERROGATORIES</u>**

Plaintiff Federal Express Corporation ("FedEx") hereby provides the following responses and objections (collectively, "Responses") to Defendants Simon & Simon P.C. and Marc Simon's First Set of Interrogatories.

**<u>PRELIMINARY STATEMENT</u>**

No admissions of any nature whatsoever are implied or should be inferred from the Responses set forth below, and the Responses are made solely for the purpose of this lawsuit and shall not be used in any other proceeding. The Responses do not constitute any agreement or concession that the subject matter is relevant to this action, and any information provided by FedEx shall be provided without waiving any objection, including but not limited to relevance, privilege, or admissibility. Each Response is based on FedEx's current knowledge, understanding, and belief with respect to the matters addressed in each of the Interrogatories. Without in any way undertaking an obligation to do so, FedEx reserves the right to alter, supplement, amend, or

otherwise modify these Responses in light of additional facts revealed through subsequent inquiry and investigation. Subject to this Preliminary Statement, FedEx makes the following general objections.

**GENERAL OBJECTIONS**

These general objections ("General Objections") apply to each Interrogatory and shall have the same force and effect as if set forth in full in response to each individual Interrogatory. Asserting the same, similar, or additional specific objections in response to a particular Interrogatory does not waive or modify any of these General Objections. Documents that fall within any of the categories of General Objections will not be produced, unless specifically stated below in response to a specific Interrogatory. Any inadvertent disclosure of such documents or other information shall not be deemed a waiver of any objection.

1. FedEx objects to, and declines to be bound by, these Interrogatories and the Instructions to the extent that they purport to impose obligations on FedEx greater than those required by the Federal Rules of Civil Procedure ("Rules"), the Local Rules of the Eastern District of Pennsylvania, any other applicable rules, any applicable orders of this Court, or any stipulations of the parties.
2. FedEx objects to the Interrogatories to the extent that they seek production of documents or information protected from disclosure by the attorney-client privilege, work-product protection, or any other applicable privilege or protection. Any information disclosed in response to the Interrogatories is disclosed without waiving each of these privileges or protection. Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.
3. FedEx objects to the Interrogatories to the extent they assume the existence of facts or documents that do not exist or the occurrence of events that did not occur. Any response

of FedEx to a Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in or implied by the Request exists or is accurate.

4. FedEx objects to the Interrogatories to the extent they require production of documents that do not exist; that are not in FedEx's possession, custody, or control; or that are equally available to Plaintiff.

5. FedEx objects to the Interrogatories to the extent they are vague, ambiguous, susceptible of multiple meanings, or include terms that are undefined. FedEx will respond to the Interrogatories based on its understanding of the Interrogatories.

6. FedEx objects to the Interrogatories to the extent they seek private, confidential, financial, or proprietary information or trade secrets that is not covered by the confidentiality agreement among the parties.

7. FedEx objects to the Interrogatories to the extent they are premature. FedEx's investigation is ongoing. The following responses are based on FedEx's present knowledge, information, and belief and are complete as to the best of FedEx's knowledge at this time. FedEx reserves the right to supplement or amend its responses as further information becomes known.

8. FedEx objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative and seek information and documents that can be obtained from sources that are more convenient, less burdensome, and/or less expensive.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1: Identify the Person(s) at FedEx most knowledgeable about the decision to settle or defend each of the Underlying FedEx Actions and the factual basis for that decision.**

FedEx objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, FedEx identifies Joede McCullough as an appropriate witness to speak to the information sought in this Interrogatory.

**INTERROGATORY NO. 2: Identify the Person(s) at FedEx who authorized each of the settlements in the Underlying FedEx Actions that were executed prior to September 18, 2025.**

FedEx objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, FedEx identifies Joede McCulloughas an appropriate witness to speak to the information sought in this Interrogatory.

**INTERROGATORY NO. 3: Identify the Person(s) at FedEx who authorized each of the settlements in the Underlying FedEx Actions that were executed between September 18, 2025 and January 26, 2026 and describe why FedEx settled those cases after Uber publicly represented to a federal court that cases involving Simon & Simon were fraudulent in the Original Complaint.**

FedEx objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, FedEx identifies Joede McCullough as an appropriate witness to speak to the information sought in this Interrogatory.

**INTERROGATORY NO. 4: Identify the Person(s) at FedEx who authorized each of the settlements in the Underlying FedEx Actions that were executed on or after January 26, 2026 and describe why FedEx settled those cases after it publicly represented to a federal court that those cases were fraudulent in the Amended Complaint.**

FedEx objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, FedEx identifies Joede McCulloughas an appropriate witness to speak to the information sought in this Interrogatory.

**INTERROGATORY NO. 5: Identify the Person(s) at FedEx most knowledgeable about the DIME Reports in each of the Underlying FedEx Actions.**

FedEx objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, FedEx identifies Joede McCulloughas an appropriate witness to speak to the information sought in this Interrogatory.

**INTERROGATORY NO. 6: For each Underlying FedEx Action, did FedEx receive the DIME Report submitted in that Underlying FedEx Action prior to settling that Underlying FedEx Action? If so, explain why FedEx settled the Underlying FedEx Action(s) after receiving the DIME Report(s).**

FedEx objects to this Interrogatory because settlement decisions are inherently based on a range of factors, and FedEx has alleged reliance by third parties in addition to itself. FedEx

further objects to this Interrogatory on the grounds that it seeks information protected by the attorney work-product doctrine.

**INTERROGATORY NO. 7: Identify the circumstances surrounding FedEx's discovery of the mail and wire fraud it alleges in the Amended Complaint, including but not limited to the date that FedEx discovered the alleged mail and wire fraud, from whom FedEx learned of the alleged mail and wire fraud, and the manner in which FedEx discovered the alleged mail and wire fraud.**

FedEx objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, FedEx was concerned about the nature of cases filed by Simon & Simon that relied on purported medical treatment by Clifton Burt in or about the year 2025. FedEx's concerns were confirmed when the Original Complaint was filed on September 18, 2025, and FedEx became aware of the scheme.

**INTERROGATORY NO. 8: Identify the amount of money, if any, that FedEx (not any other Person) paid in: i) attorneys' fees; ii) costs; iii) settlements; and iv) verdicts for each of the Underlying FedEx Actions, and the person(s) at FedEx most knowledgeable about this subject matter. If any affiliate of FedEx paid any portion (or all) of the amounts of money responsive to this Interrogatory, indicate as such in the response.**

At this time, FedEx has paid the following approximate costs in each of the Underlying FedEx Actions:

- **Agosto, Juan:** $407,474.90

- **Dattilo, Marcello:** $1,633,420.86
- **Major, Donald:** $144,285.46

**INTERROGATORY NO. 9: Identify specifically the amount of money, if any, that FedEx has paid in premiums for insurance policies that covered/cover the Underlying FedEx Actions, and the person(s) at FedEx most knowledgeable about this subject matter. If any affiliate of FedEx paid any portion (or all) of the amounts of money responsive to this Interrogatory, indicate as such in the response.**

FedEx objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense in this case.

**INTERROGATORY NO. 10: Identify the amount of money, if any, that FedEx has paid, in increases in premiums for insurance policies as a result of the conduct alleged in the Amended Complaint, and the person(s) at FedEx most knowledgeable about this subject matter. If any affiliate of FedEx paid any portion (or all) of the amounts of money responsive to this Interrogatory, indicate as such in the response.**

FedEx objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense in this case.

**INTERROGATORY NO. 11: Identify the Person(s) working for FedEx who are most knowledgeable about FedEx's decision to join this RICO action, including without limitation whether that decision was approved by FedEx's General Counsel, Chief**

**Executive Officer, Chief Financial Officer, Chief Risk Officer, FedEx's Board of Directors, and/or any other officer or director of FedEx.**

FedEx objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. FedEx further objects to this Interrogatory as it seeks information that is not relevant to any claim or defense in this case. FedEx further objects to this Interrogatory because discovery on Plaintiffs' counterclaims is stayed.

**INTERROGATORY NO. 12: Identify the amount of money, including fees and costs paid to Perkins Coie, that FedEx has spent bringing this RICO action, and the person(s) at FedEx most knowledgeable about this subject matter.**

FedEx objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. FedEx further objects to this Interrogatory as premature. FedEx intends to seek its fees at the conclusion of this case under RICO's fee shifting provision. These fees continue to grow.

**INTERROGATORY NO. 13: Identify the total amount of money, including fees, costs, settlements, and verdicts that FedEx has spent in connection with every lawsuit filed by Simon & Simon.**

FedEx objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense in this case.

**INTERROGATORY NO. 14: Identify the amount of money, including fees, costs, settlements, and verdicts that FedEx has spent in paying out personal injury claims across the United States, and specifically in Pennsylvania, and the person(s) at FedEx most knowledgeable about this subject matter.**

FedEx objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense in this case.

**INTERROGATORY NO. 15: State whether FedEx joins in Uber's demand that Marc Simon surrender his law license in this RICO action. If so, identify the Person(s) working at FedEx who made the decision to join in making that demand.**

FedEx objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. FedEx further objects to this Interrogatory as it seeks information that is not relevant to any claim or defense in this case. FedEx further objects to this Interrogatory because discovery on Plaintiffs' counterclaims is stayed.