# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br><br>**Defendants.** | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**PLAINTIFF FEDERAL EXPRESS CORPORATION'S RESPONSES AND OBJECTIONS TO SIMON & SIMON'S FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiff Federal Express Corporation ("FedEx") hereby provides the following responses and objections (collectively, "Responses") to Defendants Simon & Simon P.C. and Marc Simon's First Set of Requests for Production.

**PRELIMINARY STATEMENT**

No admissions of any nature whatsoever are implied or should be inferred from the Responses set forth below, and the Responses are made solely for the purpose of this lawsuit and shall not be used in any other proceeding. The Responses do not constitute any agreement or concession that the subject matter is relevant to this action, and any information provided by FedEx shall be provided without waiving any objection, including but not limited to relevance, privilege, or admissibility. Each Response is based on FedEx's current knowledge, understanding, and belief with respect to the matters addressed in each of the Requests. Without in any way undertaking an obligation to do so, FedEx reserves the right to alter, supplement, amend, or otherwise modify

these Responses in light of additional facts revealed through subsequent inquiry and investigation. Subject to this Preliminary Statement, FedEx makes the following general objections.

**GENERAL OBJECTIONS**

1. FedEx objects to, and declines to be bound by, these Requests and the Instructions to the extent that they purport to impose obligations on FedEx greater than those required by the Federal Rules of Civil Procedure ("Rules"), the Local Rules of the Eastern District of Pennsylvania, any other applicable rules, any applicable orders of this Court, or any stipulations of the parties.

2. FedEx objects to the Requests to the extent that they seek production of documents or information protected from disclosure by the attorney-client privilege, the common interest privilege, work-product protection, or any other applicable privilege or protection. Any information disclosed in response to the Requests is disclosed without waiving each of these privileges or protection. Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

3. FedEx objects to the Requests to the extent they assume the existence of facts or documents that do not exist or the occurrence of events that did not occur. Any response of FedEx to a Request is not intended to be, and shall not be construed as, an admission that any factual predicate stated in or implied by the Request exists or is accurate.

4. FedEx objects to the Requests to the extent they require production of documents that do not exist; that are not in FedEx's possession, custody, or control; or that are equally available to Defendants.

5. FedEx objects to the Requests to the extent they are vague, ambiguous, susceptible of multiple meanings, or include terms that are undefined. FedEx will respond to the Requests based on its understanding of the Requests.

6. FedEx objects to the Requests to the extent they seek private, confidential, financial, or proprietary information or trade secrets before the entry of a protective order that adequately protects FedEx's confidential and highly confidential information.

7. FedEx objects to the Requests to the extent they are premature. FedEx's investigation is ongoing. The following responses are based on FedEx's present knowledge, information, and belief and are complete as to the best of FedEx's knowledge at this time. FedEx reserves the right to supplement or amend its responses as further information becomes known.

8. FedEx objects to the Requests to the extent they are unreasonably cumulative or duplicative and seek information and documents that can be obtained from sources that are more convenient, less burdensome, and/or less expensive.

9. FedEx objects to the Requests to the extent that FedEx does not yet know the full scope of the scheme. FedEx reserves the right to supplement any response as FedEx is able to ascertain the full scope of the scheme and the claims at issue through discovery.

10. FedEx objects to the Requests to the extent that they are overbroad and unduly burdensome, particularly given that they lack a date limitation. FedEx further objects to the Requests to the extent that they require any search beyond identified custodians and appropriate search terms.

11. Certain of the Requests call for information that is outside of FedEx's possession, custody, or control. FedEx objects to the Requests to the extent they call for such information.

12. Each of these General Objections is incorporated into the Specific Responses and Objections below.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST NO. 1: All Documents and Communications relating to or discussing Marc Simon and/or Simon & Simon, P.C.**

FedEx objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. FedEx further objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this case. Subject to and without waiving the foregoing general and specific objections, FedEx will search for and produce non-privileged documents responsive to this Request relating to the scheme pattern cases.

**REQUEST NO. 2: All Documents and Communications relating to or discussing: Clifton Burt; Premier Pain & Rehab Center, P.C.; Ethel Harvey; Daniel Piccillo; Philadelphia Spine Associates, LLC; and/or Lance Yarus.**

FedEx objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. FedEx further objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this case. Subject to and without waiving the foregoing general and specific objections, FedEx will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 3: All Documents and Communications comprising the entire claims files for each of the Underlying FedEx Actions.**

FedEx objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. FedEx further objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this case. Subject to and without waiving the foregoing general and specific objections, FedEx will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 4: Documents sufficient to demonstrate the date that FedEx first discovered the mail and wire fraud alleged in the Amended Complaint, including without limitation all internal and external Communications about that discovery.**

FedEx objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. FedEx further objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this case. Subject to and without waiving the foregoing general and specific objections, FedEx will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 5: All Documents and Communications relating to FedEx's investigation into the mail and wire fraud it alleges in the Amended Complaint, including but not limited to the entirety of all special investigation unit files pertaining to this RICO action and/or any of the Underlying FedEx Actions.**

FedEx objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. FedEx further objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this case. Subject to and without waiving the foregoing general and specific objections, FedEx will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 6: All external Communications with any third parties or governmental agencies related to the mail and wire fraud alleged in the Amended Complaint.**

FedEx objects to this Request as it seeks information that is not relevant to any claim or defense in this case. FedEx will not produce documents in response to this Request.

**REQUEST NO. 7: All Documents and Communications relating to FedEx's alleged injury in this case, including Documents sufficient to demonstrate whether FedEx (not any other Person) paid any money towards the settlements or verdicts in the Underlying FedEx Actions or any money towards the fees and costs incurred in litigating the Underlying FedEx Actions.**

Subject to and without waiving the foregoing general objections, FedEx will produce documents sufficient to prove its damages in this case.

**<u>REQUEST NO. 8:</u> All insurance policies and contracts, including without limitation all related documents such as riders, schedules, and declarations pages, with any insurer that are applicable to any of the Underlying FedEx Actions.**

FedEx objects to this Request to the extent it seeks information not relevant to any claim or defense in this case. FedEx further objects to this Request to the extent it seeks information duplicative of the information sought in Request No. 7. Subject to and without waiving the foregoing general and specific objections, FedEx will produce documents sufficient to prove its damages in this case.

**<u>REQUEST NO. 9:</u> Documents sufficient to demonstrate FedEx's premiums owed to any insurer under insurance policies that cover personal injury liability caused by FedEx drivers, including Documents and Communications demonstrating whether such premiums were actually paid by FedEx.**

FedEx objects to this Request to the extent it seeks information not relevant to any claim or defense in this case. FedEx further objects to this Request to the extent it seeks information duplicative of the information sought in Request No. 7. Subject to and without waiving the foregoing general and specific objections, FedEx will produce documents sufficient to prove its damages in this case.

**<u>REQUEST NO. 10:</u> All Documents and Communications reflecting the identity of the Person(s) who paid the costs and expenses that FedEx is claiming as injury in this case, including without limitation the amounts paid and to whom for each of the Underlying FedEx Actions.**

FedEx objects to this Request to the extent it seeks information not relevant to any claim or defense in this case. FedEx further objects to this Request to the extent it seeks information duplicative of the information sought in Request No. 7. Subject to and without waiving the

foregoing general and specific objections, FedEx will produce documents sufficient to prove its damages in this case.

**REQUEST NO. 11:** **All checks, bank statements, wire transfer records, ACH records, ledgers, balance sheets, cash flow statements, financial statements, and other accounting books and records related to payments of the costs and expenses that FedEx is claiming as injury in this case.**

FedEx objects to this Request to the extent it seeks information not relevant to any claim or defense in this case. FedEx further objects to this Request to the extent it seeks information duplicative of the information sought in Request No. 7. Subject to and without waiving the foregoing general and specific objections, FedEx will produce documents sufficient to prove its damages in this case.

**REQUEST NO. 12:** **All checks, bank statements, wire transfer records, ACH records, ledgers, balance sheets, cash flow statements, financial statements, and other accounting books and records relating to payment for any amount of the premiums FedEx pays to any insurers for insurance policies that cover/covered the Underlying FedEx Actions.**

FedEx objects to this Request to the extent it seeks information not relevant to any claim or defense in this case. FedEx further objects to this Request to the extent it seeks information duplicative of the information sought in Request No. 7. Subject to and without waiving the foregoing general and specific objections, FedEx will produce documents sufficient to prove its damages in this case.

**REQUEST NO. 13:** **All Documents and Communications related to the DIME Reports procured in each Underlying FedEx Action.**

FedEx objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the

foregoing general and specific objections, FedEx will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 14: All Documents and Communications reflecting FedEx's authorization of the settlements in each of the Underlying FedEx Actions that have settled.**

FedEx objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, FedEx will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 15: All Documents and Communications relating to the strengths and weaknesses of FedEx's and/or its driver's defenses in the Underlying FedEx Actions.**

FedEx objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. FedEx will not produce documents in response to this Request.

**REQUEST NO. 16: All Documents and Communications reflecting any policies, procedures, training manuals, or protocols that FedEx has in place for addressing supposed or suspected fraudulent litigation.**

FedEx objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, FedEx will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 17: All Documents and Communications relating to FedEx's decision to join in the settlement of each Underlying FedEx Action that resulted in settlement.**

FedEx objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the

foregoing general and specific objections, FedEx will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 18: All Documents and Communications relating to settlements of Underlying FedEx Actions after the filing of the Original Complaint and/or the Amended Complaint.**

FedEx objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, FedEx will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 19: All Documents and Communications demonstrating that any Defendant's alleged conduct caused FedEx to pay legal fees and settlements rather than continue disputing the Underlying FedEx Actions on the merits.**

FedEx objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, FedEx will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 20: All Documents and Communications relating to FedEx's or anyone's alleged reliance on any alleged misrepresentations set forth in the Amended Complaint.**

FedEx objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, FedEx will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 21: All Documents and Communications with Gordon Rees related to any of the Underlying FedEx Actions.**

FedEx objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. FedEx will not produce documents in response to this Request.

**REQUEST NO. 22: All Documents and Communications relating to any of the doctors who prepared the DIME Reports.**

FedEx objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, FedEx will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 23: All Documents and Communications related to the drafting and/or preparation of the settlement agreement in each of the Underlying FedEx Actions that have resulted in settlements.**

FedEx objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, FedEx will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 24: All Documents and Communications relating to why FedEx pays settlements and/or verdicts (or other costs related to settlements and/or verdicts) for FedEx drivers' negligence.**

FedEx objects to this Request as vague and ambiguous. FedEx requests a meet and confer as to the nature of the documents sought through this Request. Subject to such discussion, FedEx will not produce documents in response to this Request.

**REQUEST NO. 25: All Documents and Communications supporting a good faith basis (if any) for FedEx joining the Amended Complaint.**

FedEx objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. FedEx further objects to this Request on the grounds that discovery into Defendants' counterclaims is stayed. FedEx will not produce documents in respones to this Request.

**REQUEST NO. 26: All Documents and Communications relating to or discussing FedEx's decision to join the Amended Complaint.**

FedEx objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. FedEx further objects to this Request on the grounds that discovery into Defendants' counterclaims is stayed. FedEx will not produce documents in response to this Request.

**REQUEST NO. 27: All Documents and Communications exchanged between You and Uber related to this lawsuit.**

FedEx objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine, including the common interest privilege. FedEx further objects to this Request on the grounds that discovery into Defendants' counterclaims is stayed. FedEx will not produce documents in response to this Request.

**REQUEST NO. 28: All Documents and Communications relating to or discussing the Other RICO Actions.**

FedEx objects to this Request as it seeks information that is not relevant to any claim or defense in this case. FedEx further objects to this Request to the extent it calls for information protected by the attorney-client privilege or the attorney work-product doctrine. FedEx further

objects to this Request on the grounds that discovery into Defendants' counterclaims is stayed. FedEx will not produce documents in response to this Request.

**<u>REQUEST NO. 29:</u> All Documents and Communications relating to Uber bringing and litigating RICO cases against personal injury law firms.**

FedEx objects to this Request as it seeks information that is not relevant to any claim or defense in this case. FedEx further objects to this Request to the extent it calls for information protected by the attorney-client privilege or the attorney work-product doctrine. FedEx further objects to this Request on the grounds that discovery into Defendants' counterclaims is stayed. FedEx will not produce documents in response to this Request.

**<u>REQUEST NO. 30:</u> All Documents and Communications relating to Uber's tort reform efforts.**

FedEx objects to this Request as it seeks information that is not relevant to any claim or defense in this case. FedEx further objects to this Request on the grounds that discovery into Defendants' counterclaims is stayed. FedEx will not produce documents in response to this Request.

**<u>REQUEST NO. 31:</u> All Documents and Communications relating to the risks arising from FedEx drivers' torts.**

FedEx objects to this Request as it seeks information that is not relevant to any claim or defense in this case. FedEx further objects to this Request to the extent it calls for information protected by the attorney-client privilege or the attorney work-product doctrine. FedEx will not produce documents in response to this Request.

**<u>REQUEST NO. 32:</u> All Documents and Communications relating to FedEx's payments of fees and costs to Perkins Coie in connection with this action.**

FedEx objects to this Request as it seeks information that is not relevant to any claim or defense in this case. FedEx further objects to this Request to the extent it calls for information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, FedEx will produce documents sufficient to establish its attorney's fees as a form of relief pursuant to the RICO statutes.

**REQUEST NO. 33: All Documents and Communications relating to Uber's decision to demand the surrender of Marc Simon's law license, including Documents and Communications sufficient to show whether FedEx was aware of or approved that decision.**

FedEx objects to this Request as it seeks information that is not relevant to any claim or defense in this case. FedEx further objects to this Request to the extent it calls for information protected by the attorney-client privilege or the attorney work-product doctrine. FedEx further objects to this Request on the grounds that discovery into Defendants' counterclaims is stayed. FedEx will not produce documents in response to this Request.

**REQUEST NO. 34: All Documents and Communications relating to FedEx's fees and costs incurred on account of personal injury litigation across the United States and, specifically, in Pennsylvania.**

FedEx objects to this Request as it seeks information that is not relevant to any claim or defense in this case. FedEx will not produce documents in response to this Request.

**REQUEST NO. 35: All Documents and Communications related to any training that FedEx implements for its drivers.**

FedEx objects to this Request as it seeks information that is not relevant to any claim or defense in this case. FedEx will not produce documents in response to this Request.

**REQUEST NO. 36: All Documents and Communications related to any measures taken to prevent accidents and crimes caused by FedEx drivers.**

FedEx objects to this Request as it seeks information that is not relevant to any claim or defense in this case. FedEx will not produce documents in response to this Request.

**REQUEST NO. 37: FedEx's personnel organizational chart.**

FedEx objects to this Request as it seeks information that is not relevant to any claim or defense in this case. FedEx further objects to this Request on the grounds that it is vague and/or ambiguous. FedEx will not produce documents in response to this Request.