**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br><br>**Plaintiffs,**<br>**v.** | CIVIL ACTION |
| **SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br><br>**Defendants.** | No: 2:25-cv-05365-MAK |

**PLAINTIFFS' EMERGENCY MOTION TO PRESERVE EVIDENCE**

Plaintiffs respectfully request that the Court issue an order to help preserve critical evidence in the possession of Premier Pain & Rehab Center, PC, that is in imminent danger of spoliation. Plaintiffs request an order from the Court directing Premier Pain to temporarily deliver a key piece of physical evidence—namely, its radiofrequency generator—to its counsel pending further data collection. Plaintiffs also request entry of a general preservation order directed at Premier Pain.

The center of the scheme in this case is the funneling of thousands of state court claimants to Premier Pain for purported radiofrequency ablation procedures to create a false treatment record to support phony predictions that such claimants—many of whom suffered no or only slight injury—will require millions in future medical expenses. Discovery has raised serious concerns that, whatever he claimed he was doing, Burt was in fact not delivering radiofrequency ablation treatments at all. Burt used a specific device—a Cosman G4 RFA Generator. According to its manual, "[a]ll operations, readings, screen shots, and notes are saved to a Procedure Record on the G4's internal disk." Daniels Decl. ¶ 8. Shortly after this lawsuit was filed, *all* such data was deleted from the machine. Only a small amount of data created after the lawsuit was filed now remains. Given that apparent spoliation, the machine should be delivered to Premier Pain's counsel to ensure that no further data is destroyed.

Plaintiffs conducted a Rule 34 inspection of Premier Pain's facility on August 10, 2026. Bushner Decl. ¶ 2. During that inspection, Plaintiffs examined Premier Pain's Cosman G4 RFA Generator. *Id.* ¶ 3. As noted, the RFA Generator creates a "Procedure Record" each time it is used to perform a procedure. Daniels Decl. Ex. 4 at 17, 33–34. Each Procedure Record includes the date and time of the procedure and readings from the procedure. *Id.* Any Procedure Records relating to the Claimants within the scope of discovery are highly relevant, as they would provide an independent and objective data source to test whether Burt's operative reports are accurate. Absent

such data, Burt's operative reports are merely self-serving and unreliable hearsay created after the fact to create a false treatment record.

Although Premier Pain has been using this same device to treat Simon & Simon clients for years, the earliest Procedure Record in its database dates to September 24, 2025—i.e., six days after this lawsuit was filed. Bushner Decl. ¶ 4. All prior data has been deleted. Premier Pain would have been aware of this lawsuit by September 24. News outlets published reports about the Complaint the same day it was filed. Daniels Decl. ¶¶ 5–6. Uber also made its first attempt to serve Premier Pain on September 23. Uber's process server spoke with a Premier Pain employee regarding service of the Complaint on September 24—mere hours before the Procedure Records were apparently deleted. Riggs Decl. ¶¶ 3–4. Uber accomplished service on Marc Simon that same day. ECF 18. Given this sequence of events, it appears that a Premier Pain employee or agent, or person acting at their direction, deliberately deleted data after the lawsuit was filed to destroy relevant evidence. In that regard, the RFA Generator has a "Delete All" records function. Daniels Decl. ¶ 9. So long as the machine remains in Premier Pain's possession, the risk of further spoliation is grave.

The Court has the inherent power to issue orders to preserve evidence. *Contour Data Sols. LLC v. Gridforce Energy Mgmt. LLC*, 2021 WL 5541787, at *4 (E.D. Pa. Jan. 19, 2021); *Citizens for Resp. & Ethics in Wash. v. United States DOGE Serv.*, 769 F. Supp. 3d 8, 30 (D.D.C. 2025). Such an order is particularly appropriate where evidence has apparently already been destroyed and where remaining evidence is in danger of spoliation. *Contour Data*, 2021 WL 5541787, at *4. Unless and until the RFA Generator has been collected and imaged, there is cause for legitimate concern about the continuing existence and maintenance of the integrity of any evidence that remains. A preservation order is warranted for the same reason.

Premier Pain's counsel has refused to take possession of the machine pending an agreed data collection process. They argued that spoliation is unlikely because their clients claimed to be unaware the RFA Generator maintained procedure records. Daniels Decl. Ex. 1 at 17. This is not credible, however, given that a link to the "Records" page is one of only three options that appear on the RFA Generator's home screen. Daniels Decl. Ex. 4 at 17 (showing RFA Generator home screen). Next, Premier Pain's counsel suggested that the data may have been deleted in connection with a routine servicing of the machine. The service records, however, show that the machine was serviced on September 11, 2025 but that the machine was returned by September 16, 2025. Daniels Decl. Ex. 5. Premier Pain's records further show that treatments were delivered to Simon & Simon claimants on September 17, 2025. Daniels Decl. Ex. 6. Data for those treatments have also been deleted. Hence, the servicing of the machine is no alibi for spoliation.

Finally, Premier Pain's counsel has declined to take custody of the machine for the stated reason of avoiding disruption to Premier Pain's business. However, the machine is not presently in active use. Plaintiffs' inspection found that the machine has not been used in August at all. Bushner Decl. Ex. B. Forensic imaging and analysis can be performed quickly. And to the extent that any procedures need to be delivered during the window of time such machine is in counsel's possession, loaner machines are available from the manufacturer. Daniels Decl. Ex. 5.

As to the preservation order, Premier Pain's counsel has advised that they have no objection to such an order in principle. However, they have thus far failed to agree to any proposed language.

For all these reasons, the Court should enter an order (i) requiring Premier Pain to deliver the device to its counsel pending completion of an agreed process to collect and preserve the remaining data; and (ii) directing Premier Pain and those acting in concert with it to preserve evidence.

Dated: August 12, 2026

**ROHN KURLAND, P.C.**

Amy Kurland, Bar No. 37419
AKurland@rohnkurland.com
1700 Market St, Suite 1005
Philadelphia, PA 19103
Telephone: +1.215.770.0320
Facsimile: +1.215.717.9697

**ASHURST PERKINS COIE US LLP**

By: /s/ David W.T. Daniels
David W.T. Daniels
david.daniels@ashurstperkins.com
Michael J. Wadden
michael.wadden@ashurstperkins.com
Sydney Veatch
sydney.veatch@ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

David B. Massey
david.massey@ashurstperkins.com
Jacob Taber
jacob.taber@ashurstperkins.com
William Wilder
will.wilder@ashurstperkins.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

Michael R. Huston
michael.huston@ashurstperkins.com
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
Facsimile: +1.602.648.7000

*Attorneys for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*

**CERTIFICATE OF RULE 26.1(f) CONFERRAL**

I, David Daniels, certify that the parties, after reasonable effort, are unable to resolve the dispute. The facts supporting this certification are as follows:

Meet and confer: I notified Stephanie Deviney that Plaintiffs intended to seek the relief requested in this Motion by email on August 11, 2026. We exchanged multiple emails that same day on this issue. We met and conferred telephonically on the morning of August 12, 2026 and exchanged additional emails this afternoon.

Premier Pain's position: Ms. Deviney states that she is unwilling to take the machine into her firm's possession because, according to her client, patients have been scheduled for treatment "in the upcoming days." She has communicated that Premier Pain does not oppose entry of a preservation order but has to date not communicated assent to any proposed language. The proposed order submitted with this motion reflects the most recent proposal made to Premier Pain, which reflects all comments received to date.

Position of other parties: Although this motion does not seek relief as to the other parties, I nevertheless solicited their positions by email on August 11, 2026. I received no response from any other defendant taking a position on the requested relief.

Dated: August 12, 2026

**ASHURST PERKINS COIE US LLP**

By: /s/ David W.T. Daniels
David W.T. Daniels
david.daniels@ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

*Counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court through the CM/ECF system. By electronically filing, the CM/ECF system shall send notification of such filing to counsel of record for each party and those registered to receive a Notice of Electronic Filing for this case.

Dated: August 12, 2026

**ASHURST PERKINS COIE US LLP**

By: /s/ David W.T. Daniels
David W.T. Daniels
david.daniels@ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

*Counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*