**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SIMON & SIMON, P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,<br><br>Defendants. | Case No. 2:25-cv-05365-MAK |

**DECLARATION OF STEPHANIE NOLAN DEVINEY, ESQUIRE**

1. I am a partner at Fox Rothschild LLP counsel for Defendants Clifton Burt and Premier Pain & Rehab Center, PC (collectively, "Premier Pain") and I respectfully submit this Declaration in support of Premier Pain's opposition (the "Opposition") to Plaintiffs' Emergency Motion to Preserve Evidence (the "Motion") on the Cosman G4 radiofrequency ablation machine (the "Device").

2. On August 5th, I participated in a telephonic meet and confer with counsel for Plaintiffs, David Daniels, Esquire, Michael Wadden, Esquire, Amy Kurland, Esquire, Sydney Veatch, Esquire and William Wilder, Esquire, wherein counsel discussed that Premier Pain would not allow Plaintiffs to download information from any computer system or devices.

3. It was during this call that Plaintiffs' counsel raised for the first time the ability of the Device to record information, a feature Premier Pain did not utilize and was unfamiliar with using. However, I indicated that Premier Pain would follow up with Boston Scientific to determine if it could be done.

4. On Monday, August 10, 2026, counsel for Plaintiffs, David Daniels, Esquire, Michael Wadden, Esquire, Amy Kurland, Esquire, Plaintiffs' expert from California, Dr. Andrew Germanovich, and Plaintiffs' consultant, former FBI Special Agent with over twenty-two years of experience, Joseph Bushner, attended the inspection of Premier Pain's premises in Philadelphia along with me and Dr. Blessen Abraham.

5. For over an hour, Premier Pain gave Plaintiffs complete access to its facilities, even allowing them to utilize the Device and to take pictures and videos using the fluoroscopy machine.

6. Despite our prior discussion, Plaintiffs showed up with an unopened USB drive and a demand to download information from the Device only.

7. Plaintiffs' counsel even called the Court to intervene.

8. After conceding to allow me to retain the USB drive, the parties, including former Special Agent Bushner, could not get the records to download onto the USB drive provided by Uber's counsel.

9. Approximately twenty-four hours later, Plaintiffs' counsel wrote to accuse Premier Pain of deliberately destroying evidence and to demand the turnover of the Device.

10. Premier Pain sees patients at its location in Philadelphia every Wednesday and every other Thursday.

11. Premier Pain is currently scheduled to see patients on Wednesday, August 19th, Wednesday, August 26th, Thursday, August 27th, and so forth.

12. In addition, Premier Pain must schedule its annual service of the Device with Boston Scientific in the upcoming weeks.

13. As such, Premier Pain is not willing to turn over the Device as it would prevent patient care.

14. Moreover, although Plaintiffs allege that Premier Pain has not utilized the Device since July 30th, they are wrong.

15. A close review of Exhibit B to Mr. Bushner's Declaration reveals a space; he did not scroll all the way to the bottom of the screen. *See* Exhibit B to Mr. Bushner's Declaration.

16. Had Mr. Bushner, who has over twenty-two years of experience with the FBI, scrolled to the bottom of the screen, he would have seen that Premier Pain used the Device on Wednesday, August 5th (and has since used it on Wednesday, August 12th). A true and correct copy of a screen shot taken on August 12th is attached to the Opposition and incorporated herein as Exhibit B.

17. Plaintiffs can only identify one (1) claimant Premier Pain treated after the commencement of this litigation whose records would be on the current machine ("Patient RC").

18. Premier Pain treated Patient RC on November 5, 2025, three (3) months after Uber was dismissed from the underlying state court litigation (the "State Court Litigation"). A true and correct copy of the state court docket is attached to the Opposition and incorporated herein as Exhibit A.

19. The jury rendered a verdict in favor of Patient RC. *See* Exhibit A to Opposition.

20. Premier Pain also treated Patient RC on December 12, 2023.

21. Premier Pain has produced all records for Patient RC.

22. Since the August 10th inspection, Premier Pain determined how to download the records.

23. As set forth in the Operator's Manual, Boston Scientific recommends the use of two specific USB drives: The G4 has been tested with the following external USB disks: SanDisk "Cruzer 128MB" and SanDisk "Cruzer micro 1.0GB". *See* Exhibit 4 to Declaration of David Daniels, Esquire, Operator's Manual, 12.2.

24. Unfortunately, neither Uber's counsel nor its consultants brought the proper USB drive to download the records from the Device.

25. Utilizing the type of USB drive tested by Boston Scientific, Premier Pain has been able to download the records.

26. As set forth in my August 4th email to Mr. Daniels, Premier Pain has produced a plethora of information regarding each patient, proof of the purchase of the machines, the servicing of the machines, and the various accessories utilized in the procedures performed by Premier Pain such as needles, grounding pads, alcohol swabs, etc. *See* Exhibit 1 to Declaration of David Daniels, Esquire, August 4th, 4:02 p.m. email.

27. Premier Pain recently produced radiology badge reports showing how much radiation the doctors are exposed to and proof of testing of the aprons worn during the radiofrequency procedures.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 17, 2026

*/s/ Stephanie Nolan Deviney*
Stephanie Nolan Deviney, Esquire