# Exhibit "6"

**Anthony J. Baratta*†**
**Andrew P. Baratta**
**Kim Palavoy Kutler***
---
**Andrew E. DiPiero, Jr.*†**
**(Of Counsel)**

*Also Member of NJ Bar*
*† Board Certified Civil Trial Advocate by the National Board of Trial Advocacy*

Baratta Law
TRIAL LAWYERS

3500 Reading Way
Huntingdon Valley, PA 19006
Phone: (215) 914-8132
Fax: (215) 914-2118

**www.barattalawfirm.com**

July 22, 2026

**VIA EMAIL**
Will Wilder, Esq.
Ashurst Perkins Coie
1155 Avenue of the Americas
22nd Floor
NY, NY 10036

**RE: Uber, et. al. v. Simon, et. al.**

Dear Will:

I write in response to your July 17, 2026, letter concerning the deficiencies in Plaintiffs' responses to the discovery requests of the PSA parties. I accept your promise that more documents are to come in response to PSA's document requests which might address the deficiencies outlined in my June 26, 2026 letter, so I will table for now the issues raised therein concerning documents pending your supplemental production.

But regarding PSA's Requests for Admission, I believe Uber's basis for refusing to admit or deny virtually all of the requests is without basis in law or fact and I would ask you to reconsider your position to avoid the need for motion practice.

With respect to the requests for admission concerning the IME reports issued in the underlying cases which evaluated and opined on the treatment and diagnoses of the PSA patients at issue in your lawsuit, Plaintiffs have refused to admit or deny anything about them on the premise that the "majority" of the IME reports were commissioned by counsel for the Uber drivers and "not by Uber." You state "we cannot make admissions or denials about the intent of counsel for the independent drivers, who are not our clients."

But, respectfully, even giving Plaintiffs all benefit of the doubt in this regard, the vast majority of requests concerning the IMEs depend in no way on understanding the intent of counsel for the independent drivers. In fact, they simply require Plaintiffs to admit or deny the truth of what the documents say (and while it is totally unreasonable for Plaintiffs to suggest they do not have copies of each one of these IME reports, each is attached hereto just to eliminate any such objection).

Starting with Claimant A, Dajuan Speaks, the specific requests which simply require Plaintiffs to read the report are 2, 5, 6, 9, 11, 12, 14, 15, 16, 17, and 19. Additional Requests concerning Mr. Speaks' IME which have only to do with what Uber knows are 3 (that Uber seeks the cost of the IME as a damage in this case); and 7-8 (that Uber acknowledges the IME doctor is an expert and accepts his opinions as accurate).

---

It is worth noting further the inconsistency of Plaintiffs' refusals to admit or deny the truth of the content of the IME reports when Plaintiffs are somehow able to deny Request 13 concerning the truth of the content of PSA's records. Clearly there is no impediment to Plaintiffs reviewing a medical record and admitting or denying the truth of what it says.

The same general failures apply with respect to Claimants B ([redacted]); D ([redacted]); E ([redacted]); Q ([redacted]); U ([redacted]); EE ([redacted]); FF ([redacted]) and GG ([redacted]). The vast majority of requests concerning the IMEs of these patients require Plaintiffs simply to read the reports and either admit or deny the truth of the assertions contained therein and the qualifications of the IME doctors themselves. That Plaintiffs refuse to do so is especially confounding considering that the truth of the content of 5 of the IME reports (B, D, E, Q, and U) are explicitly relied on as support for Plaintiffs' allegations in the Amended Complaint (<u>See</u> ¶123, 153, 156, 180, 218, and 280).

Plaintiffs' refusal to admit or deny the truth of the contents of Dr. Bernstein's report concerning Claimant B, as well as Bernstein's expertise, is also confounding given the fact that you have produced in discovery the expert trial deposition of Dr. Bernstein wherein his expertise was acknowledged and he confirmed all the findings in his report which the requests for admission ask Plaintiffs to admit or deny the truth of.

Separate and apart from Plaintiffs' refusal to admit or deny the truth of the contents of IME reports, Plaintiffs also refuse to admit or deny requests concerning whether Uber's counsel in the underlying cases consulted or coordinated with other counsel in the defense or settlement of the claims (178-179, 187-189). Plaintiffs assert attorney-client privilege but in this case, given Plaintiffs' allegations, there is no reasonable argument to be made that this information is protected by privilege.

Lastly, Plaintiffs refuse to admit or deny numerous requests concerning Farmers Insurance Company (20, 21, 22, 166-177) which would appear to be fully within Plaintiffs' knowledge and control.

Federal Rule of Civil Procedure 36 relates to "requests to admit, ... the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

"Numerous courts and commentators have recognized, unlike interrogatories, requests for production, and depositions, requests for admission are not – strictly speaking – "discovery" tools. *See, e.g., United States ex rel. Bergman v. Abbott Labs.*, 2016 WL 2621669, at *2 (E.D. Pa. Jan. 15, 2016) (observing that requests for admission should seek to establish facts already known by the requesting party) (citation omitted); *Ghazerian v. United States*, 1991 WL 30746, at *1 (E.D. Pa. Mar. 5, 1991) (a request for admission is "not properly speaking a discovery device, rather it is 'a procedure for obtaining admissions for the record of facts already known' by the seeker.") (quoting 8

---

Charles Alan Wight and Arthur R. Miller, *Federal Practice and Procedure* § 2253 (1970)); *Russo v. Baxter Healthcare Corp.*, 51 F. Supp. 2d 70, 79 (D.R.I. 1999) ("Requests for admission are not intended for factual discovery that should be done through interrogatories and depositions."); *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 430 (N.D. Tex. 2021) ("It is important to keep in mind that Rule 36 is not a discovery tool, but is used to reduce trial time by identifying issues that cannot be eliminated from the case and narrowing the issues at trial by eliminating those that can be.") (quoting Ad. Comm. Notes to 1970 Amendment to Rule 36)." Holtzman as Trs. of Elizabeth McManus Holtzman Irrevocable Tr. v. Philadelphia Museum of Art, 2025 WL 1289149, at *2 (E.D. Pa. Feb. 26, 2025).

The requests for admission concerning IMEs and the expertise of the doctors who performed them are particularly important in this case for reducing trial time and narrowing the issues at trial. If Plaintiffs continue to refuse to admit or deny the IME's contents and the expertise of the doctors, as well as the information identified by the other requests detailed above, Plaintiffs will effectively force the re-litigation of issues which were conclusively and unquestionably established in the underlying cases. At a minimum, this would entail conducting depositions of each IME doctor, the expense of which could easily approximate $100,000.00 given what each doctor charges for deposition testimony.

Please confirm that Plaintiffs will reconsider their position and amend their responses as required by Rule 36, or, in the alternative, that Plaintiffs will not provide amended responses, in which case I will place the matter before the Court. I would appreciate hearing from you by July 24.

Very Truly Yours,

*Andrew P. Baratta*

Andrew P. Baratta