# Exhibit "8"

# EXHIBIT B

**JOSEPH BERNSTEIN, MD, MS, LLC**
Box 865 144 N NARBERTH AVE
NARBERTH, PA 19072-9998
EMAIL: IME@OUTLOOK.COM

DIPLOMATE,
AMERICAN BOARD OF
ORTHOPEDIC SURGERY

FELLOW,
AMERICAN ACADEMY
OF ORTHOPEDIC SURGEONS

June 13, 2025

Franklin Love, Esquire
Zarwin Baum Devito Kaplan Schaer Toddy
One Commerce Square
2005 Market Street, 16th Floor
Philadelphia, PA 19103-3638

Date of Injury: 11/12/22

Dear Mr. Love:

I had the opportunity to evaluate Ms. [redacted] on April 24, 2025 at your request.

At the outset Ms. [redacted] was informed about the nature of this medical evaluation: that I would record the history, perform a physical, and review records solely for the purposes of rendering my opinion for this case; that I cannot give any advice; that no doctor/patient relationship is established; that I cannot offer any confidentiality; and that a chaperone is more than welcome. Ms. [redacted] was also instructed to tell me of any reluctance to attempt a physical examination maneuver because of anticipated pain, so we could omit that step and to tell me if any maneuver that was performed caused discomfort, so I could record that too. I received assurance that this was all understood, and got consent to go forward with this exam.

**RECORD REVIEW**

In conjunction with this examination, I had the opportunity of reviewing copies of medical records. Any details listed below are for convenience only; impressions will be listed explicitly. Hence, the inclusion or exclusion of a quotation from the records does not invite any inferences. All citations to imaging studies refer to the reports, unless I say so otherwise. The records I reviewed included the following:

1. The police accident report from November 12, 2022.

2. Records of Philadelphia Spine Associates from November 23, 2022 through July 20, 2023. There was neck and back pain after a Lyft motor vehicle accident. There was an evaluation at Temple two days later. There was care through July 20, 2023.

3. The November 30, 2022 evaluation of Dr. Levinstein noting a motor vehicle accident with neck and back pain. Back strain was diagnosed.

4. The November 14, 2022 Temple Emergency Room records. This noted a motor vehicle collision. There is no history and physical provided.

5. The May 18, 2023 procedure note of Dr. Burt. He diagnosed cervicalgia, and performed a radiofrequency ablation and a medial branch block at C6.

6. The March 9, 2023 cervical MRI noting a disc bulge at C3-4 and C4-5.

7. The March 9, 2023 lumbar MRI, read as negative.

8. The March 9, 2023 cervical MRI images

9. The March 9, 2023 lumbar MRI images

10. The EMG of Dr. Levinstein, diagnosing a right C5 radiculopathy.

11. The August 21, 2023 evaluation of Dr. Yarus addressed to Mr. Simon, diagnosing a cervical strain, facet pain, and radiculopathy. Additional care was predicted.

12. The medical cost projection report, anticipating approximately $900,000 of additional medical care.

13. The Emergency Room records of 7/13/2024 for gynecological issues.

14. The Emergency Room records of 9/9/2024. This reported "Patient left before evaluation by physician."

15. The deposition transcript of Ms. [redacted]'s testimony from 5/20/2025. On page 45, Ms. [redacted] confirmed her first care was two days after the incident in question.

**RECITED HISTORY OF INJURY**

The history was provided by Ms. [redacted]. Ms. [redacted] is a 30-year-old woman who reports being injured on an unspecified date in November a few years ago.

Ms. [redacted] said that she was in a Lyft or Uber, and was behind a bus that was turning. Mr. [redacted] said that a car rushed in to pass the bus, and struck Ms. [redacted]'s vehicle. Ms. [redacted] said she hurt her neck and back.

Ms. [redacted] said that she did not go to the Emergency Room, but rather, got her first care at a therapy facility in Germantown. Ms. [redacted] said she had imaging done, she had injections performed. Ms. [redacted] does not recall any other treatment.

Ms. [redacted] said she was given muscle relaxants, and she continues to take them, now provided by her primary care physician.

Ms. [redacted] was asked to describe her full set of symptoms. Ms. [redacted] said she has neck pain and back pain. There are no radicular complaints.

Ms. [redacted] was asked about any sense of limitations she has. Ms. [redacted] said she cannot stand as long as she wants.

Ms. [redacted] said she does home care, but describes this as a light duty job.

Ms. [redacted] said that she had no prior neck or back problems. Ms. [redacted] said that she has been in no other accidents.

Ms. [redacted]'s past medical history is unremarkable.

Ms. [redacted] has a nine-year-old child, whose delivery was her only hospitalization.

**PHYSICAL EXAMINATION**

On examination Ms. [redacted] is in no distress.

Ms. [redacted] is alert, pleasant, and cooperative.

Ms. [redacted] is 4'11", 203 pounds by her report.

Ms. [redacted] walks with a grossly normal gait. Ms. [redacted] was able to take steps on her heels and her toes as requested. Ms. [redacted] was able to flex forward, reaching her ankles, without the production of radicular signs or symptoms. Ms. [redacted] said that bending forward, however, caused neck and back pain.

Ms. [redacted] has no areas of atrophy, spasm, tenderness, or deformity in her spine as palpated from the neck to the belt line.

Ms. [redacted] has full range of motion of her cervical spine, demonstrating the placement of her chin on each shoulder in sequence. Motion of the head and neck did not produce any reported symptoms.

Ms. [redacted]'s upper extremity neurological examination shows no motor or sensory deficits involving the cervical nerve roots C5 through T1. Ms. [redacted]'s lower extremity neurological examination is normal.

**IMPRESSION**

I would like to record the following impressions, all to within a reasonable degree of medical certainty. Needless to say, I reserve the right to amend these opinions if additional information provided warrants that. My opinions are as follows:

1. Ms. [redacted] was reportedly in a motor vehicle accident.

2. Ms. [redacted] did not go to the Emergency Room for two days. This suggests a condition of low acuity and severity. I am happy to review the full chart and comment further.

3. Following the incident in question, Ms. [redacted] had a cervical MRI, which was read to show disc bulges. The radiologist not describe any trauma. I reviewed the films, and saw only degenerative changes, without any signs of trauma.

4. There are no structural injuries that can be responsible for an accident-related C5 radiculopathy. In any case, this condition is not present now.

5. There are no objective residuals from the incident in question.

6. There is no need for any further accident-related care. Consistent with that, Ms. [redacted] is not treating (as described as well in the deposition transcript).

7. I do endorse Dr. Yarus's omission of any disc structural injury. The diagnosis of facet pain and facet syndrome are diagnoses of symptoms. I respectfully disagree with the opinion of Dr. Yarus that here is a need for further care. There is no accident-related diagnosis in need of further care.

My opinions are offered to within a reasonable degree of medical certainty. I thank you for soliciting my opinion.

Sincerely,

Joseph Bernstein, MD, MS