# Exhibit “26”

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br><br>**Defendants.** | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**PLAINTIFF UBER TECHNOLOGIES, INC.'S RESPONSES AND OBJECTIONS TO THE CHIROPRACTOR DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiff Uber Technologies, Inc. ("Uber") hereby provides the following responses and objections (collectively, "Responses") to Defendants Philadelphia Spine Associates, Daniel Piccillo, and Ethel Harvey's First Set of Requests for Production.

**PRELIMINARY STATEMENT**

No admissions of any nature whatsoever are implied or should be inferred from the Responses set forth below, and the Responses are made solely for the purpose of this lawsuit and shall not be used in any other proceeding. The Responses do not constitute any agreement or concession that the subject matter is relevant to this action, and any information provided by Uber shall be provided without waiving any objection, including but not limited to relevance, privilege, or admissibility. Each Response is based on Uber's current knowledge, understanding, and belief with respect to the matters addressed in each of the Requests. Without in any way undertaking an obligation to do so, Uber reserves the right to alter, supplement, amend, or otherwise modify these

Responses in light of additional facts revealed through subsequent inquiry and investigation. Subject to this Preliminary Statement, Uber makes the following general objections.

## GENERAL OBJECTIONS

1. Uber objects to, and declines to be bound by, these Requests and the Instructions to the extent that they purport to impose obligations on Uber greater than those required by the Federal Rules of Civil Procedure ("Rules"), the Local Rules of the Eastern District of Pennsylvania, any other applicable rules, any applicable orders of this Court, or any stipulations of the parties.

2. Uber objects to the Requests to the extent that they seek production of documents or information protected from disclosure by the attorney-client privilege, the common interest privilege, work-product protection, or any other applicable privilege or protection. Any information disclosed in response to the Requests is disclosed without waiving each of these privileges or protection. Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

3. Uber objects to the Requests to the extent they assume the existence of facts or documents that do not exist or the occurrence of events that did not occur. Any response of Uber to a Request is not intended to be, and shall not be construed as, an admission that any factual predicate stated in or implied by the Request exists or is accurate.

4. Uber objects to the Requests to the extent they require production of documents that do not exist; that are not in Uber's possession, custody, or control; or that are equally available to Defendants.

5. Uber objects to the Requests to the extent they are vague, ambiguous, susceptible of multiple meanings, or include terms that are undefined. Uber will respond to the Requests based on its understanding of the Requests.

6. Uber objects to the Requests to the extent they seek private, confidential, financial, or proprietary information or trade secrets before the entry of a protective order that adequately protects Uber's confidential and highly confidential information.

7. Uber objects to the Requests to the extent they are premature. Uber's investigation is ongoing. The following responses are based on Uber's present knowledge, information, and belief and are complete as to the best of Uber's knowledge at this time. Uber reserves the right to supplement or amend its responses as further information becomes known.

8. Uber objects to the Requests to the extent they are unreasonably cumulative or duplicative and seek information and documents that can be obtained from sources that are more convenient, less burdensome, and/or less expensive.

9. Uber objects to the Requests to the extent that Uber does not yet know the full scope of the scheme. Uber reserves the right to supplement any response as Uber is able to ascertain the full scope of the scheme and the claims at issue through discovery.

10. Uber objects to the Requests to the extent that they are overbroad and unduly burdensome, particularly given that they lack a date limitation. Uber further objects to the Requests to the extent that they require any search beyond identified custodians and appropriate search terms.

11. Certain of the Requests call for information that is outside of Uber's possession, custody, or control. Uber objects to the Requests to the extent they call for such information.

12. Each of these General Objections is incorporated into the Specific Responses and Objections below.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request 1: With respect to each claim alleged to be at issue in your Amended Complaint, All documents describing or relating to what took place in the collision. This request includes,**

**without limitation, accident and claim reports, statements of witnesses, Uber Technologies, Inc., Raiser, LLC and/or Raiser-PA, LLC employees and contractors, any statements of the drivers, and any notes, drawings, other reports (including those maintained or generated in accordance with 49 CFR 390.15 or its Pennsylvania equivalent), records, photographs, statements or other documents generated or compiled in the course of any Uber Technologies, Inc., Raiser, LLC and/or Raiser-PA, LLC, insurer or governmental investigation, etc. This further includes, for example, onboard video-cam recordings. It also includes copies of all objects, photographs, drawings, reports, statements or other documents in the possession of any of the Defendants relating to the collision.**

Uber objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. Uber further objects to this Request to the extent it seeks information outside of Uber's possession, custody, or control. Uber further objects to the demand to produce "All" documents to the extent it requires an unreasonable search or a search other than with respect to agreed custodians and search terms. Finally, Uber objects to the request given that defendants have thus far failed to provide information sufficient to identify the full scope of the scheme and that Uber is therefore not presently able to ascertain "each claim alleged to be at issue." Subject to and without waiving the foregoing general and specific objections, Uber will search for and produce documents reasonably responsive to this Request.

**<u>Request 2:</u> With respect to each claim alleged to be at issue in your Amended Complaint, Any devices (and any and all information and data derived therefrom) that measured or documented any operation aspects of the vehicle's operations or performance at the time of the collision and for that day, including, but not limited to, vehicle speed, miles driven, interior temperature, braking, RPMs, gear shifts, etc. This request includes any telematics, black box and associated data, ECM, EDR, electronic onboard recorder, electronic logging device and any other such devices (and any and all information and data derived therefrom).**

Uber objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. Uber further objects to this Request to the extent it seeks information outside of Uber's possession, custody, or control. Uber further objects to the demand to produce "All" documents to the extent it requires an unreasonable search or a search other than with respect to agreed custodians and search terms. Finally, Uber objects to the request given that defendants have thus far failed to provide information sufficient to identify the full scope of the scheme and that Uber is therefore not presently able to ascertain "each claim alleged to be at issue." Subject to and without waiving the foregoing general and specific objections, Uber is not aware that any such devices exist at this time.

**Request 3: With respect to each claim alleged to be at issue in your Amended Complaint, Copies of every insurance policy and/or agreement which was or could have been used to satisfy all or part of any judgment or to indemnify or reimburse you or any other party for payments made to satisfy such a judgment. This request specifically refers to all coverage and all policies, including, but not limited to, liability, med pay, excess, umbrella, and any policies held by other entities and any self-insured plan.**

Uber objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case. Uber is entitled to seek its full damages in this case under the federal RICO statute and the collateral source rule. As such, Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**Request 4: With respect to each claim alleged to be at issue in your Amended Complaint, All Documents discussing in any way property damage claims Uber Technologies, Inc., Raiser, LLC and/or Raiser-PA, LLC, their insurers, or any other entities paid to any person or entity, arising out of the collision.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber further objects to this Request as it seeks information outside of Uber's possession, custody, or control. Uber will not produce documents in response to this Request.

**Request 5: All agreements relating to the provision of insurance coverage, defense, or claims handling for Uber Drivers, including all master service agreements, commercial auto policies, and claims-service agreements in effect in Pennsylvania during the relevant period.**

Uber objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case. Uber further objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**Request 6: All certificates of insurance, certificates of liability, or similar documents reflecting insurance maintained by Uber for Uber Drivers in Pennsylvania.**

Uber objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case. Uber further objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**Request 7: All claims-handling guidelines, manuals, or standard operating procedures adopted, used, or approved by Uber concerning claims handled under insurance issued to Uber or Uber Drivers.**

Uber objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case. Uber further objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**Request 8: All documents describing how claims involving Farmers coverage are reported to Farmers from Uber's systems, including "Crash Support" workflows, APIs, or other electronic claims feed.**

Uber objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case. Uber further objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**Request 9: All documents describing Uber's internal procedures for coordinating with insurers, including Farmers, on bodily-injury claims against Uber Drivers in Pennsylvania, including: (a) Assignment of adjusters; (b) Escalation or referral criteria; (c) Authority levels for settlement and litigation decision; (d) Designation and payment of defense counsel.**

Uber objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case. Uber further objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**Request 10: All communications or agreements describing the division of responsibilities between Uber and any insurer, including Farmers, for: (a) Assigning defense counsel to Uber Drivers; (b) Approving settlements; (c) Handling appeals; (d) Managing litigation budgets.**

Uber objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case. Uber further objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**Request 11:** **All training materials provided by Uber to its employees regarding handling or coordinating claims under insurance policies, including those issued by Farmers, in regard to any Special Investigations Unit (SIU) or fraud-detection processes.**

Uber objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case. Uber further objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**Request 12:** **For each claim or lawsuit alleged to be at issue in your Amended Complaint, all documents maintained by Uber relating to that accident, including: (a) Initial incident reports; (b) Internal claim notes; (c) Recorded or written statements; (d) Photographs, videos, and telematics data; (e) Correspondence with counsel; (f) Any and all documentation of Reports and/or memoranda from or to counsel regarding any aspect of the claim or litigation; (g) Any and all documentation of Expert reports, including drafts, and any and all communication with experts or their representatives; (h) Any and all documentation of communications between counsel and any expert whether testifying or not; (i) Any and all investigative reports regarding the evaluation and litigation of the claim; (j) Any and all documentation of Settlement negotiations and/or payments, including all communications with anyone concerning offers, demands, damages assessments, settlement rationale, settlement strategies, settlement memoranda, draft releases, canceled checks and/or documentation of payment; (k) Any documentation created by or provided to any SIU, including referral forms, emails or notes referencing SIU involvement, policies or guidance on when to request SIU involvement, summaries, reports, correspondence, memoranda, data analyses, videos, recommendations.**

Uber objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. Uber further objects to this Request to the extent it seeks information outside of Uber's possession, custody, or control. Subject

to and without waiving the foregoing general and specific objections, Uber will search for and produce documents reasonably responsive to this Request.

**Request 13:** **For each claim or lawsuit alleged to be at issue in your Amended Complaint, All communications between Uber and any insurance company, including Farmers, concerning SIU investigations of any claims involving the same Uber Driver or same vehicle.**

Uber objects to this Request as duplicative of and subsumed by Request No. 12. Uber incorporates the objections and responses to Request No. 12 as set forth herein.

**Request 14:** **All documents reflecting any tender of the claim to any insurance company, including Farmers, including but not limited to: (a) Notice of claim; (b) Reservation-of-rights letters; (c) Coverage position letters; (d) Any analysis of defense strategy and damages.**

Uber objects to this Request as it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Uber further objects to this Request as it contains no limitation as to what underlying cases are at issue. Uber objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case. Uber further objects to this Request as it seeks information that is not relevant to any claim or defense in this case.

**Request 15:** **For each claim or lawsuit alleged to be at issue in your Amended Complaint, All communications between Uber and any insurance company concerning the accident at issue, including emails, letters, and internal messages discussing liability, damages, coverage, settlement, or litigation strategy.**

Uber objects to this Request as duplicative of Request No. 12. Uber incorporates the objections and responses to Request No. 12 as set forth herein.

**Request 16:** **For each claim or lawsuit alleged to be at issue in your Amended Complaint, All documents provided by Uber to any insurer in connection with the accident at issue, including police reports, driver information, trip data, GPS or telematics, videos, photographs, and any Uber-collected evidence.**

Uber objects to this Request as duplicative of Request No. 12. Uber incorporates the objections and responses to Request No. 12 as set forth herein.

**Request 17:** **For each claim or lawsuit alleged to be at issue in your Amended Complaint, All documents received by Uber from any insurance company, lawyer, investigator, claim adjuster, medical provider, or expert in connection with the accident at issue, including claim status updates, evaluation summaries, reports, data analyses, spreadsheets, legal opinions, or requests for information.**

Uber objects to this Request as duplicative of Request No. 12. Uber incorporates the objections and responses to Request No. 12 as set forth herein.

**Request 18:** **For each claim or lawsuit alleged to be at issue in your Amended Complaint, All documents reflecting Uber's internal handling of any SIU findings from any insurer, including: (a) Actions taken against the driver; (b) Account deactivation decisions; (c) Safety or compliance follow-up.**

Uber objects to this Request as duplicative of Request No. 12. Uber incorporates the objections and responses to Request No. 12 as set forth herein.

**Request 19:** **All Uber policies or guidelines that address cooperation and/or coordination with any insurance company's SIU, including Farmers' SIU, and any requirements for Uber personnel to assist in SIU investigations, data provision, or testimony.**

Uber objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case. Uber further objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**<u>Request 20:</u> For each claim or lawsuit alleged to be at issue in your Amended Complaint, if not previously provided, All documents documenting Uber's selection or approval of defense counsel for the Uber Driver in any lawsuit arising from the accident at issue, including communications with any insurer, including Farmers, concerning counsel selection, counsel payment, and litigation expenses.**

Uber objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine.

**<u>Request 21:</u> For each claim or lawsuit alleged to be at issue in your Amended Complaint, if not previously provided, All litigation reports, status reports, or evaluations prepared by or for Uber concerning: (a) Liability analysis; (b) Damages analysis; (c) Settlement evaluation; (d) Settlement negotiations; (e) Expert analysis; (f) Medical records reviews.**

Uber objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine.

**<u>Request 22:</u> For each claim or lawsuit alleged to be at issue in your Amended Complaint, All communications between Uber and any insurer regarding the claim or lawsuit, including: (a) Discussion of trial strategy; (b) Motions practice; (c) Use of experts.**

Uber objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, the common interest privilege, or the attorney work-product doctrine.

**<u>Request 23:</u> For each claim or lawsuit alleged to be at issue in your Amended Complaint, if not previously provided, All documents regarding settlement, including: (a) Settlement authority requests; (b) Mediator and/or settlement master submissions; (c) Settlement term sheets; (d) Releases and/or settlement agreements.**

Uber objects to this Request as duplicative of Request No. 12. Uber incorporates the objections and responses to Request No. 12 as set forth herein.

**Request 24:** **For each claim or lawsuit alleged to be at issue in your Amended Complaint, if not previously provided, All expert reports, draft and final, provided to Uber, Farmers, and/or defense counsel, including: (a) Liability experts; (b) Medical/damages experts; (c) Accident reconstruction experts.**

Uber objects to this Request as duplicative of Request No. 12. Uber incorporates the objections and responses to Request No. 12 as set forth herein.

**Request 25:** **For each claim or lawsuit alleged to be at issue in your Amended Complaint, All invoices, budgets, or other records of litigation expenses of any kind.**

Uber objects to this Request as duplicative of Request No. 12. Uber incorporates the objections and responses to Request No. 12 as set forth herein.

**Request 26:** **All documents necessary to identify Uber's operating expenses for its rideshare operations in Pennsylvania.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case.

**Request 27:** **All documents necessary to identify Uber's service costs and earnings for trips completed by Uber Drivers in Pennsylvania, including any analysis of how insurance or claims costs affect pricing or profitability.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case.

**Request 28:** **For each claim or lawsuit alleged to be at issue in your Amended Complaint, if not previously provided, all documents reflecting any review of medical records.**

Uber objects to this Request as duplicative of Request No. 12. Uber incorporates the objections and responses to Request No. 12 as set forth herein.

**Request 29: For each claim or lawsuit alleged to be at issue in your Amended Complaint, if not previously provided, Any and all transcripts of depositions, recorded statements, examinations under oath, and trial testimony.**

Uber objects to this Request as duplicative of Request No. 12. Uber incorporates the objections and responses to Request No. 12 as set forth herein.

**Request 30: For each claim or lawsuit alleged to be at issue in your Amended Complaint, if not previously provided, Any and all Interrogatories, Requests for Production, and Requests for Admissions, as well as any responses thereto, promulgated and/or received.**

Uber objects to this Request as duplicative of Request No. 12. Uber incorporates the objections and responses to Request No. 12 as set forth herein.

**Request 31: For each claim or lawsuit alleged to be at issue in your Amended Complaint, if not previously provided, Any and all Independent Medical Examination reports, Peer Review Reports, and/or Medical Record Reviews.**

Uber objects to this Request as duplicative of Request No. 12. Uber incorporates the objections and responses to Request No. 12 as set forth herein.

**Request 32: The complete contents of any pre-litigation Demand package submitted in any claim at issue.**

Uber objects to this Request as duplicative of Request No. 12. Uber incorporates the objections and responses to Request No. 12 as set forth herein.

**Request 33: Any and all documents reflecting review and/or consideration of any demand package submitted in any claim at issue.**

Uber objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine.

**Request 34: Any and all verdict sheets and/or arbitration awards in any claim alleged to be at issue.**

Uber objects to this Request as duplicative of Request No. 12. Uber incorporates the objections and responses to Request No. 12 as set forth herein.

**Request 35: If not previously provided, All correspondence between you and any attorney retained in the defense of any claim alleged to be at issue.**

Uber objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine.

**Request 36: If not previously provided, All fee agreements, retainer agreements, and invoices submitted to you by attorneys retained in defense of any claim alleged to be at issue.**

Uber objects to this Request as duplicative of Request No. 12. Uber incorporates the objections and responses to Request No. 12 as set forth herein.

**Request 37: For each claim or lawsuit alleged to be at issue in your Amended Complaint, if not previously provided, any: (a) Pre-Trial Report; (b) Pre-Discovery Cut-Off Report; (c) Discovery Summary; (d) Medical Record Summary to Claims; (e) Motion Report; (f) Arbitration Report; (g) Trial Report; (h) Litigation Cost Projection; (i) Pleadings; (j) Photographs, tow reports, and/or estimates of repair; (k) Ambulance and/or hospital records; (l) Records of treatment from any medical provider; (m) Graphs, charts, and/or spreadsheets; (n) Background searches, including Accurint; (o) Surveillance videos, reports of surveillance, and/or any and all documentation relating to any surveillance; (p) All documents obtained by way of subpoena to any non-party.**

Uber objects to this Request as duplicative of Request No. 12. Uber incorporates the objections and responses to Request No. 12 as set forth herein.

Dated: June 22, 2026

**ROHN KURLAND, P.C.**

By: /s/ Amy Kurland
Amy Kurland, Bar No. 37419
AKurland@rohnkurland.com
1700 Market St, Suite 1005
Philadelphia, PA 19103
Telephone: +1.215.770.0320
Facsimile: +1.215.717.9697

**PERKINS COIE LLP**

David W. T. Daniels
DDaniels@perkinscoie.com
Sydney Veatch
SVeatch@perkinscoie.com
Michael J. Wadden
MWadden@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

David B. Massey
DMassey@perkinscoie.com
Jacob J. Taber
JTaber@perkinscoie.com
William Wilder
WWilder@perkinscoie.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

Michael R. Huston
MHuston@perkinscoie.com
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
Facsimile: +1.602.648.7000

*Attorneys for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that I served this document on all counsel of record in the above-captioned matter via email on June 22, 2026.

Dated: June 22, 2026

**PERKINS COIE LLP**

By: *___/s/ William Wilder___________*
William Wilder
WWilder@perkinscoie.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649
*Counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*