# Exhibit "27"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br><br>**Defendants.** | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**PLAINTIFF FEDERAL EXPRESS CORPORATION'S RESPONSES AND OBJECTIONS TO THE CHIROPRACTOR DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiff Federal Express Corporation ("FedEx") hereby provides the following responses and objections (collectively, "Responses") to Defendants Philadelphia Spine Associates, Daniel Piccillo, and Ethel Harvey's First Set of Requests for Production.

**PRELIMINARY STATEMENT**

No admissions of any nature whatsoever are implied or should be inferred from the Responses set forth below, and the Responses are made solely for the purpose of this lawsuit and shall not be used in any other proceeding. The Responses do not constitute any agreement or concession that the subject matter is relevant to this action, and any information provided by FedEx shall be provided without waiving any objection, including but not limited to relevance, privilege, or admissibility. Each Response is based on FedEx's current knowledge, understanding, and belief with respect to the matters addressed in each of the Requests. Without in any way undertaking an obligation to do so, FedEx reserves the right to alter, supplement, amend, or otherwise modify

these Responses in light of additional facts revealed through subsequent inquiry and investigation. Subject to this Preliminary Statement, FedEx makes the following general objections.

**GENERAL OBJECTIONS**

1. FedEx objects to, and declines to be bound by, these Requests and the Instructions to the extent that they purport to impose obligations on FedEx greater than those required by the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Pennsylvania, any other applicable rules, any applicable orders of this Court, or any stipulations of the parties.

2. FedEx objects to the Requests to the extent that they seek production of documents or information protected from disclosure by the attorney-client privilege, the common interest priviege, work-product protection, or any other applicable privilege or protection. Any information disclosed in response to the Requests is disclosed without waiving each of these privileges or protection. Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

3. FedEx objects to the Requests to the extent they assume the existence of facts or documents that do not exist or the occurrence of events that did not occur. Any response of FedEx to a Request is not intended to be, and shall not be construed as, an admission that any factual predicate stated in or implied by the Request exists or is accurate.

4. FedEx objects to the Requests to the extent they require production of documents that do not exist; that are not in FedEx's possession, custody, or control; or that are equally available to Defendants.

5. FedEx objects to the Requests to the extent they are vague, ambiguous, susceptible of multiple meanings, or include terms that are undefined. FedEx will respond to the Requests based on its understanding of the Requests.

6. FedEx objects to the Requests to the extent they seek private, confidential, financial, or proprietary information or trade secrets before the entry of a protective order that adequately protects FedEx's confidential and highly confidential information.

7. FedEx objects to the Requests to the extent they are premature. FedEx's investigation is ongoing. The following responses are based on FedEx's present knowledge, information, and belief and are complete as to the best of FedEx's knowledge at this time. FedEx reserves the right to supplement or amend its responses as further information becomes known.

8. FedEx objects to the Requests to the extent they are unreasonably cumulative or duplicative and seek information and documents that can be obtained from sources that are more convenient, less burdensome, and/or less expensive.

9. FedEx objects to the Requests to the extent that FedEx does not yet know the full scope of the scheme. FedEx reserves the right to supplement any response as FedEx is able to ascertain the full scope of the scheme and the claims at issue through discovery.

10. FedEx objects to the Requests to the extent that they are overbroad and unduly burdensome, particularly given that they lack a date limitation. Uber further objects to the Requests to the extent that they require any search beyond identified custodians and appropriate search terms.

11. Certain of the Requests call for information that is outside of FedEx's possession, custody, or control. FedEx objects to the Requests to the extent they call for such information.

12. Each of these General Objections is incorporated into the Specific Responses and Objections below.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request 1: With respect to each claim alleged to be at issue in your Amended Complaint, All documents describing or relating to what took place in the collision. This request includes,**

**without limitation, accident and claim reports, statements of witnesses, any statements of the drivers, and any notes, drawings, other reports (including those maintained or generated in accordance with 49 CFR 390.15 or its Pennsylvania equivalent), records, photographs, statements or other documents generated or compiled in the course of any FED EX, insurer or governmental investigation, etc. This further includes, for example, onboard video-cam recordings. It also includes copies of all objects, photographs, drawings, reports, statements or other documents in the possession of any of the Defendants relating to the collision.**

FedEx objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. FedEx further objects to this Request to the extent it seeks information outside of FedEx's possession, custody, or control. Subject to and without waiving the foregoing general and specific objections, FedEx will search for and produce documents responsive to this Request.

**Request 2: With respect to each claim alleged to be at issue in your Amended Complaint, Any devices (and any and all information and data derived therefrom) that measured or documented any operation aspects of the vehicle's operations or performance at the time of the collision and for that day, including, but not limited to, vehicle speed, miles driven, interior temperature, braking, RPMs, gear shifts, etc. This request includes any telematics, black box and associated data, ECM, EDR, electronic onboard recorder, electronic logging device and any other such devices (and any and all information and data derived therefrom).**

FedEx objects to this Request to the extent it seeks information outside of FedEx's possession, custody, or control. Subject to and without waiving the foregoing general and specific objections, FedEx will search for and produce documents responsive to this Request.

**Request 3: With respect to each claim alleged to be at issue in your Amended Complaint, Copies of every insurance policy and/or agreement which was or could have been used to satisfy all or part of any judgment or to indemnify or reimburse you or any other party for payments made to satisfy such a judgment. This request specifically refers to all coverage**

**and all policies, including, but not limited to, liability, med pay, excess, umbrella, and any policies held by other entities and any self-insured plan.**

FedEx objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case. FedEx is entitled to seek its full damages in this case under the federal RICO statute and the collateral source rule regardless of insurance. Subject to and without waiving the foregoing general and specific objections, FedEx is not aware that any such insurance documents for the claims at issue in this case exist.

**<u>Request 4:</u> With respect to each claim alleged to be at issue in your Amended Complaint, All Documents discussing in any way property damage claims FED EX, their insurers, or any other entities paid to any person or entity, arising out of the collision.**

FedEx objects to this Request as it seeks information that is not relevant to any claim or defense in this case. FedEx will not produce documents in response to this Request.

**<u>Request 5:</u> All agreements relating to the provision of insurance coverage, defense, or claims handling for FED EX Drivers, including all master service agreements, commercial auto policies, and claims-service agreements in effect in Pennsylvania during the relevant period.**

FedEx objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case. FedEx further objects to this Request as it seeks information that is not relevant to any claim or defense in this case.

**<u>Request 6:</u> All certificates of insurance, certificates of liability, or similar documents reflecting insurance maintained by FED EX for FED EX Drivers in Pennsylvania.**

FedEx objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case. FedEx further objects to this Request as it seeks information that is not relevant to any claim or defense in this case. FedEx will not produce documents in response to this Request.

**<u>Request 7:</u> All claims-handling guidelines, manuals, or standard operating procedures adopted, used, or approved by FED EX concerning claims handled under insurance issued to FED EX or FED EX Drivers.**

FedEx objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case. FedEx further objects to this Request as it seeks information that is not relevant to any claim or defense in this case. FedEx will not produce documents in response to this Request.

**<u>Request 8:</u> All documents describing FED EX's internal procedures for handling directly, or coordinating with insurers, bodily-injury claims against FED EX Drivers in Pennsylvania, including: (a) Assignment of adjusters; (b) Escalation or referral criteria; (c) Authority levels for settlement and litigation decisions; (d) Designation and payment of defense counsel.**

FedEx objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case. FedEx further objects to this Request as it seeks information that is not relevant to any claim or defense in this case. FedEx will not produce documents in response to this Request.

**<u>Request 9:</u> All communications or agreements in any claim alleged to be at issue involving: (a) Assigning defense counsel to FED EX Drivers; (b) Approving settlements; (c) Handling appeals; (d) Managing litigation budgets.**

FedEx objects to this Request as it calls for information protected by the attorney-client privilege and/or the attorney work-product doctrine.

**<u>Request 10:</u> All training materials, manuals, guidelines, and/or protocols utilized by FED EX with respect to Special Investigations or fraud-detection processes.**

FedEx objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case. FedEx further objects to this Request as it seeks information that is not

relevant to any claim or defense in this case. FedEx will not produce documents in response to this Request.

**Request 11: For each claim or lawsuit alleged to be at issue in your Amended Complaint, all documents maintained by FED EX relating to that accident, including: (a) Initial incident reports; (b) Internal claim notes; (c) Recorded or written statements; (d) Photographs, videos, and telematics data; (e) Correspondence with counsel; (f) Any and all documentation of Reports and/or memoranda from or to counsel regarding any aspect of the claim or litigation; (g) Any and all documentation of Expert reports, including drafts, and any and all communication with experts or their representatives; (h) Any and all documentation of communications between counsel and any expert whether testifying or not; (i) Any and all investigative reports regarding the evaluation and litigation of the claim; (j) Any and all documentation of Settlement negotiations and/or payments, including all communications with anyone concerning offers, demands, damages assessments, settlement rationale, settlement strategies, settlement memoranda, draft releases, canceled checks and/or documentation of payment; (k) Any documentation created by or provided to any SIU, including referral forms, emails or notes referencing SIU involvement, policies or guidance on when to request SIU involvement, summaries, reports, correspondence, memoranda, data analyses, videos, recommendations.**

FedEx objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. FedEx further objects to this Request to the extent it seeks information outside of FedEx's possession, custody, or control. Subject to and without waiving the foregoing general and specific objections, FedEx will search for and produce documents reasonably responsive to this Request.

**Request 12: For each claim or lawsuit alleged to be at issue in your Amended Complaint, All communications between FED EX and any insurance company, concerning SIU investigations of any claims involving the same FED EX Driver or same vehicle.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

**<u>Request 13:</u> All documents reflecting any tender of the claim to any insurance company, including but not limited to: (a) Notice of claim; (b) Reservation-of-rights letters; (c) Coverage position letters; (d) Any analysis of defense strategy and damages.**

FedEx objects to this Request as it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. FedEx further objects to this Request as it contains no limitation as to what underlying cases are at issue. FedEx objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case. FedEx further objects to this Request as it seeks information that is not relevant to any claim or defense in this case.

**<u>Request 14:</u> For each claim or lawsuit alleged to be at issue in your Amended Complaint, All communications by FED EX concerning the accident at issue, including emails, letters, and internal messages discussing liability, damages, coverage, settlement, or litigation strategy.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

**<u>Request 15:</u> For each claim or lawsuit alleged to be at issue in your Amended Complaint, All documents maintained by FED EX or provided by FED EX to any insurer in connection with the accident at issue, including police reports, driver information, trip data, GPS or telematics, videos, photographs, and any FED EX-collected evidence.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

**<u>Request 16:</u> For each claim or lawsuit alleged to be at issue in your Amended Complaint, All documents received by FED EX from any insurance company, lawyer, investigator, claim adjuster, medical provider, or expert in connection with the accident at issue, including claim**

**status updates, evaluation summaries, reports, data analyses, spreadsheets, legal opinions, or requests for information.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx further objects that the request calls for privileged communications and attorney work product. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

**Request 17: For each claim or lawsuit alleged to be at issue in your Amended Complaint, All documents reflecting FED EX's internal handling of any investigation, including: (a) Actions taken against the driver; (b) Account deactivation decisions; (c) Safety or compliance follow-up.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

**Request 18: All FED EX policies or guidelines that address cooperation and/or coordination with any insurance company's SIU, and any requirements for FED EX personnel to assist in accident investigations, data provision, or testimony.**

FedEx objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case. FedEx further objects to this Request as it seeks information that is not relevant to any claim or defense in this case. FedEx will not produce documents in response to this Request.

**Request 19: For each claim or lawsuit alleged to be at issue in your Amended Complaint, if not previously provided, All documents documenting FED EX's selection or approval of defense counsel in any lawsuit arising from the accident at issue, including communications with any insurer, concerning counsel selection, counsel payment, and litigation expenses.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

**Request 20: For each claim or lawsuit alleged to be at issue in your Amended Complaint, if not previously provided, All litigation reports, status reports, or evaluations prepared by or for FED EX concerning: (a) Liability analysis; (b) Damages analysis; (c) Settlement evaluation; (d) Settlement negotiations; (e) Expert analysis; (f) Medical records reviews.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

**Request 21: For each claim or lawsuit alleged to be at issue in your Amended Complaint, All communications regarding the claim or lawsuit, including: (a) Discussion of trial strategy; (b) Motions practice; (c) Use of experts.**

FedEx objects to this Request as it seeks information protected by the attorney-client privilege, the common interest privilege, and/or the attorney work-product doctrine.

**Request 22: For each claim or lawsuit alleged to be at issue in your Amended Complaint, if not previously provided, All documents regarding settlement, including: (a) Settlement authority requests; (b) Mediator and/or settlement master submissions; (c) Settlement term sheets; (d) Releases and/or settlement agreements.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

**Request 23: For each claim or lawsuit alleged to be at issue in your Amended Complaint, if not previously provided, All expert reports, draft and final, including: (a) Liability experts; (b) Medical/damages experts; (c) Accident reconstruction experts.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

**Request 24: For each claim or lawsuit alleged to be at issue in your Amended Complaint, All invoices, budgets, or other records of litigation expenses of any kind.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

**Request 25:** **For each claim or lawsuit alleged to be at issue in your Amended Complaint, if not previously provided, all documents reflecting any review of medical records.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

**Request 26:** **For each claim or lawsuit alleged to be at issue in your Amended Complaint, if not previously provided, Any and all transcripts of depositions, recorded statements, examinations under oath, and trial testimony.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

**Request 27:** **For each claim or lawsuit alleged to be at issue in your Amended Complaint, if not previously provided, Any and all Interrogatories, Requests for Production, and Requests for Admissions, as well as any responses thereto, promulgated and/or received.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

**Request 28:** **For each claim or lawsuit alleged to be at issue in your Amended Complaint, if not previously provided, Any and all Independent Medical Examination reports, Peer Review Reports, and/or Medical Record Reviews.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

**Request 29:** **The complete contents of any pre-litigation Demand package submitted in any claim at issue.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

**<u>Request 30:</u> Any and all documents reflecting review and/or consideration of any demand package submitted in any claim at issue.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

**<u>Request 31:</u> Any and all verdict sheets and/or arbitration awards in any claim alleged to be at issue.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

**<u>Request 32:</u> If not previously provided, All correspondence between you and any attorney retained in the defense of any claim alleged to be at issue.**

FedEx objects to this Request as it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.

**<u>Request 33:</u> If not previously provided, All fee agreements, retainer agreements, and invoices submitted to you by attorneys retained in defense of any claim alleged to be at issue.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

**<u>Request 34:</u> For each claim or lawsuit alleged to be at issue in your Amended Complaint, if not previously provided, any: (a) Pre-Trial Report; (b) Pre-Discovery Cut-Off Report; (c) Discovery Summary; (d) Medical Record Summary to Claims; (e) Motion Report; (f) Arbitration Report; (g) Trial Report; (h) Litigation Cost Projection; (i) Pleadings; (j) Photographs, tow reports, and/or estimates of repair; (k) Ambulance and/or hospital records; (l) Records of treatment from any medical provider; (m) Graphs, charts, and/or spreadsheets; (n) Background searches, including Accurint; (o) Surveillance videos, reports of surveillance, and/or any and all documentation relating to any surveillance; (p) All documents obtained by way of subpoena to any non-party.**

FedEx objects to this Request as duplicative of Request No. 11. FedEx incorporates the objections and responses to Request No. 11 as set forth herein.

Dated: June 22, 2026

**ROHN KURLAND, P.C.**

By: /s/ Amy Kurland
Amy Kurland, Bar No. 37419
AKurland@rohnkurland.com
1700 Market St, Suite 1005
Philadelphia, PA 19103
Telephone: +1.215.770.0320
Facsimile: +1.215.717.9697

**PERKINS COIE LLP**

David W. T. Daniels
DDaniels@perkinscoie.com
Sydney Veatch
SVeatch@perkinscoie.com
Michael J. Wadden
MWadden@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

David B. Massey
DMassey@perkinscoie.com
Jacob J. Taber
JTaber@perkinscoie.com
William Wilder
WWilder@perkinscoie.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

Michael R. Huston
MHuston@perkinscoie.com
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
Facsimile: +1.602.648.7000

*Attorneys for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that I served this document on all counsel of record in the above-captioned matter via email on June 22, 2026.

Dated: June 22, 2026

**PERKINS COIE LLP**

By: *\/s/ William Wilder*
William Wilder
WWilder@perkinscoie.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649
*Counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*