# Exhibit "3"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br><br>**Defendants.** | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**PLAINTIFF FEDERAL EXPRESS CORPORATION'S RESPONSES AND OBJECTIONS TO THE CHIROPRACTOR DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION**

Plaintiff Federal Express Corporation ("FedEx") hereby provides the following responses and objections (collectively, "Responses") to Defendants Philadelphia Spine Associates, Daniel Piccillo, and Ethel Harvey's First Set of Requests for Admission.

**PRELIMINARY STATEMENT**

The Responses are made solely for the purpose of this lawsuit and shall not be used in any other proceeding. The Responses do not constitute any agreement or concession that the subject matter is relevant to this action, and any information provided by FedEx shall be provided without waiving any objection, including but not limited to relevance, privilege, or admissibility. Each Response is based on FedEx's current knowledge, understanding, and belief. Without in any way undertaking an obligation to do so, FedEx reserves the right to alter, supplement, amend, or otherwise modify these Responses in light of additional facts revealed through subsequent inquiry

and investigation. Subject to this Preliminary Statement, FedEx makes the following general objections.

## GENERAL OBJECTIONS

1. FedEx objects to, and declines to be bound by, these Requests and the Instructions to the extent that they purport to impose obligations on FedEx greater than those required by the Federal Rules of Civil Procedure ("Rules"), the Local Rules of the Eastern District of Pennsylvania, any other applicable rules, any applicable orders of this Court, or any stipulations of the parties.

2. FedEx objects to the Requests to the extent that they seek production of documents or information protected from disclosure by the attorney-client privilege, work-product protection, or any other applicable privilege or protection. Any information disclosed in response to the Requests is disclosed without waiving each of these privileges or protection. Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

3. FedEx objects to the Requests to the extent they assume the existence of facts or documents that do not exist or the occurrence of events that did not occur. Any response of FedEx to a Request is not intended to be, and shall not be construed as, an admission that any factual predicate stated in or implied by the Request exists or is accurate.

4. FedEx objects to the Requests to the extent they seek information that is not in FedEx's possession, custody, or control; or that is equally available to Defendants.

5. FedEx objects to the Requests to the extent they are vague, ambiguous, susceptible of multiple meanings, or include terms that are undefined. FedEx will respond to the Requests based on its understanding of the Requests.

6. FedEx objects to the Requests to the extent they seek private, confidential, financial, or proprietary information or trade secrets before the entry of a protective order that adequately protects FedEx's confidential and highly confidential information.

7. FedEx objects to the Requests to the extent they are premature. FedEx's investigation is ongoing. The following responses are based on FedEx's present knowledge, information, and belief and are complete as to the best of FedEx's knowledge at this time. FedEx reserves the right to supplement or amend its responses as further information becomes known.

8. FedEx objects to the Requests to the extent they are unreasonably cumulative or duplicative and seek information and documents that can be obtained from sources that are more convenient, less burdensome, and/or less expensive.

9. FedEx objects to the Requests to the extent that FedEx does not yet know the full scope of the scheme. FedEx reserves the right to supplement any response as FedEx is able to ascertain the full scope of the scheme and the claims at issue through discovery.

10. Certain of the Requests call for information that is outside of FedEx's possession, custody, or control. FedEx objects to the Requests to the extent they call for such information.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request 1: Admit that Claimant A in the Amended Complaint is [redacted].**

RESPONSE: Admit.

**Request 2: Admit that an IME and medical record review concerning Claimant A was performed by Douglas C. Sutton, M.D.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 3: Admit that the cost of Dr. Sutton's work is a damage you seek in this case.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 4: Admit that Dr. Sutton was specifically tasked with identifying whether any treatment, diagnoses, and causation opinion reflected by PSA's records were unreasonable and/or unnecessary.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 5: Admit that Dr. Sutton performed the IME and record review of Claimant A on September 25, 2025, as part of the defense against the personal injury lawsuit brought by the Simon firm on behalf of Claimant A.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 6: Admit that Dr. Sutton is a medical doctor whom Plaintiffs acknowledge is an expert for the purpose of opining on the reasonableness and necessity of the treatment provided to Claimant A for injuries he claims to have sustained in an auto accident which occurred on April 26, 2024.**

RESPONSE: FedEx objects to this Request for Admission as it calls for a legal conclusion. FedEx further cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 7: Admit that Dr. Sutton is a medical doctor whom Plaintiffs acknowledge is an expert for the purpose of opining on the causation of injuries he claims to have sustained in an auto accident which occurred on April 26, 2024.**

RESPONSE: FedEx objects to this Request for Admission as it calls for a legal conclusion. FedEx further cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 8: Admit that Dr. Sutton's opinions expressed in his report concerning the treatment provided to Claimant A were accurate.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 9: Admit that Dr. Sutton reviewed records from Philadelphia Spine Associates.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 10: Admit that Plaintiffs had Dr. Sutton's report in their possession and/or available to them before suing PSA in this action.**

RESPONSE: Deny.

**Request 11: Admit that Dr. Sutton opined in his report that Claimant A sustained myofascial sprain/strain injuries of the cervical, thoracic, and lumbar spine as result of the auto accident alleged in Claimant A's underlying lawsuit brought by the Simon firm.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 12: Admit that Dr. Sutton opined in his report that several months of myofascial treatment were reasonable and appropriate for Claimant A's injuries.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 13: Admit that PSA's records reflect myofascial treatment to Claimant A for sprain/strain injuries of the cervical, thoracic, and lumbar spine.**

RESPONSE: Deny.

**Request 14: Admit that Dr. Sutton did not identify any aspect of PSA's treatment as unreasonable or unnecessary.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 15: Admit that the records Dr. Sutton reviewed included the Police Crash report.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 16: Admit that Dr. Sutton opined that Claimant A underwent three months of chiropractic care at PSA with overall significant improvement in his symptoms.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 17: Admit that Dr. Sutton did not opine that the MRI's of Claimant A's cervical and lumbar spine were unreasonable or unnecessary.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 18: Admit that the settlement of Claimant A's lawsuit was made in reliance on the accuracy of Dr. Sutton's opinions.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 19: Admit that Dr. Sutton's report was addressed to John Silli, Esquire of the Law Office of Jessica Adams.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 20: Admit that the Law Office of Jessica Adams is part of the in-house litigation department of Farmers Insurance Company.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 21: Admit that Farmers Insurance Company paid to settle the lawsuit of Claimant A after Dr. Sutton's report was provided to John Silli, Esquire.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 22: Admit that Farmers was aware of the allegations made in Plaintiffs' lawsuit prior to settling the underlying lawsuit of Claimant A.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 23: Admit that Claimant B in the Amended Complaint is [redacted].**

RESPONSE: Admit.

**Request 24: Admit that an independent medical examination concerning Claimant B was performed by Joseph Bernstein, M.D., M.S. at the request of Frank Love, Esquire of the Law firm of Zarwin Baum.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 25: Admit that Dr. Bernstein was specifically tasked with identifying whether any treatment, diagnoses, and causation opinion reflected by PSA's records were unreasonable and/or unnecessary.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 26: Admit that the costs associated with Dr. Bernstein's work concerning Claimant B is a damage you seek in this case.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 27: Admit that Dr. Bernstein evaluated Claimant B on April 24, 2025.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 28: Admit that Dr. Bernstein is a medical doctor whom Plaintiffs acknowledge is an expert for the purpose of opining on the reasonableness and necessity of the treatment provided to Claimant B for injuries she claims to have sustained in the motor vehicle accident which occurred on November 12, 2022.**

RESPONSE: FedEx objects to this Request for Admission as it calls for a legal conclusion. FedEx further cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 29: Admit that Dr. Bernstein's opinions expressed in his report concerning the treatment provided to Claimant B were accurate.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 30: Admit that Plaintiffs had Dr. Bernstein's report in their possession and/or available to them before suing PSA in this action.**

RESPONSE: Deny.

**Request 31: Admit that Dr. Bernstein reviewed records of Philadelphia Spine Associates dated from November 23, 2022, through July 20, 2023.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 32: Admit that the records Dr. Bernstein reviewed included the Police Crash report.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 33: Admit that Dr. Bernstein did not offer any opinion that PSA's treatment of Claimant B was unreasonable or unnecessary.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 34: Admit that Claimant B suffered post-traumatic cervical sprain and strain as a result of the car accident of November 12, 2022.**

RESPONSE: Deny.

**Request 35: Admit that Claimant B suffered post-traumatic lumbar sprain and strain as a result of the car accident of November 12, 2022.**

RESPONSE: Deny.

**Request 36: Admit that MRI of Claimant B's cervical spine showed disc bulging at C3/4 and C5/6.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 37: Admit that the report of an EMG performed on March 23, 2023, on Claimant B reflected a cervical radiculopathy affecting the right C5 nerve root.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 38: Admit that Claimant D in the Amended Complaint is [redacted].**

RESPONSE: Admit.

**Request 39: Admit that an IME concerning Claimant D was performed by Scott K. Epstein, M.D.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 40: Admit that Dr. Epstein evaluated Claimant D on October 31, 2024.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 41: Admit that Dr. Epstein is an expert for the purpose of opining on the reasonableness and necessity of the treatment provided to Claimant D for injuries she claims to have sustained in an auto accident which occurred on July 23, 2023.**

RESPONSE: FedEx objects to this Request for Admission as it calls for a legal conclusion. FedEx further cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this request pursuant to Rule 26(e).

**Request 42: Admit that Dr. Epstein was specifically tasked with identifying whether any treatment, diagnoses, and causation opinion reflected by PSA's records were unreasonable and/or unnecessary.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 43: Admit that the costs associated with Dr. Epstein's work concerning Claimant D is a damage you seek in this case.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 44: Admit that the opinions expressed by Dr. Epstein concerning Claimant D were accurate.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 45: Admit that Dr. Epstein reviewed the PSA records related to Claimant D which span July 26, 2023, through May 14, 2024.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 46: Admit that Plaintiffs had Dr. Epstein's IME report concerning Claimant D in their possession and/or available to them before suing PSA in this action.**

RESPONSE: Admit.

**Request 47: Admit that Dr. Epstein identified PSA's records as indicating Claimant D had suffered a lumbar sprain in the auto accident of July 23, 2023.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 48: Admit Dr. Epstein agreed Claimant D suffered a lumbar sprain in the accident.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 49: Admit that Dr. Epstein opined that PSA's treatment of Claimant D was reasonable and appropriate.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 50: Admit that Dr. Epstein opined the October 2023 lumbar MRI of Claimant D was reasonable to have been ordered.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 51: Admit that Dr. Epstein's report concerning Claimant D was in Plaintiffs' possession or available to Plaintiffs before Plaintiffs filed suit in this case.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 52: Admit that Claimant E in the Amended Complaint is [redacted].**

RESPONSE: Admit.

**Request 53: Admit that a medical record review concerning Claimant E was performed by Michael Murray, M.D.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 54: Admit that Dr. Murray issued a report concerning his record review to Martin Beck, Esquire of McCormick & Priore, P.C. dated November 22, 2024.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 55: Admit that Dr. Murray is an expert for the purpose of opining on the reasonableness and necessity of the treatment provided to Claimant E for injuries he claims to have sustained in an auto accident which occurred on February 22, 2023.**

RESPONSE: FedEx objects to this Request for Admission as it calls for a legal conclusion. FedEx further cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this request pursuant to Rule 26(e).

**Request 56: Admit that Dr. Murray was specifically tasked with identifying whether any treatment, diagnoses, and causation opinion reflected by PSA's records were unreasonable and/or unnecessary.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 57: Admit that the costs associated with Dr. Murray's work concerning Claimant E is a damage you seek in this case.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 58: Admit that the opinions expressed by Dr. Murray concerning Claimant E were accurate.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 59: Admit that Dr. Murray reviewed the PSA records related to Claimant E.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 60: Admit that the records Dr. Murray reviewed included the Police Crash report.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 61: Admit that Plaintiffs had Dr. Murray's IME report concerning Claimant E in their possession and/or available to them before suing PSA in this action.**

RESPONSE: Deny.

**Request 62: Admit that Dr. Murray did not disagree with PSA's diagnoses that Claimant E had suffered sprains/strains of his cervical and lumbar spine as a result of the accident of February 22, 2023.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 63: Admit that Claimant Q is [redacted].**

RESPONSE: Admit.

**Request 64: Admit that Dr. Murray also served as a defense medical examiner in the underlying lawsuit brought by Claimant Q for injuries she alleges to have sustained in an auto accident on November 13, 2022.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 65: Admit that Dr. Murray issued a report concerning his medical examination of Claimant Q to Greg Mallon, Esquire of Zarwin Baum dated June 7, 2024.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 66: Admit that Dr. Murray was specifically tasked with identifying whether any treatment, diagnoses, and causation opinion reflected by PSA's records were unreasonable and/or unnecessary.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 67: Admit that the costs associated with Dr. Murray's work concerning Claimant Q is a damage you seek in this case.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 68: Admit that Dr. Murray did not disagree with PSA's diagnoses that Claimant Q had suffered sprains/strains of her cervical and lumbar spine as a result of the accident of November 13, 2022.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 69: Admit that Dr. Murray's report concerning Claimant E contained the following quoted language: "After a review of the above medical data, it is my opinion that [Claimant E's] February 22, 2023 accident resulted in, at most, sprains/strains of his cervical and lumbar spine. If [Claimant E] in fact sustained the above injuries, they would be typically treated with 6-12 weeks of physical therapy, followed by a home exercise program, and a return to full and unrestricted activity. It is my opinion that any treatment in excess of this was unrelated to his February 22, 2023 accident."**

RESPONSE: Admit, including the language "at most" and "[i]f … in fact sustained."

**Request 70: Admit that Dr. Murray's report concerning Claimant Q contained the following quoted language: "After my evaluation of [Claimant Q] and review of the above medical data, it is my opinion that her November 13, 2022 accident resulted in, at most, sprains/strains of his cervical and lumbar spine. If [Claimant Q] in fact sustained these injuries, they would be typically treated with 6-12 weeks of physical therapy, followed by a home exercise program, and a return to full and unrestricted activity. It is my opinion that any treatment in excess of this was unrelated to her November 13, 2022 accident."**

RESPONSE: Admit, including the language "at most" and "[i]f … in fact sustained."

**Request 71: Admit that the above quoted language from Dr. Murray's reports was cut and pasted from report to report.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 72: Admit that Plaintiffs had both of Dr. Murray's reports in their possession or available to them prior to filing suit in this case.**

RESPONSE: FedEx admits it had Dr. Murray's reports in its possession prior to filing suit but lacks information regarding their authenticity since they were not authored by FedEx or at its direction.

**Request 73: Admit that Dr. Murray's use of cut and pasted language in his reports demonstrates his opinions regarding Claimants E and Q to have been fraudulent.**

RESPONSE: Deny.

**Request 74: Admit that Dr. Murray's participation as an expert in multiple cases on behalf of defense lawyers attempting to minimize or disprove injuries claimed in an auto accident demonstrates that Dr. Murray intended to commit fraud.**

RESPONSE: Deny.

**Request 75: Admit that Claimant U in the Amended Complaint is [redacted].**

RESPONSE: Admit.

**Request 76: Admit that an IME concerning Claimant U was performed by Joseph Bernstein, M.D., M.S. on December 23, 2025.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 77: Admit that Dr. Bernstein issued a report of his IME of Claimant U dated January 15, 2026.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 78: Admit that Dr. Bernstein is a medical doctor whom Plaintiffs acknowledge is an expert for the purpose of opining on the reasonableness and necessity of the treatment provided to Claimant U for injuries she claims to have sustained in the motor vehicle accident which occurred on February 15, 2024.**

RESPONSE: FedEx objects to this Request for Admission as it calls for a legal conclusion. FedEx further cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this request pursuant to Rule 26(e).

**Request 79: Admit that Dr. Bernstein's opinions expressed in his report concerning the treatment provided to Claimant U were accurate.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 80: Admit that Dr. Bernstein was specifically tasked with identifying whether any treatment, diagnoses, and causation opinion reflected by PSA's records were unreasonable and/or unnecessary.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 81: Admit that the costs associated with Dr. Bernstein's work concerning Claimant U is a damage you seek in this case.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 82: Admit that Plaintiffs had Dr. Bernstein's report in their possession and/or available to them before suing PSA in this action.**

RESPONSE: FedEx admits it had a Dr. Bernstein report in its possession prior to filing suit but lacks information regarding its authenticity since it was not authored by FedEx or at its direction.

**Request 83: Admit that Dr. Bernstein's participation as an expert in multiple cases on behalf of defense lawyers attempting to minimize or disprove injuries claimed in an auto accident demonstrates that Dr. Bernstein intended to commit fraud.**

RESPONSE: Deny.

**Request 84: Admit that Claimant EE in the Amended Complaint is [redacted]**

RESPONSE: Admit.

**Request 85: Admit that Stuart L. Trager, M.D. performed an independent medical exam of Claimant EE on August 10, 2022, and issued a report concerning same with that same date.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 86: Admit that Dr. Trager is a medical doctor who Plaintiffs acknowledge is an expert for the purpose of opining on the reasonableness and necessity of the treatment provided to Claimant EE for injuries she claims to have sustained in the motor vehicle accident which occurred on April 8, 2021.**

RESPONSE: FedEx objects to this Request for Admission as it calls for a legal conclusion. FedEx further cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 87: Admit that Dr. Trager was specifically tasked with identifying whether any treatment, diagnoses, and causation opinion reflected by PSA's records were unreasonable and/or unnecessary.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 88: Admit that the costs associated with Dr. Trager's work concerning Claimant B is a damage you seek in this case.**

RESPONSE: Deny.

**Request 89: Admit that Dr. Trager's opinions expressed in his report concerning the treatment provided to Claimant EE were accurate.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 90: Admit that Plaintiffs had Dr. Trager's report in their possession and/or available to them before suing PSA in this action.**

RESPONSE: Deny.

**Request 91: Admit that Dr. Trager reviewed the records of PSA concerning Claimant EE spanning from April 20, 2021, through December 20, 2021.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 92: Admit that Dr. Trager reviewed the report of Leadbitter Spine and Sports concerning its review of the chiropractic treatment provided to Claimant EE by PSA.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 93: Admit that Dr. Trager expressed no disagreement with the opinion of Leadbitter Spine and Sports, which Dr. Trager related as follows: "Treatment was felt to be reasonable from April 20, 2021 through October 12, 2021, with treatment beyond that point not felt to be indicated, as it was 'not supported by the documentation.' 'Due to the**

**noncompliance by the claimant with the recommended treatment frequency by Dr. Piccollo, I feel that the claimant had reached maximum medical improvement by October 12, 2021.'"**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 94: Admit that Joseph Lubeck, D.O. performed an independent medical exam of Claimant EE on August 24, 2022, and issued a report concerning same with that same date.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 95: Admit that Dr. Lubeck is a medical doctor whom Plaintiffs acknowledge is an expert for the purpose of opining on the reasonableness and necessity of the treatment provided to Claimant EE for injuries she claims to have sustained in the motor vehicle accident which occurred on April 8, 2021.**

RESPONSE: FedEx objects to this Request for Admission as it calls for a legal conclusion. FedEx further cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 96: Admit that Dr. Lubeck was specifically tasked with identifying whether any treatment, diagnoses, and causation opinion reflected by PSA's records were unreasonable and/or unnecessary.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 97: Admit that the costs associated with Dr. Lubeck's work concerning Claimant EE is a damage you seek in this case.**

RESPONSE: Deny.

**Request 98: Admit that Dr. Lubeck's opinions expressed in his report concerning the treatment provided to Claimant EE were accurate.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 99: Admit that Plaintiffs had Dr. Lubeck's report in their possession and/or available to them before suing PSA in this action.**

RESPONSE: Admit.

**Request 100: Admit that Dr. Lubeck reviewed the records of PSA concerning Claimant EE spanning from April 20, 2021 through December 20, 2021.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 101: Admit that the records Dr. Lubeck reviewed included the Police Crash report included photographs of vehicular damage.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 102: Admit that Dr. Lubeck reviewed the report of Leadbitter Spine and Sports concerning its review of the chiropractic treatment provided to Claimant EE by PSA.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 103: Admit that Dr. Lubeck agreed with the opinion of Leadbitter Spine and Sports concerning PSA's diagnoses and treatment of Claimant EE.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 104: Admit that Dr. Lubeck opined that Claimant EE sustained a right hand contusion and lumbar sprain and strain in the accident of April 8, 2021.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 105: Admit that Plaintiffs had Dr. Lubeck's report in their possession and/or available to them before suing PSA in this action.**

RESPONSE: Admit.

**Request 106: Admit that Gerald Leadbitter, D.C. performed a peer review of PSA's treatment of Claimant EE for injuries she claims to have suffered in the accident of April 8, 2021.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 107: Admit that Dr. Leadbitter is an expert for the purpose of evaluating the reasonableness and necessity of the treatment provided by PSA to Claimant EE.**

RESPONSE: FedEx objects to this Request for Admission as it calls for a legal conclusion. FedEx further cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 108: Admit that Dr. Leadbitter's opinions concerning PSA's treatment and diagnoses of Claimant EE are accurate.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 109: Admit that Dr. Leadbitter opined that PSA's treatment of Claimant EE from April 20, 2021 through October 12, 2021, was reasonable and necessary.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 110: Admit that Dr. Leadbitter opined that the diagnoses recorded in PSA's records were supported by Dr. Piccillo's treatment notes.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 111: Admit that Dr. Leadbitter opined that the appropriate areas of Claimant EE's body were treated by PSA.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 112: Admit that Dr. Leadbitter opined that the diagnoses reported by Dr. Piccillo concerning Claimant EE on April 20, 2021, were the direct result of the accident of April 8, 2021.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 113: Admit that Plaintiffs had the report of Dr. Leadbitter concerning Claimant EE in their possession and/or available to them prior to filing suit against PSA.**

RESPONSE: Deny.

**Request 115: Admit that Claimant FF in the Amended Complaint is [redacted].**

RESPONSE: Admit.

**Request 116: Admit that an IME concerning Claimant FF was performed by Marc Manzione, M.D. on June 7, 2021, and that Dr. Manzione issued a report of his examination dated June 28, 2021.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 117: Admit that Dr. Manzione is an expert for the purpose of opining on the reasonableness and necessity of treatment provided to Claimant FF for injuries alleged to have been sustained in an auto accident in March of 2020.**

RESPONSE: FedEx objects to this Request for Admission as it calls for a legal conclusion. FedEx further cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 118: Admit that Dr. Manzione was specifically tasked with identifying whether any treatment, diagnoses, and causation opinion reflected by PSA's records were unreasonable and/or unnecessary.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 119: Admit that the costs associated with Dr. Manzione's work concerning Claimant FF is a damage you seek in this case.**

RESPONSE: Deny.

**Request 120: Admit that the opinions expressed by Dr. Manzione concerning Claimant FF are accurate.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 121: Admit that Dr. Manzione identified PSA as having diagnosed Claimant FF with cervical, thoracic, and lumbar sprain, back muscle spasms, and an unspecified neuralgia/neuritis.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 122: Admit that Dr. Manzione opined that Claimant FF's May 12, 2020 accident resulted in various sprains/strains/contusions and possibly one or more nerve root traction injuries.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 123: Admit that Plaintiffs had Dr. Manzione's report concerning Claimant FF in their possession and/or available to them before suing PSA in this action.**

RESPONSE: Deny.

**Request 129: Admit that Claimant GG in the Amended Complaint is** [redacted]

RESPONSE: Admit.

**Request 130: Admit that Gregory Pharo, D.O. performed an independent medical exam of Claimant GG on November 22, 2022 and issued a report concerning same dated November 29, 2022.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 131: Admit that Dr. Pharo is an expert for the purpose of opining on the reasonableness and necessity of Claimant GG's treatment as well as causation.**

RESPONSE: FedEx objects to this Request for Admission as it calls for a legal conclusion. FedEx further cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 132: Admit that Dr. Pharo was specifically tasked with identifying whether any treatment, diagnoses, and causation opinion reflected by PSA's records were unreasonable and/or unnecessary.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 133: Admit that the costs associated with Dr. Pharo's work concerning Claimant GG is a damage you seek in this case.**

RESPONSE: Deny.

**Request 134: Admit that Dr. Pharo's opinions concerning Claimant GG are accurate.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 135: Admit that Dr. Pharo opined that Claimant GG's injuries from the June 16, 2021 auto accident are consistent with cervical and lumbar sprain and strain.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 136: Admit that Dr. Pharo opined that the chiropractic treatment provided by PSA was appropriate and indicated for the affected areas.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 142: Admit that Plaintiffs had Dr. Pharo's report in their possession or available to them prior to filing suit in this case.**

RESPONSE: FedEx admits it had Dr. Pharo's report in its possession prior to filing suit but lacks information regarding its authenticity since it was not authored by FedEx or at its direction.

**Request 143: Admit that Leonard Brody, M.D. performed an independent medical exam of Claimant GG on March 27, 2024 and issued a report on that same date.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 144: Admit that Dr. Brody is an expert for the purpose of opining on the reasonableness and necessity of Claimant GG's treatment as well as causation.**

RESPONSE: FedEx objects to this Request for Admission as it calls for a legal conclusion. FedEx further cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 145: Admit that Dr. Brody was specifically tasked with identifying whether any treatment, diagnoses, and causation opinion reflected by PSA's records were unreasonable and/or unnecessary.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 146: Admit that the costs associated with Dr. Brody's work concerning Claimant GG is a damage you seek in this case.**

RESPONSE: Deny.

**Request 147: Admit that Dr. Brody's opinions concerning Claimant GG are accurate.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 148: Admit that Dr. Brody opined that Claimant GG's injuries from the June 16, 2021 auto accident are consistent with cervical and lumbar sprain and strain.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 149: Admit that Dr. Brody did not offer any opinion that the chiropractic treatment provided by PSA was inappropriate and not indicated for the affected areas.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 150: Admit that Plaintiffs had Dr. Brody's report in their possession or available to them prior to filing suit in this case.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 151: Admit that Philly Spine Center is not the same entity as Philadelphia Spine Associates.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 152: Admit that Philly Spine Center is not owned by Daniel Piccillo.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 153: Admit that Philly Spine Center is not owned by Ethel Harvey.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 154: Admit that Claimant AA did not treat at Philadelphia Spine Associates.**

RESPONSE: FedEx objects to this Request for Admission as improper because it seeks information not relevant to any claim or defense. No pleading in this case made any accusation that Claimant AA was treated at Philadelphia Spine Associates.

**Request 155: Admit that Philadelphia Spine Associates created no treatment record for Claimant AA.**

RESPONSE: FedEx obcects to this Request for Admission as improper because it seeks information not relevant to any claim or defense. No pleading in this case made any accusation that Claimant AA was treated at Philadelphia Spine Associates.

**Request 156: Admit that any allegation treating Claimant AA's care at Philly Spine Center as care rendered by Philadelphia Spine Associates was false.**

RESPONSE: FedEx objects to this Request for Admission as improper because it seeks information not relevant to any claim or defense. No pleading in this case made any accusation that Claimant AA was treated at Philadelphia Spine Associates.

**Request 157: Admit that Claimant B underwent cervical and lumbar MRI studies which revealed shallow disc bulging most notable at C3-4 and C4-5 and reversal of normal cervical lordosis.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this

response pursuant to Rule 26(e). FedEx further objects to this Request for Admission as improper because it seeks information not relevant to any claim or defense.

**Request 158: Admit that the allegation that the cervical MRI of Claimant B showed "disc signal and disc height are preserved"; "no evidence of herniated nucleus pulposus or foraminal stenosis"; and "negative examination"; was false.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e). FedEx further objects to this Request for Admission as improper because it seeks information not relevant to any claim or defense.

**Request 159: Admit that the allegation that Dr. Harvey and Dr. Piccillo controlled another clinic called Spinal Associates was false.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e). FedEx objects to this Request for Admission as improper because it seeks information not relevant to any claim or defense.

**Request 160: Admit that every settlement paid and/or every defense cost incurred in connection with the litigations filed by Claimants A, B, D, E, Q, U, CC, EE, FF, and GG were made with full knowledge of the factual allegations made by Plaintiffs in this case against PSA.**

RESPONSE: Deny.

**Request 161: Admit that Plaintiffs have no evidence of communication between PSA and any other medical provider defendant.**

RESPONSE: Deny.

**Request 162: Admit that Plaintiffs have no evidence that PSA was aware of any other medical provider defendant's subsequent treatment of any Claimant.**

RESPONSE: Deny.

**Request 163: Admit that Plaintiffs never relied on PSA's records in determining whether or for how much to settle any lawsuit.**

RESPONSE: Deny.

**Request 164: Admit that Plaintiffs never sought the deposition of Daniel Piccillo, Ethel Harvey, and/or Philadelphia Spine Associates in any case.**

RESPONSE: Deny.

**Request 165: Admit that Plaintiffs never served any subpoena or other direct request for records from Daniel Piccillo, Ethel Harvey, and/or Philadelphia Spine Associates in any case.**

RESPONSE: Deny.

**Request 166: Admit that Farmers Insurance Company maintained a claim file related to Claimant A.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 167: Admit that Farmers Insurance Company maintained a claim file related to Claimant B.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 168: Admit that Farmers Insurance Company maintained a claim file related to Claimant D.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 169: Admit that Farmers Insurance Company maintained a claim file related to Claimant E.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 170: Admit that Farmers Insurance Company maintained a claim file related to Claimant Q.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 171: Admit that Farmers Insurance Company maintained a claim file related to Claimant U.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 172: Admit that Farmers Insurance Company maintained a claim file related to Claimant CC.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 173: Admit that Farmers Insurance Company maintained a claim file related to Claimant EE.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 174: Admit that Farmers Insurance Company maintained a claim file related to Claimant FF.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 175: Admit that Farmers Insurance Company maintained a claim file related to Claimant GG.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 176: Admit that Farmers Insurance Company's Special Investigations Unit maintained an investigation file concerning Daniel Piccillo, Ethel Harvey, and/or Philadelphia Spine Associates.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 177: Admit that Farmers Insurance Company's Special Investigations Unit maintained an investigation file concerning Marc Simon, Simon & Simon, P.C., Premier Pain & Rehab Center, P.C., Clifton Burt, and/or Lance Yarus.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 178: Admit that counsel representing Uber and/or FedEx in the underlying lawsuits alleged to be at issue in this case consulted and/or coordinated with Farmers Insurance Company in the defense and/or settlement of the litigations.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 179: Admit that counsel representing Uber and/or FedEx in this lawsuit consulted and/or coordinated with Farmers Insurance Company in connection with the underlying lawsuits and/or the filing of this lawsuit.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 180: Admit that neither Uber nor FedEx has made any complaint concerning PSA to any criminal justice authority and/or oversight Board concerning any of the allegations made in this lawsuit.**

RESPONSE: FedEx objects to this Request for Admission as premature because it seeks discovery related to Defendants' counterclaims, and such discovery is stayed at this time.

**Request 181: Admit that you have received claims for personal injuries by Claimants treated by PSA who were not represented by the Simon firm.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

**Request 182: Admit that Rasier-PA, Limited Liability Company is the Pennsylvania operating company or "license holder" on behalf of Uber which contracts with drivers, provides the technical platform in the state, and interacts with the Pennsylvania state regulator.**

RESPONSE: This Request for Admission seeks information that is irrelevant to FedEx's claims or defenses in this lawsuit.

**Request 183: Admit that Rasier-PA, LLC is a wholly owned subsidiary of Uber Technologies, Inc. fully within the control of Uber Technologies, Inc. and conducts and/or has conducted operations for Uber in Pennsylvania.**

RESPONSE: This Request for Admission seeks information that is irrelevant to FedEx's claims or defenses in this lawsuit.

**Request 184: Admit that Rasier, LLC is a wholly owned subsidiary of Uber Technologies, Inc. fully within the control of Uber Technologies, Inc. and conducts and/or has conducted operations for Uber in Pennsylvania.**

RESPONSE: This Request for Admission seeks information that is irrelevant to FedEx's claims or defenses in this lawsuit.

**Request 185: Admit that Uber is regulated in Pennsylvania as a public utility.**

RESPONSE: This Request for Admission seeks information that is irrelevant to FedEx's claims or defenses in this lawsuit.

**Request 186: Admit that Uber's operations in Philadelphia are regulated by the Philadelphia Parking Authority and outside Philadelphia by the Pennsylvania Utility Commission.**

RESPONSE: This Request for Admission seeks information that is irrelevant to FedEx's claims or defenses in this lawsuit.

**Request 187: Admit that the lawyers representing FedEx in any underlying lawsuit alleged to be at issue in this case were aware of the factual allegations FedEx has made in this lawsuit prior to any settlement being paid.**

RESPONSE: FedEx objects to this Request for Admission because it seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

**Request 188: Admit that the lawyers representing Plaintiffs in this lawsuit coordinated and/or communicated with the lawyers representing Uber and/or FedEx in the underlying lawsuits alleged to be at issue in this case.**

RESPONSE: FedEx objects to this Request for Admission because it seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

**Request 189: Admit that lawyers representing Uber and/or FedEx in the underlying lawsuits alleged to be at issue in this case provided documents to counsel representing Plaintiffs in this case.**

RESPONSE: FedEx objects to this Request for Admission because it seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

**Request 190: Admit that the auto accidents in which Claimants A, B, D, E, Q, U, CC, EE, FF, and GG claimed to have been injured all occurred.**

RESPONSE: FedEx cannot admit or deny this request because it lacks sufficient information to do so. Accordingly, the Request is denied. FedEx reserves its rights supplement this response pursuant to Rule 26(e).

Dated: June 22, 2026

**ROHN KURLAND, P.C.**

By: /s/ Amy Kurland
Amy Kurland, Bar No. 37419
AKurland@rohnkurland.com
1700 Market St, Suite 1005
Philadelphia, PA 19103
Telephone: +1.215.770.0320
Facsimile: +1.215.717.9697

**PERKINS COIE LLP**

David W. T. Daniels
DDaniels@perkinscoie.com
Sydney Veatch
SVeatch@perkinscoie.com
Michael J. Wadden
MWadden@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

David B. Massey
DMassey@perkinscoie.com
Jacob J. Taber
JTaber@perkinscoie.com
William Wilder
WWilder@perkinscoie.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

Michael R. Huston
MHuston@perkinscoie.com
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
Facsimile: +1.602.648.7000

*Attorneys for Plaintiffs FedEx Technologies, Inc. and Federal Express Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that I served this document on all counsel of record in the above-captioned matter via email on June 22, 2026.

Dated: June 22, 2026

**PERKINS COIE LLP**

By: *<u>/s/ William Wilder</u>*
William Wilder
WWilder@perkinscoie.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649
*Counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*