# Exhibit "7"

Case 2:25-cv-05365-MAK Document 28-9 Filed 03/16/26 Page 1 of 6

# EXHIBIT A

Sutton HealthCare Solutions, LLC
Douglas C. Sutton, M.D.
P.O. Box 254, Richboro, PA 18954
(215)269-6703 – Fax (215)269-6740
Suttons1300@gmail.com

John Silli, Esquire
Law Office of Jessica Adams
PO Box 258829
Oklahoma City, OK 73125

**RE: [redacted]**
**DATE OF LOSS: 04/26/24**
**FILE NO: 208160**
**DATE OF EVALUATION: 09/25/25**

Dear Mr. Silli:

In response to your recent request, I had the opportunity to perform an Independent Medical Evaluation and medical record review on [redacted] on Thursday, September 25, 2025, at approximately 9:00 a.m. The patient was identified via a Pennsylvania photo driver's license.

Prior to the encounter, the restrictions of the visit were discussed in detail. We specifically discussed that no physician-patient relationship would be established and, therefore, no treatment recommendations would be rendered. I also asked that if any of my line of questioning or physical exam maneuvers caused any undue distress or discomfort, that he would notify me and we would cease these activities. He acknowledged that he understood the restrictions of the encounter and consented to the evaluation.

**HISTORY:**

The patient presented with a history of motor vehicle accident in April of 2024. He was the restrained driver at a stop sign when he was hit head on by another vehicle. There was no airbag deployment. He states that he hit his head on the side window, but there was no loss of consciousness. He was able to self-extricate from the vehicle and he had no immediate symptoms. There was no evaluation by EMT personnel at the scene. He was able to drive his vehicle from the scene and drove to work. He continued to work that day.

The following day, he awoke with symptoms in his neck and back. He contacted his attorney, who referred him to a pain management facility, where he underwent physical therapy and chiropractic treatment program for six months. He could not recall the name of the facility or the providers. I asked if the treatment helped and he noted, "Not really." His attorney then referred him to another specialist. He could not recall the name of the provider or the facility, but he states that he had a procedure performed to his lower back. He could not recall the name of the procedure but states that it was in the lower back. He states that this treatment helped for "a little while." He has had no other evaluations or treatments with any other providers since that procedure. He recalls that the procedure

was done in October of 2024. The patient is not involved in any active treatment at this time, nor has he had any treatment since that procedure.

In describing his current symptoms, he notes pain in the back, sometimes into the leg, and occasional pain in the neck. He describes leg pain into the back of the thigh and calf intermittently. He denied any upper extremity radicular symptoms but he did note occasional tingling in his right arm. He describes weakness in his arms when he tries to pick up his children. He denies any bowel or bladder incontinence. No fevers, chills, or constitutional complaints. On a scale of 0 to 10, with 0 being no pain and 10 being the worst pain he has ever experienced, he notes that his pain was an 8/10 to 9/10 after the accident and it is now a 5/10 to 6/10.

**WORK HISTORY:**

At the time of the accident, he was working as a home health aide. He lost no time from work due to the accident in question or injuries from the accident in question. He continues to work as a home health aide in a full-time capacity.

**PAST HISTORY:**

His history is notable for a prior motor vehicle accident 17 years ago with injuries to his neck and back. He had symptoms and treatment to his neck and back region from the accident. He states that at the time of the accident in question, he was not having any symptoms or ongoing treatment to his neck or back.

His surgical history is negative.

His medical history is negative for diabetes, hypertension, coronary artery disease, ulcer, kidney, or liver disease.

He denies tobacco or alcohol use.

He has no known allergies.

He denies medication use.

At the completion of the history portion of my evaluation, I reiterated the details of the injury in question, as well as past and current treatment, past and current symptoms and asked if all issues were addressed to his satisfaction. He acknowledged that they were.

**PHYSICAL EXAMINATION:**

On physical exam, he is 5 feet 10 inches tall, 150 pounds. He was not using any ambulatory aids, braces or prosthetic devices.

With respect to the cervical spine, he had full range of motion with flexion, extension, and rotation without pain. There was tenderness with light palpation to the cervical and trapezius muscles, but no spasms. He had full range of motion of the upper extremities with 5/5 strength to the major muscle groups including his deltoids, biceps, triceps, wrist extensors, hand intrinsics, and grip strength bilaterally. His biceps, triceps, and brachial radialis reflexes were 1/4 to 2/4 and symmetric, with a negative Hoffmann's sign.

With respect to the lumbar spine, he was able to sit during the history portion of the evaluation without any undue distress or discomfort. He was able to transfer from sitting to standing and assume an erect posture. He was able to toe and heel elevate without any difficulties. He was able to flex to 80 degrees and extend to 30 degrees, both of which caused discomfort in the lower back. He had tenderness to light palpation in the middle to lower lumbar region, but no spasms. There was no iliolumbar ligament or sacroiliac joint tenderness. In the sitting position, there was no restriction or pain reproduction with hip rotation. Straight leg raising maneuvers were negative. He had 5/5 strength to the major muscle groups of both lower extremities including his iliopsoas, hamstrings, quadriceps, anterior tibialis/extensor hallucis longus, and gastrocnemius muscle groups. His quadriceps and Achilles reflexes were 2/4 and symmetric with no clonus. He had palpable pedal pulses. No lymphedema. Sensation was intact to light touch. Gait was fluid with no antalgic pattern.

At the completion of the physical exam, I again reiterated the details of the accident in question as well as past and current symptoms and past and current treatment and asked if all issues were addressed to his satisfaction. He acknowledged that they were.

**RECORDS REVIEWED:**

Records from the Commonwealth of Pennsylvania Police Crash Report were reviewed. This was filed on April 26, 2024. The records suggest that the patient was in vehicle #2. Narrative of the report detailed the accident in question. No injuries to report at the moment of the accident. Color photographs of the vehicles were also available for review.

Records from Philadelphia Spine Associates were reviewed. These are chiropractic records. The patient was seen by Ethyl Hardey, DC on May 9, 2024. The history of the accident from April 26, 2024, was noted. The patient was complaining of headaches, neck pain, lower back pain, and middle back pain. There were no records stating upper or lower extremity symptoms. The patient's pain rating was a 9/10. Treatment records suggest that the patient attended approximately 26 treatment visits from May 9, 2024, through August 15, 2024. A final report was authored on August 15, 2024. The patient rated his pain as a 4/10.

An MRI of the cervical spine report from Open MRI of Bala Cynwyd was reviewed. Sagittal, axial, and coronal images of the cervical spine were noted. The impression notes an essentially negative examination.

An MRI report of the lumbar spine from Open MRI of Bala Cynwyd dated August 5, 2024, was reviewed. Disc signal and disc height were preserved. There was no evidence of any herniated

nucleus pulposus or foraminal stenosis. No evidence of intraspinal or paraspinal mass. The impression notes negative examination.

Records from Premier Pain and Rehab Center were reviewed. The patient was evaluated on November 12, 2024, by Clifton Burt, MD. History of the accident in question was noted. The patient was having lumbar pain rated 9/10. It was noted that the MRI from August 5, 2024, was a negative examination. No neurologic deficits were documented. The patient had an L5 medial branch block, which noted 40% improvement for two minutes. This was followed by radiofrequency ablation.

An Independent Medical Evaluation and Medical Record Review performed by Lance Yarus, DO, from December 3, 2024, was reviewed. Diagnoses, future treatment recommendations, and associated costs were noted.

A report from the Verity Group from February 10, 2025, was reviewed. This was a total lifetime cost of care analysis. This report was generated based entirely on the comments made in Dr. Yarus' report.

**CONCLUSION/SUMMARY:**

Based on my history, physical exam, as well as medical record review, the following concluding statements can be made.

Records support that the patient was involved in a motor vehicle accident on April 26, 2024. Police crash report notes no injuries were reported at the scene. There was no evaluation by EMT personnel at the scene, nor did the patient seek evaluation through the emergency department. The patient drove from the scene and went to work, where he completed his workday. The following day, he was noted to have symptoms. He was evaluated through a chiropractic facility, where he underwent three months of chiropractic care with overall significant improvement in his symptoms. The patient had an MRI of the cervical and lumbar spine on August 5, 2024. Both reports were noted to be a negative examination, with no abnormalities. There was then a three-month gap in treatment. The patient was evaluated by Dr. Burt, where he underwent a medial branch block with 40% improvement for two minutes at the L5 level, which was followed by radiofrequency ablation. The patient continued to have subjective complaints of pain during my evaluation, but had no objective abnormalities. He had normal range of motion with no muscle spasms and no neurologic deficits. The patient is not involved in any active treatment at this time, nor has he had any treatment since his radiofrequency ablation in November of 2024, an almost two-year interval.

Therefore, in conclusion, I believe the patient's records support that he was involved in a motor vehicle accident on the date in question. I believe his injuries to be a myofascial sprain/strain of the cervical, thoracic, and lumbar spine. I believe several months of myofascial treatment to be reasonable and appropriate, and I believe any issues with respect to myofascial sprain/strain in the cervical, thoracic, and lumbar spine to be resolved without residuals after this interval treatment, which would correspond with the completion of the chiropractic records. The patient had no abnormal findings on his imaging studies, most notably his MRIs of the cervical and lumbar spine. Therefore, I can find no indication for the medial branch block and the subsequent radiofrequency

ablation procedure that was performed in November. I find these two procedures to not be indicated nor to be medically reasonable or appropriate given the patient's history, symptom complex, and normal imaging studies. I also disagree with the comments and conclusions set forth in Dr. Yarus' report for the same reasons, as well as the future life care cost analysis from the Verity Group.

I believe the prognosis to be good, as I believe the patient has fully recovered from any issues with respect to a myofascial sprain/strain in the cervical, thoracic, and lumbar spine. I would not place any restrictions on the patient related to these injuries, as I believe they have resolved without residuals based on my history, physical examination, and review of available medical records.

I believe this answers the issues you have raised in this matter. All opinions are stated within a reasonable degree of medical certainty. Should additional records or information become available for review, I reserve my right to amend these opinions. If I can be of any further assistance or answer any additional questions in this matter, please do not hesitate to contact me.

Sincerely,

Reviewed & Electronically Signed

Douglas C. Sutton, MD
MD045534-L

DCS/sls