# Exhibit "12"

JOSEPH BERNSTEIN, MD, MS, LLC
Box 865 144 N NARBERTH AVE
NARBERTH, PA 19072-9998
EMAIL: IME@OUTLOOK.COM

DIPLOMATE,
AMERICAN BOARD OF
ORTHOPEDIC SURGERY

FELLOW,
AMERICAN ACADEMY
OF ORTHOPEDIC SURGEONS

January 15, 2026

Kerven Moon, Esquire
Gordon Rees Scully Mansukhani
707 Grant Street
Pittsburgh, PA 15219

Date of Injury: 02/15/24

Dear Mr. Moon:

I had the opportunity to evaluate Mr.[redacted] on December 23, 2025 at your request. At the outset Mr. [redacted] was informed about the nature of this medical evaluation: that I would record the history, perform a physical, and review records solely for the purposes of rendering my opinion for this case; that I cannot give any advice; that no doctor/patient relationship is established; that I cannot offer any confidentiality; and that a chaperone is more than welcome. Mr. [redacted] was also instructed to tell me of any reluctance to attempt a physical examination maneuver because of anticipated pain, so we could omit that step and to tell me if any maneuver that was performed caused discomfort, so I could record that too. I received assurance that this was all understood, and got consent to go forward with this exam.

**RECORD REVIEW**

In conjunction with this examination, I had the opportunity of reviewing copies of medical records. Any details listed below are for convenience only; impressions will be listed explicitly. Hence, the inclusion or exclusion of a quotation from the records does not invite any inferences. All citations to imaging studies refer to the reports, unless I say so otherwise. The records I reviewed included the following:

1. The legal complaint, filed by the office of Mr. Simon.

2. The records of Philadelphia Spine Associates from February 19, 2024 through June 2, 2025.

    a. According to the February 19, 2024 note, there was reportedly a side-swipe motor vehicle accident, without an urgent visit. There was a final report from August 19, 2024, diagnosing a cervical strain, a lumbar sprain, a thoracic strain, and posttraumatic disc protrusions at multiple cervical and lumbar levels.

    b. There are additional records beginning on November 15, 2024, noting left shoulder pain, left hip pain, and left knee pain after an October 7, 2024 accident. There is a final report from June 2, 2025 diagnosing a

posttraumatic strain of the left knee and left shoulder.

3. The November 13, 2024 evaluation of Dr. Burt. Dr. Burt took a history of the February 15, 2024 accident, and noted there was a disc protrusion at multiple levels, but said the facet pain was the worst pain, and recommended radiofrequency ablation. This was then performed on December 4, 2024.

4. The June 10, 2024 procedure note for an epidural injection by Dr. Levinstein.

5. The April 25, 2024 cervical MRI report, noting disc desiccation at multiple levels, with multiple protrusions.

6. The April 25, 2024 lumbar MRI report, noting disc protrusion in the setting of degenerative changes at L4-5, with a bulge at L3-4.

7. The February 4, 2025 left knee MRI, noting degeneration within the knee, without overt evidence of an internal derangement.

8. The February 4, 2025 left shoulder MRI, noting rotator cuff tendinopathy of three rotator cuff tendons, without full thickness tear. There also was a labral tear and biceps tendinitis.

9. The April 25, 2024 cervical MRI images.

10. The April 25, 2024 lumbar MRI images.

11. The February 4, 2025 left knee MRI images.

12. The February 4, 2025 left shoulder MRI images.

**<u>RECITED HISTORY OF INJURY</u>**

The history was provided by Mr. [redacted] Mr. [redacted] is a 61-year-old right hand dominant man, who reports being injured in a motor vehicle collision on an unspecified date a few years ago. Mr. [redacted] was the rear seat passenger of a car that was struck by a FedEx truck. Mr. [redacted] said he injured his <u>right</u> shoulder and the right side of his neck.

Mr. [redacted] did not go to the Emergency Room, but rather, went to a pain management facility on Germantown Avenue. He had some chiropractic treatment.

Mr. [redacted] is now no longer treating. Mr. [redacted] added that Dr. Finkelstein, his primary care doctor, provides Ibuprofen.

Mr. [redacted] was asked to describe all of his current complaints. Mr. [redacted] said he has right shoulder pain, and pain on the right side of his neck.

Mr. [redacted] added that he has pain on the left side of his neck as well, but he relates this to an accident that happened in October of last year. Mr. [redacted] said he was near 33rd and Girard, when another vehicle struck his Dodge Ram and injured his left shoulder then.

Mr. [redacted] said his right shoulder and his neck were fine before the incident in question.

**PHYSICAL EXAMINATION**

On examination Mr. [redacted] is pleasant and cooperative, and in no apparent distress.

Mr. [redacted] is 6'1", 240 pounds by his report.

Mr. [redacted] neck and shoulders have no areas of tenderness throughout.

Mr. [redacted] has nearly full range of motion of his cervical spine in flexion, extension, and rotation. Motion of the head and neck did not produce any symptoms.

The neurological examination to the hand is normal. There are no deficits in the cervical nerve roots C5 through T1.

Mr. [redacted] right shoulder has painless elevation to 135 degrees, with pain reported with further elevation, which goes to approximately 165. Mr. [redacted] has mild discomfort with resisted rotator cuff strength testing in abduction and rotation.

Mr. [redacted] can internally rotate to his lower thoracic spine.

**IMPRESSION**

I would like to record the following impressions, all to within a reasonable degree of medical certainty. Needless to say, I reserve the right to amend these opinions if additional information provided warrants that. My opinions are as follows:

1. Mr. [redacted] was reportedly in an accident. Mr. [redacted] said he injured the right side of his neck and his right shoulder.

2. Mr. [redacted] did not seek urgent medical care. Typically the lack of urgent care suggests a condition of low acuity and severity.

3. Following the incident in question, on April 25, 2024 there were cervical and lumbar MRIs showing degenerative disease, without any trauma described by Dr. Swartz, the radiologist. On my review, there is no objective evidence of a traumatic injury seen.

    - Mr. [redacted] in any case, makes no mention of any lumbar injury or lumbar

symptoms. Recovery of any possible injury in the body parts with no symptoms (had one been sustained) is reasonably inferred.

4. Although Mr. [redacted] said he injured his right shoulder, there was a left shoulder MRI performed. This, in any case, showed degenerative changes with no objective evidence of any structural injury. The record does not mention any right shoulder injury or condition related to the incident in question.

5. The February 4, 2025 left knee MRI found only degeneration, though as noted, there is no reported knee injury in any case.

6. After the incident in question, there was yet another accident. At the time of the second accident, according to the Philadelphia Spine Associates visit, there were no spinal problems. Presumptively, Spine Associates would be sensitive to the ongoing problems in the Spine. In any case, there are no lumbar complaints now, and Mr. [redacted] the second accident affected the “same body parts, but on the left.” That is to say, it appears that the neck was equally affected to the extent it was affected in the first.

7. Dr. Burt, after the second motor vehicle accident, diagnosed facet syndrome.

8. There are no objective residuals from the incident in question.

9. There are no diagnoses from the incident in question in need of further care.

My opinions are offered to within a reasonable degree of medical certainty. I thank you for soliciting my opinion.

Sincerely,

Joseph Bernstein, MD, MS

**JOSEPH BERNSTEIN, MD, MS, FACS**

| | |
|---|---|
| Education | A.B. Columbia, 1984<br>M.D. Cornell, 1990<br>M.S. Harvard, 1990 |
| Internship | Surgery, University of Pennsylvania, 1990-1991 |
| Residency | Orthopaedic Surgery, University of Pennsylvania, 1991-1995 |
| Fellowship | Sports Medicine/Shoulder, University of Pennsylvania, 1995-1996 |
| Faculty Appointment | Clinical Professor of Orthopaedic Surgery, Penn Med |
| Hospital Appointment | Attending Surgeon, Veteran's Administration Hospital |
| Board Certification | American Board of Orthopedic Surgery, recertified 2019-2028. |
| Licensure | Pennsylvania 1992-present |
| Select Awards & Honors | Phi Beta Kappa, Alpha Omega Alpha, Lindback Award for Teaching |
| Select Memberships | Fellow, American College of Surgeons<br>Fellow, American Academy of Orthopaedic Surgeons<br>Senior Member, Association of Bone and Joint Surgeons<br>Fellow, American Orthopaedic Association |
| Select Editorial Positions | Deputy Editor, *Clinical Orthopaedics and Related Research* |
| Publications | 200+ Reports, Editorials, Chapters, Reviews |
| Books | *Musculoskeletal Medicine*. AAOS<br>*Orthopaedia* |
| Patents | Anterior cruciate ligament tether. US20080097430A1<br>Method of reducing intraosseous hypertension. US8778952B2<br>Vehicle wireless device status indicator and inhibitor [US9386446B1]<br>Method and apparatus to monitor, analyze and optimize physiological state of nutrition US20110218407A1 |