**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UBER TECHNOLOGIES, INC.,** ***et al.*** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 25-5365** |
| | : | |
| **SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, LANCE YARUS** | : | |

# ORDER

**AND NOW**, this 25th day of August 2026, upon reviewing Philadelphia Spine Associates and Doctors Piccillo and Harvey's Motion to compel amended responses to several requests for admission (ECF 203), Plaintiff's Opposition (ECF 205), noting Philadelphia Spine Associates and Doctors ask us to review a wide variety of discovery disputes including the alleged improper invocation of a privilege over several requests for admission, finding we are uncertain as to the nature of Plaintiffs' relationships with co-Defendants given obtuse objections in the cases involving the ten identified claimants including the existence of joint defense agreements or other materials which would allow sharing of information by other parties with Plaintiffs in the limited cases mindful Plaintiffs may be able to fully answer the admissions rather than broadly claiming a lack of custody or knowledge and otherwise seemingly using word games to avoid answering, mindful we anticipate the parties will depose each other and presumably third parties which may better allow the specificity sought by Philadelphia Spine Associates and Doctors, and further uncertain as to which issues remain outstanding after Plaintiffs' amended responses as to the two claimants where Plaintiffs admit access to the data, it is **ORDERED** we **DENY without prejudice**

Philadelphia Spine Associates and Doctors Piccillo and Harvey's Motion to compel (ECF 203) is to be renewed only after:

1. Confirming (e.g., by document review or third-party depositions as warranted for the alleged ten claimants at issue) the nature of Plaintiffs' litigation co-Defendant relationships with their drivers and others which would allow Plaintiffs access to information in underlying litigations after dismissal (and thus available to them for production) and then identifying deficiencies in the amended responses after collectively working to address facts (not opinions) and avoiding lawyer wordsmithing; and,

2. Meaningfully meeting and conferring (not just email) with each trial counsel to allow Philadelphia Spine Associates and Doctors to file a Memorandum not exceeding four pages **showing cause** as to why we should not now appoint the Honorable Thomas I. Vanaskie (*Ret.)* or another qualified person extensively experienced in RICO discovery, trial practice, and the Federal Rules of Civil Procedure and Evidence as a Rule 53 Special Discovery Master in accord with their normal terms to promptly address anticipated referred discovery motions over the next several weeks like the presently denied Motion (ECF 203) possibly warranting a detailed line-by-line review of concerns including as to privilege better evaluated over an extended conference with the Special Discovery Master leading to a proposed Order for our review subject to timely objections on a clear error of law basis.

**KEARNEY, J.**