**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SIMON & SIMON, P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, AND LANCE YARUS,<br><br>Defendants. | : | CIVIL ACTION<br><br>No. 2:25-cv-05365-MAK |

**DEFENDANTS SIMON & SIMON, P.C. AND MARC SIMON'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON RICO STANDING AGAINST UBER TECHNOLOGIES, INC.**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants Simon & Simon, P.C. and Marc Simon (the "Simon Parties") submit this Motion for Partial Summary Judgment on RICO Standing against Plaintiffs Uber Technologies, Inc. ("Uber").

1. While this Court has set December 9, 2026 for the filing of summary judgment motions, "a party against whom a claim, counterclaim, or cross-claim is made may move for summary judgment 'at any time.'" *Nat'l Ass'n For Stock Car Auto Racing, Inc. v. Scharle,* 184 Fed. Appx. 270, 273 (3d Cir. 2006) (quoting Fed. R. Civ. P. 56(b))

2. The Simon Parties file this motion for partial summary judgment now, without waiver of the right to file another motion on these and other issues on December 9, because undisputed discovery admissions by Uber have revealed that Uber's claims fail at the threshold for lack of RICO standing.

3. Consistent with Fed. R. Civ. P. 1's mandate that the Rules of Civil Procedure be

"construed, administered, and employed by the court and parties to secure the just, speedy, and inexpensive determination of every action and proceeding," the Court should grant this motion for partial summary judgment now.

4. Uber commenced this action nearly a year ago alleging that the Simon Parties' conduct directly caused it harm. *See* Statement of Undisputed Material Facts ("SOF") ¶¶ 1-3; ECF 1, Comp. ¶ 146 (alleging that Uber "has been forced to incur legal costs in defending these lawsuits in excess of what would otherwise have been required" and that "[t]hese costs have included out-of-pocket costs, including attorney's fees, fees for independent medical examiners, and costs and expenses related to discovery to investigate the false statements and unnecessary treatments that resulted from the scheme.").

5. After the Simon Parties moved to dismiss the original Complaint, arguing that Uber lacked RICO standing (SOF ¶¶ 4-5; ECF 51, ¶ 2), Uber amended the complaint and alleged: "***Uber has incurred substantial expense, including defense costs, in litigating and settling false or artificially inflated claims***… These expenses include attorneys' fees, fees for independent medical examiners, costs and expenses related to discovery to investigate the false statements and unnecessary treatments, and costs from inflated settlements…" SOF ¶¶ 6-8; ECF 71 ¶ 440.

6. The Simon Parties again moved to dismiss the Amended Complaint based on lack of RICO standing because Uber's allegations of harm were not plausible. SOF ¶¶ 9-10; ECF 82-1 at 20-21.

7. Uber opposed the Motion, telling this Court that: "Uber has specifically alleged that it 'incurred . . . settlement expenses that would not have otherwise been incurred' and that it 'has been forced to incur legal expense' including 'costs from inflated settlements in reliance on the fraud that resulted from the scheme . . . .' At this stage, the Court must take these factual

allegations as true." SOF ¶¶ 11-12; ECF 86 at 18.

8. The Court relied on Uber's allegations and allowed this case to proceed into discovery. SOF ¶¶ 13-15; ECF 99 at 35.

9. Now, in discovery, Uber has admitted that "***With respect to costs such as settlements and attorney fees, payments were made by Farmers.*** The source documents that the Simon Defendants seek are not in Uber's possession." SOF ¶ 24; SIMONAPPX000031; ECF 193 at 2 (emphasis added).

10. Uber has now also produced documents making it even clearer that Farmers directly pays Uber's legal bills in the underlying state court matters based on an insurance policy between an Uber subsidiary named Rasier, LLC and Farmers under which Uber and Uber drivers are additional insureds. SOF ¶¶ 26-29; SIMONAPPX000100-106; SIMONAPPX000039-99.

11. And to the extent Farmers is reimbursed, it is not by Uber Technologies, Inc., but rather by another insurance company, "Aleka Insurance, Inc.," through complex reinsurance agreements. SOF ¶¶ 27-29; SIMONAPPX000074, 44. This undisputed evidence produced by Uber establishes that Plaintiff Uber Technologies, Inc. makes none of the payments at issue.

12. Further, any hypothetical payments by Uber (such as to fund Aleka in order for Aleka to make reimbursement payments to Farmers) would be too many steps removed to satisfy RICO's strict proximate causation standards.

13. Indeed, the U.S. Supreme Court has held "to state a claim under civil RICO, the plaintiff is required to show that a RICO predicate offense 'not only was a 'but for' cause of his injury, but was the proximate cause as well.'"[1]

[1] *Hemi Group, LLC v. City of New York, N.Y.*, 559 U.S. 1, 9 (2010) (quoting *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268 (1992)).

14. The concept of Uber funding Aleka – in order for Aleka to make contractually guaranteed indemnity payments to Farmers, on behalf of Rasier, to reimburse Farmers for payments that Farmers paid in connection with the underlying cases under an insurance policy between Rasier and Farmers – goes well beyond the first step in the causal chain. If a "theory of causation requires [the court] to move well beyond the first step, that theory cannot meet RICO's direct relationship requirement."[2]

15. Indeed, Aleka's payments to Farmers on behalf of Rasier are in essence "reinsurance" payments. Reinsurers who are end payors on allegedly fraudulent litigation claims do not have RICO standing because their losses are too far removed from the alleged RICO violation to constitute a RICO injury.[3]

16. Thus, because Uber has now admitted that it has no out-of-pocket losses as required for RICO standing, and because any injury Uber (or its affiliates) could even potentially claim to have hypothetically suffered would be insufficiently direct for proximate causation regardless, these undisputed facts warrant summary judgment now.

17. Daunting, harassing, intrusive and expansive discovery is set to occur over the next few months. Since Uber has now admitted that it lacks RICO standing, it would be patently unfair to allow this matter to continue and subject the Simon Parties to massive discovery costs. It will also be an incredible waste of judicial resources to allow this matter to proceed through discovery and for this court to have to sort through a myriad summary judgment issues when, by its own admission, Uber cannot even sustain its standing/injury burden.

18. This Court clearly has the evidence, authority and discretion to dismiss Uber's

[2] *Hemi Group*, 559 U.S. at 10.
[3] *Roosevelt Road Re, Ltd. v. Subin*, 2026 WL 2108399 (2d Cir. July 22, 2026).

claims now.

**WHEREFORE**, the Simon Parties respectfully request that the Court enter summary judgment dismissing with prejudice all claims brought by Uber in the Amended Complaint.

Dated: September 2, 2026

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Daniel E. Rhynhart*
James T. Smith (I.D. No. 39333)
Daniel E. Rhynhart (I.D. No. 78248)
Rebecca D. Ward (I.D. No. 79547)
Michael A. Stoolman (I.D. No. 326117)
Maegan S. Spitzer (I.D. No. 335905)
One Logan Square, 130 N. 18th Street
Philadelphia, PA 19103
Phone: (215) 569-5371
Email: Jim.Smith@BlankRome.com
Dan.Rhynhart@BlankRome.com
Rebecca.Ward@BlankRome.com
Michael.Stoolman@BlankRome.com
Maegan.Spitzer@BlankRome.com

*Attorneys for Defendants*
*Simon & Simon, P.C. and Marc Simon*

**CERTIFICATE OF SERVICE**

I, Daniel E. Rhynhart, hereby certify that on September 2, 2026, a true and correct copy of the foregoing was served via ECF on all counsel of record.

*/s/ Daniel E. Rhynhart*
Daniel E. Rhynhart