# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br><br>**Defendants.** | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**PLAINTIFF UBER TECHNOLOGIES, INC.'S RESPONSES AND OBJECTIONS TO SIMON & SIMON'S FIRST SET OF INTERROGATORIES**

Plaintiff Uber Technologies, Inc. ("Uber") hereby provides the following responses and objections (collectively, "Responses") to Defendants Simon & Simon P.C. and Marc Simon's First Set of Interrogatories.

**PRELIMINARY STATEMENT**

No admissions of any nature whatsoever are implied or should be inferred from the Responses set forth below, and the Responses are made solely for the purpose of this lawsuit and shall not be used in any other proceeding. The Responses do not constitute any agreement or concession that the subject matter is relevant to this action, and any information provided by Uber shall be provided without waiving any objection, including but not limited to relevance, privilege, or admissibility. Each Response is based on Uber's current knowledge, understanding, and belief with respect to the matters addressed in each of the Interrogatories. Without in any way undertaking an obligation to do so, Uber reserves the right to alter, supplement, amend, or

otherwise modify these Responses in light of additional facts revealed through subsequent inquiry and investigation. Subject to this Preliminary Statement, Uber makes the following general objections.

**GENERAL OBJECTIONS**

These general objections ("General Objections") apply to each Interrogatory and shall have the same force and effect as if set forth in full in response to each individual Interrogatory. Asserting the same, similar, or additional specific objections in response to a particular Interrogatory does not waive or modify any of these General Objections. Documents that fall within any of the categories of General Objections will not be produced, unless specifically stated below in response to a specific Interrogatory. Any inadvertent disclosure of such documents or other information shall not be deemed a waiver of any objection.

1. Uber objects to, and declines to be bound by, these Interrogatories and the Instructions to the extent that they purport to impose obligations on Uber greater than those required by the Federal Rules of Civil Procedure ("Rules"), the Local Rules of the Eastern District of Pennsylvania, any other applicable rules, any applicable orders of this Court, or any stipulations of the parties.

2. Uber objects to the Interrogatories to the extent that they seek production of documents or information protected from disclosure by the attorney-client privilege, work-product protection, or any other applicable privilege or protection. Any information disclosed in response to the Interrogatories is disclosed without waiving each of these privileges or protection. Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

3. Uber objects to the Interrogatories to the extent they assume the existence of facts or documents that do not exist or the occurrence of events that did not occur. Any response

of Uber to a Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in or implied by the Request exists or is accurate.

4. Uber objects to the Interrogatories to the extent they require production of documents that do not exist; that are not in Uber's possession, custody, or control; or that are equally available to Plaintiff.

5. Uber objects to the Interrogatories to the extent they are vague, ambiguous, susceptible of multiple meanings, or include terms that are undefined. Uber will respond to the Interrogatories based on its understanding of the Interrogatories.

6. Uber objects to the Interrogatories to the extent they seek private, confidential, financial, or proprietary information or trade secrets that is not covered by the confidentiality agreement among the parties.

7. Uber objects to the Interrogatories to the extent they are premature. Uber's investigation is ongoing. The following responses are based on Uber's present knowledge, information, and belief and are complete as to the best of Uber's knowledge at this time. Uber reserves the right to supplement or amend its responses as further information becomes known.

8. Uber objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative and seek information and documents that can be obtained from sources that are more convenient, less burdensome, and/or less expensive.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1: Identify the Person(s) at Uber most knowledgeable about the decision to settle or defend each of the Underlying Uber Actions and the factual basis for that decision.**

Uber objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving

the foregoing general and specific objections, Uber identifies Andy Parr, Vice President and Head of Insurance, as an appropriate witness to speak to the information sought in this Interrogatory.

**INTERROGATORY NO. 2: Identify the Person(s) at Uber who authorized each of the settlements in the Underlying Uber Actions that were executed prior to September 18, 2025.**

Uber objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, Uber identifies Andy Parr, Vice President and Head of Insurance, as an appropriate witness to speak to the information sought in this Interrogatory.

**INTERROGATORY NO. 3: Identify the Person(s) at Uber who authorized each of the settlements in the Underlying Uber Actions that were executed on or after September 18, 2025 and describe why Uber settled those cases after representing to a federal court that those cases were fraudulent in the Original Complaint and Amended Complaint.**

Uber objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, Uber identifies Andy Parr, Vice President and Head of Insurance, as an appropriate witness to speak to the information sought in this Interrogatory.

**INTERROGATORY NO. 4: Identify the Person(s) at Uber most knowledgeable about the DIME Reports in each of the Underlying Uber Actions.**

Uber objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Uber further objects to this Interrogatory as it seeks information outside of Uber's possession, custody, or control. Individuals at Farmers Insurance and counsel for the independent drivers will be most knowledgeable about the DIME reports in each of the Underlying Uber Actions.

**INTERROGATORY NO. 5: For each Underlying Uber Action, did Uber receive the DIME Report submitted in that Underlying Uber Action prior to settling that Underlying Uber Action? If so, explain why Uber settled the Underlying Uber Action(s) after receiving the DIME Report(s).**

Uber objects to this Interrogatory because settlement decisions are inherently based on a range of factors, and Uber has alleged reliance by third parties in addition to itself. Uber further objects to this Interrogatory on the grounds that it seeks information protected by the attorney work-product doctrine.

**INTERROGATORY NO. 6: Identify the circumstances surrounding Uber's discovery of the mail and wire fraud it alleges in the Original Complaint and the Amended Complaint, including but not limited to the date that Uber discovered the alleged mail and wire fraud, from whom Uber learned of the alleged mail and wire fraud, and the manner in which Uber discovered the alleged mail and wire fraud.**

Uber objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, Uber had concerns in or about 2024, as it received medical records produced by Clifton Burt. Uber sought discovery into Burt's involvement in these cases over a period of time ranging from October 2024 through May 2025. The investigation that uncovered the facts outlining the scheme as alleged in the Original Complaint was conducted following Simon & Simon's voluntary dismissals of Uber from these cases.

**INTERROGATORY NO. 7: Identify the amount of money, if any, that Uber (not Farmers or any other Person) paid in: i) attorneys' fees; ii) costs; iii) settlements; and iv) verdicts for each of the Underlying Uber Actions, and the person(s) at Uber most knowledgeable about this subject matter. If Rasier, Aleka, or any other affiliate paid any portion (or all) of the amounts of money responsive to this Interrogatory, indicate as such in the response.**

Uber objects to this Interrogatory because Uber is entitled to recover its full damages incurred as a result of the scheme under the collateral source rule. At this time, Uber has paid the following approximate costs in each of the Underlying Uber Actions as of July 1, 2026:

- **Adams, Ericka:** $72,015.45
- **Akins, Heavin:** $90,150.46
- **Bailey, Yasmeen:** $31,632.36
- **Coleman, Rashondah:** $86,534.65
- **Coriano, Jazmyn:** $71,939.11
- **Drayton, James:** $52,190.09
- **Fulton, Geraldine:** $138,556.13

- **Harvey, Deniece:** $88,190.51
- **Hughes-Crawley, Ronae:** $70,394.02
- **Jefferson, Jonathan:** $114,798.69
- **Johnson, Bahijah:** $96,410.21
- **Larke, Rasheed:** $81,590.62
- **Melendez, Jajaira:** $89,984.23
- **Pace, Samir:** $63,000
- **Robinson, Jeffrey:** $ 124,440.90
- **Samuel, Dajuan:** $70,753.36
- **Santiago, Enrique:** $28,261.22
- **Simmons, Heaven:** $77,070.36
- **Speaks, Dajuan:** $67,349.62
- **Sullivan, Racquel:** $111,369.64
- **Walker, Tenisha:** $ 92,682.91
- **Wilkerson, Melvin:** $80,197.10
- **Woodson, Denita:** $ 77,636.62

**INTERROGATORY NO. 8: Identify specifically the amount of money, if any, that Uber has paid in premiums for insurance policies that covered/cover the Underlying Uber Actions, and the person(s) at Uber most knowledgeable about this subject matter. If Rasier, Aleka, or any other affiliate paid any portion (or all) of the amounts of money responsive to this Interrogatory, indicate as such in the response.**

Uber objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense in this case.

**INTERROGATORY NO. 9: Identify the amount of money, if any, that Uber has paid, in increases in premiums for insurance policies as a result of the conduct alleged in the Original Complaint and Amended Complaint, and the person(s) at Uber most knowledgeable about this subject matter. If Rasier, Aleka, or any other affiliate paid any portion (or all) of the amounts of money responsive to this Interrogatory, indicate as such in the response.**

Uber objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense in this case.

**INTERROGATORY NO. 10: Identify the Person(s) working for Uber who are most knowledgeable about Uber's decision to bring this RICO action and the Other RICO Actions, including without limitation whether that decision was approved by Uber's General Counsel, Chief Executive Officer, Chief Financial Officer, Chief Risk Officer, Uber's Board of Directors, and/or any other officer or director of Uber.**

Uber objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Uber further objects to this Interrogatory as it seeks information that is not relevant to any claim or defense in this case. Uber further objects to this Interrogatory because discovery on Plaintiffs' counterclaims is stayed.

**INTERROGATORY NO. 11: Identify the amount of money, including fees and costs paid to Perkins Coie, that Uber has spent bringing this RICO action, and the person(s) at Uber most knowledgeable about this subject matter.**

Uber objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Uber further objects to this Interrogatory as premature. Uber intends to seek its fees at the conclusion of this case under RICO's fee shifting provision. These fees continue to grow.

**INTERROGATORY NO. 12: Identify the amount of money Uber spends annually on tort reform efforts, including but not limited to lobbying and marketing for tort reform legislation, and the person(s) at Uber most knowledgeable about this subject matter.**

Uber objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense in this case.

**INTERROGATORY NO. 13: Identify the total amount of money, including fees, costs, settlements, and verdicts that Uber has spent in connection with every lawsuit filed by Simon & Simon.**

Uber objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense in this case.

**INTERROGATORY NO. 14: Identify the amount of money, including fees, costs, settlements, and verdicts that Uber has spent in paying out personal injury claims across**

**the United States, and specifically in Pennsylvania, New York, Florida and California, and the person(s) at Uber most knowledgeable about this subject matter.**

Uber objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense in this case.

**INTERROGATORY NO. 15: Identify who at Uber made the decision to seek the surrender of Marc Simon's law license in this RICO action.**

Uber objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Uber further objects to this Interrogatory as it seeks information that is not relevant to any claim or defense in this case. Uber further objects to this Interrogatory because discovery on Plaintiffs' counterclaims is stayed.