# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br><br>**Defendants.** | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**PLAINTIFF UBER TECHNOLOGIES, INC.'S RESPONSES AND OBJECTIONS TO SIMON & SIMON'S FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiff Uber Technologies, Inc. ("Uber") hereby provides the following responses and objections (collectively, "Responses") to Defendants Simon & Simon P.C. and Marc Simon's First Set of Requests for Production.

## PRELIMINARY STATEMENT

No admissions of any nature whatsoever are implied or should be inferred from the Responses set forth below, and the Responses are made solely for the purpose of this lawsuit and shall not be used in any other proceeding. The Responses do not constitute any agreement or concession that the subject matter is relevant to this action, and any information provided by Uber shall be provided without waiving any objection, including but not limited to relevance, privilege, or admissibility. Each Response is based on Uber's current knowledge, understanding, and belief with respect to the matters addressed in each of the Requests. Without in any way undertaking an obligation to do so, Uber reserves the right to alter, supplement, amend, or otherwise modify these

Responses in light of additional facts revealed through subsequent inquiry and investigation. Subject to this Preliminary Statement, Uber makes the following general objections.

## GENERAL OBJECTIONS

1. Uber objects to, and declines to be bound by, these Requests and the Instructions to the extent that they purport to impose obligations on Uber greater than those required by the Federal Rules of Civil Procedure ("Rules"), the Local Rules of the Eastern District of Pennsylvania, any other applicable rules, any applicable orders of this Court, or any stipulations of the parties.

2. Uber objects to the Requests to the extent that they seek production of documents or information protected from disclosure by the attorney-client privilege, the common interest privilege, work-product protection, or any other applicable privilege or protection. Any information disclosed in response to the Requests is disclosed without waiving each of these privileges or protection. Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

3. Uber objects to the Requests to the extent they assume the existence of facts or documents that do not exist or the occurrence of events that did not occur. Any response of Uber to a Request is not intended to be, and shall not be construed as, an admission that any factual predicate stated in or implied by the Request exists or is accurate.

4. Uber objects to the Requests to the extent they require production of documents that do not exist; that are not in Uber's possession, custody, or control; or that are equally available to Defendants.

5. Uber objects to the Requests to the extent they are vague, ambiguous, susceptible of multiple meanings, or include terms that are undefined. Uber will respond to the Requests based on its understanding of the Requests.

6. Uber objects to the Requests to the extent they seek private, confidential, financial, or proprietary information or trade secrets before the entry of a protective order that adequately protects Uber's confidential and highly confidential information.

7. Uber objects to the Requests to the extent they are premature. Uber's investigation is ongoing. The following responses are based on Uber's present knowledge, information, and belief and are complete as to the best of Uber's knowledge at this time. Uber reserves the right to supplement or amend its responses as further information becomes known.

8. Uber objects to the Requests to the extent they are unreasonably cumulative or duplicative and seek information and documents that can be obtained from sources that are more convenient, less burdensome, and/or less expensive.

9. Uber objects to the Requests to the extent that Uber does not yet know the full scope of the scheme. Uber reserves the right to supplement any response as Uber is able to ascertain the full scope of the scheme and the claims at issue through discovery.

10. Uber objects to the Requests to the extent that they are overbroad and unduly burdensome, particularly given that they lack a date limitation. Uber further objects to the Requests to the extent that they require any search beyond identified custodians and appropriate search terms.

11. Certain of the Requests call for information that is outside of Uber's possession, custody, or control. Uber objects to the Requests to the extent they call for such information.

12. Each of these General Objections is incorporated into the Specific Responses and Objections below.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1: All Documents and Communications relating to or discussing Marc Simon and/or Simon & Simon, P.C.**

Uber objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. Uber further objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this case. Subject to and without waiving the foregoing general and specific objections, Uber will search for and produce non-privileged documents responsive to this Request for pattern cases regarding the scheme.

**REQUEST NO. 2: All Documents and Communications relating to or discussing: Clifton Burt; Premier Pain & Rehab Center, P.C.; Ethel Harvey; Daniel Piccillo; Philadelphia Spine Associates, LLC; and/or Lance Yarus.**

Uber objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. Uber further objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this case. Subject to and without waiving the foregoing general and specific objections, Uber will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 3: All Documents and Communications comprising the entire claims files for each of the Underlying Uber Actions.**

Uber objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. Uber further objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this case. Subject to and without waiving the foregoing general and specific objections, Uber will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 4: Documents sufficient to demonstrate the date that Uber first discovered the mail and wire fraud alleged in the Original Complaint and Amended Complaint, including without limitation all internal and external Communications about that discovery.**

Uber objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. Uber further objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this case. Subject to and without waiving the foregoing general and specific objections, Uber will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 5: All Documents and Communications relating to Uber's investigation into the mail and wire fraud it alleges in the Original Complaint and Amended Complaint, including but not limited to the entirety of all special investigation unit files pertaining to this RICO action and/or any of the Underlying Uber Actions.**

Uber objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. Uber further objects to this Request to the extent it seeks information that is not relevant to any claim or defense in this case. Subject to and without waiving the foregoing general and specific objections, Uber will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 6: All external Communications with any third parties or governmental agencies related to the mail and wire fraud alleged in the Original Complaint and Amended Complaint.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**REQUEST NO. 7: All Documents and Communications relating to Uber's alleged injury in this case, including Documents sufficient to demonstrate whether Uber (not Farmers or any other Person) paid any money towards the settlements or verdicts in the Underlying Uber Actions or any money towards the fees and costs incurred in litigating the Underlying Uber Actions.**

Subject to and without waiving the foregoing general objections, Uber will produce documents sufficient to prove its damages in this case.

**<u>REQUEST NO. 8:</u> All Documents that served as a source of information for the spreadsheet titled "RULE 408 MATERIAL – Uber Empirical Basis for Damages.xlsx", including but not limited to all Documents and Communications related to or demonstrating the figures entered in the column titled "Uber's Injury by Reason of Racketeering Activity."**

Uber objects to this Request to the extent it improperly utilizes settlement communications as a basis for discovery and seeks information not relevant to any claim or defense in this case. Uber further objects to this Request to the extent it seeks information duplicative of the information sought in Request No. 7. Subject to and without waiving the foregoing general and specific objections, Uber will produce documents sufficient to prove its damages in this case.

**<u>REQUEST NO. 9:</u> All insurance policies and contracts, including without limitation all related documents such as riders, schedules, and declarations pages, with Farmers or any other insurer that are applicable to any of the Underlying Uber Actions.**

Uber objects to this Request to the extent it seeks information not relevant to any claim or defense in this case. Uber further objects to this Request to the extent it seeks information duplicative of the information sought in Request No. 7. Subject to and without waiving the foregoing general and specific objections, Uber will produce documents sufficient to prove its damages in this case.

**<u>REQUEST NO. 10:</u> Documents sufficient to demonstrate Uber's premiums owed to Farmers or any other insurer under insurance policies that cover personal injury liability caused by Uber drivers, including Documents and Communications demonstrating whether such premiums were actually paid by Uber.**

Uber objects to this Request to the extent it seeks information not relevant to any claim or defense in this case. Uber further objects to this Request to the extent it seeks information

duplicative of the information sought in Request No. 7. Subject to and without waiving the foregoing general and specific objections, Uber will produce documents sufficient to prove its damages in this case.

**REQUEST NO. 11: All Documents and Communications reflecting the identity of the Person(s) who paid the costs and expenses that Uber is claiming as injury in this case, including without limitation the amounts paid and to whom for each of the Underlying Uber Actions.**

Uber objects to this Request to the extent it seeks information not relevant to any claim or defense in this case. Uber further objects to this Request to the extent it seeks information duplicative of the information sought in Request No. 7. Subject to and without waiving the foregoing general and specific objections, Uber will produce documents sufficient to prove its damages in this case.

**REQUEST NO. 12: All checks, bank statements, wire transfer records, ACH records, ledgers, balance sheets, cash flow statements, financial statements, and other accounting books and records related to payments of the costs and expenses that Uber is claiming as injury in this case.**

Uber objects to this Request to the extent it seeks information not relevant to any claim or defense in this case. Uber further objects to this Request to the extent it seeks information duplicative of the information sought in Request No. 7. Subject to and without waiving the foregoing general and specific objections, Uber will produce documents sufficient to prove its damages in this case.

**REQUEST NO. 13: All checks, bank statements, wire transfer records, ACH records, ledgers, balance sheets, cash flow statements, financial statements, and other accounting books and records relating to payment to or from Aleka Insurance, Inc. for any amount of the costs or expenses that Uber is claiming as injury this case, or relating to payment for any**

**amount of the premiums Uber pays to Farmers or other insurers for insurance policies that cover/covered the Underlying Uber Actions.**

Uber objects to this Request to the extent it seeks information not relevant to any claim or defense in this case. Uber further objects to this Request to the extent it seeks information duplicative of the information sought in Request No. 7. Subject to and without waiving the foregoing general and specific objections, Uber will produce documents sufficient to prove its damages in this case.

**REQUEST NO. 14: All checks, bank statements, wire transfer records, ACH records, ledgers, balance sheets, cash flow statements, financial statements, and other accounting books and records relating to payment to or from Uber's insurance reserves for any amount of the costs or expenses that Uber is claiming as injury in this case, or relating to payment for any amount of the premiums Uber pays to Farmers or other insurers for insurance policies that cover/covered the Underlying Uber Actions.**

Uber objects to this Request to the extent it seeks information not relevant to any claim or defense in this case. Uber further objects to this Request to the extent it seeks information duplicative of the information sought in Request No. 7. Subject to and without waiving the foregoing general and specific objections, Uber will produce documents sufficient to prove its damages in this case.

**REQUEST NO. 15: All Documents and Communications related to the DIME Reports procured in each Underlying Uber Action.**

Uber objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, Uber will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 16: All Documents and Communications reflecting Uber's authorization of the settlements in each of the Underlying Uber Actions that have settled.**

Uber objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, Uber will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 17: All Documents and Communications relating to the strengths and weaknesses of Uber's and/or its driver's defenses in the Underlying Uber Actions.**

Uber objects to this Request because it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Uber will not produce documents in response to this Request.

**REQUEST NO. 18: All Documents and Communications reflecting any policies, procedures, training manuals, or protocols that Uber has in place for addressing supposed or suspected fraudulent litigation.**

Uber objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, Uber will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 19: All Documents and Communications relating to Uber's decision to join in the settlement of each Underlying Uber Action that resulted in settlement.**

Uber objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, Uber will search for and produce non-privileged documents responsive to this Request.

**<u>REQUEST NO. 20:</u> All Documents and Communications relating to settlements of Underlying Uber Actions after the filing of the Original Complaint and/or the Amended Complaint.**

Uber objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, Uber will search for and produce non-privileged documents responsive to this Request.

**<u>REQUEST NO. 21:</u> All Documents and Communications demonstrating that any Defendant's alleged conduct caused Uber to pay legal fees and settlements rather than continue disputing the Underlying Uber Actions on the merits.**

Uber objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, Uber will search for and produce non-privileged documents responsive to this Request.

**<u>REQUEST NO. 22:</u> All Documents and Communications relating to Uber's or anyone's alleged reliance on any alleged misrepresentations set forth in the Original Complaint and Amended Complaint.**

Uber objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, Uber will search for and produce non-privileged documents responsive to this Request.

**<u>REQUEST NO. 23:</u> All Documents and Communications with Wilson Elser related to any of the Underlying Uber Actions.**

Uber objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Uber will not produce documents in response to this Request.

**REQUEST NO. 24: All Documents and Communications with Farmers, the Law Offices of Jessica Adams, the Law Offices of Carolyn M. Angelaccio, and/or John P. Silli related to any of the Underlying Uber Actions.**

Uber objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, Uber will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 25: All Documents and Communications with Zarwin Baum related to any of the Underlying Uber Actions.**

Uber objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Uber will not produce documents in response to this Request.

**REQUEST NO. 26: All Documents and Communications with McCormick & Priore related to any of the Underlying Uber Actions.**

Uber objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Uber will not produce documents in response to this Request.

**REQUEST NO. 27: All Documents and Communications relating to any of the doctors who prepared the DIME Reports.**

Uber objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the

foregoing general and specific objections, Uber will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 28: All Documents and Communications related to the voluntary dismissals of Uber in the Underlying Uber Actions.**

Uber objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, Uber will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 29: All Documents and Communications related to the drafting and/or preparation of the settlement agreement in each of the Underlying Uber Actions that have resulted in settlements.**

Uber objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, Uber will search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 30: All Documents and Communications relating to why Uber pays settlements and/or verdicts (or other costs related to settlements and/or verdicts) for Uber drivers' negligence when Uber takes the position that Uber drivers are independent contractors.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber further objects to this Request to the extent it calls for information protected by the attorney-client privilege or the attorney work-product doctrine. Uber will not produce documents in response to this Request.

**<u>REQUEST NO. 31:</u> All Documents and Communications supporting a good faith basis (if any) for Uber filing the Original Complaint and the Amended Complaint.**

Uber objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. Uber further objects to this Request on the grounds that discovery into Defendants' counterclaims is stayed. Uber will not produce documents in response to this Request.

**<u>REQUEST NO. 32:</u> All Documents and Communications relating to or discussing Uber's decision to file the Original Complaint and the Amended Complaint.**

Uber objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine. Uber further objects to this Request on the grounds that discovery into Defendants' counterclaims is stayed. Uber will not produce documents in response to this Request.

**<u>REQUEST NO. 33:</u> All Documents and Communications exchanged between Uber and FedEx related to this lawsuit.**

Uber objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the attorney work-product doctrine, including the common interest privilege. Uber further objects to this Request on the grounds that discovery into Defendants' counterclaims is stayed. Uber will not produce documents in response to this Request.

**<u>REQUEST NO. 34:</u> All Documents and Communications relating to or discussing Uber's decision to file the Other RICO Actions.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber further objects to this Request to the extent it calls for information

protected by the attorney-client privilege or the attorney work-product doctrine. Uber will not produce documents in response to this Request.

**REQUEST NO. 35: All Documents and Communications relating to Uber bringing and litigating RICO cases against personal injury law firms.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber further objects to this Request to the extent it calls for information protected by the attorney-client privilege or the attorney work-product doctrine. Uber will not produce documents in response to this Request.

**REQUEST NO. 36: All Documents and Communications relating to Uber's tort reform efforts.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case and/or has been stayed to the extent it relates to Defendants' counterclaims. Uber further objects to this Request to the extent it calls for information protected by the attorney-client privilege or the attorney work-product doctrine. Uber will not produce documents in response to this Request.

**REQUEST NO. 37: All Documents and Communications relating to Uber's rationale for classifying Uber drivers as independent contractors.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber further objects to this Request to the extent it calls for information protected by the attorney-client privilege or the attorney work-product doctrine. Uber will not produce documents in response to this Request.

**REQUEST NO. 38: All Documents and Communications relating to the risks arising from Uber drivers' torts and crimes.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber further objects to this Request to the extent it calls for information protected by the attorney-client privilege or the attorney work-product doctrine. Uber will not produce documents in response to this Request.

**REQUEST NO. 39: All Documents and Communications relating to Uber's payments of fees and costs to Perkins Coie in connection with this action.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber further objects to this Request to the extent it calls for information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing general and specific objections, Uber will produce applicable materials at the required time in connection with its fee application.

**REQUEST NO. 40: All Documents and Communications relating to Uber's decision to demand the surrender of Marc Simon's law license.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber further objects to this Request to the extent it calls for information protected by the attorney-client privilege or the attorney work-product doctrine or are otherwise in Defendants' possession. Uber further objects to this Request because discovery into Defendants' counterclaims is stayed. Uber will not otherwise produce documents in response to this Request.

**REQUEST NO. 41: All Documents and Communications relating to Uber's fees and costs incurred on account of personal injury litigation across the United States and, specifically, in Pennsylvania, New York, Florida, and California.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**<u>REQUEST NO. 42:</u> All Documents and Communications related to Uber's lobbying efforts, including Uber's efforts to secure legislation that would immunize it from liability for accidents caused by Uber drivers.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**<u>REQUEST NO. 43:</u> All Documents and Communications related to Uber's insurance structure, including as represented to the California state legislature on July 16, 2025.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**<u>REQUEST NO. 44:</u> All Documents and Communications related to any training that Uber implements for its drivers.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**<u>REQUEST NO. 45:</u> All Documents and Communications related to any measures taken to prevent accidents and crimes caused by Uber drivers.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**<u>REQUEST NO. 46:</u> All Documents and Communications related to Uber's internalization of insurance risk through use of Aleka Insurance, Inc.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**<u>REQUEST NO. 47:</u> Documents sufficient to demonstrate how much Uber's self-funded insurance reserves have grown year over year for the last seven years.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**REQUEST NO. 48: Documents sufficient to demonstrate how much of Uber's self-funded insurance reserves have been transferred to cash on Uber's books and records year over year for the last seven years.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**REQUEST NO. 49: All Documents and Communications relating to Uber's decision to remove Case F and Case J from the Amended Complaint.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber further objects to this Request to the extent it calls for information protected by the attorney-client privilege or the attorney work-product doctrine. Uber will not produce documents in response to this Request.

**REQUEST NO. 50: All Documents and Communications relating to the compensation and performance goals of Ramona Prieto, Jill Hazelbaker, Tony West, Javier Correoso, and Adam Blinick.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber will not produce documents in response to this Request.

**REQUEST NO. 51: Uber's personnel organizational chart.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber further objects to this Request on the grounds that it is vague and/or ambiguous. Uber will not produce documents in response to this Request.

**REQUEST NO. 52: Uber's entity organizational charts, including those that reference Rasier and/or Aleka Insurance, Inc.**

Uber objects to this Request as it seeks information that is not relevant to any claim or defense in this case. Uber further objects to this Request on the grounds that it is vague and/or ambiguous. Uber will not produce documents in response to this Request.