# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br><br>**Defendants.** | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**PLAINTIFFS' OPPOSITION TO SIMON & SIMON P.C. AND MARC SIMON'S MOTION TO COMPEL (ECF 191)**

Plaintiffs Simon & Simon, P.C. and Marc Simon's Motion to Compel (ECF 191) was filed in plain violation of Rule III.B of Your Honor's Policies and Procedures and Local Rule 26.1. Its attached certificate neither "describes the opposing party's position" nor certifies "that the parties, after reasonable effort, are unable to resolve the dispute." That is because there is no dispute; only a precipitously filed discovery motion whose transparent aim is to preview the Simon Defendants' insufficient summary judgment arguments rather than accomplish any meaningful discovery objective. The motion should be denied as moot.

***The Identified FedEx Documents.*** The motion's proposed order (ECF 191-11) identifies four categories of documents from FedEx that the Simon Defendants seek to compel: (i) applicable insurance contracts and for each underlying suit; and documents showing (ii) what Person paid the costs that FedEx is claiming as its own injury in this case; (iii) how such payments were made; and (iv) when such payments were made.

With respect to insurance contracts—and as the Simon Defendants were told during the July 29, 2026 meet and confer—there are no FedEx insurance policies under which such expenses would be indemnifiable and no insurance company has been paying FedEx's costs here. FedEx cannot produce documents that do not exist.

With respect to documents showing payment of legal expenses, FedEx has collected and is producing internal ledgers detailing the date, amount, and payee of costs it claims as an injury for each underlying pattern case. FedEx is also in the process of collecting the source documentation underlying these ledgers. Given end of August vacation schedules, FedEx will produce these documents within 21 days, which will provide the Simon Defendants with ample time to review these documents in advance of deposition discovery. FedEx has already stated that it will supplement its responses to Interrogatories 7 and 8 once it has produced these documents.

***The Identified Uber Documents.*** The proposed order identifies five categories of documents from Uber that the Simon Defendants seek to compel: (i) an Insurance Program Agreement between Rasier and Farmers; (ii) indemnity and reinsurance agreements between and among Uber, Aleka, and Farmers; and documents showing (iii) what Person paid the costs that Uber is claiming as its injury; (iv) how such payments were made; and (v) when such payments were made. There is no live dispute because Uber has agreed to conduct a reasonable search for and produce documents responsive to each request.

The Insurance Program Agreement that the Simon Defendants reference does not set out coverage terms relating to the underlying lawsuits and hence is not relevant to damages or standing. Uber has already produced the insurance policies between Uber and Farmers for the underlying cases and is in the process of collecting Aleka agreements, with such production to be completed within the next fourteen days. The insurance policies and reinsurance agreements provide any information that the Simon Defendants may need.

With respect to costs such as settlements and attorney fees, payments were made by Farmers. The source documents that the Simon Defendants seek are not in Uber's possession. During the meet and confer process, the parties agreed to draft a joint subpoena directed at Farmers, and counsel for the Simon Defendants agreed to circulate an initial draft. *See* ECF 191-09 at 5. Uber is still waiting for that promised draft and intends to provide edits if necessary to ensure documents sufficient to show payment of costs are captured within the subpoena's scope. As with FedEx, once this information has been collected from Farmers, Uber has already said that it will supplement its responses to Interrogatories 7 and 8.

***The Remaining Requested Relief.*** Finally, the Simon Defendants seek an order that Plaintiffs "shall produce," without qualification, the documents requested in Uber Requests 7, 8, 9, 10,

11, 12, 13, and 14 and FedEx Requests 7, 8, 9, 10, 11 and 12. This requested relief should be denied for three reasons.

First, this relief is unnecessary. With respect to each of these requests, Plaintiffs have already agreed to produce documents sufficient to prove RICO standing and damages in this case and are in the process of completing that production. And as discussed above, Plaintiffs are in the process of collecting and producing the additional specific categories of relevant documents that the Simon Defendants want, where such documents exist. To the extent the Simon Defendants identify other categories of relevant, non-privileged documents they believe are responsive to these requests, they should first inform Uber and FedEx of such.

Second, the identified document requests are overbroad and vague and hence a blanket order would be pointlessly burdensome. Almost every one of these requests includes some formulation of a demand for "*all* documents" or "*all* documents and communications" about the given topics. ECF 191-07 at 5-8 and 191-08 at 5-7. The Simon Defendants have provided no boundaries, search terms, or parameters as to the scope of these requests, leaving Uber and FedEx with no guidance as to how to conduct a search or what to search for. Uber and FedEx imposed general objections to these requests on burden and vagueness grounds, and stand on those objections as well-founded. Uber and FedEx are large organizations, and these requests do not provide any readily discernable guidance as to the specific business records that should be produced.

And third, this relief was not briefed in the Simon Defendants' motion. It was inserted into the proposed order without comment. No argument has been advanced to support it. That is reason enough to deny such requested relief.

Dated: August 14, 2026

**ROHN KURLAND, P.C.**

Amy Kurland, Bar No. 37419
AKurland@rohnkurland.com
1700 Market St, Suite 1005
Philadelphia, PA 19103
Telephone: +1.215.770.0320
Facsimile: +1.215.717.9697

**ASHURST PERKINS COIE US LLP**

By: /s/ David W. T. Daniels
David W. T. Daniels
david.daniels@ashurstperkins.com
Michael J. Wadden
michael.wadden@ashurstperkins.com
Sydney Veatch
sydney.veatch@ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

David B. Massey
david.massey@ashurstperkins.com
Jacob Taber
jacob.taber@ashurstperkins.com
William Wilder
will.wilder@ashurstperkins.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

Michael R. Huston
michael.huston@ashurstperkins.com
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
Facsimile: +1.602.648.7000

*Attorneys for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*

Case 2:25-cv-05365-MAK Document 21-3 Filed 08/14/26 Page 6 of 11

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court through the CM/ECF system. By electronically filing, the CM/ECF system shall send notification of such filing to counsel of record for each party and those registered to receive a Notice of Electronic Filing for this case.

Dated: August 14, 2026

**ASHURST PERKINS COIE US LLP**

By: /s/ David W. T. Daniels

David W. T. Daniels
david.daniels@ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

*Counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br><br>**PLAINTIFFS,**<br><br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br><br>**DEFENDANTS.** | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**DECLARATION OF WILLIAM P. WILDER**

1. I am an attorney at Ashurst Perkins Coie US LLP, counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation in the above-captioned matter. I submit this declaration in support of Plaintiffs' Opposition to Simon & Simon P.C. and Marc Simon's Motion to Compel based on my personal knowledge except as otherwise indicated.

2. I have been the attorney principally responsible for the meet and confer process regarding these document requests. I received no notice of the Simon Defendants' intent to file this specific motion and was not solicited for my position on the relief sought therein.

3. On Wednesday, July 29, 2026, I participated in a meet and confer with counsel for the Simon Defendants regarding their discovery requests. David Daniels, Michael Wadden, and I attended this call as counsel for Uber and FedEx. Dan Rhynhart and Michael Stoolman attended this call as counsel for Simon & Simon and Marc Simon. On this call, we agreed to collect and produce relevant and responsive insurance contracts and agreements, as well as documents sufficient to show costs incurred.

4. On Friday, July 31, 2026, in response to an email from Michael Stoolman, I stated via email that I "expect to be able to make a substantial production of Uber documents in response to your requests next week." Exhibit 9 to the Simon Defendants' Motion to Compel, ECF No. 191-9, is a true and correct copy of that email exchange. On Friday, August 7, 2026, I followed through on that statement, and caused to be made a production of documents on all counsel in this case with the Bates numbers of Uber_00142208 through Uber_00143755. This production included, among other things, insurance agreements between Uber entities and Farmers relevant to the claims at issue in this case. At no point in time did I represent to anyone that this production constituted Uber's final production in response to the Simon Defendants' requests.

5. On Saturday, August 8, 2026, at 8:56 p.m., I received an email from Michael Stoolman regarding the above-referenced production. Exhibit 10 to the Simon Defendants' Motion to Compel, ECF No. 191-10, is a true and correct copy of that email exchange. This email referenced specific documents that we were already in the process of identifying, collecting, and producing; did not indicate a specific intent to file a motion to compel; and did not solicit my position on any such motion. Between the time that email was sent and the time the Motion to Compel was filed, I received no communications from Michael Stoolman or any other attorney at Blank Rome LLP regarding Plaintiffs' document productions in this matter.

6. The issues raised in the motion have been resolved and are moot, as would have been confirmed had Mr. Stoolman picked up the phone to call me prior to filing the motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed in Brooklyn, New York, on August 14, 2026.

*/s/ William P. Wilder*
William P. Wilder

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br><br>**PLAINTIFFS,**<br><br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br><br>**DEFENDANTS.** | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**[PROPOSED] ORDER**

AND NOW, this ___ day of ______, 2026, upon consideration of Simon & Simon P.C. and Marc Simon's Motion to Compel (ECF 191), and Plaintiffs' Opposition thereto, it is hereby ORDERED that the Motion is DENIED as MOOT without prejudice to renew if the parties are unable to resolve these issues.

______________________

**KEARNEY, J.**