**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UBER TECHNOLOGIES, INC., *et al.*** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 25-5365** |
| | : | |
| **SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, LANCE YARUS** | : | |

# ORDER

**AND NOW**, this 3rd day of September 2026, upon considering the Simon Defendants' Motion (ECF 215) for leave to file Exhibits under seal in support of their Motion for partial summary judgment (ECF 213) because Plaintiffs decided to preclude public access by redacting certain material without a showing of particularized harm and given our collective obligations to ensure a line by line review of materials, it is **ORDERED** we **DENY** Plaintiffs' Motion (ECF 215) to seal but **GRANT** Plaintiffs leave to, on or before **September 10, 2026**, **show cause** in Memoranda not exceeding seven pages as to why we should not file the unredacted Exhibits and Memorandum (ECF 213-1) consistent with *In re Avandia Marketing*[1] and guided by Chief Judge Connolly's analysis incorporating in large part Special Master Smolla's reasoning in *In re Storag Etzel GmbH*[2].

**KEARNEY, J.**

[1] *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019).

[2] No. 19-mc-209-CFC, 2020 WL 2915781 (D.Del. June 3, 2020) *adopting except for the First Amendment analysis,* 2020 WL 2949742 (D.Del. Mar. 25, 2020).