**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,** <br><br> **Plaintiffs,** <br> **v.** <br><br> **SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,** <br><br> **Defendants.** | CIVIL ACTION <br><br> No: 2:25-cv-05365-MAK |

**PLAINTIFFS' MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS ON THE PATTERN CASE CLAIMANTS**

Plaintiffs seek a limited modification of the Court's June 10, 2026 Scheduling Order (ECF No. 125) to serve Rule 45 subpoenas for production of documents on the Pattern Case Claimants[1] for certain relevant medical records that cannot be obtained from the parties.

## I. The Court should authorize subpoenas to the pattern case claimants because they possess relevant records that cannot be obtained through discovery to the parties.

In its June 10 Order, this Court limited the initial scope of third-party discovery to reduce potential burden on non-parties with respect to discovery that could be obtained from the parties. This motion does not concern such documents. Rather, Plaintiffs seek leave to request from the Pattern Case Claimants a limited set of medical records post-dating their settlements which are directly relevant to the truthfulness of defendant Lance Yarus's representations in the underlying state court cases regarding necessity of future medical treatment. These documents are not otherwise obtainable because defendants have confirmed that they do not possess them. The scope of the proposed subpoenas is narrow and imposes no burden that is not strictly necessary. Most of the Pattern Case Claimants have separate counsel who has already agreed to accept service.

### A. The requested documents are relevant to Plaintiffs' claims.

At trial, Plaintiffs will show that Defendants monetized their fraudulent scheme by obtaining fraudulent life-care plans from Lance Yarus, among others. These reports of projected future medical care needs use as inputs the false medical records concocted by the other Defendants. *See*, *e.g.*, Ex. C to Wilder Decl. at 9-10. Yarus creates a report predicting that because a Pattern Case Claimant required treatment including a radiofrequency ablation (RFA)—a procedure that was not, in fact, medically necessary and that may not even have been performed—he or she would therefore require expensive future medical care for the supposed injuries treated by the RFA. *See*, *e.g.*, *id.* at 12. These fraudulent expert reports substantially inflate potential damages and, therefore, settlement amounts.

[1] The "Pattern Case Claimants" are the claimants in the underlying state court actions that are currently subject to discovery under the Court's June 10, 2026 Scheduling Order (ECF No. 125). These Pattern Clase Claimants include the claimants in referenced in the Complaint and Amended Complaint, as well as the additional 25 claimants identified by Plaintiffs in accordance with that Order.

Yarus's reports are part of the scheme. Yarus previously admitted that in a two-year period, he found that the plaintiff was seriously injured and required substantial lifetime medical care in every single one of the more than 400 Simon & Simon cases where he sat for a videotaped deposition. Ex. C to Wilder Decl. at 72. Yarus produces hundreds of such reports a year for Simon & Simon, and was paid over $900,000 by Simon & Simon in 2025 alone. Wilder Decl. Ex. E at 91.

To help prove the scheme, Plaintiffs are entitled to show that the Pattern Case Claimants did not actually pursue the course of treatment projected by Yarus. The absence of subsequent medical treatment will underscore that the claimed injuries were minimal—if they existed at all— and that the medical treatment orchestrated by Simon & Simon was unnecessary. Such information is highly relevant.

Plaintiffs have therefore drafted the form of a subpoena, attached hereto as Exhibit A to the Wilder Declaration, narrowly tailored to seek records of injury-related medical care obtained by the Pattern Case Claimants after the date of the Yarus Report in their respective cases.

**B. The requested documents cannot be obtained from any party.**

Consistent with their obligations under this Court's rules, Plaintiffs' counsel met and conferred with counsel for Defendants before filing this motion. Each of Defendants' counsel confirmed that no Defendant possess injury-related medical records of treatment after the date of the Yarus Report for any of the Pattern Case Claimants. Wilder Decl. ¶¶ 2-4.

**II. The scheduling order should be modified because written discovery between the parties is nearly complete, depositions are imminent, and the burden of compliance with these third-party subpoenas will be minimal.**

Plaintiffs seek relevant discovery to which they are entitled under the Federal Rules. That discovery should commence now, so that Plaintiffs can make use of the medical records (or their nonexistence) during depositions and with experts. Delay would be highly prejudicial.

Modification of the scheduling order is warranted and consistent with the June 10 Order. This Court's June 10, 2026 Scheduling Order (ECF No. 125) states that "[i]ssuance of third party discovery . . . shall be deferred until after complete of the parties' written discovery responses

and then only upon a meaningful meet and confer designed to narrow disputes." Although document production is ongoing, written discovery responses are substantially complete. All parties have served responses and objections to initial discovery requests. Wilder Decl. ¶ 9. Moreover, the parties have engaged in a meaningful meet and confer intended to narrow disputes regarding the requested third-party discovery, as discussed in the Certificate of Rule 26.1 Conferral. Counsel for Defendants did not propose any modifications to the subpoenas that would address their supposed concerns. Nor did they raise any objections to the subpoenas that they have standing to maintain. *E.g.*, *Cruz v. Progenesis, Inc.*, 2026 WL 1022414, at 82 (E.D. Pa. Apr. 15, 2026).

Last, the requested discovery would not unduly burden third parties. A substantial majority of the Pattern Case Claimants already have the same counsel in this action, William A. Harvey of Klehr Harrison Harvey Branzburg LLP, who has agreed to accept service on behalf of the claimants he represents. Wilder Decl. ¶ 10. Mr. Harvey will be able to streamline the collection and production of responsive documents. Plaintiffs are also willing to negotiate with subpoena recipients regarding, for example, the production of HIPAA authorizations allowing Plaintiffs to request the documents directly from providers. Finally, Pennsylvania physicians, chiropractors, and ambulatory surgical facilities are already required by state regulations to retain patient treatment records for extended periods, generally at least seven years. *See* 49 Pa. Code § 16.95(e); 49 Pa. Code § 5.51(e); 28 Pa. Code § 563.6. And Pennsylvania and federal law provide patients with an affirmative right of access to obtain copies of their medical records. *See*, *e.g.*, 42 Pa. C.S. § 6155(b)(1). Thus, the requested records are not obscure historical materials requiring reconstruction, investigation, or bespoke retrieval efforts. They are records that providers are already legally obligated to preserve and make available upon request in the ordinary course of business.

* * *

This Court should grant Plaintiffs leave to serve third party subpoenas on the Pattern Case Claimants.

Dated: September 4, 2026

**ROHN KURLAND, P.C.**

Amy Kurland, Bar No. 37419
AKurland@rohnkurland.com
1700 Market St, Suite 1005
Philadelphia, PA 19103
Telephone: +1.215.770.0320
Facsimile: +1.215.717.9697

**ASHURST PERKINS COIE US LLP**

By: *<u>/s/ David W. T. Daniels</u>*

David W.T. Daniels
david.daniels@ashurstperkins.com
Michael J. Wadden
michael.wadden@ashurstperkins.com
Sydney Veatch
sydney.veatch@ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

David B. Massey
david.massey@ashurstperkins.com
Jacob Taber
jacob.taber@ashurstperkins.com
William Wilder
will.wilder@ashurstperkins.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

Michael R. Huston
michael.huston@ashurstperkins.com
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
Facsimile: +1.602.648.7000

*Attorneys for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*

**CERTIFICATE OF RULE 26.1(f) CONFERRAL**

I, William Wilder, certify that the parties, after reasonable effort, are unable to resolve the dispute. The facts supporting this certification are as follows:

On August 12, 2026, my colleague Michael Wadden and I conducted a meet-and-confer with counsel for Defendants via videoconference concerning our proposed subpoenas to the pattern case claimants, among other topics. A representative from every group of Defendants was present on this videoconference, including Stephanie Deviney for the Premier Pain Defendants, John Higson for Dr. Yarus, Andrew Baratta for the PSA Defendants, and Michael Stoolman for the Simon Defendants.

On this call, we explained why we believed this discovery was necessary, and asked whether Defendants consented to our proposed subpoenas. Defendants informed us that they all opposed our proposed subpoenas for two reasons: (i) they believe the subpoenas are not timely because party discovery is not complete; and (ii) they believe the information sought in the subpoenas is not relevant to any claim or defense in this action.

Later in the day on August 12, 2026, I sent an email to all counsel in this case summarizing the positions as stated during our meet-and-confer. In this email, I requested counsel to inform me if I had summarized any of their positions inaccurately. I received no responses to this email.

On Friday, September 4, 2026, I sent an email to all counsel in this case noting that we intended to file this motion today. In that email, I stated that given the holiday weekend, if any Defendants intended to oppose the motion, we would be willing to agree to an extension of their deadline to do so. Rebecca Ward informed me that the Simon Defendants intend to oppose the motion, and requested an extension until noon Eastern Standard Time on Thursday, September 10, 2026 to do so.

Plaintiffs agree to this request and have no opposition to such an extension of the Simon Defendants' deadline to respond.

Dated: September 4, 2026

**ASHURST PERKINS COIE US LLP**

By: /s/ *William Wilder*
William Wilder
will.wilder@ashurstperkins.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

*Counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court through the CM/ECF system. By electronically filing, the CM/ECF system shall send notification of such filing to counsel of record for each party and those registered to receive a Notice of Electronic Filing for this case.

Dated: September 4, 2026

**ASHURST PERKINS COIE US LLP**

By: */s/ David W. T. Daniels*
David W.T. Daniels
david.daniels@ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

*Counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*