**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SIMON & SIMON, P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, AND LANCE YARUS,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>No. 2:25-cv-05365-MAK |

**DEFENDANTS SIMON & SIMON, P.C. AND**
**MARC SIMON'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SERVE**
**THIRD-PARTY SUBPOENAS ON THE PATTERN CASE CLAIMANTS (ECF 218)**

**BLANK ROME LLP**
James T. Smith (I.D. No. 39333)
Daniel E. Rhynhart (I.D. No. 78248)
Rebecca D. Ward (I.D. No. 79547)
Michael A. Stoolman (I.D. No. 326117)
Maegan S. Spitzer (I.D. No. 335905)
One Logan Square, 130 N. 18th Street
Philadelphia, PA 19103

*Attorneys for Defendants*
*Simon & Simon, P.C. and Marc Simon*

Defendants Simon & Simon, P.C. and Marc Simon ("the Simon Parties") file this Opposition to Plaintiffs' Motion for Leave to Serve Third-Party Subpoenas on the Pattern Case Claimants.

Plaintiffs' motion, which seeks leave to serve **fifty-six** separate Rule 45 subpoenas on **fifty-six** different nonparties, should be denied for the simple reason that the Court has currently deferred third party discovery "until after the completion of the parties' written discovery responses and then only upon a meaningful meet and confer designed to narrow disputes…" ECF 125 ¶ 4(f). Plaintiffs' contention that "written discovery responses are substantially complete" is inaccurate, given that Plaintiffs still have not produced key documents pertaining to Uber's claims notes and emails about the underlying cases in response to Defendants' *first set of document requests*, claiming just yesterday afternoon that "unforeseen circumstances outside of [Plaintiffs'] control" are keeping Plaintiffs from producing those documents for at least another week. Instead of spending their time pursuing fifty-six subpoenas, Plaintiffs should first focus on responding to party discovery pursuant to the Court's Order and address whatever these "unforeseen circumstances" are.

Clearly, Plaintiffs want a fishing expedition and are scrambling for evidentiary support for their claims. Opening a pandora's box of unruly third-party discovery is not warranted at this point, especially since Uber lacks threshold RICO standing to even bring its claims. ECF 213. Permitting Plaintiffs to serve 56 subpoenas demanding that each and every claimant search for (and most likely need to request) their medical records from various different health care providers (months or even years after they settled their personal injury lawsuits) will lead to confusion and inquiries from the numerous claimants and their providers. Above all, this sideshow will result in delay and distraction from the actual meaningful discovery that needs to be done in the short time left for fact discovery.

Regardless, and even setting aside the current bar on third party discovery, Plaintiffs' proposed subpoenas should be rejected for seeking irrelevant information. Federal Rule of Civil Procedure 26 allows discovery only into information that, among other things, "is relevant to any

party's claim or defense and proportional to the needs of the case." *Uchitel v. Solid Waste Servs., Inc.*, 2023 WL 12255102, at *1 (E.D. Pa. May 5, 2023) (quoting Fed. R. Civ. P. 26(b)(1)). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." *Id.* (quoting Fed. R. Evid. 401).

"The standards for non-party discovery require a **stronger showing of relevance** than for party discovery." *Id.* (emphasis added); *see also Burns v. SeaWorld Parks & Ent., Inc.*, 2023 WL 11884625, at *2 (E.D. Pa. Oct. 23, 2023), *report and recommendation adopted*, 2023 WL 11892281 (E.D. Pa. Nov. 14, 2023). Thus, "where the relevancy of the information is in doubt, the fact that the discovery is sought from a non-party supports the finding that the material is not subject to discovery." *S.G. v. West Willow Fire Co.*, 2017 WL 11550403, at *3 (E.D. Pa. June 28, 2017).

Here, the proposed subpoenas seek plainly irrelevant information, or at least information about third parties that is of doubtful relevance, meaning it is not discoverable. The proposed subpoenas argumentatively ask each nonparty claimant for records showing "you got the treatment your lawyers or their expert said you needed." ECF 218-2. But what treatment the claimants did or did not receive *after* their cases resolved does not make any consequential fact in this action more or less probable.

Plaintiffs only conclusorily argue, without any citation to authority, that "Plaintiffs are entitled to show that the Pattern Case Claimants did not actually pursue the course of treatment projected by Yarus" and that "the absence of subsequent treatment will underscore that the claimed injuries were minimal—if they existed at all—and that the medical treatment orchestrated by Simon & Simon was unnecessary." Mot. at 2. But this argument rests on multiple illogical premises.

First, even if the claimants did not seek treatment after their case resolved, that does not bear on Plaintiffs' *RICO* allegations that the Simon Parties directed Dr. Yarus (or anybody) to prepare an earlier-in-time report with any specific recommendation of treatment. The key issue of whether the Simon Parties improperly directed Dr. Yarus to do anything (and they did not) does not turn on what

third parties did or did not do after their cases resolved. Instead, this information is in the *parties'* possession and can be explored at the upcoming depositions of the Simon Parties and Dr. Yarus.

Second, Plaintiffs' relevance argument assumes that the claimants had the financial means to procure such treatments when Plaintiffs have put forth no evidence that they had such means. Incredibly, the claimant that Plaintiffs use for their exemplar subpoena (ECF 218-2) is Yasmeen Bailey, whose case resulted in a *defense verdict*. With what funds was Ms. Bailey expected to procure the treatment? Even for other claimants who received funds in settlements or verdicts, nothing about those awards was earmarked for any particular use. If a claimant needed the money *more* for rent, or food, or for their child, that does not make "fraud" by the Defendants any more or less likely. It is a truism in personal injury cases that the plaintiff is not required to attend the future treatment that was valued in a life plan. But the plaintiff only has one lawsuit and the settlement must take into account any future medical treatment that ***may*** be needed. Whether or not the plaintiff attends the treatment that was contemplated in a life plan will vary from person to person, depending on their circumstances and how their injuries heal, and whether they choose to do it. But that has nothing to do with whether the lawsuit was meritorious, or whether injuries were exaggerated, or whether certain medical treatment that occurred before the lawsuit resolved was necessary and reasonable.

Third, and relatedly, Plaintiffs improperly refer to Dr. Yarus' opinions about future treatments as his "prediction." ECF 218 at 1. In Pennsylvania, an expert opinion about future medical treatment requires only "some evidence" of "what the probable future consequences of the injury will be," but "[t]his ***does not mean that expert medical testimony is required to predict with certainty the exact result expected…***" *Baccare v. Mennella,* 246 Pa. Super. 53, 55–56 (1976) (emphasis added). Thus, Dr. Yarus makes no representation in his reports that any future treatment is "certain." Therefore, there is no *misrepresentation* proven by the fact that such treatment does not actually take place.

**WHEREFORE,** the Simon Parties respectfully request that the Court deny the Motion.

Dated: September 10, 2026

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Daniel E. Rhynhart*

James T. Smith (I.D. No. 39333)
Daniel E. Rhynhart (I.D. No. 78248)
Rebecca D. Ward (I.D. No. 79547)
Michael A. Stoolman (I.D. No. 326117)
Maegan S. Spitzer (I.D. No. 335905)
One Logan Square, 130 N. 18th Street
Philadelphia, PA 19103
Phone: (215) 569-5371
Email: Jim.Smith@BlankRome.com
Dan.Rhynhart@BlankRome.com
Rebecca.Ward@BlankRome.com
Michael.Stoolman@BlankRome.com
Maegan.Spitzer@BlankRome.com

*Attorneys for Defendants*
*Simon & Simon, P.C. and Marc Simon*

**CERTIFICATE OF SERVICE**

I, Daniel E. Rhynhart, hereby certify that on September 10, 2026, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

*/s/ Daniel E. Rhynhart*
Daniel E. Rhynhart