**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br>**Plaintiffs,** | |
| **v.** | CIVIL ACTION |
| **SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br>**Defendants.** | No: 2:25-cv-05365-MAK |

**UBER'S COUNTERSTATEMENT OF MATERIAL FACTS IN OPPOSITION TO DEFENDANTS SIMON & SIMON, P.C. AND MARC SIMON'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Section VI(A) of the Court's Policies and Procedures, Uber submits this Counterstatement of Undisputed Material Facts in Opposition to the Simon Defendants' Motion for Partial Summary Judgment. By admitting a fact, Uber does not concede that the fact is relevant or admissible for any purpose.

## I. ADDITIONAL MATERIAL FACTS WHICH PRESENT GENUINE ISSUES FOR TRIAL

### A. Uber has been injured.

1. Uber settled personal actions for significant sums and Uber settled pattern cases by paying Simon & Simon clients. This is judicially admitted by the Simon Defendants. ECF 119 at 2.

2. Uber's employees incurred out-of-pocket costs in connection with lawsuits filed by Simon & Simon that form part of the scheme set out in the Amended Complaint, and such costs were reimbursed by Uber. Picinich Decl. ¶¶ 2–5 (Uber Ex. J at SIMONAPPX364–65); Nordeman Decl. ¶¶ 2–6 (Uber Ex. H at SIMONAPPX000361–62).

3. Uber retained separate counsel to defend itself in the underlying state court cases that form part of the scheme as set out in the Amended Complaint. Parr Decl. ¶ 6 (SIMONAPPX000186).

4. Uber undertook the obligation to pay settlements of fraudulent claims directed at it and its independent drivers. Parr Decl. ¶ 7; Uber Exs. B.1 and B.2 (SIMONAPPX000187 and SIMONAPPX000192–203). Specifically, the operative settlement agreements define the "Released Parties" to include "Uber Technologies, Inc." *See, e.g.,* Uber Ex. B.1 (SIMONAPPX000192). They further provide that "Released Parties [including Uber] shall deliver to Simon and Simon PC, a check in the amount of" the agreed-upon settlement amount. Uber Ex. B.1 (SIMONAPPX000192).

5. While Farmers issues payments to fund such defense and settlement obligations, Uber funds the substantial majority of such payments. Parr Decl. ¶¶ 8–16 (SIMONAPPX000187–88).

**B. Uber's injury has been proximately caused by the fraud.**

6. With respect to the out-of-pocket costs incurred by Uber's employees and paid by Uber, such costs resulted from cases that form part of the pattern of racketeering activity set out in the Amended Complaint. Picinich Decl. ¶¶ 2–5 (SIMONAPPX000364–65); Nordeman Decl. ¶¶ 2–6 (SIMONAPPX000361–62).

7. With respect to payments made by Farmers, Farmers makes such payments to Uber's defense counsel on invoices submitted for work defending Uber. Parr Decl. ¶ 11 (SIMONAPPX000187).

8. Farmers has also paid settlement amounts owed by Uber to personal injury claimants in the pattern cases against Uber and its independent drivers set out in the Amended Complaint. Parr Decl. ¶¶ 7, 11 (SIMONAPPX000187); Uber Exs. B.1 & B.2 (SIMONAPPX192–203).

9. Uber's funding of its share of those Farmers payment necessarily occurs because:

a. Farmers has issued an insurance policy with an endorsement naming Uber as an insured. The parties agree on this point. *See* Simon Defendants Statement of Material Facts ¶ 28; Simon Ex. 4 (SIMONAPPX000039).

b. Farmers pays defense costs to Uber's separate counsel and on settlements of state court pattern cases. Parr Decl. ¶¶ 6, 11 (SIMONAPPX000187).

c. Aleka is obligated to indemnify Farmers for an agreed-upon percentage of such payments under the Indemnity Agreement. Specifically, under the

Indemnity Agreement, Uber is required to "indemnify and shall promptly reimburse" Farmers "for all Retained Liabilities." SIMONAPPX000122 at § III.A. Retained Liabilities are the "sum of Indemnifiable Losses plus Indemnifiable Program Expenses plus Indemnifiable Loss Adjustment Expenses." SIMONAPPX000122 at § II.Y. And Losses include "all amounts payable by [Farmers] within the terms and limits of its Policies … in settlement of claims or losses." SIMONAPPX000121 at § II.R. Further Loss Adjustment Expenses include "(v) attorney fees incurred owing to a duty to defend" as well as "(vi) costs of engaging experts and consultants," among other "settlement, defense or appeal," and "litigation" expenses. SIMONAPPX000120 at § II.P.

d. The amount of such percentage is specified by the Indemnity Agreement. SIMONAPPX000122 at § II.Z.

e. Aleka has paid Farmers for Retained Liabilities arising from the payment of attorneys fees and settlement amounts in connection with the Pattern Cases. Parr Decl. ¶¶ 15–16 (SIMONAPPX000188).

f. Aleka is a wholly owned subsidiary of Uber. Parr Decl. ¶ 17 (SIMONAPPX000189).

g. Aleka does not have any separate source of revenue outside of Uber affiliated lines of business. As an insurer, is subject to capital requirements. Parr Decl. ¶ 17 (SIMONAPPX000189).

h. As such, Uber contributes funds to Aleka for such payments. Parr Decl. ¶¶ 16–17 (SIMONAPPX000188–189).

10. With respect to difficulty of ascertaining the amount of damage, Uber's percentage share of payment made by Farmers can be calculated based on the percentages set out in the Indemnity Agreement. Parr Decl. ¶ 21 (SIMONAPPX000190).

11. With respect to the risk of double recovery, the Insurance Policy issued by Farmers in favor of Uber provides that Uber will hold Farmers's share of such recovery in trust. Parr Decl. ¶ 21 (SIMONAPPX000190); Simon Ex. 4 (SIMONAPPX000088).

12. Also with respect to the risk of double recovery, Aleka has assigned its causes of action against the Simon Defendants and the other Defendants in this action to Uber. Parr Decl. ¶ 22 (SIMONAPPX000190); Uber Ex. D (SIMONAPPX000339).

13. With respect to who is best situated to vindicate the law, Uber's share of any payments made by Farmers for defense costs and settlements is far larger than Farmers. Parr Decl. ¶¶ 15-16 (SIMONAPPX000188).

## II. RESPONSES TO THE SIMON DEFENDANTS' STATEMENT OF MATERIAL FACTS

1. Paragraphs 1 through 25 of the Simon Defendants' Separate Statement are simply attorney argument. Uber does not dispute that the parties have filed pleadings and motions and made allegations and arguments therein, but these are not material facts relevant the elements of the claims. To correct the record, however, Uber responds to these paragraphs as follows:

   a. With respect to Paragraph 7 of the Simon Defendants' Statement, Uber admits that the Amended Complaint contains the quoted language but denies that it for the first time alleged in the Amended Complaint that Defendants used the scheme to extract unwarranted settlement payments. For example, Paragraph 3 of the Complaint (ECF 1) alleges: "In order to pursue inflated claims in state court and to extract large settlements from

Uber, Simon directs his clients to a network of corrupt medical providers who diagnose non-existent serious injuries and produce false medical records to support claims that the claimant in question will require a lifetime of expensive medical care." Uber disagrees that whether it raised the settlement payments in its Complaint or in its Amended Complaint is material to the Simon Defendants' motion.

b. With respect to Paragraph 19 of the Simon Defendants' Statement, Uber admits that it made the quoted objection. But Uber nevertheless provided the amount of costs that it paid in connection with each action as of July 1, 2026. SIMONAPPX000006–07. Uber provided a supplemental response to Interrogatory No. 7 on September 9, 2026, a copy of which is attached to Uber's Appendix as Exhibit F (SIMONAPPX000346–51). That supplemental response incorporates by reference Uber's response to the Simon Defendants' Interrogatory No. 16, a copy of which is attached to Uber's Appendix as Exhibit G (SIMONAPPX000352-60). Uber disagrees that its interrogatory objection is material to the Simon Defendants' motion.

c. With respect to Paragraph 20 of the Simon Defendants' Statement, Uber admits that the quoted language appears in Uber's interrogatory response. But the Statement is incomplete because it omits the words "At this time" from Uber's answer as well as the enumeration, by claimant, of the amounts paid by Uber. SIMONAPPX000006–07. Uber further refers to the Court to its supplemental response to Interrogatory No. 7. Uber Exs. F & G (SIMONAPPX000346–60).

d. With respect to Paragraph 21 of the Simon Defendants' Statement, Uber admits that it objected to answering Interrogatory No. 8, which requests that Uber "Identify specifically the amount of money, if any, that Uber has paid in premiums for insurance policies that covered/cover the Underlying Uber Actions, and the person(s) at Uber most knowledgeable about this subject matter. If Rasier, Aleka, or any other affiliate paid any portion (or all) of the amounts of money responsive to this Interrogatory, indicate as such in the response," on the ground that the Interrogatory seeks information that is not relevant to any claim or defense in this case. SIMONAPPX000007–08. Uber disagrees that its interrogatory objection is material to the Simon Defendants' motion.

e. With respect to Paragraph 22 of the Simon Defendants' Statement, Uber admits that the Simon Defendants requested that Uber produce "All Documents and Communications relating to Uber's alleged injury in this case, including Documents sufficient to demonstrate whether Uber (not Farmers or any other Person) paid any money towards the settlements or verdicts in the Underlying Uber Actions or any money towards the fees and costs incurred in litigating the Underlying Uber Actions." SIMONAPPX000015. Uber agreed to produce documents in response to this Request. SIMONAPPX000016. Uber disagrees that this document request is material to the Simon Defendants' motion.

f. Uber disputes Paragraph 24 of the Simon Defendants' Statement. Uber is not required to respond to the Simon Defendants' legal contention regarding

whether a statement in a letter-motion constitutes an "evidentiary admission" because that is an assertion of law, not of fact. But because the quoted statement is a statement of legal position, and not an unequivocal statement of fact, it is not an evidentiary admission.

2. With respect to Paragraph 26, Uber does not agree that the billing of Farmers is material given that (a) Uber also makes direct payments and (b) Uber funds the substantial majority of Farmers's payments under the operative agreements discussed above.

3. With respect to Paragraphs 27 and 28, Uber agrees that the insurance policy attached as Exhibit 4 to the Simon Appendix lists Uber as an insured. It is an insurance policy, not "the" sole "insurance policy between Rasier, LLC … and Farmers." SIMONAPPX000039.

4. With respect to Paragraph 29 and 30, Uber agrees that Farmers indemnifies and defends Uber and its independent drivers as set forth above.

5. With respect to Paragraph 31, Uber agrees that an Indemnity Agreement is in place as discussed above.

6. Uber disputes Paragraphs 32 and 33 because Uber contributes the amounts paid over to Farmers under the Indemnity Agreement as discussed above. The documents otherwise speak for themselves.

7. With respect to Paragraph 34, Uber agrees that the amounts paid to Farmers under the Indemnity Agreement are set out in a mathematical formula.

8. With respect to Paragraph 35, Uber agrees that a Quota Share Reinsurance Agreement had been in place between Farmers and Aleka but is no longer operative. Uber disagrees that such fact is any way material.

Dated: September 23, 2026

**ROHN KURLAND, P.C.**

Amy Kurland, Bar No. 37419
AKurland@rohnkurland.com
1700 Market St, Suite 1005
Philadelphia, PA 19103
Telephone: +1.215.770.0320
Facsimile: +1.215.717.9697

**ASHURST PERKINS COIE US LLP**

By: /s/ David W. T. Daniels

David W. T. Daniels
david.daniels@ashurstperkins.com
Michael J. Wadden
michael.wadden@ashurstperkins.com
Sydney Veatch
sydney.veatch@ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

David B. Massey
david.massey@ashurstperkins.com
Jacob Taber
jacob.taber@ashurstperkins.com
William Wilder
will.wilder@ashurstperkins.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

Michael R. Huston
michael.huston@ashurstperkins.com
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
Facsimile: +1.602.648.7000

*Attorneys for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court through the CM/ECF system. By electronically filing, the CM/ECF system shall send notification of such filing to counsel of record for each party and those registered to receive a Notice of Electronic Filing for this case.

Dated: September 23, 2026

**ASHURST PERKINS COIE US LLP**

By: */s/ David W. T. Daniels*

David W. T. Daniels
david.daniels@ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

*Counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*