# Exhibit A

Docusign Envelope ID: 9C898623-9DB0-8B54-81D8-E37C08F7151D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br><br>**PLAINTIFFS,**<br><br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br><br>**DEFENDANTS.** | CIVIL ACTION<br>No: 2:25-cv-05365-MAK |

**<u>DECLARATION OF ANDY PARR</u>**

I, Andy Parr, make this Declaration in Opposition to the Simon Defendants' Motion for Partial Summary Judgment.

1. I am employed by Uber Technologies, Inc. as Vice President of Insurance. I have been employed by Uber since October 5, 2015. I am also a director of Aleka Insurance, Inc., a wholly owned Uber subsidiary and captive insurance company described below. In my current role, I oversee Uber's U.S. insurance program, insurance placement, and insurance procurement. As part of my role, I have personal knowledge of Uber's business model and Uber's commercial contracts with its insurers, including Farmers Insurance Exchange. I also work with teams within Uber to draft contracts with insurers and oversee the financial processes responsible for appropriately accounting for Uber's financial obligations associated with such contracts. The facts below are based on my personal knowledge unless otherwise indicated.

Docusign Envelope ID: 9C898623-9DB0-8B54-81D8-E37C08F7151D

2. Uber is a technology company that uses its proprietary technology to develop and maintain digital multi-sided marketplace platforms. The principal platform involved in this case is the Rides platform, which connects riders with independent drivers. Others involved Uber platforms include the Eats platform, which connects restaurants, grocery stores, delivery drivers, and eaters.

3. Uber conducts its business in Pennsylvania through both its Rides and Eats platforms. Uber's wholly-owned subsidiaries Rasier, LLC and Rasier-PA, LLC, help Uber to implement its Rides business. Uber's wholly-owned subsidiary Portier, LLC is similarly involved with its Eats business.

4. Uber, its Rasier, Rasier-PA, and Portier subsidiaries, and its independent drivers are regularly named as defendants in lawsuits arising from personal injury claims in Pennsylvania. Farmers is not named as a defendant in these cases. These lawsuits include claims filed by Simon & Simon. I am familiar with—and believe to be true—the allegations in the Amended Complaint in this action that either these claims would not have been filed at all or that the settlement amounts in these claims were artificially and fraudulently inflated as a result of false medical records and unnecessary medical treatment in the underlying cases.

5. Uber is directly harmed by the fraud at issue here.

6. To defend itself against Simon & Simon claims, Uber retains separate counsel that Uber engages. Uber incurs an obligation to pay that counsel. Absent the fraud alleged in the Amended Complaint, Uber would not have incurred the expense resulting from the retention of separate counsel. Similarly, if settlements were at inflated levels as a result of such conduct, Uber would not have incurred the expense resulting from such payments..

Docusign Envelope ID: 9C898623-9DB0-8B54-81D8-E37C08F7151D

7. Where Simon & Simon claims are settled, Uber co-signs the resulting agreement as an obligor on the settlement payment. True and correct copies of such agreements in cases brought by Simon & Simon and referenced in the Amended Complaint are attached as Exhibits B.1 and B.2 to the Appendix filed with Uber's Opposition to the Simon Defendants' Motion for Summary Judgment ("Uber's Appendix").

8. Uber has chosen to process its payments for counsel and settlements in Pennsylvania, including on the Simon & Simon claims, through a claims processing arrangement with Farmers. However, Uber pays a substantial portion of all such amounts itself as discussed below.

9. I am personally familiar with the relationship between Uber and Farmers, and I supervise the team that handles the day-to-day claims management relationship. Under Uber's arrangement with Farmers, Farmers functions as a closely supervised claims administrator.

10. My understanding is that certain expenses relating to the defense of the Simon & Simon cases—particularly expenses incurred by Uber's in-house legal team—are paid by Uber.

11. As part of its role as claims administrator, Farmers issues checks to Uber's defense counsel on invoices submitted for work defending Uber. Farmers also issues settlement checks. Farmers has issued checks in connection with Simon & Simon actions at issue in this lawsuit.

12. This arrangement is set out under certain agreements.

13. First, Farmers has issued insurance policies in Uber's favor. The policy for March 1, 2024 through March 1, 2025 is attached as Exhibit 4 to Simon Defendants' Appendix (the "Policy"). SIMONAPPX000039. An endorsement to the Policy lists Uber as an insured. *Id.* at SIMONAPPX000074. The Policy extends coverage to liability for claims with respect to bodily injury, such as the Simon & Simon claims. Farmers has issued similar policies for other periods with substantially similar terms.

14. Second, Uber is responsible for the substantial majority of all amounts paid under the Policy and similar insurance policies under an Indemnity Agreement dated March 1, 2023 ("Indemnity Agreement") and entered into between Farmers and Aleka. A true and correct copy of the Indemnity Agreement is attached as Exhibit 10 to the Simon Defendants' Appendix. SIMONAPPX000117.

15. Under the Indemnity Agreement, Uber agrees to indemnify and reimburse Farmers for "Retained Liabilities"—meaning the liabilities that Uber has agreed to retain–via a collateral trust mechanism maintained by Aleka. Uber retains a substantial majority of all such liabilities. *Id.* at Article III at SIMONAPPX000122. The specific percentage allocation with Farmers for Pennsylvania is set out in Appendix A to the Indemnity Agreement at SIMONAPPX000143 (eighth column). Under the Indemnity Agreement, Aleka is not a reinsurer and is not offering insurance coverage to Farmers.

16. Mechanically, Farmers receives reimbursement by sweeping cash held in a collateral trust account maintained by Aleka pursuant to the agreement. The agreement requires that Aleka true up such collateral accounts based on an agreed formula that accounts for future risk. *Id.* Article XIV at SIMONAPPX000129-31. This formula is amended from time to time. *See* Simon Defendants' Appendix Exhibit 11 at SIMONAPPX000157. In each instance, Uber retains a substantial amount of the obligation through Aleka's obligations under the Indemnity Agreement. Aleka has made such true-up payments to the collateral account as a result of attorneys fee and settlement payments made in connection with the Simon & Simon actions at issue in this lawsuit. It has made all such true-up payments required by the Indemnity Agreement.

Docusign Envelope ID: 9C898623-9DB0-8B54-81D8-E37C08F7151D

17. Aleka is a wholly owned subsidiary of Uber. It is a so-called "captive" insurance company. This is a term of art reflecting that Aleka is a wholly owned insurer created to provide risk financing services to its parent company (i.e., Uber). All of Aleka's business relates to Uber, and it plays an essential role in Uber's risk insurance program and hence in Uber's business. Aleka does not have any separate source of revenue outside of Uber affiliated lines of business. Rather, it has been funded by Uber business. Uber is required to make contributions to Aleka as part of its business because, as an insurer, Aleka is required to maintain certain capital levels. Aleka can fulfill its part of the Uber business insofar as it is appropriately capitalized. The amounts that Farmers pays out to defend or settle fraudulent Simon & Simon claims as adjusted by the agreed percentage ratio under the Indemnity Agreement injures Uber.

18. Aleka's financial statements are also consolidated into Uber's. A dollar deduction from Aleka's balance sheet is a dollar deduction from Uber's balance sheet. A true and correct copy of a recent Uber Form 10-K filing with the Securities and Exchange Commission is attached as Exhibit C to Uber's Appendix. It discloses that consolidation.

19. The Indemnity Agreement superseded and replaced an earlier Quota Share Reinsurance Agreement between Farmers Insurance Exchange and Aleka Insurance, Inc. ("Reinsurance Agreement"). A true and correct copy of that agreement is attached hereto as Exhibit 12 to the Simon Defendants' Appendix. SIMONAPPX000163. That earlier agreement is no longer in effect and does not accurately describe the current relationship between Uber, Aleka, and Farmers as of the effective date of the Indemnity Agreement. Under the Reinsurance Agreement, Farmers cedes to Aleka the retained liability reflected in the underlying insurance policies. The percentage is set out in Appendix A to the agreement. *See* SIMONAPPX000184. Uber retained that liability percentage because it contributed such amounts to Aleka.

20. In addition to these payments, Uber's claims management and in-house legal teams suffer considerable inconvenience and expense in the form of distraction, wasted time, and unnecessary effort as a direct result of litigating claims of little or no value that were filed by Simon & Simon based on false medical records and artificially inflated damages claims, and that would not have been filed (or would have claimed far less in damages) absent the fraud scheme alleged in the Amended Complaint. The unnecessary time and effort to manage even one fraudulent and meritless case is a direct harm to Uber's business and property.

21. Under these agreements with Farmers, in the event that Uber is awarded damages with respect to any amounts for which Farmers acted as payment agent, there is no risk of double recovery. That is because recovery allocations have already been agreed by the parties. An endorsement to the Policy provides that if Uber recovers "from another party in a separate claim or 'suit,' the 'insured' shall hold the proceeds in trust" for Farmers and pay Farmers back the amount it has paid, less agreed deductions. Exhibit 4 to the Simon Defendants' Appendix, SIMON APPX000088. Under the Indemnity Agreement, such amounts shall be apportioned in the same ratios to the amounts of their liabilities bear to the loss. Simon Defendants' Appendix Exhibit 10, Art. V at SIMONAPPX000125. Under these agreements, there can be no double recovery with Farmers. Similarly, there is no difficulty regarding calculation or apportionment given that the percentage allocation is specified by contract.

22. For the avoidance of doubt that there could be no double recovery with Aleka, Aleka has agreed to assign any and all claims it may have arising out of the conduct at issue in this litigation to Uber. A true and correct copy of such assignment is attached as Exhibit D to Uber's Appendix.

Docusign Envelope ID: 9C898623-9DB0-8B54-81D8-E37C08F7151D

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, NY, on September 23, 2026.

Andrew Parr

Andrew Parr