# Exhibit B.2

**CONFIDENTIAL AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS**

This CONFIDENTIAL AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS ("Release"), is made this 18th day of March, 2025, by Heaven Simmons, (hereinafter "Releasor"), in favor of Uber Technologies, Inc. and its subsidiaries, Farmers Insurance Exchange, Rasier LLC, and Mohammad Aamir Ibr Shaikh (collectively "Released Parties"), arising out of alleged events which occurred on or around October 8th, 2022, at or near 1018 Forklanding Rd, Cinnaminson, NJ, involving, Releasor and Mohammad Aamir Ibr Shaikh (sometimes referred to herein as "the Incident"). Releasor and the Released Parties are sometimes referred to herein singly as a "Party" or collectively as the "Parties." Releasor has asserted claims against the Released Parties arising out of damages allegedly sustained in connection with the Incident, all of which is more fully set forth in the lawsuit styled *Sira Sylla and Heaven Simmons v. Mohammad Shaikh et al.,* filed in the Superior Court of Camden County, New Jersey, Case No. 123cv22754 (the "Claim").

**TERMS AND CONDITIONS**

**Section 1: Settlement Amount**. Following the full execution of this Release and all other requested settlement documentation, including but not limited to tax forms, Medicare authorizations, Medicaid authorizations, or medical lien information, as applicable, the Released Parties shall deliver to Releasor's attorney, Simon & Simon, P.C., a check in the amount of One Hundred Ten Thousand Dollars and 00/100 ($110,000.00) ("Settlement Funds") in good funds made payable to Heaven Simmons and Simon & Simon, P.C.

**Section 2: Release of All Claims**. Releasor, being of adult age and being otherwise competent to execute this document, for the sole consideration of the Settlement Funds paid by and/or on behalf of the Released Parties, does hereby and for Releasor's respective agents, executors, administrators, trustees, personal representatives, heirs, successors, assigns and any next of kin, to the extent they are entitled to any recovery arising from the Claim (collectively also "Releasor") release, acquit, and forever discharge the Released Parties, and all of their respective past, present or future administrators, affiliates, agents, associates, associations, assigns, attorneys, beneficiaries, corporations, directors, divisions, employees, executors, firms, grantees, heirs, independent contractors, insurers and reinsurers, joint venturers, managers, members, officers, parents, partners, partnerships, predecessors, representatives, servants, shareholders, successors, subsidiaries, transferees, trustees, vendees, legal and equitable owners, and all persons and legal entities acting by, through, under, or in concert with them, as well as all persons and legal entities who could suffer or sustain liability by, through, or under any of them (collectively also "Released Parties") from any and all past, present and future claims, liens, causes of action (including any previously filed or claimed), demands, damages, expenses, and compensation whatsoever, whether based on tort, contract, property damage, common law, statute, or any other theory of recovery, which Releasor now has or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen claims, expenses and damages, including but not limited to compensatory damages and/or punitive damages, arising out of the Incident. It is the specific intent of the Parties hereto that Releasor releases all claims, causes of action, and liens of every kind and nature, including but not limited to: loss of consortium, workers compensation, property damage, personal injury, loss of normal life, wage loss, loss of future

Docusign Envelope ID: A2BBE83B-E5FC-4A0E-BEFB-162AB489BED1

earnings, and medical pay, past, present and future, known or unknown, which have arisen and may arise in the future against the Released Parties in connection with the Incident.

Nothing in this Release should be construed to release any other insurance company or entity from its obligations to provide uninsured/underinsured motorist coverage. This Release also does not release any other person, entity, or insurance carrier from its obligations, including the obligation to provide personal injury protection benefits, medical payments benefits, uninsured/underinsured motorist benefits, health insurance benefits, major medical insurance benefits, workers' compensation benefits, disability insurance benefits, or life insurance benefits that may arise out of injury from the Incident herein.

**Section 3: Binding on Successors**. The terms, covenants, conditions, and provisions of this Release are binding upon the Parties hereto and their respective successors, executors, representatives, heirs, and assigns, without limitation. This Release shall inure to the benefit of the Parties hereto, the persons and entities released, as well as their predecessors, successors, attorneys, insurers, agents, and representatives, if any, without limitation.

**Section 4: Medicare and Other Governmental Entities**. By signing this Release, Releasor affirms/acknowledges the following to be true:

**4(a)**. Releasor has not received any Medicare payments of any kind arising out of the alleged injuries/damages claimed in connection with the Lawsuit or released by this Release and there have been no Medicare conditional payments made on behalf of Releasor arising out of the Incident or related to the claims asserted in connection with it;

**4(b)**. Releasor has not applied for or received Social Security Disability Benefits within the last 24 months;

**4(c)**. Releasor has not been denied Social Security benefits with anticipation of appealing that decision;

**4(d)**. Releasor is not in the process of appealing and/or re-filing for Social Security Disability benefits related to the injuries arising out of this Incident;

**4(e)**. Releasor is not intending to apply for Medicare or Social Security Disability benefits related to the injuries arising out of this Incident; and

**4(f)**. Releasor does not have a current diagnosis of End-Stage Renal Disease.

The Parties have considered Medicare's interests in this case. It is not the intention of the Released Parties to shift the responsibility for paying past and/or future medical expenses related to Releasor's alleged injuries to Medicare. Based upon the above representations of Releasor, Releasor and Releasor's attorneys confirm that they concur with the Released Parties that the circumstances do not require the use of a Medicare set-aside in the settlement as outlined in this Release. Should it later be determined that Releasor was either receiving or entitled to receive Social Security Disability and/or Medicare benefits at the time that this Release was executed,

Releasor agrees to reimburse the Released Parties and/or their attorneys and/or Medicare for any valid claim or lien asserted by Medicare, and will indemnify, defend, and hold the Released Parties and/or their attorneys harmless from any such claims, including payment of any interest, costs or attorneys' fees incurred by the Released Parties in connection with such claims or liens.

The Parties have also considered the interests of other governmental entities in resolving this matter. It is not the intention of the Released Parties to shift the responsibility for paying any allegedly related expenses upon any governmental entity (including but not limited to: Social Security, a state's Medicaid program or variation thereof, and/or any federal or state disability program). Should it later be determined that Releasor was either receiving or entitled to receive such benefits at the time that this Release was executed, Releasor agrees to reimburse the Released Parties and/or their attorneys and/or the claiming governmental agency for any valid claim or lien asserted by said governmental agency, and will indemnify, defend, and hold the Released Parties and/or their attorneys harmless for any such claims, including the payment of any interest, costs, or attorneys' fees incurred by the Released Parties in connection with such claims or liens.

Releasor hereby agrees to hold harmless all Released Parties and their insurance carriers, from and against all lien, subrogation, reimbursement and/or Medicare Secondary Payer Act claims, including all costs and attorney fees incurred in the defense of any such claims, arising out of contract or under state or federal law or under tort law, including, but not limited to, any subrogation, lien, reimbursement and/or Medicare Secondary Payer Act claims of or involving Medicare, Medicaid, Medicare Part C, Medicare Part D, any medical insurance carrier, any medical provider, any Medicare Advantage Organization, any First Tier or Downstream Entities (as those organizations are defined in 42 C.F.R. § 423.501), and/or their assignees. The Released Parties and their insurance carriers retain the right to monitor the defense of any such claim or action. Releasor acknowledges 42 U.S.C. §1395y(b)(3)(A) and agrees to waive the private cause of action that has accrued or may accrue against the Released Parties for medical items and services related to the accident incurred before or after the date of this Release.

Releasor acknowledges and understands that any present or future action or decision by CMS, Medicare, Medicaid, any federal or state disability program, and/or any other governmental entity on this settlement, or any of Releasor's eligibility or entitlement to Medicare or Medicare payments, will not render this Release void or ineffective, or in any way affect the finality of this settlement.

**Section 5: Indemnity and Hold Harmless**. Releasor understands and agrees that Releasor will indemnify, defend, and hold harmless the Released Parties from any and all reasonable costs, reasonable fees, liabilities, and reasonable losses which may be incurred by, through, or on behalf of the Released Parties (including but not limited to indemnitees, their heirs, affiliates, assigns, agents, representatives, insurers, third-party administrators, health care providers, lien holders, subrogees, and/or predecessors and successors in interest) as a result of any outstanding liens, including but not limited to medical liens, workers' compensation liens, attorney's liens, Medicare/Medicaid liens, or other rights of reimbursements arising from payment of medical bills, loss transfer, disability payments or funeral expenses arising from the Incident.

Docusign Envelope ID: A2BBE83B-E5FC-4A0E-BEFB-162AB489BED1

**Section 6:** One Thousand and 00/100 Dollars ($1,000.00) of the Settlement Funds as outlined in Section 1 above is intended and accepted as separate and specific consideration for the following:

**6(a) Confidentiality**. Releasor and Releasor's attorney agree to strict confidentiality regarding the: (1) Release and all of its terms, (2) the fact of settlement, settlement amount, any prior offers, and negotiations leading up to this Release, (3) identity of the Parties to this Release, and (4) facts giving rise to this Release that could identify any Released Party other than those facts that have already been disclosed as part of the public record in this Claim ("Confidential Information"). Should Releasor or Releasor's attorney receive an inquiry regarding Confidential Information, they shall respond: "No comment other than this matter was resolved." Releasor shall not, unless required by law, disclose any Confidential Information to anyone but Releasor's attorney, applicable lien holders, and tax advisors, provided they first agree to the terms of this section. Releasor shall notify Uber Technologies, Inc. by email at insurance-lit-attorneys-group@uber.com at least ten (10) business days prior to disclosure of Confidential Information, for the purpose of enabling the Released Parties to take action to limit or prevent the disclosure of Confidential Information as deemed necessary. By execution of this Release, Releasor directs Releasor's attorney to adhere to the terms of this section, which is independent of all other sections of this Release. All other provisions of this Release shall remain in full force and effect, notwithstanding any breach of this section. Releasor and Releasor's attorney affirm that they have not previously disclosed any Confidential Information. Nothing in this Release is intended to or does restrict or limit cooperation with or provision of information to any federal, state, or local government agency. Any violation of this section shall be a material breach of the Release.

**6(b) Non-Disparagement**. Releasor and Releasor's attorney agree that they will not take any action or make any statements, verbal, electronic, or written, to any third-party that disparage or defame the Released Parties with regard to the Incident and the related Claim. By execution of this Release, Releasor also directs Releasor's attorney to adhere to the terms as stated in this Non-Disparagement Provision specifically with regard to the Incident and the related Claim. Nothing in this clause restricts the Releasor's attorney's ability to exercise their independent professional judgment in any future claims that may be brought against the Released Parties that arise out of unrelated incidents. Any future claims or complaints brought against the Released Parties arising out of an unrelated incident shall not be seen as a violation of this Non-Disparagement Clause, except however, that this Non-Disparagement Clause shall continue to govern and apply to the Incident and Claim that is the subject of this Release.

**Section 7: Destruction of All Documents**. It is further understood that as a condition of this Release, Releasor and Releasor's attorney will promptly destroy and/or permanently delete, when permitted by applicable laws, malpractice insurance requirements, and rules of professional responsibility, any and all copies of documents created and/or otherwise generated by Uber and produced by the Released Parties, including but not limited to any contracts, trip documents, or



Personal Information (Confidential)

any other documents transmitted to Releasor and Releasor's attorney by attorney for the Released Parties during the course of this Claim.

**Section 8: Non-Admission of Liability**. Releasor understands that this Release is a compromise between Releasor and the Released Parties and that neither this Release nor the payment made pursuant hereto is to be construed as an admission of liability, the same having been expressly denied by the Released Parties.

**Section 9: Assignment of Claims**. Releasor expressly represents and warrants that no portion of any claim, demand, cause or causes of action that Releasor has or might have arising out of, connected with, or incidental to the Incident, nor any portion of any recovery or settlement to which Releasor might be entitled, has been assigned or transferred to any other person, individual, firm, or corporation, in any manner, including by way of subrogation, or by operation of law or otherwise. In any event, Releasor agrees to hold the Released Parties harmless, and defend and indemnify them for any disputed liability in connection with any suits at law or equity arising out of this Release for the claims presented in connection with any dispute arising out of the Incident as described above.

**Section 10: Comprehension of Document**. Releasor acknowledges that Releasor has had full and fair opportunity to review this Release and relied entirely on Releasor's own judgment and that of Releasor's attorneys. No statement made by any representative of the Released Parties concerning either the nature or extent of Releasor's alleged losses, damages, disability, suffering, or the result thereof, or the claimed legal liability or financial responsibility of the Released Parties, has led Releasor to enter into this Release. Releasor understands and agrees that this Release was entered into in good faith after arm's length settlement discussions and is fully enforceable. Releasor understands that the Released Parties regard the representations made by Releasor as material and that the Released Parties are relying on these representations in entering into this Release. Releasor agrees not to challenge this Release as illegal, invalid and/or unenforceable.

**Section 11: Voluntary Agreement**. Releasor is represented by legal counsel, and has had the opportunity to consult with said counsel before signing this Release. Releasor represents that Releasor is fully competent to manage Releasor's affairs, that Releasor has carefully read this Release, that Releasor fully understands its final and binding effect, that the only promises made to Releasor to sign this Release are those stated and contained in this Release, that Releasor has had an opportunity to discuss this Release with an attorney, and that Releasor is signing this Release knowingly and voluntarily. Releasor further declares and represents that no promise, inducement or agreement not herein expressed has been made to Releasor and that this Release contains the entire agreement between the Released Parties and Releasor, and that the terms thereof are contractual and not a mere recital.

**Section 12: Severability**. Each and every provision of this Release is separate and distinct from any and all other provisions of this Release. Should any provision or provisions of this Release be, for any reason, unenforceable, the remaining provisions shall nonetheless be of full force and effect. Any provision found or deemed invalid or unenforceable shall only be so to the extent and scope required by law.

Docusign Envelope ID: A2BBE83B-E5FC-4A0E-BEFB-162AB489BED1

**Section 13: Further Assurances**. Releasor shall execute this Release and will do all things and execute all such further and additional documents as shall be reasonably necessary to carry out the provisions of this Release.

**Section 14: No Ambiguities**. The Parties acknowledge that this Release has been negotiated at arm's length among persons knowledgeable in the matters herein. Accordingly, any rule of law, or any other statute, legal decision, or common law principle of similar effect that would require interpretation of any ambiguity in this Release against the party that has drafted it, is of no application here and is hereby expressly waived. This Release and its provisions shall be interpreted in a reasonable manner to give effect to the Parties' mutual intentions.

**Section 15: Governing Law**. Regardless where executed, this Release shall be deemed to have been made and performed in New Jersey. All rights arising under this Release, and all disputes and controversies arising from or in connection with this Release, shall be governed by and determined in accordance with the internal substantive and remedial laws of New Jersey only, and without regard for any choice of laws rules.

**Section 16: Dismissal of Action**. Within seven (7) days of receiving the Settlement Funds, Releasor directs Releasor's attorneys of record in this lawsuit to sign and file with the Court a suitable dismissal of the lawsuit upon the merits, with prejudice and without costs to any Party. In the event Releasor fails to promptly dismiss the lawsuit, Releasor shall be liable for the Released Parties' attorney's fees to enforce the terms of this Section, only.

**Section 17: Entire Agreement**. This Release sets forth the entire agreement and understanding between the Parties. The Parties intend the terms and conditions of this Release to govern all issues related to Releasor's legal claims and/or litigation against the Released Parties in connection with the Incident. Any modifications to this Release must be in writing and signed by Releasor and an officer of Uber Technologies, Inc. Releasor has not relied on any oral statements that are not included in this Release. This Release supersedes all prior agreements and understandings concerning the subject matter of this Release.

**Section 18: Execution in Counterparts**. This Release may be executed in counterparts. Electronically executed copies are deemed to be the equivalent of physically signed originals.

PLEASE READ CAREFULLY. THIS CONFIDENTIAL AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS INCLUDES A RELEASE OF ALL KNOWN OR UNKNOWN CLAIMS. RELEASOR HAS READ THIS RELEASE, UNDERSTANDS AND ACCEPTS EACH OF ITS TERMS, AND AGREES TO BE FULLY BOUND BY IT.

| | |
|---|---|
| Heaven Simmons | Signed by: [signature] 1AE25282F0454C5... |
| Releasor's Name (printed) | Releasor's Signature |



Personal Information (Confidential)