# Exhibit D

Docusign Envelope ID: 62FA06CD-F0E7-8F1F-83F4-C6F745C85527

# ASSIGNMENT OF CLAIMS

This Assignment of Claims (the "Assignment") is made as of September 18, 2025 (the "Effective Date"), by and between Aleka Insurance, Inc., a Hawaii corporation ("Aleka" or "Assignor"), and Uber Technologies, Inc., a Delaware corporation ("Uber" or "Assignee"). For the purposes of this Assignment, Aleka and Uber are each referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

A. Aleka is a wholly-owned subsidiary of Uber. Uber is the sole shareholder and corporate parent of Aleka.

B. Aleka alleges that it has been injured by a pattern of racketeering activity carried out by the law firm of Simon & Simon, P.C. and certain other persons and entities alleged to be co-conspirators of Simon & Simon, P.C. (collectively, the "Defendants"), in connection with conduct arising in the Commonwealth of Pennsylvania.

C. Uber is a party to and real party in interest in the litigation captioned *Uber Technologies, Inc. and Federal Express Corporation v. Simon & Simon P.C., et al.,* Civil Action No. 2:25-cv-05365-MAK (the "Action"), pending in the United States District Court for the Eastern District of Pennsylvania (the "Court"), in which claims have been or will be asserted against one or more of the Defendants.

D. Aleka desires to assign to Uber, and Uber desires to obtain from Aleka, all of Aleka's civil claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), arising in the Commonwealth of Pennsylvania from the conduct of Simon & Simon, P.C. and the other Defendants.

E. Uber, as the corporate parent and sole owner of Aleka, has an independent legal and equitable interest in the subject matter of the Assigned Claims (as defined below) and in the Action that does not stem merely from this Assignment. Uber has itself been injured by the alleged conduct giving rise to the Assigned Claims and is a real party in interest in the Action.

F. The Parties intend by this Assignment to effect only a transfer of the Assigned Claims (as narrowly defined herein) from Aleka to Uber, and to preserve in full Aleka's ownership of all other claims of every kind and nature.

## AGREEMENT

NOW, THEREFORE, for the consideration recited below, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Definitions.** As used in this Assignment, the following terms shall have the following meanings:

   (a) "Assigned Claims" means all civil claims of Aleka under 18 U.S.C. § 1961 *et seq.* (the Racketeer Influenced and Corrupt Organizations Act) arising in the Commonwealth of Pennsylvania from the conduct of the law firm Simon & Simon, P.C. and other parties

Docusign Envelope ID: 62FA06CD-F0E7-8F1F-83F4-C6F745C85527

alleged to be that firm's co-conspirators, including but not limited to claims asserted or to be asserted in the Action.

2. **Assignment.** Aleka hereby expressly assigns, transfers, conveys, and delivers to Uber all of Aleka's right, title, and interest in and to the Assigned Claims, including, without limitation, all civil claims under 18 U.S.C. § 1961 *et seq.* arising in the Commonwealth of Pennsylvania from the conduct of Simon & Simon, P.C. and the other Defendants. Uber shall have full authority to assert, prosecute, settle, compromise, release, or discharge the Assigned Claims, in whole or in part, in Uber's sole and absolute discretion, and to demand, collect, and receive any and all damages, recoveries, judgments, settlements, or other proceeds arising from the Assigned Claims.

3. **Reservation of Rights.** For the avoidance of doubt, this Assignment assigns only the Assigned Claims as narrowly defined in Section 1(a) above. Aleka expressly retains and reserves all other claims, rights, causes of action, and interests of every kind and nature, including without limitation: (i) any and all RICO claims arising outside of the Commonwealth of Pennsylvania; (ii) any and all RICO claims arising from the conduct of any person or entity other than the Defendants; (iii) any and all non-RICO claims against Simon & Simon, P.C., the Defendants, or any other person or entity (including, without limitation, claims sounding in tort, contract, fraud, or statutory causes of action other than RICO); and (iv) any right to bring affirmative litigation, including affirmative RICO litigation, in the future with respect to any claims not constituting Assigned Claims. Nothing in this Assignment shall be construed to impair, diminish, or limit Aleka's ability to assert any retained claim in any forum.

4. **Consideration.** As consideration for the assignment of the Assigned Claims, Uber shall pay to Aleka the sum of Ten Dollars ($10.00), the receipt and sufficiency of which Aleka hereby acknowledges. In addition, Uber agrees to bear all costs and expenses (including attorneys' fees and litigation expenses) of prosecuting the Assigned Claims.

5. **Independent Interest.** The Parties acknowledge and agree that Uber, as the corporate parent and sole owner of Aleka, holds an independent legal and equitable interest in the subject matter of the Assigned Claims and in the Action that does not arise from or depend upon this Assignment. Uber has itself been injured by the alleged conduct giving rise to the Assigned Claims and is a real party in interest in the underlying litigation. This Assignment is not a transfer to a stranger to the controversy and does not constitute the maintenance of a suit by one who has no interest in the subject matter of the litigation.

6. **Further Assurances; Cooperation; Trust.** Aleka shall cooperate fully with Uber in Uber's prosecution of the Assigned Claims, including by executing such further instruments and documents and taking such further actions as Uber may reasonably request to effectuate or evidence the assignment contemplated by this Assignment. If Aleka receives any payment, distribution, settlement proceeds, judgment, or other property in full or partial satisfaction of any Assigned Claim, or any notice relating to any Assigned Claim, Aleka shall hold the same in trust as agent for and on behalf of Uber, and shall, within five (5) business days of receipt thereof, deliver the same to Uber at 1725 3rd Street, San Francisco, California in the same form received, with the endorsement of Aleka when necessary or appropriate.

Docusign Envelope ID: 62FA06CD-F0E7-8F1F-83F4-C6F745C85527

7. **Sole Discretion.** Uber shall have sole and absolute discretion to prosecute, settle, compromise, release, or discharge any or all of the Assigned Claims on such terms as Uber deems appropriate, without the consent of Aleka. Aleka shall not, without Uber's prior written consent, take any action that would impair, release, or compromise any Assigned Claim.

8. **Representations and Warranties.** Aleka hereby represents and warrants to Uber that, as of the Effective Date:

   (a) the information set forth in the Recitals is true and correct in all material respects;

   (b) Aleka owns and has good title to the Assigned Claims, free and clear of any and all liens, security interests, encumbrances, or adverse claims of any kind or nature;

   (c) Aleka has not previously assigned, sold, transferred, pledged, or otherwise disposed of all or any portion of the Assigned Claims to any third party;

   (d) no payment has been received by Aleka or on behalf of Aleka in full or partial satisfaction of the Assigned Claims;

   (e) Aleka has the full power and authority to execute, deliver, and perform its obligations under this Assignment; and

   (f) the execution and delivery of this Assignment by Aleka has been duly authorized by all necessary corporate action.

9. **Voluntary Execution; Advice of Counsel.** By their execution of this Assignment, Aleka and Uber each expressly acknowledge that they have executed the same freely and voluntarily, and each has had the opportunity to seek and obtain the advice of counsel, accountants, and financial advisors of its choice regarding the effect of the execution of this Assignment, and each has had adequate opportunity to investigate and assess all of the facts and circumstances relevant to the decision to enter into this Assignment.

10. **Governing Law.** This Assignment shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to its conflict-of-laws principles.

11. **No Oral Modification.** There shall be no modification of this Assignment except by a writing signed by each of the Parties. No person is or shall be authorized to orally amend, change, supplement, vary, or waive any of the terms hereof, either expressly or by implication, and the Parties agree not to rely on any oral amendment, change, supplement, variation, or waiver.

12. **Entire Agreement.** This Assignment constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements, negotiations, representations, and understandings, whether written or oral, relating to the Assigned Claims.

13. **Counterparts; Severability.** This Assignment may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument. If any term, provision, covenant, or condition of this Assignment is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remainder of the provisions hereof

Docusign Envelope ID: 62FA06CD-F0E7-8F1F-83F4-C6F745C85527

shall remain in full force and effect and shall in no way be affected, impaired, or invalidated as a result of such determination.

14. **Successors and Assigns.** This Assignment shall be binding upon and inure to the benefit of the Parties and their respective successors, assigns, heirs, executors, administrators, and legal representatives.

By executing this Assignment, each Party declares, affirms, and warrants that it understands and agrees to all provisions hereof.

**IN WITNESS WHEREOF**, the following Parties have hereunto executed this Assignment of Claims as of the Effective Date first written above. This Assignment of Claims may be executed in counterparts, each of which is deemed an original, and all of which together constitute one instrument. Signatures delivered electronically will be effective as original signatures.

**ALEKA INSURANCE, INC.**

Name: Andy Parr ______________________

By: Andy Parr

Title: Director

Date: September 18, 2026

**UBER TECHNOLOGIES, INC.**

Name: Andy Parr ______________________

By: Andy Parr

Title: Vice President, Insurance

Date: September 18, 2026

Docusign Envelope ID: 62FA06CD-F0E7-8F1F-83F4-C6F745C85527