# Exhibit F

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br><br>**Defendants.** | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**PLAINTIFF UBER TECHNOLOGIES, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SIMON & SIMON'S FIRST SET OF INTERROGATORIES**

Plaintiff Uber Technologies, Inc. ("Uber") hereby provides the following supplemental responses and objections (collectively, "Responses") to Defendants Simon & Simon P.C. and Marc Simon's First Set of Interrogatories.

**PRELIMINARY STATEMENT**

No admissions of any nature whatsoever are implied or should be inferred from the Responses set forth below, and the Responses are made solely for the purpose of this lawsuit and shall not be used in any other proceeding. The Responses do not constitute any agreement or concession that the subject matter is relevant to this action, and any information provided by Uber shall be provided without waiving any objection, including but not limited to relevance, privilege, or admissibility. Each Response is based on Uber's current knowledge, understanding, and belief with respect to the matters addressed in each of the Interrogatories. Without in any way undertaking an obligation to do so, Uber reserves the right to alter, supplement, amend, or

otherwise modify these Responses in light of additional facts revealed through subsequent inquiry and investigation. Subject to this Preliminary Statement, Uber makes the following general objections.

## GENERAL OBJECTIONS

These general objections ("General Objections") apply to each Interrogatory and shall have the same force and effect as if set forth in full in response to each individual Interrogatory. Asserting the same, similar, or additional specific objections in response to a particular Interrogatory does not waive or modify any of these General Objections. Documents that fall within any of the categories of General Objections will not be produced, unless specifically stated below in response to a specific Interrogatory. Any inadvertent disclosure of such documents or other information shall not be deemed a waiver of any objection.

1. Uber objects to, and declines to be bound by, these Interrogatories and the Instructions to the extent that they purport to impose obligations on Uber greater than those required by the Federal Rules of Civil Procedure ("Rules"), the Local Rules of the Eastern District of Pennsylvania, any other applicable rules, any applicable orders of this Court, or any stipulations of the parties.
2. Uber objects to the Interrogatories to the extent that they seek production of documents or information protected from disclosure by the attorney-client privilege, work-product protection, or any other applicable privilege or protection. Any information disclosed in response to the Interrogatories is disclosed without waiving each of these privileges or protection. Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.
3. Uber objects to the Interrogatories to the extent they assume the existence of facts or documents that do not exist or the occurrence of events that did not occur. Any response

of Uber to a Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in or implied by the Request exists or is accurate.

4. Uber objects to the Interrogatories to the extent they require production of documents that do not exist; that are not in Uber's possession, custody, or control; or that are equally available to Plaintiff.
5. Uber objects to the Interrogatories to the extent they are vague, ambiguous, susceptible of multiple meanings, or include terms that are undefined. Uber will respond to the Interrogatories based on its understanding of the Interrogatories.
6. Uber objects to the Interrogatories to the extent they seek private, confidential, financial, or proprietary information or trade secrets that is not covered by the confidentiality agreement among the parties.
7. Uber objects to the Interrogatories to the extent they are premature. Uber's investigation is ongoing. The following responses are based on Uber's present knowledge, information, and belief and are complete as to the best of Uber's knowledge at this time. Uber reserves the right to supplement or amend its responses as further information becomes known.
8. Uber objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative and seek information and documents that can be obtained from sources that are more convenient, less burdensome, and/or less expensive.

**<u>SPECIFIC RESPONSES AND OBJECTIONS</u>**

**<u>INTERROGATORY NO. 7:</u> Identify the amount of money, if any, that Uber (not Farmers or any other Person) paid in: i) attorneys' fees; ii) costs; iii) settlements; and iv) verdicts for each of the Underlying Uber Actions, and the person(s) at Uber most knowledgeable about this subject matter. If Rasier, Aleka, or any other affiliate paid any portion (or all) of the amounts of money responsive to this Interrogatory, indicate as such in the response.**

**<u>ANSWER:</u>** Uber incorporates and refers to its Responses and Objections to Interrogatory No. 16.

Dated: September 9, 2026

**ROHN KURLAND, P.C.**

By: /s/ Amy Kurland
Amy Kurland, Bar No. 37419
AKurland@rohnkurland.com
1700 Market St, Suite 1005
Philadelphia, PA 19103
Telephone: +1.215.770.0320
Facsimile: +1.215.717.9697

**ASHURST PERKINS COIE US LLP**

By: *_/s/ David W.T. Daniels_*
David W. T. Daniels
david.daniels@ashurstperkins.com
Michael J. Wadden
michael.wadden@ashurstperkins.com
Sydney Veatch
sydney.veatch@ ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

David B. Massey
david.massey@ashurstperkins.com
Jacob Taber
jacob.taber@ashurstperkins.com
William Wilder
will.wilder@ashurstperkins.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

Michael R. Huston
michael.huston@ashurstperkins.com
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
Facsimile: +1.602.648.7000

*Attorneys for Plaintiffs Uber Technologies, Inc. and Federa*

**CERTIFICATE OF SERVICE**

I hereby certify that I served this document on all counsel of record in the above-captioned matter via email on September 9, 2026.

Dated: September 9, 2026

**ASHURST PERKINS COIE US LLP**

By: *\/s/ William Wilder*
William Wilder
will.wilder@ashurstperkins.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649
*Counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*