**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | No. 2:25-cv-05365-MAK |
| SIMON & SIMON, P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, AND LANCE YARUS, | : | |
| Defendants. | : | |

**DEFENDANTS SIMON & SIMON, P.C. AND MARC SIMON'S OPPOSITION TO PLAINTIFFS' MOTION FOR DETERMINATION UNDER PA. R.P.C. 4.2 (ECF 244)**

**BLANK ROME LLP**
James T. Smith (I.D. No. 39333)
Daniel E. Rhynhart (I.D. No. 78248)
Rebecca D. Ward (I.D. No. 79547)
Michael A. Stoolman (I.D. No. 326117)
One Logan Square, 130 N. 18th Street
Philadelphia, PA 19103

*Attorneys for Defendants*
*Simon & Simon, P.C. and Marc Simon*

Plaintiffs' Motion flaunts procedural rules, misstates applicable law, and appears to be designed to sensationalize a "whistleblower" story that may be nothing of the sort. For now, however, the main problem is Plaintiffs' effort to sidestep providing Simon & Simon any information to identify the individual in question in order to determine whether they are currently represented by Simon & Simon for privilege and other communication purposes. Plaintiffs failed to meet and confer appropriately and instead feigned communication on the issue and then rushed to file this motion designed for ulterior purposes.

On October 29, 2026, Plaintiffs' counsel emailed defense counsel stating that they had "been contacted by an individual who was represented by Simon & Simon in a personal injury lawsuit" and that "in his initial, unsolicited email, the individual said that his case had already resulted in a settlement." **Ex. A** at 4. However, according to Plaintiffs' counsel, the unnamed individual apparently told them that "he is not sure whether or not the representation has ended." *Id.* Plaintiffs' counsel presented this information to counsel for the Simon Parties and asked for their position on Plaintiffs' request for an "order confirming that we may communicate with this individual because he is not a party to or represented in this action and because he does not appear to be a current client of Simon & Simon." *Id.*

The Simon Parties responded by asking for the identity of the individual so that they could evaluate the request. *Id.* at 3. Simon & Simon has thousands of clients and former clients who have entered into settlement agreements. Without more, the Simon Parties had no idea who this could be, in order to determine whether this is a current client. After Plaintiffs refused to provide the person's identity, the Simon Parties told Plaintiffs that they had no way to determine the status of this individual's representation without knowing the person's name. *Id.* at 2. The Simon Parties also told Plaintiffs that just because a case has settled does not mean the representation has ended, because the firm often continues to represent clients in other matters, such as resolving post-settlement medical

liens. *Id.* at 1. Plaintiffs responded by abruptly asserting that the Simon Parties' mere request for the individual's name meant that the Simon Parties were "unwilling to meet and confer further" (when no meet and confer had even taken place). *Id.* Plaintiffs then filed this Motion in haste.

Plaintiffs' gamesmanship in skirting the meet and confer requirement[1] is now explained by their filing: Plaintiffs do ***not*** seek an order to speak with this one person; instead, they seek permission to speak with ***all*** Simon & Simon clients, present and former, where Uber and FedEx are not parties in the underlying state court matter. ECF 244-1. This request was not presented to the Simon Parties. *See* Ex. A. Regardless, the request is meritless and demonstrates yet another attempt at a fishing expedition, which Plaintiffs apparently need given the lack of proofs for their claims.

## I. There Is No Basis to Withhold the Individual's Name.

While Plaintiffs represented in their email to the Simon Defendants that they "do not have permission to disclose" the individual's name, the Motion says differently that *Plaintiffs* seek to preserve his anonymity "given legitimate concerns that the Simon defendants may otherwise improperly interfere with that person." Mot. at 1 n.1. Plaintiffs offer no support for that "legitimate concerns" assertion and rely on only "Simon & Simon's powerful incentives to suppress evidence confirming its pervasive fraud." *Id.* This is the hallmark of Plaintiffs' case—now confirmed by the 30(b)(6) testimony of Uber. Plaintiffs' proofs are their own allegations, which are supported by their outside counsel's investigations, which in turn Plaintiffs assert need not be disclosed.

But we are in discovery now. Plaintiffs are *required* to disclose the identity (and the communications with this person) under pending discovery requests, including ones that ask for documents and communications with third parties related to the allegations in the complaint. Plaintiffs cannot continue to shield the supposed bases for their claims. Indeed, because of the lack of disclosure

---

[1] Per the Motion, Plaintiffs were contacted by the person on October 22. It is unclear why Plaintiffs waited a week to raise the issue on October 29, other than to minimize the time needed to manufacture an impasse and get the motion filed less than 24 hours later, on a Friday evening.

and lack of meet and confer described above, the Simon Parties have been deprived of their ability to adequately respond to this Motion. Without the individual's identity, we cannot make arguments about the status of the person's representation and whether and to what extent Rule 4.2 applies.

Without the identity, the Simon Parties also cannot defend against whatever this person says. Will it be inconsistent with sworn testimony the person gave in the underlying case? Is there evidence that this person is biased or not credible? The Simon Parties cannot test the assertions without the identity. Even the limited statement, purportedly attributed to this person in the Motion, calls into question his credibility. While Plaintiffs' counsel reports that the person told them that Simon & Simon "fabricate[d] treatment by a Dr Yarus" (Mot. at 1), that cannot be true because Dr. Yarus is involved solely as an expert witness and does not treat Simon clients—a fact that Plaintiffs know and yet freely repeat in their Motion.

If Plaintiffs provide the person's identity, the Simon Parties can evaluate the status of this person's representation, meet and confer with Plaintiffs about their proposed contact, and discover information about this person's statements to test them. Plaintiffs' attempt to short circuit both the meet-and-confer and the truth-seeking processes and obligations of discovery should be rejected. Otherwise, there will be trial by ambush, by both sides, where underlying clients are disclosed only on the eve of trial—a process not permitted by Rule 26.

## II. There Is No Basis to Issue a Hypothetical Opinion About Other Simon & Simon Clients.

Plaintiffs ask this Court for permission to communicate with not only the individual referenced but also "anyone similarly situated." Opp. at 4; ECF 244-1. The Court should not order such broad relief, and Plaintiffs' cited authority demonstrates why.

In *State Farm Mut. Auto Ins. Co. v. Sanders*, Judge Brody denied a motion for protective order from a *third-party* law firm seeking to preclude State Farm from contacting its present and former clients. 975 F. Supp. 2d 509 (E.D. Pa. 2013). The Court analyzed the fee agreements of these clients

and found that their representation did not extend to the separate insurance fraud case brought by State Farm against certain doctors. Here, the law firm is the *defendant* in the fraud case, and the firm's representation of its clients is directly related to the alleged fraud. Thus, those representations are the same "matter" for purposes of Pa. R.P.C. 4.2. Regardless, the only way Judge Brody was able to determine the issue was by looking at these clients' fee agreements. And yet, here, Plaintiffs will not even identify the clients. This Court should not hold that some potentially large, undefined group of clients are not within the scope of R.P.C. 4.2 based solely on Plaintiffs' say-so or give Plaintiffs carte blanche to have ex parte communication with Simon & Simon clients.

**WHEREFORE,** the Simon Parties respectfully request that the Court deny the Motion.

Dated: November 2, 2026

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Daniel E. Rhynhart*
James T. Smith (I.D. No. 39333)
Daniel E. Rhynhart (I.D. No. 78248)
Rebecca D. Ward (I.D. No. 79547)
Michael A. Stoolman (I.D. No. 326117)
One Logan Square, 130 N. 18th Street
Philadelphia, PA 19103
Phone: (215) 569-5371
Email: Jim.Smith@BlankRome.com
Dan.Rhynhart@BlankRome.com
Rebecca.Ward@BlankRome.com
Michael.Stoolman@BlankRome.com

*Attorneys for Defendants*
*Simon & Simon, P.C. and Marc Simon*

**CERTIFICATE OF SERVICE**

I, Daniel E. Rhynhart, hereby certify that on November 2, 2026, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

*/s/ Daniel E. Rhynhart*
Daniel E. Rhynhart