IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UBER TECHNOLOGIES, INC.,** ***et al.*** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 25-5365** |
| | : | |
| **SIMON & SIMON P.C.,** ***et al.*** | : | |

# ORDER

**AND NOW**, this 2nd day of November 2026, upon considering Plaintiffs' Motion (ECF 244) under Comment 6 to Rule of Professional Conduct 4.2 to allow their counsel to speak to a person allegedly represented by the Simon Defendants at an unknown time and apparently "anyone similarly situated," the Simon Defendants' Opposition (ECF 245), mindful we repeatedly defined the scope of claimants, and finding Plaintiffs do not today offer a sufficient basis to find the person who approached their counsel is a former client nor did they disclose this information to Defendants to resolve concerns, and finding no basis to conclude the Simon Defendants or Mr. Yarus (or their agents) would improperly contact a person to chill their ability to speak about claims not before us, it is **ORDERED** Plaintiffs' Motion (ECF 244) seeking approval for their counsel to speak to the undisclosed present or former client is **DENIED** without prejudice:

1. To move for relief as warranted after the parties meaningfully meet and confer including Plaintiffs identifying the person allegedly contacting them consistent with the parties' confidentiality agreement and then, should the parties reach an impasse, identifying the issues subject to determination; and,

2. Precluding a party or their agents from discussing any aspect of this case (including claims or evidence as to pattern and defenses) with the person until further Order.

**KEARNEY, J.**