**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | No. 2:25-cv-05365-MAK |
| SIMON & SIMON, P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, AND LANCE YARUS, | : | |
| Defendants. | | |

**MEMORANDUM OF LAW OF DEFENDANTS SIMON & SIMON, P.C. AND MARC SIMON SHOWING CAUSE WHY DESIGNATED PORTIONS OF THE SEALED EXHIBITS TO PLAINTIFFS' MOTION TO COMPEL (ECF NO. 247) SHOULD BE REDACTED**

**BLANK ROME LLP**
James T. Smith (I.D. No. 39333)
Daniel E. Rhynhart (I.D. No. 78248)
Rebecca D. Ward (I.D. No. 79547)
Michael A. Stoolman (I.D. No. 326117)
One Logan Square, 130 N. 18th Street
Philadelphia, PA 19103
Phone: (215) 569-5371
Email: Jim.Smith@BlankRome.com
Dan.Rhynhart@BlankRome.com
Rebecca.Ward@BlankRome.com
Michael.Stoolman@BlankRome.com

*Attorneys for Defendants*
*Simon & Simon, P.C. and Marc Simon*

## I. INTRODUCTION

Defendants Simon & Simon, P.C. and Marc Simon (together, the "Simon Defendants") respectfully submit this Memorandum in response to the Court's Order of November 9, 2026, which maintained under seal the exhibits to Plaintiffs' Motion to Compel (ECF No. 247), filed under seal at ECF No. 254, and granted Defendants leave to show cause, "as to why we should seal each presently sealed exhibit by demonstrating particularized harm in the disclosure on a line-by-line basis." (ECF No. 252 ¶¶ 1, 3.) The Simon Defendants do not ask the Court to seal any exhibit in its entirety. The Simon Defendants ask only for narrow redactions of (a) the names and identifying information of Simon & Simon's personal injury clients, nearly all of whom are nonparties; (b) those clients' health information; and (c) limited designated testimony of Simon & Simon's designee, Ronnie Perfidio, concerning the terms of the firm's referral relationships and its employee compensation. The Simon Defendants consent to public filing of every other line of every exhibit.

## II. PROCEDURAL HISTORY

On November 6, 2026, Plaintiffs filed their Motion to Compel, supported by the Declaration of Sydney Veatch and its exhibits. (ECF No. 247.) Plaintiffs moved to file Exhibits 1-3, 6, 8-17, 19-21, 23-26, 29-32, 36, 47, and 55 under seal, taking "no position regarding the necessity of sealing" for any exhibit other than Exhibit 47. (ECF No. 248 at 2, 5.) Plaintiffs identified Exhibits 2, 3, 6, 8-11, 13, 14, 16, 17, 19-21, 23-25, 36, and 55 as produced by the Simon Defendants; Exhibits 12 and 15 by Philadelphia Spine Associates, LLC ("PSA"); Exhibits 26 and 29-32 by Premier Pain & Rehab Center, PC ("Premier Pain"); and Exhibit 1 by Lance Yarus. (*Id.* at 5.) On November 9, 2026, Plaintiffs filed the exhibits under seal. (ECF No. 254.) The same day, the Court maintained the seal on the exhibits to the Motion to Compel (ECF Nos. 247-1–247-60 in part) until further Order, directed redaction of pages 1-9 of Exhibit 47, and denied the motion

as to "the remaining forthcoming exhibits to the Motion to compel (ECF 247) as lacking particularized harm," subject to Defendants' showing "on a line-by-line basis (*e.g. among many*, explaining why we should preclude public access to author, recipient, date, and publicly available information) consistent with our collective obligations." (ECF No. 252 ¶¶ 1-3.)

## III. LEGAL STANDARD

The common law "presumes that the public has a right of access to judicial materials," but that "presumption [of access] is just that, and thus may be rebutted." *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). The movant must show "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). The Third Circuit has set forth various factors, "which are neither mandatory nor exhaustive," that courts may consider when determining whether good cause exists and, by extension, whether a protective order should issue: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

Certain categories of information are required to be sealed under this Court's local rules. *See* E.D. Pa. L. Civ. R. 5.1.3; *Brooks v. Trans Union LLC*, No. CV 22-0048-KSM, 2025 WL 3022295, at *3 (E.D. Pa. Oct. 29, 2025). Personally identifying information of nonparties is precisely the kind of information that courts protect, and disclosure of this information would result

in a clearly defined and serious injury to the privacy interests of nonparties. *See, e.g., Del Nero v. NCO Fin. Sys., Inc.*, No. 2:06-CV-04823-JDW, 2021 WL 2375892, at *2 (E.D. Pa. June 10, 2021) (granting motion to seal to the extent it sought redactions of the movant's home and email addresses, the disclosure of which could subject him to continued death threats); *Three Bros. Supermarket Inc. v. United States*, No. 2:19-CV-2003-KSM, 2020 WL 5749942, at *5 (E.D. Pa. Sept. 25, 2020) (granting sealing order after finding that "public disclosure of Tejada's and other individuals' full names, social security numbers, account numbers, household numbers, birthdates, and private addresses would harm those individuals' privacy and financial interests"); *cf. United States ex rel. Brasher v. Pentec Health, Inc.*, 338 F. Supp. 3d 396, 402 (E.D. Pa. 2018) ("Courts considering requests to keep certain documents sealed have, in general, lifted the seal on the entire record except for specific documents that ... harm non-parties.") (cleaned up); E.D. Pa. L. Civ. R. 5.1.3 (requiring redaction of certain personal identifying information, including "Social Security numbers, dates of birth, [and] financial account numbers"). Moreover, when considering the common law right of access, courts generally "weigh in favor of protecting the financial information of private individuals and businesses." *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20cv4660, 2023 WL 1100995, at *4 (E.D. Pa. Jan. 30, 2023).

Further, the Third Circuit has "long recognized the right to privacy in one's medical information," *Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001), and "[n]onparties' medical information is precisely the kind of information that courts will protect." *Davis v. Elwyn, Inc.*, 2021 WL 4902333, at *4 (E.D. Pa. Oct. 20, 2021) (granting motion to file medical information under seal "because ... the right to privacy outweighs the public's right of access to materials filed in litigation"); *United States v. McGill*, No. 12-cr-112, 2016 WL 8716240, at *5 n.3 (E.D. Pa. May 13, 2016) (granting motion to seal document containing nonparty "patients' names and medical

information”); *Hicks v. Wegmans Food Mkt.*, No. 09-cv-0624, 2011 WL 499368, at *1 n.2 (D.N.J. Feb. 10, 2011) (granting motion to seal references to nonparty’s medical history because “there is ... a legitimate interest in maintaining the confidentiality of this personal information in order to protect the non-party’s privacy”).

## IV. ARGUMENT

### A. Author, Recipient, Date, Subject Line, and Public Information

The Simon Defendants recognize that a document’s author, recipient, date, and subject line, and any information already in the public record, are presumptively open to public access and require specific justification. (ECF No. 252 ¶ 3.) Accordingly, the Simon Defendants do not seek to redact the author, recipient, or subject line of any document, except where that field itself contains a client’s name, in which case only the name is redacted. The Simon Defendants do not seek to redact any document date, apart from dates of birth required to be redacted by Local Rule 5.1.3 and the date of loss in Exhibit 15, which would identify the client. The Simon Defendants do not seek to redact any information already public, including the identities of referring attorneys and law firms, which the Court has held are not confidential. (ECF No. 190.)

### B. Client Identifying Information and Health Information

The clients whose names appear in these exhibits are not parties to this action. Publishing their names together with the facts that they retained personal injury counsel, received particular treatment, or appear in a privilege log would disclose private medical and legal facts about persons who have no voice in this proceeding. For clients whose claims remain pending, disclosure would also give insurers and defense counsel in those separate matters information about the representation that is not discoverable there. Each redaction below is confined to the identifier or health information itself, so the substance of every document remains public.

**Exhibit 1.** This letter, produced by Lance Yarus (YARUS_00003051), contains Claimant GG's personal health information, including name, date of birth, and extensive medical information. The Simon Defendants ask that those items alone be redacted because they are a nonparty's health information and personal identifiers protected by Local Rule 5.1.3.

**Exhibits 2 and 3.** Exhibit 2 is Simon & Simon's Time Matters privilege log, sorted by claimant; Exhibit 3 contains selected entries from that log. Claimant names appear in the fourth column, within entries in the second column, in some Author/From and To/BCC fields, and in Further Description lines. The Simon Defendants request that the Claimants' names be redacted. Some of these clients have claims still in litigation, and publishing a claimant-indexed log would reveal to defense counsel in those cases the existence and nature of communications that are not discoverable there. All other fields, including dates and privilege bases, may be public.

**Exhibits 8, 9, and 10.** Each contains a client's name, date of birth, and phone number, and Exhibit 8 also contains the client's address and insurance information. Redaction of those items alone is warranted because they are personal identifiers and insurance data of nonparties, whose disclosure creates a concrete risk of misuse and intrusion into a pending claim.

**Exhibits 11 and 25.** The Simon Defendants seek redaction only of a client's phone number, which is private contact information of a nonparty in which the public has no interest.

**Exhibit 12.** In this excerpt of the Daniel Piccillo transcript, produced by PSA, the Simon Defendants seek redaction only of the claimant's name at page 332, lines 5, 10, 19, and 24, which identifies a nonparty patient in testimony about treatment.

**Exhibit 13.** This spreadsheet, shared with PSA, links individual clients to medical treatment. The Simon Defendants seek redaction only of the claimant names in the "Plaintiff" column.

**Exhibits 14, 16, 17, 19, 20, 21, 23, 24, 32, and 36.** The Simon Defendants seek redaction only of the client names, because each identifies a nonparty in connection with a personal injury claim and medical treatment.

**Exhibit 15.** Produced by PSA, this exhibit contains a client's name and date of loss throughout. The two together identify both the client and the claim, and the Simon Defendants seek redaction of those items alone.

**Exhibits 26-1 to 26-3, 29, 30, and 31.** These Premier Pain records contain client names, many of whom are not claimants in any matter at issue. Disclosing the treatment of unrelated nonparty patients serves no public purpose connected to the Motion to Compel, and the Simon Defendants seek redaction of the names only.

**Exhibit 47.** The Court directed redaction of pages 1 through 9 (Uber_242-250). (ECF No. 252 ¶ 2.) On November 12, 2026, Plaintiffs filed a redacted version of the full 411-page compilation. (ECF No. 263.) That filing redacts first names and dates of birth, but it leaves on the public docket each patient's surname, medical record number, and hospital account number, at least one home address, and, on pages beyond Uber_250, narrative medical information such as histories of present illness and the patients' own accounts of their injuries. (*See, e.g.*, ECF No. 263-1 at 2, 136–41, 176, 183.) The Simon Defendants ask that those remaining identifiers and that medical information be redacted throughout, for the reasons the Court has already accepted. A surname paired with a medical record number, date of treatment, and hospital identifies the patient as readily as a first name and date of birth.

**Exhibit 55.** This six-page January 17, 2022 report by Lance Yarus to Marc Simon (SIMONTM000062028-62033), marked "Confidential – PHI," concerns the same nonparty claimant as Exhibit 1. The Simon Defendants seek redaction only of the claimant's name and date

of birth wherever they appear, and of the claimant's detailed medical information: the history of present illness, the claimant's symptoms and their effect on daily activities, medications, allergies, family, medical, surgical, and social history, the physical examination findings, the imaging results, and the summaries of the claimant's hospital and treatment records, including an emergency room visit unrelated to the accident. This is a nonparty's protected health information, and the date of birth is a personal identifier protected by Local Rule 5.1.3. The Simon Defendants do not seek to redact the author, recipient, date, letterhead, date of loss, Bates numbers, or Yarus's conclusions regarding causation, treatment validity, costs, prognosis, and future care.

### C. Designated Testimony of Ronnie Perfidio (Exhibit 6)

Exhibit 6 consists of excerpts of the September 11, 2026 deposition of Ronnie Perfidio, Simon & Simon's Director of Operations, designated "Highly Confidential, Attorneys' Eyes Only." The Simon Defendants consent to public filing of every undesignated line and seek redaction only of the passages identified below.

**Referral relationship terms.** The Simon Defendants seek redaction of 76:6-11, 76:23-77:25, which describe the sources of the firm's clients and the percentage attributable to each; 88:7-17, concerning whether a written agreement governs a referral relationship; and 90:5-92:9, concerning the firm's primary referral sources and the business reasons for referrals. Consistent with the Court's ruling that the identity of referring attorneys is not confidential (ECF No. 190), the names of referring firms within these passages are not redacted. In that same ruling, however, the Court acknowledged that other information about the relationship with referral sources *is* confidential and deserving of protection. (ECF No. 190.) The same reasoning applies here: what is redacted is the quantified mix of client sources and the terms and rationale of the referral relationships, which Simon & Simon has consistently treated as confidential commercial information (*see* ECF No. 188). Disclosure would hand competing firms and referral sources a

map of Simon & Simon's client acquisition model and leverage in negotiating referral terms. The Simon Defendants do not seek to redact 85:1, without waiver of the designation of the surrounding exchange.

**Employee compensation.** The Simon Defendants seek redaction of 324:12-325:25 and 344:1-345:25, which describe the hourly pay, incentive structure, triggers, and timing of bonuses for scheduling and case management staff. This testimony implicates the privacy of nonparty employees and has competitive value to firms recruiting the same staff. *See Onex Credit Partners, LLC v. Atrium 5 Ltd.*, No. 13cv5629, 2017 WL 4284490, at *3 (D.N.J. Sept. 27, 2017) (granting the plaintiff's motion to seal the personal financial information of a nonparty because the nonparty had legitimate privacy interests in the nondisclosure of that information); *Wickens v. Rite Aid HDQTRS Corp.*, No. 19cv2021, 2021 WL 5876695, at *2 (M.D. Pa. Feb. 23, 2021) (sealing nonparty financial information because the nonparties "have not consented to their personal information being made public"); *Adami v. Cardo Windows*, 299 F.R.D. 68, 85–86 (D.N.J. 2014) (sealing documents containing salaries of individuals).

**D. The Proposed Redactions Satisfy the Parties' Collective Obligations**

This proposal honors the presumption of access and the parties' collective obligations under *Avandia* and the Court's Order. It seals no exhibit in full, leaves public every author, recipient, date, and subject line except where the field is itself a client name, leaves public every referring firm's identity, and identifies a specific injury for each line it would withhold. Redaction is the least restrictive means available and leaves the substance of the Motion to Compel open to public review.

## V. CONCLUSION

The Simon Defendants respectfully request that the Court direct that the exhibits to Plaintiffs' Motion to Compel (ECF No. 247), presently sealed at ECF No. 254, be filed publicly with the redactions identified above and otherwise unsealed.

Dated: November 13, 2026

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Daniel E. Rhynhart*
James T. Smith (I.D. No. 39333)
Daniel E. Rhynhart (I.D. No. 78248)
Rebecca D. Ward (I.D. No. 79547)
Michael A. Stoolman (I.D. No. 326117)
One Logan Square, 130 N. 18th Street
Philadelphia, PA 19103
Phone: (215) 569-5371
Email: Jim.Smith@BlankRome.com
Dan.Rhynhart@BlankRome.com
Rebecca.Ward@BlankRome.com
Michael.Stoolman@BlankRome.com

*Attorneys for Defendants*
*Simon & Simon, P.C. and Marc Simon*

**CERTIFICATE OF SERVICE**

I, Daniel E. Rhynhart, hereby certify that on November 13, 2026, a true and correct copy of the foregoing was served via ECF and email on all counsel of record.

*/s/ Daniel E. Rhynhart*
Daniel E. Rhynhart