# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,<br><br>Defendants. | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**MEMORANDUM OF DEFENDANTS CLIFTON BURT AND PREMIER PAIN & REHAB CENTER, PC IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE EXHIBITS 6 AND 7 UNDER SEAL**

Defendants Clifton Burt and Premier Pain & Rehab Center, PC (collectively, "Premier Pain") respectfully submit this Memorandum in support of Plaintiffs' Motion for Leave to File Exhibits 6 and 7 to the Declaration of Michael J. Wadden Under Seal (the "Motion").

## I. INTRODUCTION

The Motion arises out of Plaintiffs' desire to attach exhibits that are irrelevant to the outcome of a Renewed Motion to Enforce Subpoena to Thrivest Legal Funding LLC ("Thrivest") (the "Motion to Enforce"). Specifically, Plaintiffs seek to attach to the Declaration of Michael J. Wadden (the "Declaration") as Exhibit 6 emails and a Master Medical Receivables Assignment and Purchase Agreement (the "Agreement") between Thrivest, who is not a party to

this litigation, and Premier Pain & Rehab Center and as Exhibit 7 a Bill of Sale, Schedule of Accounts, and Closing Statement and Funding Instructions (collectively, the "Exhibits").

Premier Pain requests that the Court grant Plaintiffs' Motion. As Plaintiffs have represented, they "take no position regarding the necessity of sealing." Premier Pain however, seeks to have the Exhibits filed under seal because by their very terms they are confidential, contain protected health information ("PHI"), and are irrelevant to a resolution of the Motion to Enforce.

Exhibit 6 contains a confidentiality clause whereby the Premier Pain and Thrivest agreed that the Agreement, and any information exchanged between the parties related to the Agreement, should be held in strict confidence. In addition, Exhibit 7 contains sensitive confidential business information, including the specific financial terms of a medical receivables purchase agreement, proprietary pricing structures, bank account information, as well as PHI of non-party patients.

Furthermore, it is curious why Plaintiffs even seek to file the Exhibits given the issue the Court must decide – whether to enforce the Subpoena Plaintiffs served on Thrivest.[1] According to the Motion, there appears to be no dispute that Thrivest has responsive documents. Rather the issue appears to be the scope of the Subpoena. The Court can resolve this issue without viewing the Exhibits. As such, the Court should grant the Motion and permit the Exhibits to remain under seal.

## II. LEGAL STANDARD

The common law right of access "begins with a presumption that the public may access judicial records and documents." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924

[1] The Court has already ruled on the Motion to Enforce, further supporting that it should seal the Exhibits.

F.3d 662, 672 (3d Cir. 2019) (citing *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1986)). To overcome this presumption, the party seeking to seal must demonstrate that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994); *see also Avandia*, 924 F.3d at 672. The Third Circuit has recognized that "[c]ourts may permissibly seal judicial records where they are sources of business information that might harm a litigant's competitive standing." *Avandia*, 924 F.3d at 676 (citing *Westinghouse Elec. Corp. v. Republic of the Philippines*, 949 F.2d 653, 662 (3d Cir. 1991)).

## III. ARGUMENT

The Court should grant the Motion and seal the Exhibits because they are confidential by their terms, contain PHI, and are unnecessary to the adjudication of whether the Court should compel Thrivest to comply with the Subpoena.

The Court should seal the Exhibits because they are confidential by their terms and the unredacted versions contain protected health information of non-party patients that must be shielded from public disclosure. Section 5.16 of the Agreement contains an explicit confidentiality provision, which states:

> This Agreement, its terms, conditions, substance of discussions between the parties, all documentation related to this Agreement, and any other information exchanged between the Parties that relates to this Agreement, shall be held in strict confidence and given at least the same protections and due care by each Party as that Party gives its other confidential information.

As such, Premier Pain has a binding contractual obligation to Thrivest to maintain the confidentiality of the agreement and its terms. Public disclosure of these documents on the

Court's docket would constitute a breach of that obligation, exposing Premier Pain to potential liability to a non-party. The Court should not compel a litigant to violate its contractual obligations to a third party where, as here, the information can readily be maintained under seal without prejudice to any party or the public. Moreover, it is questionable why Plaintiffs even seek to attach these documents when the issue before the Court is Thrivest's compliance with a Subpoena issued by Plaintiffs.

Indeed, considering the factors set forth in *Avandia*, the Court should grant the Motion. *Avandia*, 924 F.3d at 671. Specifically, disclosing the Exhibits violates the privacy interests that Premier Pain and Thrivest have in their business relationship as evidence by the confidentiality provision of the Agreement. Moreover, the inclusion of the Exhibits is for an improper purpose. There is no dispute Thrivest has responsive documents. The Court's decision to grant the Motion to Enforce will not turn on the contents of the Exhibits. Rather, by seeking to seal the Exhibits, Premier Pain seeks to protect the PHI of non-parties to this litigation which again, is not relevant to the issue of whether Thrivest must comply with the Subpoena. Fairness and efficiency is not being promoted by exposing Premier Pain's confidential Agreement with a non-party.

On the contrary, not sealing the Exhibits will allow anyone with access to the PACER system to obtain the confidential documents. This litigation is not in a vacuum. Rather, there are numerous state court matters where defendants seek (but are unsuccessful) at obtaining non-party Premier Pain's private business records, such as the Agreement. Premier Pain suspects that if the Court does not seal the Exhibits, Plaintiffs will direct every defense counsel in state court actions to the docket in this case to obtain the information. This is neither fair, nor efficient particularly when the Exhibits are not relevant to the Motion to Enforce.

Case 2:25-cv-05365-MAK Document 16 Filed 07/17/26 Page 5 of 6

Likewise, Exhibit 7 contains PHI of non-party patients. Specifically, it includes patient identifiers (referenced as "Claimant U," etc.), the specific medical procedures performed (e.g., radiofrequency ablation to the lumbar spine), dates of service, and associated billing amounts. The non-party patients whose information appears in Exhibit 7 never consented to having their medical information disclosed on the public docket. As such, the Court should grant the Motion and file the Exhibits under seal if not strike them in their entirety from the docket.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendants Clifton Burt and Premier Pain & Rehab Center, PC respectfully request that this Court grant Plaintiffs' Motion for Leave to File Exhibits 6 and 7 to the Declaration of Michael J. Wadden Under Seal. The documents at issue contain protected health information of non-party patients and confidential business information whose public disclosure would cause clearly defined and serious injury to Premier Pain. The request is narrowly tailored to only those materials warranting protection, and sealing these exhibits will not impair the public's ability to understand the proceedings before this Court.

Dated: July 27, 2026

Respectfully submitted,

**FOX ROTHSCHILD LLP**

*/s/ Stephanie Nolan Deviney*

Stephanie Nolan Deviney, Esquire
Attorney ID 80770
Eagleview Corporate Center
747 Constitution Drive, Suite 100
Exton, PA 19341-0673
Phone: (610) 458-7500
Email: SDeviney@FoxRothschild.com
*Attorneys for Defendants, Clifton Burt and Premier Pain & Rehab Center, PC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,<br>Plaintiffs,<br>v.<br>SIMON & SIMON, P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,<br>Defendants. | Case No. 2:25-cv-05365-MAK |

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court through the CM/ECF system. By electronically filing, the CM/ECF system shall send notification of such filing to counsel of record for each party and those registered to receive a Notice of Electronic Filing for this case.

Dated: July 27, 2026

*/s/ Stephanie Nolan Deviney*
Stephanie Nolan Deviney, Esquire



187958673.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UBER TECHNOLOGIES, INC.<br>Plaintiff,<br>v.<br>SIMON & SIMON, P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,<br>Defendants. | Case No. 2:25-cv-05365-MAK |

**ORDER**

AND NOW, this _________day of ___________, 2026, upon consideration of the Motion to File Exhibits 6 and 7 of the Declaration of Michael J. Wadden (ECF 164) under seal, it is hereby ORDERED that said Motion is GRANTED, and given that the Court has already ruled on the Motion to Enforce Compliance with a Subpoena (ECF 162), Exhibits 6 and 7 are hereby STRICKENED from the docket entirely.

BY THE COURT:

______________________________
KEARNEY, J.