**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION, | : | |
| Plaintiffs, | : | CIVIL ACTION |
| v. | : | No. 2:25-cv-05365-MAK |
| SIMON & SIMON, P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, AND LANCE YARUS, | : | |
| Defendants. | : | |

**SIMON DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL "IMPROPERLY ALTERED MEDICAL TRACKING SPREADSHEETS" (ECF 255)**

**BLANK ROME LLP**
James T. Smith (I.D. No. 39333)
Daniel E. Rhynhart (I.D. No. 78248)
Rebecca D. Ward (I.D. No. 79547)
Michael A. Stoolman (I.D. No. 326117)
One Logan Square, 130 N. 18th Street
Philadelphia, PA 19103
Phone: (215) 569-5371

*Attorneys for Defendants*
*Simon & Simon, P.C. and Marc Simon*

Defendants Simon & Simon, P.C., and Marc Simon (the "Simon Defendants") respectfully submit this Response in Opposition to Plaintiffs' Motion to Compel (the "Motion") production of what they style "Improperly Altered Medical Tracking Spreadsheets" (the "Spreadsheets") (ECF 255). For the multiple reasons set forth below, the Motion should be denied.

**ARGUMENT**

First, under Pennsylvania Rule of Professional Conduct 1.6(a), "[a] lawyer ***shall not*** reveal information relating to representation of a client unless the client gives informed consent, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b) and (c)." Pa. R.P.C. 1.6(a). Second, although paragraph (c)(8) permits disclosure "to comply with other law or a court order," that provision does not apply here – in fact, the Court has ordered, *multiple times*, that Plaintiffs can discover information *only* about the specifically named 50+ Claimants. In its initial scheduling order dated June 10, 2026, the Court expressly stated that discovery was "limited" to "Claimants" identified in the Amended Complaint and twenty-five others of Plaintiffs' choice. ECF 125. The Court later confirmed that Plaintiffs could freely choose the twenty-five Claimants to add to those in the Amended Complaint, but it emphasized over and over again that Plaintiffs could seek discovery as to *only those "Claimants."*[1] Although the Court ordered that non-lawyer co-defendants could not redact information about non-Claimants (Mot. at 3), in recognition of the Simon Defendants' obligations under Rule 1.6(a), it ordered that *the Simon Defendants could*. ECF 190 (granting Simon Defendants' request, which

[1] *See* ECF 148 ("consistent with our specific direction in Paragraph 4d. of [ECF 125]" to limit Plaintiffs' discovery to Claimants referenced in the Amended Complaint plus twenty-five others and "***and no one else***") (emphasis added); ECF 184 (order on Plaintiffs' Motion to Clarify ECF 148 and "remind[ing] 'Plaintiffs their choice [of Claimants] limits affirmative discovery"); ECF 246 (order on Plaintiffs' motion seeking leave to "speak to a person allegedly represented by the Simon Defendants … and apparently 'anyone similarly situated' and directing all parties to be "mindful we ***repeatedly defined the scope of claimants***") (emphasis added).

was based on Pa. R.P.C. 1.6(a), to redact non-Claimant names from documents with that limited information as "beyond the [Claimants] now at issue in the ongoing pattern discovery").

The Motion itself concedes that the Simon Defendants *have* produced the information contained in the Spreadsheets about Claimants. (Mot at 3).[2] But because of their obligations under Rule 1.6(a), *and the repeated Orders of this Court* limiting the scope of discovery including ECF 190, the Simon Defendants redacted – *properly* – information about clients whose confidential information *is not discoverable*. The Motion articulates no reason why confidential medical information about thousands of other clients should now be fair game, when the vast majority never brought a claim against either Plaintiff,[3] and many of them received treatment from providers – treating physicians, physical therapists, chiropractors, orthopedists, pain specialists, etc. – who are not identified as part of the alleged "conspiracy." Plaintiffs simply assert, without elaboration, that detailed information about non-Claimants is needed to "confirm[] the conveyor belt and the fraud." (Mot. at 2).

But Plaintiffs already have a spreadsheet that provides information, other than client names, for non-Claimants who received treatment at Premier Pain starting in May 2018 – on a *day-by-day* and *appointment-by-appointment* basis. *See* Exhibit A hereto, a screenshot from the beginning of SIMON000016199. Plaintiffs' selective screenshots (Mot. at 2) do not make clear that spreadsheets tracking whether clients attend chiropractor appointments identify the non-party chiropractors *and* the numbers of non-Claimant clients on each spreadsheet for any given week.

[2] For purposes of ensuring the record is clear, the Simon Defendants acknowledge that some spreadsheets *may* have redacted information protected by the attorney-client privilege and/or work product doctrine for Claimants. Given Plaintiffs have not provided a list of spreadsheets covered by the Motion, the Simon Defendants cannot confirm whether any such spreadsheets are at issue here. To state the obvious, the Simon Defendants object to any order requiring the disclosure of any such privileged information.

[3] As Plaintiffs know from their own records, since 2017 the firm has represented only a few hundred clients in the past nine years with claims or potential claims against the two Plaintiffs *combined*.

*See* Exhibit B hereto, screenshots from the first three tabs of Plaintiffs' Exhibit 3. Plaintiffs also omit that they *also* have year-by-year information since 2019 for (a) total leads for potential new clients, (b) total new clients signed, (c) total number of complaints filed, (d) MRIs scheduled and completed, (e) surgeries completed (and since 2024, consultations scheduled vs. surgeries completed) *with any provider*, and (f) cases settled. *See* Exhibit C, screenshots from one of more than a dozen tabs in spreadsheets produced at SIMONEM000028707 to 28713.

What additional information about other clients do Plaintiffs need if they already know the total client count, the non-party chiropractors and their total client-count on the tracking spreadsheets at issue, the total surgical consultations (starting in 2024) and total surgeries completed (since 2019)?[4] Why should highly confidential and personal medical information of countless other clients – only a fraction of whom have or have had claims against a Plaintiff – be disclosed, with the risk of becoming part of the public record in a case where every filing draws immediate press coverage[5], if Plaintiffs have the information they need to prove the alleged "conveyor belt"?

In no world should even ***more*** clients *who did not bring claims against Plaintiffs* be put at issue. Accordingly, irrelevant clients' names and information are properly redacted.[6]

**WHEREFORE,** Defendants/Counterclaimants Simon & Simon, P.C. and Marc Simon respectfully request that this Honorable Court issue an Order in the form proposed hereto.

---

[4] Given Plaintiffs know the number of procedures performed by Premier Pain, it is a matter of simple arithmetic to determine the number of procedures performed by all other providers collectively.

[5] The existence of a confidentiality agreement does not address the Simon Defendants' obligations under Rule 1.6(a) nor (b) guarantee confidentiality for these non-parties. That agreement does not guarantee sealing – and Plaintiffs are now refusing to redact sensitive personal information about the Claimants.

[6] *See Thomas v. City of Philadelphia,* 2019 WL 265138, at *3 (E.D. Pa. Jan. 18, 2019) ("the redacted portions of these documents concern unrelated third parties' claims … and other information irrelevant to this lawsuit. As such, these materials or excerpts need not be disclosed.").

Dated: November 13, 2026

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Daniel E. Rhynhart*

James T. Smith (I.D. No. 39333)
Daniel E. Rhynhart (I.D. No. 78248)
Rebecca D. Ward (I.D. No. 79547)
Michael A. Stoolman (I.D. No. 326117)
One Logan Square, 130 N. 18th Street
Philadelphia, PA 19103
Phone: (215) 569-5371
Email: Jim.Smith@BlankRome.com
Dan.Rhynhart@BlankRome.com
Rebecca.Ward@BlankRome.com
Michael.Stoolman@BlankRome.com

*Attorneys for*
*Defendants/Counterclaimants*
*Simon & Simon, P.C. and Marc Simon*

**CERTIFICATE OF SERVICE**

I, Daniel E. Rhynhart, hereby certify that on November 13, 2026, a true and correct copy of the foregoing was served via email on all counsel of record.

*/s/ Daniel E. Rhynhart*
Daniel E. Rhynhart

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SIMON & SIMON, P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, AND LANCE YARUS,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>No. 2:25-cv-05365-MAK |

**ORDER**

AND NOW, this ______ day of _______________, 2026, upon consideration of the Plaintiffs' Motion to Compel Improperly Altered Medical Tracking Spreadsheets (ECF 255) and the response in opposition of Defendants Marc Simon and Simon & Simon, P.C., it is hereby **ORDERED** that the Motion is **DENIED.**

BY THE COURT

______________________________

J.