**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**SIMON & SIMON P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, and LANCE YARUS,**<br><br>**Defendants.** | CIVIL ACTION<br><br>No: 2:25-cv-05365-MAK |

**PLAINTIFFS' RENEWED MOTION FOR DETERMINATION UNDER PA. R.P.C. 4.2**

# TABLE OF CONTENTS

**Page(s)**


I. The Court should ascertain whether Mr. Bonnette wishes to continue Simon & Simon's representation.......... 2

II. Plaintiffs are in any case permitted to communicate with Mr. Bonnette because he is a party represented in a separate matter. .......... 2

III. Exceptional circumstances warrant allowing Plaintiffs' counsel to speak to Mr. Bonnette. .......... 4

IV. Discovery limitations are not relevant to this motion. .......... 5

Having disclosed the identity of Whistleblower 1 to Defendants and having further met and conferred, Plaintiffs respectfully renew their motion for a Court order under Pa. R.P.C. 4.2 confirming their ability to communicate with James Bonnette, a client of Defendant Simon & Simon P.C. whose personal injury action was settled six months ago. Mr. Bonnette sent an unsolicited email to Plaintiffs' counsel on October 22, 2026, months after judgment was both entered and satisfied in his case, requesting to discuss his experience as a Simon & Simon client—including his concerns that Simon & Simon "[f]abricate[d] treatment by a Dr Yarus and others[.]" Ex. A. The case that Simon & Simon handled for Mr. Bonnette was not against Uber or FedEx, and although it is not one of the pattern cases set out in the Amended Complaint it is highly relevant to this RICO action. Because Simon & Simon were retained by Mr. Bonnette in a different matter, Plaintiffs file this motion to request that the Court confirm that counsel may communicate directly with Mr. Bonnette without the consent or involvement of the Simon Defendants. Pa. R.P.C. 4.2 cmt. 6 (authorizing counsel to seek a court order clarifying right to communicate).[1]

It is Simon & Simon's position that Mr. Bonnette remains a firm client apparently based solely on the fact that it is withholding his settlement distribution. It is clear from Mr. Bonnette's unsolicited email (Ex. A) that he does not regard himself as a Simon & Simon client and that he desires to terminate whatever representation may exist. The Court should, as a threshold matter, authorize a communication to Mr. Bonnette—whether by the undersigned firm or the Special Master—to ascertain whether he wants Simon & Simon to continue representing him. If he chooses to terminate the representation, there is no question: Rule 4.2 does not apply to former clients. Regardless, the Court may also issue a clarifying order permitting Plaintiffs' counsel to speak with

1 Pursuant to 28 U.S.C. § 2071, the Eastern District has adopted the Pennsylvania Rules of Professional Conduct as the standard for acts and omissions regarding practice before this Court. E.D. Pa. Local Rule 83.6 Rule IV.B.

Mr. Bonnette for either of two reasons: (1) such counsel do not represent any party in the same state court matter in which Simon & Simon represented Mr. Bonnette; and (2) exceptional circumstances warrant an order allowing him to speak with other counsel without the interference of Simon & Simon.[2]

## I. THE COURT SHOULD ASCERTAIN WHETHER MR. BONNETTE WISHES TO CONTINUE SIMON & SIMON'S REPRESENTATION.

Mr. Bonnette has already made clear in his email that he wishes to end his relationship with Simon & Simon. Rule 4.2 does not prevent a client from asking Attorney B about the client's representation by Attorney A. Pa. R.P.C. 4.2 cmt. 4 ("Nor does this Rule preclude communication with a represented person who is seeking advice from a lawyer who is not otherwise representing a client in the matter."). Plaintiff's counsel should accordingly be permitted to speak with Mr. Bonnette to "confirm they [Simon & Simon] are not my attorney" (Ex. A) and that—for the avoidance of any doubt—he desires to terminate any representation that may exist. Such a question can also be posed to Mr. Bonnette by the Special Master. If Mr. Bonnette decides to terminate the representation, Rule 4.2 would no longer apply. Rule 4.2 covers persons "represented by another lawyer in the matter," not persons who *used to be* represented by another lawyer. If Mr. Bonnette is no longer a current client of Simon & Simon, there would be no possible bar to his communicating with Plaintiffs' counsel.

## II. PLAINTIFFS ARE IN ANY CASE PERMITTED TO COMMUNICATE WITH MR. BONNETTE BECAUSE HE IS A PARTY REPRESENTED IN A SEPARATE MATTER.

The Court may also simply authorize Plaintiffs' counsel to speak with Mr. Bonnette. Any continuing representation by Simon & Simon in the underlying state court case is irrelevant for

[2] Because Mr. Bonnette wishes to speak to Plaintiffs' counsel voluntarily, neither the limitations imposed by Rule 26 nor the Court's prior ruling on the scope of discovery are applicable here. *See* Part III, *infra*.

the no-contact rule because that representation involves a different matter. The purpose of Rule 4.2 is to protect a client "against possible overreaching by other lawyers *who are participating in the matter*." Pa. R.P.C. cmt. 1 (emphasis added). Mr. Bonnette did not sue Uber or FedEx, and Plaintiffs' counsel are not involved in the matter for which Mr. Bonnette retained Simon & Simon—namely, his state court personal injury lawsuit. As the comments to Rule 4.2 make clear, there is no bar to a lawyer speaking to a person represented in a matter "regarding a separate matter." Pa. R.P.C. 4.2 cmt. 4.

Judge Brody accordingly permitted communications with a law firm's current clients on strikingly similar facts. In *State Farm Mutual Automobile Insurance Company v. Sanders*, 975 F. Supp. 2d 509 (E.D. Pa. 2013), a plaintiff alleging "systematic and widespread medical insurance fraud" sought to speak with the current clients of a personal injury law firm that made allegedly fraudulent claims. *Id.* at 510.[3] The law firm protested that such communications were barred by Pennsylvania Rule of Professional Conduct 4.2. But the Court disagreed: the law firm was only representing clients in the underlying personal injury cases, not in the instant insurance fraud case. *Id.* at 512. Because communication about the insurance fraud case was a communication "concerning matters outside the representation," plaintiffs' counsel in *State Farm* were allowed under Rule 4.2 to speak with current clients of the co-conspirator law firm. *Id.*

Judge Brody made this determination by consulting the firm's "standard contingent fee agreement" to determine the insurance fraud case was outside the scope of the representation. The form agreement that Simon & Simon uses with its clients confirms that any representation is "in

[3] The law firm was an alleged co-conspirator of the medical defendants; the attorney "represented approximately 130 patients of Defendants in personal injury lawsuits," and his spouse "was a corporate officer" of the defendant. 975 F. Supp. 2d at 510.

connection with your personal injury action." *See, e.g.,* Ex. B. Mr. Bonnette's letter presumably contains a similar scope limitation and hence is no different from the *State Farm* letter.

Similarly, then-Magistrate Judge Restrepo concluded that there was no problem with attorneys who were suing a Department of Corrections employee in one matter contacting him directly in an entirely different matter to request Department documents. *Griffin-El v. Beard*, 2009 WL 2929802, at *2, 7 (E.D. Pa. Sept. 8, 2009). Because the employee was not represented in the second matter, Rule 4.2 was entirely inapplicable—the communication was proper. *Id.* at *7.

The Court should follow *Sanders* and *Griffin-El*. Simon & Simon do not represent Mr. Bonnette in this RICO action, to which he is not a party. Plaintiffs are unaware that any other attorney represents him in this action. Rule 4.2 does not apply.

## III. EXCEPTIONAL CIRCUMSTANCES WARRANT ALLOWING PLAINTIFFS' COUNSEL TO SPEAK TO MR. BONNETTE.

Rule 4.2 is not an absolute. "A lawyer may also seek a court order in exceptional circumstances to authorize a communication that would otherwise be prohibited by this Rule…." Pa. R.P.C. 4.2 cmt. 6. In determining whether exceptional circumstances exist, courts have considered whether the "circumstances are unusual" and whether the communication would serve the interests of the represented party. *Sullivan v. Saint-Gobain Performance Plastics Corp.*, 2020 WL 9762421, at *7 (D. Vt. Nov. 4, 2020) (authorizing defendants' counsel to include an individual settlement offer to putative class members in the court's class notice); *see also Flomo v. Bridgestone Ams. Holding Inc.*, 2009 WL 10688089, at *4 (S.D. Ind. April 27, 2009) ("unique circumstances"). If the Court finds that Rule 4.2 applies to Plaintiffs' counsel's communications with Mr. Bonnette, it should also find that exceptional circumstances exist warranting such communication.

Rule 4.2 exists to protect clients, not lawyers. Pa. R.P.C. 4.2 cmt. 1. Here, unlike in the usual case, there is no risk of interference with the attorney-client relationship—that relationship

has already broken down to the point of adversity. After counsel for Plaintiffs asked Mr. Bonnette whether he was "currently represented by Simon & Simon or any other law firm" and told him that if he was, "we are unable to communicate with you without the consent of your legal counsel," Mr. Bonnette responded, "As far as Simon and Simon, I'm not sure if you can say they represent me"; complained that Simon & Simon "withheld ... information from" him; and asked, "What would I have to do to confirm they are not my attorney?" Ex. A.

The risk here is not outside interference with Mr. Bonnette's relationship with counsel; it is that Simon & Simon may improperly attempt to use economic leverage to interfere with what a witness may say. Simon & Simon obtained a settlement for Mr. Bonnette in April but have not yet distributed the funds to him more than six months later. They may use the continued withholding of Mr. Bonnette's money as leverage to dissuade him from sharing his experience with Simon & Simon and Dr. Yarus.

Mr. Bonnette evidently wants to terminate his representation by Simon & Simon and to discuss his observations of their fraud. Simon & Simon cannot hide behind Rule 4.2 to thwart his disclosure—it is a Rule that exists to protect Mr. Bonnette, not the lawyers with whom he is dissatisfied. There is no good reason for the Court to prohibit Mr. Bonnette from having the conversation he requested of Plaintiffs' counsel and sharing whatever information he may choose. In these unique circumstances, the Court should find that it is in Mr. Bonnette's best interests to allow him to speak with Plaintiffs' counsel.

## IV. DISCOVERY LIMITATIONS ARE NOT RELEVANT TO THIS MOTION.

During the parties' meet and confer, counsel for Simon & Simon asserted that Plaintiffs' request should be denied because Mr. Bonnette does not possess information relevant to this RICO action. Of course he does—his unsolicited email asserts that Simon & Simon "sent [him] to unnecessary doctors" and that they "fabricate[d] treatment by a Dr Yarus." Ex. A. But relevance is

beside the point. Plaintiffs are not seeking leave to subpoena Mr. Bonnette and are not using any discovery tool available under the Federal Rules of Civil Procedure. Neither Rule 26(b) nor this Court's prior ruling on the scope of discovery limits voluntary witness interviews. *Williams v. Rene*, 72 F.3d 1096, 1103 (3d Cir. 1995) (recognizing that all counsel "have a right to interview … willing [witnesses] in private, without the presence or consent of opposing counsel").

Dated: November 16, 2026

**ROHN KURLAND ROSSMAN, P.C.**

Amy Kurland, Bar No. 37419
AKurland@rkrlawfirm.com
1700 Market St, Suite 1005
Philadelphia, PA 19103
Telephone: +1.215.770.0320
Facsimile: +1.215.717.9697

**ASHURST PERKINS COIE US LLP**

By: <u>*/s/ David W. T. Daniels*</u>

David W.T. Daniels
david.daniels@ashurstperkins.com
Michael J. Wadden
michael.wadden@ashurstperkins.com
Sydney Veatch
sydney.veatch@ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

David B. Massey
david.massey@ashurstperkins.com
Jacob Taber
jacob.taber@ashurstperkins.com
William Wilder
will.wilder@ashurstperkins.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

*Attorneys for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*

## RULE IV.B CERTIFICATE

Conferral and shared effort to resolve: The Court ordered the parties to meet and confer in its November 2 Order denying Plaintiffs' original motion. Counsel for Plaintiffs sent emails to counsel for Simon & Simon requesting a meet and confer on November 3, November 4, November 5, and November 8. Counsel for Simon & Simon finally responded and agreed to a telephonic meet and confer on November 11, 2026. Counsel for the parties spoke for approximately 20 minutes but were unable to resolve their dispute.

Defendants' position: Counsel for Simon & Simon stated that the firm continues to represent Mr. Bonnette in his personal injury matter because the settlement funds have not yet been distributed to him. They agreed that a satisfaction of judgment has been filed in the matter, but disputed that this shows that the representation has concluded. Counsel for Simon & Simon further stated that, to their knowledge, Simon & Simon does not represent Mr. Bonnette in any other matter and has not previously represented Mr. Bonnette in any other matter.

Counsel for Simon & Simon asserted that because Mr. Bonnette is a current client, Rule 4.2 applies to any communications between Plaintiffs' counsel and Mr. Bonnette. Simon & Simon would not consent to such communications.

Dated: November 16, 2026

**ASHURST PERKINS COIE US LLP**

By: */s/ David W. T. Daniels*
David W.T. Daniels
david.daniels@ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

*Counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court through the CM/ECF system. By electronically filing, the CM/ECF system shall send notification of such filing to counsel of record for each party and those registered to receive a Notice of Electronic Filing for this case.

Dated: November 16, 2026

**ASHURST PERKINS COIE US LLP**

By: */s/ David W. T. Daniels*

David W.T. Daniels
david.daniels@ashurstperkins.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

*Counsel for Plaintiffs Uber Technologies, Inc. and Federal Express Corporation*