**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UBER TECHNOLOGIES, INC. and FEDERAL EXPRESS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SIMON & SIMON, P.C., MARC SIMON, CLIFTON BURT, PREMIER PAIN & REHAB CENTER, PC, ETHEL HARVEY, DANIEL PICCILLO, PHILADELPHIA SPINE ASSOCIATES, LLC, AND LANCE YARUS,<br><br>Defendants. | : | CIVIL ACTION<br><br>No. 2:25-cv-05365-MAK |

**SIMON DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF SEALING EXHIBITS 3 AND 4 TO THE NOVEMBER 11, 2026 DECLARATION OF S. VEATCH (ECF 255-4 THROUGH 255-28)**

**BLANK ROME LLP**
James T. Smith (I.D. No. 39333)
Daniel E. Rhynhart (I.D. No. 78248)
Rebecca D. Ward (I.D. No. 79547)
Michael A. Stoolman (I.D. No. 326117)
One Logan Square, 130 N. 18th Street
Philadelphia, PA 19103
Phone: (215) 569-5371
Email: Jim.Smith@BlankRome.com
Dan.Rhynhart@BlankRome.com
Rebecca.Ward@BlankRome.com
Michael.Stoolman@BlankRome.com

*Attorneys for Defendants*
*Simon & Simon, P.C. and Marc Simon*

## I. INTRODUCTION

Pursuant to the Court's November 12, 2026 Order (ECF 259), Defendants Simon & Simon, P.C. and Marc Simon (the "Simon Defendants") show cause why Exhibits 3 and 4 to the Declaration of Sydney Veatch (ECF 255-1), filed in support of Plaintiffs' Motion to Compel Improperly Altered Medical Tracking Spreadsheets (ECF 255), should remain sealed. Plaintiffs moved to seal because the Simon Defendants produced the Exhibits under the parties' confidentiality agreement, and Plaintiffs take no position on the necessity of sealing. (ECF 256 at 1-2.) The Exhibits are internal law firm case-management spreadsheets that disclose, for identified non-party clients, their names, matter numbers, medical providers, procedures, treatment dates, insurance and litigation-funding sources, and referral sources. Those clients' information is confidential under Pennsylvania Rule of Professional Conduct 1.6(a) and falls outside the Claimant-limited scope of discovery the Court has repeatedly defined. (ECF 268 at 2-3.) The Simon Defendants seek protection for that client-specific content.

## II. BACKGROUND: THE EXHIBITS AT ISSUE

Exhibit 3 (ECF 255-4) is an excerpt of a Simon & Simon tracking spreadsheet, SIMONEM000000489, showing the tab titled "Spinal Care-Germantown," referring to the chiropractic location of Defendant Philadelphia Spine Associates, LLC ("PSA"). (ECF 255-1 ¶ 4.) The spreadsheet itself contains multiple other tabs for *other* chiropractors' offices. The columns of each tab (not just PSA's) record each client's matter number, name, case code, medical coordinator, case status, date of loss, treatment location, first appointment, weekly visit counts, and "General Comments/Issues Re: Patient." Exhibit 4 (ECF 255-5 through 255-28) consists of 24 excerpts of some tabs from a second spreadsheet, SIMONEM000028714. (ECF 255-1 ¶ 5.) Its tabs track clients through seven treatment phases, list completed procedures by year with the client's name, matter number, case status, referral source, procedure, body area, provider, and date,

and record whether the procedure was billed to PIP, health insurance, or a litigation-funding loan, along with operative-report and billing status. Information for clients other than the "Claimants" presently subject to discovery appears as "NR CLIENTS," consistent with the Court's Order permitting the Simon Defendants, in recognition of their obligations under Rule 1.6(a), to redact non-Claimant names. (ECF 190; ECF 268 at 2-3.)

## III. LEGAL STANDARD

The common law "presumes that the public has a right of access to judicial materials," but that "presumption [of access] is just that, and thus may be rebutted." *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). The movant must show "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). In weighing the competing interests, courts may consider the factors identified in *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995), the most relevant of which here are whether disclosure will violate privacy interests or cause embarrassment and whether the information is important to public health and safety or to issues of public importance.

Courts in this District routinely protect the personal and financial information of non-parties. *See, e.g.*, *Three Bros. Supermarket Inc. v. United States*, No. 2:19-CV-2003-KSM, 2020 WL 5749942, at *5 (E.D. Pa. Sept. 25, 2020) (sealing after finding that "public disclosure of Tejada's and other individuals' full names, social security numbers, account numbers, household numbers, birthdates, and private addresses would harm those individuals' privacy and financial interests"); *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20cv4660, 2023 WL 1100995, at *4 (E.D. Pa. Jan. 30, 2023) (courts generally "weigh in favor of protecting the financial information of private individuals and businesses").

## IV. ARGUMENT

### A. The Exhibits Disclose Non-Parties' Protected Health and Personal Information

The Third Circuit has "long recognized the right to privacy in one's medical information." *Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001). Non-parties' medical information "is precisely the kind of information that courts will protect." *Davis v. Elwyn, Inc.*, No. 20-cv-5262, 2021 WL 4902333, at *4 (E.D. Pa. Oct. 20, 2021); *see also United States v. McGill*, No. 12-cr-112, 2016 WL 8716240, at *5 n.3 (E.D. Pa. May 13, 2016) (sealing document containing non-party "patients' names and medical information"). Each unredacted row of the Exhibits ties a named client to a treating provider, a procedure such as a radiofrequency ablation, the body area treated, the dates and frequency of treatment, and the source of payment. That is protected health information within this Court's HIPAA Qualified Protective Order, which reaches information relating to an individual's physical condition, "the provision of care to an individual," and "the payment for care provided to an individual." (ECF 129 ¶ 2.) The clients are not parties, never consented to public disclosure in a case like this one where every filing draws immediate press coverage, and are entitled to rely on the duty of confidentiality owed by their counsel under Rule 1.6(a). Disclosure would inflict a clearly defined and serious injury on these individuals and their privacy interests.

### B. The Exhibits Contain Confidential Business Information That Warrants Protection

The Exhibits also reveal the firm's referral sources, provider relationships, and funding arrangements. Public disclosure of which referring firms, providers, and funders the firm works with, and on what terms, would allow competitors to target those relationships, a concrete competitive injury of the kind courts protect. *See Avandia*, 924 F.3d at 679.

### C. The Simon Defendants' Professional Obligations Independently Support Sealing

The Simon Defendants produced the Exhibits under the parties' confidentiality agreement, and Plaintiffs filed them under seal for that reason. (ECF 256 at 1-2.) That agreement, however, neither satisfies the Simon Defendants' obligations under Rule 1.6(a) nor guarantees confidentiality for these non-parties, and Plaintiffs are now refusing to redact sensitive personal information about the Claimants. The Simon Defendants therefore rest this showing on the substantive interests described above and on their independent duty under Rule 1.6(a) not to reveal information relating to the representation of their clients, a duty the Court has already recognized. (ECF 190.) Further, the firm's relationships with clients rest upon the clients' understanding that their confidential information *will remain confidential*. If clients or potential clients know their information will be publicly disclosed (and reported on by the press), those relationships will be damaged.

### D. The Interests Favoring Sealing Outweigh the Public Interest in Access, and the Request Is Narrowly Tailored

The public interest here is limited. The pending motion asks whether the Simon Defendants' redactions comply with the Court's orders and Rule 34, not whether any particular client was treated on a particular day. The public can evaluate that dispute from the Exhibits' tabs, column headers, Bates numbers, and the "NR CLIENTS" markers at issue. First, the Court should order Plaintiffs to redact each client's name, matter number, and date of loss, which appear in the Plaintiff and Matter # columns of Exhibit 3 and the Client and Matter# columns of Exhibit 4. Second, the Court should order Plaintiffs to redact all treatment data, including the provider, treatment location, procedure, body area, treatment dates, weekly visit counts, attendance, phase status, and the comments regarding each patient, found in the Location, First appt, weekly visit, and Comments columns of Exhibit 3 and the phase, procedure, attendance, and procedure-status

tabs of Exhibit 4. Third, the Court should order Plaintiffs to redact the payment and funding information in the Insurance billed, Operative Report, and Billing columns of Exhibit 4. Fourth, the Court should order Plaintiffs to redact the Referral Source column of Exhibit 4. Everything else, including the column headers, tab names, Bates numbers, case code and status categories, and the "NR CLIENTS" markers, may be filed publicly.

## V. CONCLUSION AND REQUEST FOR RELIEF

The Simon Defendants respectfully request that the Court enter an Order (1) maintaining under seal Exhibits 3 and 4 to the November 11, 2026 Declaration of S. Veatch (ECF 255-4 through 255-28); or, in the alternative, (2) directing that redacted versions of Exhibits 3 and 4 be filed publicly within seven days, redacting only the categories identified above, with the unredacted versions remaining under seal.

Dated: November 17, 2026

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Daniel E. Rhynhart*
James T. Smith (I.D. No. 39333)
Daniel E. Rhynhart (I.D. No. 78248)
Rebecca D. Ward (I.D. No. 79547)
Michael A. Stoolman (I.D. No. 326117)
One Logan Square, 130 N. 18th Street
Philadelphia, PA 19103
Phone: (215) 569-5371
Email: Jim.Smith@BlankRome.com
Dan.Rhynhart@BlankRome.com
Rebecca.Ward@BlankRome.com
Michael.Stoolman@BlankRome.com

*Attorneys for Defendants*
*Simon & Simon, P.C. and Marc Simon*

**CERTIFICATE OF SERVICE**

I, Daniel E. Rhynhart, hereby certify that on November 17, 2026, a true and correct copy of the foregoing was served via ECF and email on all counsel of record.

*/s/ Daniel E. Rhynhart*
Daniel E. Rhynhart